IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK A/S,<br><br>  Plaintiff and Counterdefendants,<br><br>v.<br><br>AVENTIS PHARMACEUTICALS INC.,<br><br>  Defendants and Counterplaintiffs, and<br><br>SANOFI-AVENTIS, AVENTIS<br>PHARMA DEUTSCHLAND GMBH, and<br>AVENTIS PHARMA AG<br><br>  Defendants. | Case No. 1:05CV00645 SLR |

## AVENTIS PHARMACEUTICALS INC.'S ANSWER AND COUNTERCLAIMS

Aventis Pharmaceuticals Inc. (herein sometimes referred to as "Aventis") answers the Complaint of plaintiff Novo Nordisk A/S ("Novo") as follows:

### THE PARTIES

1. Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies each and every allegation contained in paragraph 1 of the Complaint.

2. Aventis denies the allegations set forth in paragraph 2 of the Complaint, except admits, at times, Novo Nordisk A/S is referred to as "NOVO NORDISK" in the Complaint.

3. Aventis denies the allegations set forth in paragraph 3 of the Complaint, except, upon information and belief, admits that sanofi-aventis S.A. is a corporation

1

organized and existing under the laws of France, having a place of business at 174/180 Avenue de France, Paris, Cedex 75013 France.

4.      Aventis denies the allegations set forth in paragraph 4 of the Complaint, except admits that Aventis Pharmaceuticals Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 300 Somerset Corporate Blvd., Bridgewater, New Jersey 08807, and admits that Aventis Pharmaceuticals Inc. is related to sanofi-aventis S.A.

5.      Aventis denies the allegations set forth in paragraph 5 of the Complaint, except, upon information and belief, admits that sanofi-aventis Deutschland GmbH has a place of business at Industriepark Hoechst, D – 65926 Frankfurt am Main, Germany, and, upon information and belief, admits that sanofi-aventis Deutschland GmbH is related to sanofi-aventis S.A.

6.      Aventis denies the allegations set forth in paragraph 6 of the Complaint, except, upon information and belief, admits that Aventis Pharma AG has a place of business at Herostrasse 7, 8048 Zurich, Switzerland, and, upon information and belief, admits that Aventis Pharma AG is related to sanofi-aventis S.A.

7.      Aventis denies the allegations set forth in paragraph 7 of the Complaint.

8.      Aventis denies the allegations set forth in paragraph 8 of the Complaint, except admits that, at times, "Sanofi-Aventis, Aventis Pharmaceuticals Inc., Aventis Pharma Deutschland GmbH, and Aventis Pharma AG" are referred to as "AVENTIS" in the Complaint.

## JURISDICTION AND VENUE

9. Aventis admits that Novo styled its cause of action as one for patent infringement under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285.

10. Aventis admits that 28 U.S.C. §§ 1331 and 1338(a) give this Court subject matter jurisdiction over actions arising under the patent laws of the United States, Title 35, United States Code, and Aventis does not contest this Court's subject-matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a) for purposes of this action only.

11. Aventis admits that Aventis Pharmaceuticals Inc. sells various products and does business in the United States and in this District. Aventis denies that Aventis Pharmaceuticals Inc. sells the OptiClik™ device in the United States and denies that Aventis Pharmaceuticals Inc. sells the OptiClik™ device in this District. Upon information and belief, Aventis denies that sanofi-aventis S.A., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG sells the OptiClik™ device in the United States and denies that sanofi-aventis S.A., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG sells the OptiClik™ device in this District. Aventis otherwise denies the allegations contained in paragraph 11 of the Complaint.

12. Aventis admits that Aventis Pharmaceuticals Inc. distributes medical devices, including components of the OptiClik™ device, throughout the United States, including in this District. Upon information and belief, Aventis denies that sanofi-aventis S.A., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG distributes the OptiClik™ device in the United States and denies that sanofi-aventis S.A., sanofi-aventis

Deutschland GmbH, or Aventis Pharma AG distributes the OptiClik™ device in this District. Aventis otherwise denies the allegations contained in paragraph 12 of the Complaint.

