IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK A/S, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-645-SLR |
| ) | |
| SANOFI-AVENTIS, AVENTIS ) | |
| PHARMACEUTICALS INC., and AVENTIS ) | |
| PHARMA DEUTSCHLAND GMBH, ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS
SANOFI-AVENTIS AND AVENTIS PHARMA DEUTSCHLAND GMBH**

Sanofi-aventis and Aventis Pharma Deutschland GmbH (herein sometimes referred to collectively as "Aventis") answer the First Amended Complaint ("Complaint") of plaintiff Novo Nordisk A/S ("Novo"), as follows. As a general and preliminary matter, Aventis notes that the Complaint retains references to Aventis Pharma AG, an entity that was dismissed from this action by Novo's Notice of Dismissal, filed December 2, 2005. Accordingly, Aventis hereby answers only on behalf of sanofi-aventis and Aventis Pharma Deutschland GmbH.[1] Aventis generally denies as improper any and all allegations in the Complaint that refer to Aventis Pharma AG, and nothing herein shall constitute or be construed as any admission, acknowledgement or waiver by Aventis Pharma AG.

---

[1]   While the Complaint names Aventis Pharma Deutschland GmbH, this entity is now known as sanofi-aventis Deutschland GmbH. Accordingly, this current title will be used in this First Amended Answer.

1

## THE PARTIES

1. Aventis is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies each and every allegation contained in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint does not contain any factual allegations to which a responsive pleading is required.

3. Aventis denies the allegations set forth in paragraph 3 of the Complaint, except admits that sanofi-aventis S.A. is a corporation organized and existing under the laws of France, having a place of business at 174/180 Avenue de France, Paris, Cedex 75013 France.

4. Aventis denies the allegations set forth in paragraph 4 of the Complaint, except admits that Aventis Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having a principal place of business at 300 Somerset Corporate Blvd., Bridgewater, New Jersey 08807, and admits that Aventis Pharmaceuticals, Inc. is related to sanofi-aventis S.A.

5. Aventis denies the allegations set forth in paragraph 5 of the Complaint, except admits that sanofi-aventis Deutschland GmbH has a place of business at Industriepark Hoechst, D – 65926 Frankfurt am Main, Germany, and admits that sanofi-aventis Deutschland GmbH is related to sanofi-aventis S.A.

6. As set forth above, Aventis Pharma AG is no longer a defendant in this litigation.

7. Aventis denies the allegations set forth in paragraph 7 of the Complaint.

8. Paragraph 8 of the complaint does not contain any factual allegations to which a responsive pleading is required.

## JURISDICTION AND VENUE

9. Aventis admits that Novo styled its cause of action as one for patent infringement under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285.

10. Aventis admits that 28 U.S.C. §§ 1331 and 1338(a) give this Court subject matter jurisdiction over actions arising under the patent laws of the United States, Title 35, United States Code, and Aventis does not contest this Court's subject-matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a) for purposes of this action only.

11. Aventis admits that Aventis Pharmaceuticals, Inc. sells various products and does business throughout the United States and in this District. Aventis otherwise denies the allegations contained in paragraph 11 of the Complaint.

12. Aventis admits that Aventis Pharmaceuticals, Inc. distributes medical devices that are distributed and used throughout the United States, including in this District. Aventis otherwise denies the allegations contained in paragraph 12 of the Complaint.

13. Aventis admits that Aventis Pharmaceuticals, Inc. was served in accordance with 8 Del.C. § 321, and sanofi-aventis S.A. and sanofi-aventis Deutschland GmbH do not contest the personal jurisdiction of this Court in this proceeding. Aventis denies that Aventis has committed acts of infringement in Delaware and therefore denies the remaining allegations in paragraph 13 of the Complaint.

14. Aventis admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), although Aventis does not admit that this forum is the most convenient

forum under 28 U.S.C. § 1404, and denies the remaining allegations set forth in paragraph 14 of the Complaint.

## FACTS

15.     Aventis admits that Exhibit A to the Complaint purports to be a copy of United States Patent No. 6,582,408 ("the '408 patent"), entitled MEDICAL DEVICE, and appears to have been issued by the United States Patent and Trademark Office ("USPTO") on June 24, 2003. Aventis, however, denies that the USPTO duly and legally issued the '408 patent, and denies all other allegations of paragraph 15 of the Complaint.

16.     Aventis lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and therefore denies them.

## COUNT I

17.     Aventis denies that Aventis is directly infringing any of the claims of the '408 patent or contributing to or actively inducing infringement of any of the claims of the '408 patent by others. Aventis otherwise denies the allegations set forth in paragraph 17 of the Complaint.

18.     Aventis denies that Aventis is infringing the '408 patent and otherwise denies all other allegations set forth in paragraph 18 of the Complaint.

19.     Aventis denies that Aventis is infringing the '408 patent and otherwise denies all other allegations set forth in paragraph 19 of the Complaint.

20.     Aventis denies that Aventis is infringing the '408 patent and otherwise denies all other allegations set forth in paragraph 20 of the Complaint.

