# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

January 10, 2006

**VIA CM/ECF FILING**
**& HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court for
the District of Delaware
Federal Building
844 King Street
Wilmington, Delaware 19801

        RE:  *Novo Nordisk A/S v. Sanofi-Aventis, et al.,*
              **C.A. No. 05-645 (SLR)**

Dear Chief Judge Robinson:

      Following up on the Rule 16 scheduling conference in the above-referenced matter, I enclose for Your Honor's consideration a Rule 16 Scheduling Order in final form. This form of Order contains the dates discussed in the teleconference. If Your Honor has any questions concerning the enclosed Order or if we can provide you with any further information, counsel are available at Your Honor's convenience.

                                        Respectfully,

                                        Anne Shea Gaza

ASG:lll
Enclosure

cc:    Clerk of the Court (w/enc.) (By Hand Delivery)
        Steven J. Balick, Esq. (w/enc.) (By Hand Delivery)
        Paul H. Berghoff, Esq. (w/enc.) (by Facsimile)
        Jeffrey J. Oelke, Esq. (w/enc.) (By Federal Express)
        Scott T. Weingaertner, Esq. (w/enc.) (By Federal Express)

RLF1-2967492-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVO NORDISK A/S,

    Plaintiff and Counterdefendant,

v.

AVENTIS PHARMACEUTICALS INC,
SANOFI-AVENTIS, and AVENTIS
PHARMA DEUTSCHLAND GMBH,

    Defendants and Counterplaintiffs.

Case No. 1:05CV00645 SLR

### ORDER

At Wilmington this _____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.** The parties will exchange by January 15, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery.**

    (a)   Discovery will be needed on the following subjects: liability, validity and damages.

    (b)   All fact discovery shall be commenced in time to be completed by October 19, 2006.

(1) Document production shall be completed on or before June 23, 2006.

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 25 requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of 18 fact depositions by plaintiff(s) and 18 by defendants. Each fact deposition limited to a maximum of 7 hours unless extended by agreement of parties.

(c) Expert discovery shall be commenced in time to be completed by March 30, 2007.

(1) Expert reports on issues for which the parties have the burden of proof due December 13, 2006. Rebuttal expert reports due February 9, 2007.

(2) Expert depositions to be limited to a maximum of 7 hours unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before July 2, 2007.

(d) If willfulness has been asserted and absent agreement among the parties, the defendants must inform plaintiff as to whether they intend to rely on advice of counsel by July 7, 2006. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to their counsel and whatever other materials related to the issues in dispute that defendants had in their possession at the time the advice was sought.

(e) Supplementations under Rule 26(e) are due September 12, 2006.

(f) **Discovery Disputes.**

(1) The court shall conduct in-person discovery status conferences on May 2, 2006 from 4:30 p.m. to 5:30 p.m., the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact

testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.  **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before August 1, 2006.

4.  **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.  **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 15, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6.  **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning. The parties shall agree

upon and file the Joint Claim Construction Statement on May 1, 2007, with the claim chart separately docketed.

7.  **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a)  **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b)  No telephone calls shall be made to chambers.

(c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

8.  **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9.  **Pretrial Conference.** A pretrial conference will be held on July 31, 2007 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10.  **Trial.** This matter is scheduled for a nine day bench trial commencing on August 13, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge