IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| NOVO NORDISK A/S, | ) | |
| | ) | |
| Plaintiff and Counterdefendants, | ) | |
| | ) | C.A. No. 05-645-SLR |
| v. | ) | |
| | ) | |
| SANOFI-AVENTIS, AVENTIS PHARMACEUTICALS INC., and AVENTIS PHARMA DEUTSCHLAND GMBH, | ) ) ) | |
| | ) | |
| | ) | |
| Defendants and Counterplaintiffs. | ) | |

**AVENTIS'S FIRST NOTICE OF DEPOSITION TO
NOVO NORDISK A/S PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Aventis Pharmaceuticals Inc., sanofi-aventis, and sanofi-aventis Deutschland GmbH (referred to collectively as "Aventis") shall take the deposition of Plaintiff Novo Nordisk A/S ("Novo") through the person(s) designated by Novo to testify on its behalf with respect to the subjects set forth in Exhibit A. The deposition will commence at 9:00 a.m. on August 14, 2006 at the offices of McDonnell Boehnen Hulbert & Berghoff, LLP, 300 South Wacker Drive, Chicago, Illinois 60606 or at a time and place to be mutually agreed upon by counsel. The deposition will be recorded by stenographic means, may be videotaped, and will take place before a Notary Public or other officer duly authorized to administer oaths and will continue from day to day until concluded.

You are invited to attend and cross-examine.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (I.D. #2403)
John G. Day (I.D. #2114)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

Paul H. Berghoff
Curt J. Whitenack
Thomas E. Wettermann
James M. McCarthy
Eric R. Moran
McDONNELL BOEHNEN
 HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
Tel: (312) 913-0001
Fax: (312) 913-0002

Dated: August 3, 2006

## **EXHIBIT A**

In the following subjects:

1. The terms "Plaintiff" and "Novo" shall mean the Plaintiff in this lawsuit, Novo Nordisk A/S; any company name under which Novo is doing business; and its predecessors, parents, subsidiaries, divisions, directors, officers, employees, agents, distributors, salespersons, sales representatives, and attorneys, and each person acting or purporting to act on its or their behalf or under its or their control.

2. The terms "Defendant" and "Defendants," shall mean Aventis Pharmaceuticals, Inc., sanofi-aventis S.A., or sanofi-aventis Deutschland GmbH, both individually and collectively; any company name under which Aventis Pharmaceuticals, Inc., sanofi-aventis S.A., or sanofi-aventis Deutschland GmbH is doing business; and its predecessors, parents, subsidiaries, divisions, licensees, franchisees, assigns or other related business entities, as well as directors, officers, employees, agents, distributors, jobbers, salespersons, sales representatives, and each person acting or purporting to act on its or their behalf or under its or their control.

3. The terms "person" and "persons" shall mean natural persons (including, without limitation, those employed by Novo), as well as all governmental entities, agencies, officers, departments, or affiliates of any other governmental entity, legal entity, and any corporation, foundation, partnership, proprietorship, association, or other organization.

4. The term "date" shall mean the exact day, month, and year (to the degree ascertainable) or, if not ascertainable, the best approximation (including relationship to other events).

5. The term "document" shall mean writings, recordings and other communications reduced to physical or electronic form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including

without limitation, correspondence, memoranda, notes, e-mail, diaries, minutes, statistics, letters, telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, prospectuses, calendars, diaries, planners, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meetings, or printouts, teletypes, telefax, invoices, work sheets, and all drafts, alterations, modifications, changes and amendments of the foregoing), graphic or oral representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs, and recordings).

6. The terms "relating to" and "referring to" shall be interpreted so as to encompass the liberal scope of discovery set forth in Federal Rule of Civil Procedure 26(b).

7. The terms "identify" and "describe" shall mean providing, among other things:

(a) with respect to a natural person, home and work addresses and telephone numbers, the name of the person's present (or if unknown, the last known) place of employment, date of commencement and termination (if any) of employment, job title, and description of his or her duties and responsibilities;

(b) with respect to a corporation or other non-natural person, the full name, address, main telephone number, state of incorporation, and identity of all persons who have acted on behalf of such entity with respect to the subject matter of the interrogatory;

(c) with respect to a document, the type of document (e.g., letter, e-mail, telex, contract, calendar, invoice, report); the number of pages; a description of the document's contents; an identification of the person(s) who prepared the document, for whom the document was prepared, who

2

signed the document, to whom the document was delivered, mailed, or otherwise received; and to whom a copy of the document was sent or otherwise received; the date of writing, creation, or publication; identifying number(s), letter(s), or combination thereof, if any; the significance or meaning of such numbers(s), letter(s) or combination thereof; and the present location and identity of the custodian of that document. Documents to be identified shall include all documents in your possession, custody or control, documents you know or believe to have existed but are no longer existing, and other documents of which you have knowledge or information.

8. The terms "and," "or," and "and/or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

9. The terms "describe" and "state" shall mean to set forth fully and unambiguously every relevant fact of which Novo (including its agents and representatives) has knowledge or information.

10. Any word written in the singular herein shall be construed as plural or vice versa to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

11. The term "the '408 patent" shall mean U.S. Patent No. 6,582,408.

12. The term "patent-in-suit" shall mean the '408 patent.

13. "Complaint" means the Complaint filed by Novo in the United States District Court for the District of Delaware, on or about September 2, 2005, and the First Amended Complaint filed by Novo in the United States District Court for the District of Delaware, on or about September 26, 2005.

14. "Reply" means the Reply filed by Novo in the United States District Court for the District of Delaware, on or about October 31, 2005, and the Reply filed by Novo in the United States District Court for the District of Delaware, on or about January 3, 2006.

**The subjects for examination at the Rule 30(b)(6) deposition shall include:**

    1.    Preparation and prosecution of the application(s) that resulted in United States Patent No. 6,582,408 as well as any related or counterpart patents or patent applications from any foreign country or the United States.

    2.    All documents that have been referred to by Novo in preparing for this deposition or that are the source of information that Novo expects to provide in response to this deposition notice.

4

**EXHIBIT B**

DEFINITIONS

All definitions set forth in Exhibit A above are incorporated as if set forth fully herein.

INSTRUCTIONS

All instructions set forth in Aventis's previous document requests are incorporated as if set forth fully herein.

DOCUMENT REQUEST

1. All documents that have been referred to by Novo in preparing for this deposition or that are the source of information that Novo expects to provide in response to this deposition notice.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2006, the attached **AVENTIS'S FIRST NOTICE OF DEPOSITION TO NOVO NORDISK A/S PURSUANT TO RULE 30(b)(6)** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Frederick L. Cottrell, III, Esquire<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 | <u>HAND DELIVERY</u> |
| Jeffrey J. Oelke, Esquire<br>White & Case LLP<br>1155 Avenue of the Americas<br>New York, NY 10036-2787 | <u>VIA FEDERAL EXPRESS</u> |

*/s/ Tiffany Geyer Lydon*
_____
Tiffany Geyer Lydon