## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK A/S, <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> AVENTIS PHARMACEUTICALS INC., SANOFI-AVENTIS, and AVENTIS PHARMA DEUTSCHLAND GMBH, <br><br> Defendants and Counterplaintiffs. | Case. No. 1:05-00645 SLR |

## NOTICE OF SUBPOENA

TO:     Steven J. Balick, Esquire          Paul Berghoff, Esquire
        John G. Day, Esquire               McDonnell Boehnen Hulbert
        Lauren E. Maguire, Esquire         & Berghoff LLP
        Ashby & Geddes                     300 South Wacker Drive
        222 Delaware Avenue, 17th Floor    Chicago, Illinois 60606-6709
        P.O. Box 1150
        Wilmington, DE  19899

        PLEASE TAKE NOTICE that pursuant to Rules 34 and 45 of the Federal

Rules of Civil Procedure, Plaintiff Novo Nordisk A/S (hereinafter "Plaintiff") will issue

the attached Subpoena to McDonnell, Boehnen, Hulbert & Berghoff.

_Anne Shea Gaza_

Frederick L. Cottrell III (ID NO. 2555)
cottrell@rlf.com
Anne Shea Gaza (ID NO. 4093)
gaza@rlf.com
Richards, Layton & Finger, P.A
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
  *Attorneys for Plaintiff*

Of Counsel:
Jeffrey J. Oelke
Scott T. Weingaertner
Stephen J. Vitola
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: (212) 819-8200

Dated: September 12, 2006

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF ILLINOIS

NOVO NORDISK A/S
    Plaintiff
    V.

AVENTIS PHARMACEUTICALS, INC., et al.
    Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:05CV00645 SLR

TO:

McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive, Chicago, IL 60606

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A, attached.

| PLACE | DATE AND TIME |
|---|---|
| White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036 | 9/27/06 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR | DATE |
|---|---|
| *Anne Shea Gaza, attorney for plaintiff* | September 12, 2006 |

ISSUING OFFICER'S NAME. ADDRESS AND PHONE NUMBER
Anne Shea Gaza, Esquire, Richards, Layton & Finger, P.O. Box 551, One Rodney Square Wilmington, DE 19899  (302) 651-7539

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on next page)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are required to produce the documents described below, in accordance with the following definitions, at the time and place specified on the first page of the subpoena:

## DEFINITIONS

The following definitions apply to each of the requests:

1.      "Novo Nordisk" shall mean Novo Nordisk A/S.

2.      "Opinion" shall mean the written opinion with regard to the '408 patent issued to Aventis by McDonnell, Boehnen, Hulbert & Berghoff LLP on September 13, 2005.

3.      "Supplemental Opinion" shall mean the written opinion with regard to the '408 patent issued to Aventis by McDonnell, Boehnen, Hulbert & Berghoff LLP on September 28, 2005.

4.      "Competency Opinion" shall mean the written opinion with regard to the '408 patent issued to Aventis by Myers, Bigel, Sibley & Sajovec, P.A. on February 17, 2006.

5.      "McDonnell Boehnen Opinions" shall mean the Opinion and Supplemental Opinion, individually and/or collectively.

6.      "Aventis" shall mean collectively, Sanofi-Aventis, Aventis Pharmaceuticals Inc., and Aventis Pharma Deutschland GMBH and their predecessors, corporate parents, subsidiaries, and affiliates; as well as their present and former directors, officers, employees, agents, attorneys, accountants, and any other person(s) who currently or formerly acted or purported to act on its behalf.

7.    "McDonnell Boehnen" shall mean, collectively, all attorneys at McDonnell, Boehnen, Hulbert & Berghoff LLP responsible for communicating with Aventis as to the McDonnell Boehnen Opinions, all attorneys responsible for researching the underlying basis for the McDonnell Boehnen Opinions, and all employees or people working under the direction of any attorney at McDonnell, Boehnen, Hulbert & Berghoff LLP working toward the issuance of the McDonnell Boehnen Opinions.

