IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK A/S,<br><br>    Plaintiff and Counterdefendant,<br><br>    v.<br><br>AVENTIS PHARMACEUTICALS INC,<br>SANOFI-AVENTIS, and AVENTIS<br>PHARMA DEUTSCHLAND GMBH,<br><br>    Defendants and Counterplaintiffs. | Case No. 05-645 (SLR) |

**NOVO NORDISK A/S' REPLY TO DEFENDANTS'
CONSOLIDATED AND AMENDED ANSWER AND COUNTERCLAIMS**

Plaintiff Novo Nordisk A/S ("Novo Nordisk"), by its attorneys White & Case LLP and Richards, Layton & Finger, P.A., for their Reply to Aventis Pharmaceuticals Inc., Sanofi-Aventis, and Aventis Pharma Deutschland GmBH's (hereinafter referred to collectively as "Aventis" or "Defendants") Consolidated and Amended Answer and Counterclaims, herein allege:

**DEFENDANTS' COUNTERCLAIMS**

**PARTIES**

1.    Upon information and belief, paragraph 1 of Defendants' Counterclaims is admitted.

2.    Paragraph 2 of Defendants' Counterclaims is admitted.

## JURISDICTION AND VENUE

3. Novo Nordisk admits that Defendants purport to present counterclaims such that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Novo Nordisk denies paragraph 3 of Defendants' Counterclaims in all other respects.

4. Novo Nordisk admits the allegations set forth in paragraph 4 of Defendants' Counterclaims.

## DEFENDANTS' FIRST COUNTERCLAIM COUNT

5. Novo Nordisk realleges and incorporates its responses to paragraphs 1-4 of Defendants' Counterclaims as set forth above.

6. Novo Nordisk admits that it alleged it owns the '408 patent and that Aventis infringes the '408 patent in its Complaint for patent infringement.

7. Novo Nordisk admits that Aventis alleges in paragraph 7 of Defendants' First Counterclaim Count that an actual case or controversy exists between Aventis and Novo Nordisk regarding Aventis's infringement of the '408 patent, but neither admits nor denies the allegation of paragraph 7 of the First Counterclaim Count, as it sets forth a conclusion of law. Novo Nordisk denies that Aventis does not infringe the '408 patent.

8. Novo Nordisk denies the allegations set forth in paragraph 8 of Defendants' First Counterclaim Count.

9. Novo Nordisk denies the allegations set forth in paragraph 9 of Defendants' First Counterclaim Count.

10. Novo Nordisk denies the allegations set forth in paragraph 10 of Defendants' First Counterclaim Count.

RLF1-3063168-1

11. Novo Nordisk denies the allegations set forth in paragraph 11 of Defendants' First Counterclaim Count.

## DEFENDANTS' SECOND COUNTERCLAIM COUNT

12. Novo Nordisk realleges and incorporates its responses to paragraphs 1-11 of Defendants' Counterclaim as set forth above.

13. Novo Nordisk admits that Aventis alleges in paragraph 13 of Defendants' Second Counterclaim Count that an actual case or controversy exists between Aventis and Novo Nordisk regarding validity of the '408 patent but neither admits nor denies the allegation of paragraph 13 of the Second Counterclaim Count, as it sets forth a conclusion of law. Novo Nordisk denies that the '408 patent is invalid under the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq*.

14. Novo Nordisk denies the allegations set forth in paragraph 14 of Defendants' Second Counterclaim Count.

## DEFENDANTS' THIRD COUNTERCLAIM COUNT

15. Novo Nordisk realleges and incorporates its responses to paragraphs 1-11 of Defendants' Counterclaim as set forth above.

16. Novo Nordisk admits that Aventis alleges in paragraph 16 of Defendants' Third Counterclaim Count that an actual case or controversy exists between Aventis and Novo Nordisk regarding enforceability of the '408 patent but neither admits nor denies the allegation of paragraph 16 of the Third Counterclaim Count, as it sets forth a conclusion of law. Novo Nordisk denies that the '408 patent is unenforceable.

17. Novo Nordisk denies the allegations set forth in paragraph 17 of Defendants' Third Counterclaim Count.

18. Novo Nordisk admits that it made statements during prosecution concerning axial movement between the dosing assembly and the possibility of misdosing. Novo Nordisk admits that it argued during prosecution that selection of two different couplings would prevent axial movement. Novo Nordisk admits that each claim of the '408 patent includes the term "snap-lock." Novo Nordisk denies Aventis's characterizations of the statements made during prosecution of the '408 patent as set forth in paragraph 18.

