AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

NOVO NORDISK

V.

AVENTIS PHARMACEUTICALS, INC et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05CV000645 SLR

TO: Myers Bigel Sibley & Sajovec PA.
4140 Parklake Avenue
Suite 600
Raleigh, NC 27612

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A, attached

| PLACE    White & Case LLP, 1155 Avenue of the Americas, New York, NY 10036 | DATE AND TIME    11/10/2006 5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    *Anne Shea Gaza*, attorney for plaintiff | DATE    11/2/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anne Shea Gaza, Richards, Layton & Finger, One Rodney Square, 920 N. King St., P.O. Box 551, Wilmington, DE 19899 (302) 651-7539

(See Rule 45 Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

# AFFIDAVIT OF PROCESS
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA

NOVO NORDISK,

Case No.: 1:05CV000645 SLR

vs.

AVENTIS PHARMACEUTICALS, INC, et al,

_____X

State of North Carolina )
) SS
County of Wake )

**Date received: November 2, 2006**

**Lori Nash,** undersigned, being duly sworn, deposes and says that at the time of service, s/he was over the age of twenty-one, was not a party to this action:

On the **3rd** day of **November**, 2006, at **2:20 PM**, at **4140 PARKLAKE AVENUE, SUITE 600, RALEIGH, NC 27612**, the undersigned served the documents described as:
**Subpoena**

A true and correct copy of the aforesaid document(s) was served on:
**MYERS BIGEL SIBLEY & SAJOVEC PA**

By delivering them into the hands of **Robert Glatz** a person of suitable age and discretion at the place of service, whose position to the company to be served is **attorney**.

The person receiving the documents is described as follows:

| SEX: | MALE | SKIN COLOR: | WHITE | AGE: | 48 | WEIGHT: | 155 |
|---|---|---|---|---|---|---|---|
| HAIR | BLACK | FACIAL HAIR: | NONE | GLASSES? | NO | HEIGHT: | 5'9" |

To the best of my knowledge and belief, said person was not engaged in the U.S. Military at the time of service.

Sworn to and Subscribed before me this
**6th** day of **November**, 200**6**.

_____
Notary Public

My Commission expires **August 11**, 200**7**

Undersigned declares under penalty of perjury that the foregoing is true and correct.

_____
(Process Server Signature)
**Abacus Research, Inc.**

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are required to produce the documents described below, in accordance with the following definitions, at the time and place specified on the first page of the subpoena:

## DEFINITIONS

The following definitions apply to each of the requests:

1. "Novo Nordisk" shall mean Novo Nordisk A/S.

2. "Competency Opinion" shall mean the written opinion with regard to the '408 patent issued to Aventis by Myers, Bigel, Sibley & Sajovec, P.A. on February 17, 2006.

3. "Opinion" shall mean the written opinion with regard to the '408 patent issued to Aventis by McDonnell, Boehnen, Hulbert & Berghoff LLP on September 13, 2005.

4. "Supplemental Opinion" shall mean the written opinion with regard to the '408 patent issued to Aventis by McDonnell, Boehnen, Hulbert & Berghoff LLP on September 28, 2005.

5. "Aventis" shall mean collectively, Sanofi-Aventis, Aventis Pharmaceuticals Inc., and Aventis Pharma Deutschland GMBH and their predecessors, corporate parents, subsidiaries, and affiliates; as well as their present and former directors, officers, employees, agents, attorneys, accountants, and any other person(s) who currently or formerly acted or purported to act on its behalf.

6. "MBHB" shall mean collectively, all attorneys at McDonnell, Boehnen, Hulbert & Berghoff LLP responsible for communicating with Aventis as to the opinion at issue, all attorneys responsible for researching the underlying basis for the opinion, and all employees or people working under the direction of any attorney at McDonnell, Boehnen, Hulbert & Berghoff LLP working toward the issuance of the Opinion.

7. "MBSS" shall mean collectively, all attorneys at Myers, Bigel, Sibley & Sajovec, P.A. responsible for communicating with Aventis as to the opinion at issue, all attorneys responsible for researching the underlying basis for the opinion, and all employees or people working under the direction of any attorney at Myers, Bigel, Sibley & Sajovec, P.A working toward the issuance of the Competency Opinion.