13. Aventis admits that Aventis Pharmaceuticals Inc. was served in accordance with 8 Del.C. § 321, and Aventis Pharmaceuticals Inc. does not contest the personal jurisdiction of this Court over Aventis Pharmaceuticals Inc. in this proceeding. Aventis denies that Aventis Pharmaceuticals Inc., has committed acts of infringement in Delaware and, upon information and belief, denies that sanofi-aventis S.A., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG have committed acts of infringement in Delaware. Aventis therefore denies the remaining allegations in paragraph 13 of the Complaint.

14. Aventis admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), although Aventis does not admit that this forum is the most convenient forum under 28 U.S.C. § 1404, and denies the remaining allegations set forth in paragraph 14 of the Complaint.

## FACTS

15. Aventis admits that Exhibit A purports to be a copy of United States Patent No. 6,582,408 ("the '408 patent"), entitled MEDICAL DEVICE, and appears to have been issued by United States Patent and Trademark Office ("USPTO") on June 24, 2003. Aventis, however, denies that the USPTO duly and legally issued the '408 patent.

16. Aventis lacks sufficient knowledge to form a belief as to the allegations of paragraph 16 of the Complaint and therefore denies them.

## COUNT I

17. Aventis denies that Aventis Pharmaceuticals Inc. is directly infringing any of the claims of the '408 patent or contributing to or actively inducing infringement of any of the claims of the '408 patent by others. Upon information and belief, Aventis denies that sanofi-aventis S.A., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG are directly infringing any of the claims of the '408 patent or contributing to or actively inducing infringement of any of the claims of the '408 patent by others. Aventis otherwise denies the allegations set forth in paragraph 17 of the Complaint.

18. Aventis denies that Aventis Pharmaceuticals Inc. is infringing the '408 patent and, upon information and belief, denies that sanofi-aventis S.A., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG are infringing the '408 patent. Aventis otherwise denies the allegations set forth in paragraph 18 of the Complaint.

19. Aventis denies that Aventis Pharmaceuticals Inc. is infringing the '408 patent and, upon information and belief, denies that sanofi-aventis S.A., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG are infringing the '408 patent. Aventis otherwise denies the allegations set forth in paragraph 19 of the Complaint.

20. Aventis denies that Aventis Pharmaceuticals Inc. is infringing the '408 patent and, upon information and belief, denies that sanofi-aventis S.A., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG are infringing the '408 patent. Aventis otherwise denies the allegations set forth in paragraph 20 of the Complaint.

21. Aventis denies the allegations set forth in paragraph 21 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Aventis incorporates by reference the responses and denials set forth in paragraphs 1 through 21.

2. Aventis has not infringed and does not infringe the '408 patent.

3. Aventis has not induced and does not induce infringement of the '408 patent.

4. Aventis has not contributed and does not contribute to the infringement of the '408 patent.

5. The claims of the '408 patent are invalid under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

6. Aventis reserves the right to supplement or amend these Affirmative Defenses, as more information becomes known regarding Novo's claims and the issues in this case.

6

## **COUNTERCLAIMS**

Aventis, for its counterclaims against Novo, alleges the following:

### **PARTIES**

1. Aventis Pharmaceuticals Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 300 Somerset Corporate Blvd., Bridgewater, New Jersey 08807.

2. Upon information and belief, Novo Nordisk A/S ("Novo") is a corporation organized and existing under the laws of Denmark, with offices located in Novo Allé, 2880 Bagsværd, Denmark.

### **JURISDICTION AND VENUE**

3. Aventis presents declaratory judgment counterclaims against Novo. The counterclaims for declaratory judgments arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, and under the Patent Laws, Title 35 United States Code. Since these actions arise under the Declaratory Judgment Act and the Patent Laws of the United States, this Court has original and pendant subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## FIRST COUNTERCLAIM COUNT: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '408 PATENT

5.  Aventis incorporates by reference and realleges the allegations of counterclaim paragraphs 1 through 4, the defenses of affirmative defense paragraphs 1 through 6, and the responses and denials set forth in paragraphs 1 through 21.