21.     Aventis denies the allegations set forth in paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

A.　Aventis incorporates by reference the responses and denials set forth in paragraphs 1 through 21.

B.　Aventis has not infringed and does not infringe the '408 patent.

C.　Aventis has not induced and does not induce infringement of the '408 patent.

D.　Aventis has not contributed and does not contribute to the infringement of the '408 patent.

E.　The claims of the '408 patent are invalid under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

F.　Aventis reserves the right to supplement or amend these Affirmative Defenses, as more information becomes known regarding Novo's claims and the issues in this case.

## COUNTERCLAIMS

Aventis, for its counterclaims against Novo, alleges the following:

### PARTIES

1.　Sanofi-aventis S.A. is a corporation organized and existing under the laws of France, having a place of business at 174/180 Avenue de France, Paris, Cedex 75013 France. Sanofi-aventis Deutschland GmbH is a corporation organized and existing under the laws of Germany, having a place of business at Industriepark Hoechst, D – 65926 Frankfurt am Main, Germany.

2. Upon information and belief, Novo Nordisk A/S ("Novo") is a corporation organized and existing under the laws of Denmark, with offices located in Novo Allé, 2880 Bagsværd, Denmark.

**JURISDICTION AND VENUE**

3. Aventis's counterclaims against Novo arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, and under the Patent Laws of the United States, Title 35 United States Code. Accordingly, this Court has original and pendant subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**FIRST COUNTERCLAIM COUNT: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '408 PATENT**

5. Aventis incorporates by reference and realleges the allegations of counterclaim paragraphs 1 through 4, the defenses of affirmative defense paragraphs A through F, and the responses and denials set forth in paragraphs 1 through 21.

6. Novo alleges in its Complaint that it owns the '408 patent and that Aventis infringes the '408 patent.

7. The pending litigation and disputes between Aventis and Novo establish an existing and actual case or controversy between them regarding whether Aventis infringes the '408 patent.

8. The manufacture, assembly, use, offer to sell, sale, distribution, or importation into the United States of the Aventis OptiClik™ device does not infringe and has not infringed the '408 patent, either literally or under the doctrine of equivalents.

9. Aventis does not infringe and has not infringed the '408 patent, either literally or under the doctrine of equivalents.

10. Aventis does not induce and has not induced infringement of the '408 patent.

11. Aventis does not contribute and has not contributed to the infringement of the '408 patent.

**SECOND COUNTERCLAIM COUNT: DECLARATORY JUDGEMENT OF INVALIDITY OF THE '408 PATENT**

12. Aventis incorporates by reference and realleges the allegations of counterclaim paragraphs 1 through 11, the defenses of affirmative defense paragraphs A through F, and the responses and denials set forth in paragraphs 1 through 21.

13. The pending litigation and disputes between Aventis and Novo establish an existing and actual case or controversy between them regarding whether the '408 patent is invalid.

14. The claims of the '408 patent are invalid under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including, but not limited to, 35 U.S.C. § 102, 103, and/or 112.

**RELIEF REQUESTED**

WHEREFORE, Defendants respectively request that this Court:

(A) enter judgment on Novo's Complaint against Novo, and in favor of Defendants, and deny all of Novo's requests for relief;

(B) declare the '408 patent not infringed;

(C) declare the '408 patent invalid;

7

(D) enter a permanent injunction enjoining Novo from asserting or otherwise seeking to enforce the '408 patent against sanofi-aventis S.A., Aventis Pharmaceuticals, Inc., or sanofi-aventis Deutschland GmbH and/or any of their customers;

(E) declare this case exceptional under 35 U.S.C. § 285;

(F) award Aventis its costs, disbursements, and reasonable attorney fees (including expert fees) incurred in this action; and

(G) enter such other and further relief as the Court deems just and proper.

ASHBY & GEDDES

/s/ Steven J. Balick
_____
Steven J. Balick (I.D.#2403)
John G. Day (I.D. #2114)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 11 50
Wilmington, DE  19899
302-654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
lmaguire@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Paul H. Berghoff
Curt J. Whitenack
Thomas E. Wettermann
Eric R. Moran
McDONNELL BOEHNEN
    HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
Tel:  (312) 913-0001
Fax: (312) 913-0002

Dated:  December 12, 2005
164508.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2005, the attached **ANSWER AND COUNTERCLAIMS OF DEFENDANTS SANOFI-AVENTIS AND AVENTIS PHARMA DEUTSCHLAND GMBH** was served upon the below-named counsel of record at the addresses and in the manner indicated:

Frederick L. Cottrell III, Esquire                                         HAND DELIVERY
Richards Layton & Finger, P.A.
One Rodney Square
Wilmington, DE  19801

Jeffrey J. Oelke, Esquire                                              VIA ELECTRONIC MAIL
White & Case LLP
1155 Avenue of the Americas
New York, NY  10036-2787


                                                                */s/ Steven J. Balick*
                                                            _____
                                                                Steven J. Balick

164241.1