8.    "MBSS" shall mean collectively, all attorneys at Myers, Bigel, Sibley & Sajovec, P.A. responsible for communicating with Aventis as to the opinion at issue, all attorneys responsible for researching the underlying basis for the Competency Opinion, and all employees or people working under the direction of any attorney at Myers, Bigel, Sibley & Sajovec, P.A working toward the issuance of the Competency Opinion.

9.    "Other '408 Patent Studies" shall mean any and all investigations relating, in whole or in part,, to the '408 patent that did not lead to the McDonnell Boehnen Opinions or the Competency Opinion.

10.    The "'408 patent" shall mean U.S. Patent No. 6,582,408, entitled "Medical Device," issued June 24, 2004.

11.    "Communication" shall mean the transmittal of information or requests for information in any form.

12.    "Documents" shall mean all materials, as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, any handwritten, printed, typed, recorded photographic, and computer-generated materials of any kind or nature, however produced or reproduced, as well as material stored electronically, electromagnetically, mechanically, optically, and electric recordings or transcripts thereof, and includes drafts, revisions of drafts, preliminary and preparatory materials, originals, copies, emails, attachments, exhibits, removable notes, and all translations and summaries thereof.

13.    The term "including" shall mean including without limitation.

14.    The terms "all," "each," and "any" shall be construed as all and any.

15.    The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.    The terms "concerning" and "relating to" shall mean, in whole or in part, referring to, describing, evidencing, constituting, containing, comprising, embodying, connected to, reflecting, analyzing, showing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

17.    "Person" shall mean any natural person, alive or deceased, and any business, legal, or governmental entity or association. The acts of a person shall include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

18.    The term "identify" with respect to persons shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

19.    The term "identify" with respect to documents shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

20.    "Prior Art" shall mean any activities or information Aventis asserts render any of the claims in the '408 patent invalid under any paragraph of 35 U.S.C. §§ 102 or 103.

21.    Use of the past tense includes the present tense unless otherwise explicitly delimited.

22.    Use of the singular form of any word includes the plural and vice versa.

## DOCUMENTS AND THINGS REQUESTED

## REQUEST NO. 1

All drafts and versions of the McDonnell Boehnen Opinions.

## REQUEST NO. 2

All documents and things collected, considered, reviewed, prepared, analyzed or relied upon by McDonnell Boehnen in forming the McDonnell Boehnen Opinions, including all notes and search reports.

## REQUEST NO. 3

All documents and things which were collected or prepared by counsel in the course of evaluating the '408 patent including all notes and search reports whether or not such documents

were provided to, or the content of such documents were communicated to Aventis, and whether or not the content of such documents is disclosed in the McDonnell Boehnen Opinions.

## REQUEST NO. 4

All communications between Aventis and McDonnell Boehnen concerning, referring to, or related to the '408 patent, WO99/16487, U.S. Patent Nos. 6,034,336, 5,370,627, 5,314,412, 6,004,297, 5,331,954, 6,968,021 or the OptiPen Starlet.

## REQUEST NO. 5

All documents and things relating to or regarding the search of prior art U.S. patents and the "seven prior art patents" that "were reviewed in detail" in conjunction with construction of "snap lock" as set forth on page 18 of the Opinion (SAN00763003), including all notes, reports or communications regarding the patents, and the patents themselves.

## REQUEST NO. 6

All documents and things concerning, referring to, or related to the initiation of the relationship between Aventis and McDonnell Boehnen for purposes of providing the McDonnell Boehnen Opinions, including all communications between Aventis and McDonnell Boehnen, and all documents regarding the decision to have McDonnell Boehnen issue the Opinion or the Supplemental Opinion.

## REQUEST NO. 7

All invoices and bills received submitted to Aventis by McDonnell Boehnen reflecting the services rendered with regard to the '408 patent, the Opinion or the Supplemental Opinion.

**REQUEST NO. 8**

All documents and things concerning or related to the subject matter of the Opinion, the Supplemental Opinion, the Competency Opinion or Other '408 Patent Studies.