19. Novo Nordisk denies the allegations set forth in paragraph 19 of Defendants' Third Counterclaim Count.

20. Novo Nordisk admits that the '297 patent on its face claims to have issued from an application filed on January 28, 1999. Novo Nordisk admits that the '297 patent on its face claims priority to a provisional application filed on February 5, 1998. Novo Nordisk admits that the '297 patent on its face indicates that it is assigned to Novo Nordisk A/S. Novo Nordisk admits that the '297 patent and the '408 were co-pending in the Patent Office during 1999. Novo Nordisk admits that the '297 patent on its face indicates that it issued December 21, 1999. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 20 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits not denies the legal conclusions and attorney argument set forth in paragraph 20 as the legal conclusions and attorney argument do not require a response.

21. Novo Nordisk admits that the '297 patent is entitled "Injection Syringe" and that the quoted language appears in the '297 patent. Novo Nordisk denies the remaining allegations set forth in paragraph 21 of Defendants' Third Counterclaim Count in their entirety.

22.     Novo Nordisk denies the factual allegations set forth in paragraph 22 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 22 as the legal conclusions and attorney argument do not require a response.

23.     Novo Nordisk admits that the '021 patent on its face claims to have issued on October 19, 1999. Novo Nordisk also admits that the '021 patent on its face indicates a § 102(e) date of August 22, 1996. Novo Nordisk also admits that the '021 patent on its face indicates that a PCT application was filed on February 27, 1995. To the extent not explicitly admitted, Novo Nordisk denies the remaining allegations set forth in paragraph 23 of Defendants' Third Counterclaim Count in their entirety.

24.     Novo Nordisk admits that the '021 patent is entitled "Magazine and Removable Needle Unit." Novo Nordisk admits that Aventis has selectively recited a portion of the abstract and the summary of the invention of the '021 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 24 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits not denies the legal conclusions and attorney argument set forth in paragraph 24 as the legal conclusions and attorney argument do not require a response.

25.     Novo Nordisk admits that the '954 patent on its face indicates that it issued July 26, 1994. Novo Nordisk admits that the '954 patent is entitled, "Device for Nasal Delivery of Liquid Medications." Novo Nordisk admits that the portion of the '954 specification recited by Aventis can be found at column 4, lines 3-10 of the '954 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 25 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits not

5

denies the legal conclusions and attorney argument set forth in paragraph 25 as the legal conclusions and attorney argument do not require a response.

26.    Novo Nordisk denies the allegations set forth in paragraph 26 of Defendants' Third Counterclaim Count in their entirety.

27.    Novo Nordisk denies the factual allegations set forth in paragraph 27 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits not denies the legal conclusions and attorney argument set forth in paragraph 27 as the legal conclusions and attorney argument do not require a response.

## RELIEF REQUESTED

28.    Novo Nordisk denies that Aventis Pharmaceuticals is entitled to the relief sought in items (A-H) on pages 12-13 of its Consolidated Amended Answer and Counterclaims.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

29.    Counterclaim Defendant Novo Nordisk hereby realleges and incorporates by reference the allegations set forth in the Complaint in this action.

30.    Defendants' Counterclaims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

## NOVO NORDISK'S PRAYER FOR RELIEF RESPECTING COUNTERCLAIMS

WHEREFORE, Novo Nordisk requests that the Court enter an Order and Judgment:

A.    Dismissing Defendants' Counterclaims with prejudice;

B.    Declaring the '408 patent valid, infringed and enforceable;

C.    Awarding to Novo Nordisk its costs, attorneys' fees, and expenses incurred in defending against Defendants' Counterclaims;

    D.    Awarding Novo Nordisk such other and further relief as the Court deems just and equitable.

Of Counsel:

Jeffrey J. Oelke
Scott T. Weingaertner
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Dated: September 26, 2006

*/s/ Anne Shea Gaza*
Frederick L. Cottrell III (ID NO. 2555)
cottrell@rlf.com
Anne Shea Gaza (ID NO. 4093)
gaza@rlf.com
Richards, Layton & Finger, P.A
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
   *Attorneys for Plaintiff*

7

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Lauren E. Maguire, Esquire
>222 Delaware Avenue, 17th Floor
>P.O. Box 1150
>Wilmington, DE  19899
>302-654-1888

I hereby certify that on September 26, 2006, I have sent by Federal Express the foregoing document to the following non-registered participants:

>Paul Berghoff, Esquire
>McDonnell Boehnen Hulbert
>& Berghoff LLP
>300 South Wacker Drive
>Chicago, Illinois 60606-6709

*/s/ Anne Shea Gaza*
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700