8. The "'408 patent" shall mean U.S. Patent No. 6,582,408, entitled "Medical Device," issued June 24, 2004.

9. "Communication" shall mean the transmittal of information or requests for information in any form.

10. "Documents" shall mean all materials, as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, any handwritten, printed, typed, recorded photographic, and computer-generated materials of any kind or nature, however produced or reproduced, as well as material stored electronically, electromagnetically, mechanically, optically, and electric recordings or transcripts thereof, and includes drafts, revisions of drafts, preliminary and preparatory materials, originals, copies, emails, attachments, exhibits, removable notes, and all translations and summaries thereof.

11. The term "including" shall mean including without limitation.

12. The terms "all," "each," and "any" shall be construed as all and any.

13. The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. The terms "concerning" and "relating to" shall mean, in whole or in part, referring to, describing, evidencing, constituting, containing, comprising, embodying, connected to, reflecting, analyzing, showing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

15. "Person" shall mean any natural person, alive or deceased, and any business, legal, or governmental entity or association. The acts of a person shall include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

16. The term "identify" with respect to persons shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

17. The term "identify" with respect to documents shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

18. "Prior Art" shall mean any activities or information Aventis asserts render any of the claims in the '408 patent invalid under any paragraph of 35 U.S.C. §§ 102 or 103.

19. Use of the past tense includes the present tense unless otherwise explicitly delimited.

20. Use of the singular form of any word includes the plural and vice versa.

## DOCUMENTS AND THINGS REQUESTED

### REQUEST NO. 1

All drafts and versions of the Competency Opinion.

### REQUEST NO. 2

All documents and things collected, considered, reviewed, prepared, analyzed or relied upon by MBSS in forming the Competency Opinion, including all notes and search reports.

### REQUEST NO. 3

All documents and things which were collected or prepared by counsel in the course of evaluating the Opinion including all notes and search reports whether or not such documents were provided to, or the content of such documents were communicated to Aventis, and whether or not the content of such documents is disclosed in the Competency Opinion.

### REQUEST NO. 4

All communications between Aventis and MBSS concerning, referring to, or related to the '408 patent, U.S. Patent Nos. 6,034,336, 5,370,629, 5,314,412, 5,823,998, 4,936,833, 5,549,575, 5,554,125, 5,137,511, 6,004,297, WO99/16487, or the OptiPen Starlet.

### REQUEST NO. 5

All documents and things concerning, referring to, or related to the initiation of the relationship between Aventis and MBSS, including all communications between Aventis and MBSS, and all documents regarding the decision to have MBSS issue the Competency Opinion.

**REQUEST NO. 6**

All invoices and bills submitted to Aventis by MBSS reflecting the services rendered with regard to the '408 patent or the Competency Opinion.

**REQUEST NO. 7**

All documents and things concerning or related to the subject matter of the Competency Opinion.

**REQUEST NO. 8**

All documents and things relating to communications between Aventis and MBSS, including all communications between, to or from Robert Glatz, concerning, referring to, or relating to the Competency Opinion or the '408 patent.

**REQUEST NO. 9**

All documents, including all emails, notes or minutes, relating to, referring to or concerning any meetings between Aventis and MBSS, including emails, notes or minutes of any meetings between any one at Aventis and Robert Glatz regarding the Competency Opinion, the '408 patent.

**REQUEST NO. 10**

All documents and things reflecting any communication or discussion concerning the Competency Opinion or the '408 patent by or between MBSS, including Robert Glatz and any of the following: Daniel Gruber, Stefan Schwartz, Charlotte Barney, Carolyn Moon, Thomas Loescher, Marion Bachman, Markus Jacobi, Alistair Clarke, Nils Basso, Claus Geiger, Michael Fischer, Mathias Mueller, Carsten Larsen or any other person employed by or acting as an agent of Aventis, including MBHB.

**REQUEST NO. 11**

All documents and things reflecting any communication or discussion concerning the Opinion, the Supplemental Opinion, the Competency Opinion, or the '408 patent by or between any of the attorneys at MBSS.

**REQUEST NO. 12**

All documents and things concerning, relating to or reflecting any communication, discussion or meeting regarding any draft of the Competency Opinion.

**REQUEST NO. 13**

All documents and things that demonstrate the extent to which the Competency Opinion was circulated or the extent to which any conclusions contained in the Competency Opinion were communicated to persons at Aventis Pharmaceuticals Inc.