6.  Novo alleges in its Complaint that it owns the '408 patent and that Aventis infringes the '408 patent.

7.  The pending litigation and disputes between Aventis and Novo establish an existing and actual case or controversy between them regarding whether Aventis infringes the '408 patent.

8.  The manufacture, assembly, use, offer to sell, sale, distribution, or importation into the United States of the Aventis OptiClik™ device does not infringe and has not infringed the '408 patent, either literally or under the doctrine of equivalents.

9.  Aventis does not infringe and has not infringed the '408 patent, either literally or under the doctrine of equivalents.

10.  Aventis does not induce and has not induced infringement of the '408 patent.

11.  Aventis does not contribute and has not contributed to the infringement of the '408 patent.

## SECOND COUNTERCLAIM COUNT: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '408 PATENT

12.  Aventis incorporates by reference and realleges the allegations of counterclaim paragraphs 1 through 11, the defenses of affirmative defense paragraphs 1 through 6, and the responses and denials set forth in paragraphs 1 through 21.

13. The pending litigation and disputes between Aventis and Novo establish an existing and actual case or controversy between them regarding whether the '408 patent is invalid.

14. The claims of the '408 patent are invalid under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, 35 U.S.C. § 102, 103, and/or 112.

### **RELIEF REQUESTED**

WHEREFORE, Defendant respectively requests that this Court:

(A)   Dismiss with prejudice the Complaint of Novo and deny all of Novo's requests for relief;

(B)   Declare the '408 patent not infringed;

(C)   Declare the '408 patent invalid;

(D)   Enter a permanent injunction enjoining Novo from asserting or otherwise seeking to enforce the '408 patent against sanofi-aventis S.A., Aventis Pharmaceuticals Inc., sanofi-aventis Deutschland GmbH, or Aventis Pharma AG, or any of their customers;

(E)   Declare this case exceptional under 35 U.S.C. § 285;

(F)   Award Aventis its costs, disbursements, and reasonable attorney fees (including expert fees) incurred in this action; and

(G)   Enter such other and further relief as the Court deems just and proper.

Respectfully submitted,

October 11, 2005                          By: /s/ Jeffrey B. Bove
                                                                Jeffrey B. Bove (#998)
                                                                **CONNOLLY BOVE LODGE & HUTZ LLP**
                                                                1007 N. Orange Street
                                                                P. O. Box 2207
                                                                Wilmington, DE 19899
                                                                Tel: (302) 658-9141
                                                                Fax: (302) 656-9072
                                                                Attorney for Defendant
                                                                    Aventis Pharmaceuticals, Inc.

Of Counsel:

Paul H. Berghoff
Curt J. Whitenack
Thomas E. Wettermann
Eric R. Moran
**McDONNELL BOEHNEN**
**HULBERT & BERGHOFF LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 913-0001
Fax: (312) 913-0002

*ATTORNEYS FOR DEFENDANT*
*AVENTIS PHARMACEUTICALS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2005, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Frederick L. Cottrell III (#2555)
>Anne Shea Gaza (#4093)
>Richards, Layton & Finger
>One Rodney Square
>P. O. Box 551
>Wilmington, DE 19899

I hereby certify that on October 11, 2005, I caused to be served true and correct copies of the foregoing document on the following in the manner indicated below:

**By Hand Delivery**

Frederick L. Cottrell III
Anne Shea Gaza
Richards, Layton & Finger P.A.
One Rodney Square
Wilmington, DE 19899

**By Facsimile**

Jeffrey J. Oelke
Scott T. Weingartner
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Fax: (212) 354-8113

/s/ Jeffrey B. Bove
Jeffrey B. Bove (#998)