**REQUEST NO. 9**

All documents and things relating to communications between Aventis and McDonnell Boehnen, including all communications between, to or from David Frischkorn, Thomas Wetterman, Paul Berghoff, or other McDonnell Boehnen personnel concerning, referring to, or relating to the Opinion, the Supplemental Opinion, the Competency Opinion, Other '408 Patent Studies, the '408 patent or documents referred to or created in preparing the Opinion.

**REQUEST NO. 10**

All documents, including all emails, notes or minutes, relating to, referring to or concerning any meetings between Aventis and McDonnell Boehnen, including emails, notes or minutes of any meetings between anyone at Aventis and David Frischkorn, Thomas Wetterman, Paul Berghoff, or any other McDonnell Boehnen personnel, concerning, referring to, or relating to the Opinion, the Supplemental Opinion, the Competency Opinion, Other '408 Patent Studies or the '408 patent.

**REQUEST NO. 11**

All documents and things relating to any communication by or between McDonnell Boehnen and MBSS regarding or relating to the Opinion, Supplemental Opinion or Competency Opinion, Other '408 Patent Studies or the '408 patent.

**REQUEST NO. 12**

All documents and things concerning, relating to or reflecting all communications between McDonnell Boehnen and Ypsomed concerning the Opinion, the Supplemental Opinion, or the Competency Opinion, Other '408 Patent Studies or the '408 patent.

**REQUEST NO. 13**

All documents and things reflecting any communication or discussion concerning the Opinion, the Supplemental Opinion, the Competency Opinion, Other '408 Patent Studies or the '408 patent by or between McDonnell Boehnen, including Thomas Wetterman, Paul Berghoff, David Frischkorn and other McDonnell Boehnen personnel and any of the following: Daniel Gruber, Stefan Schwartz, Charlotte Barney, Carolyn Moon, Thomas Loescher, Marion Bachman, Markus Jacobi, Alistair Clarke, Nils Basso, Claus Geiger, Michael Fischer, Mathias Mueller or other Aventis personnel.

**REQUEST NO. 14**

All documents and things reflecting any communication or discussion concerning the Opinion, the Supplemental Opinion, the Competency Opinion, Other '408 Patent Studies, the '408 patent or any basis of non-infringement or invalidity set forth in Aventis First Supplemental Interrogatory Responses by or between any of the attorneys at McDonnell Boehnen including David Frischkorn, Thomas Wetterman, and Paul Berghoff.

**REQUEST NO. 15**

All documents and things concerning, relating to or reflecting any communication, discussion or meeting regarding any draft of the Opinion, Supplementary Opinion, Competency Opinion, or Other '408 Patent Studies.

**REQUEST NO. 16**

All documents and things concerning, relating to or reflecting any communication or discussion in regard to the conclusions or advice provided in the Opinion, Supplemental Opinion, Competency Opinion, or Other '408 Patent Studies, including, but not limited to, all documents and things concerning any decision or discussion concerning distributing or selling OptiClik in the United States, offering OptiClik for sale in the United States, or importing OptiClik into the United States.

**REQUEST NO. 17**

All documents and things that demonstrate the extent to which the Opinion, Supplemental Opinion, Competency Opinion, or Other '408 Patent Studies were circulated or the extent to which any conclusions contained in the Opinion, Supplemental Opinion, Competency Opinion, or Other '408 Patent Studies were communicated to persons at Aventis Pharmaceuticals Inc., including documents sufficient to identify the persons to whom the advice contained in the Opinion, Supplemental Opinion, Competency Opinion, or Other '408 Patent Studies was communicated and the date on which such communication took place.

**REQUEST NO. 18**

All documents and things concerning, relating to, or referring to any communication between Aventis and McDonnell Boehnen regarding the OptiPen Starlet in relation to the '408 patent.

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE


## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> 222 Delaware Avenue, 17[th] Floor
> P.O. Box 1150
> Wilmington, DE 19899
> 302-654-1888

I hereby certify that on September 12, 2006, I have sent by Federal Express the foregoing document to the following non-registered participants:

> Paul Berghoff, Esquire
> McDonnell Boehnen Hulbert
> & Berghoff LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606-6709

> Anne Shea Gaza (#4093)
> Gaza@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700