IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK A/S, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-645-SLR |
| | ) |
| SANOFI-AVENTIS, AVENTIS | ) |
| PHARMACEUTICALS INC., and AVENTIS | ) |
| PHARMA DEUTSCHLAND GMBH, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' UNOPPOSED MOTION TO ISSUE LETTERS OF
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Defendants sanofi-aventis, Aventis Pharmaceuticals Inc., and Sanofi-Aventis Deutschland GmbH[1], by its undersigned counsel, hereby respectfully move the Court to issue the attached Order and Letters of Request for International Judicial Assistance (attached hereto as Exhibits 1-4) to enable Defendants to take the depositions of four witnesses residing in Denmark, pursuant to Fed. R. Civ. P. 28(b).  In compliance with D. Del. L.R. 7.1.1, Defendants have met and conferred with Plaintiff regarding this motion.  Plaintiff has indicated that while it does not intend to oppose this motion, Plaintiff denies the assertions set forth in support of Defendants' motion and reserves all rights to object to the depositions, or the testimony provided during the depositions, under any and all legal authority, domestic or international, including, but not limited to, the scope of the testimony sought as indicated in the attached Letters of Request.

---

[1] While the Complaint names Aventis Pharma Deutschland GmbH, this entity is now known as sanofi-aventis Deutschland GmbH.  Accordingly, this current title will be used in this motion.

**I.     Background**

Plaintiff filed this lawsuit alleging infringement of United States Patent No. 6,582,408 (the "'408 patent"). Defendants deny infringing the '408 patent and assert, among their affirmative defenses and counterclaims, that the '408 patent is invalid and unenforceable. Among the grounds of invalidity, Defendants assert that the invention claimed in the '408 patent is anticipated or would have been obvious to one of ordinary skill in the art at the time the patent application that issued as the '408 patent was filed. As grounds of unenforceability, Defendants assert that Plaintiff committed inequitable conduct during prosecution of the patent application that issued as the '408 patent. Plaintiff disputes these assertions and maintains that the '408 patent is valid and enforceable.

In support of their invalidity and unenforceability defenses and counterclaims, Defendants intend to offer at trial evidence of the invalidity and unenforceability of the '408 patent. This evidence includes evidence of the scope and content of the prior art, the level of ordinary skill in the art, and the differences between the invention claimed in the '408 patent and the prior art. In addition, this evidence includes evidence of the materiality and non-cumulative nature of the prior art withheld from the Patent Office, as well as evidence of the Plaintiff's intent to deceive the Patent Office. As explained below, Defendants have reason to believe that the four witnesses named in the attached Letters of Request for International Judicial Assistance, each of whom either is a named inventor on the '408 patent or was substantively involved in the prosecution of the patent application that issued as the '408 patent, have evidence or information relating to Defendants' invalidity and unenforceability defenses and counterclaims. Therefore, a just disposition of this case requires the discovery of testimony from the four witnesses named in the attached Letters of Request.

**II.     Standard of Review**

A party seeking the application of the Hague Evidence Convention procedures rather than the Federal Rules of Civil Procedure bears the burden of persuading the trial court of the necessity of proceeding pursuant to the Hague Evidence Convention. *Tulip Computers Int'l B.V. v. Dell Computer Corp.,* 254 F.Supp.2d 469, 474 (D. Del. 2003). As this Court has recognized, "that burden is not great, however, since the 'Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention.'" *Id.* (quoting *Societe Nationale Industrielle Aerospatiale v. United States District Court for the District of Iowa,* 482 U.S. 522, 538 (1987)).

**III.    Discussion**

    **A.     Defendants Have Complied With the Requirements of Article 3(d) of the Hague Evidence Convention**

Defendants' motion is made in conformity with the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, T.I.A.S. No. 7444, *reproduced in* 28 U.S.C.A. following § 1781 ("the Hague Evidence Convention"). Pursuant to the Hague Evidence Convention, a Letter of Request for International Judicial Assistance ("Letter of Request") must provide the contracting state with certain information regarding the lawsuit and the information sought. Article 3(d) states that a Letter of Request shall briefly specify the evidence to be obtained or other judicial act to be performed. Hague Evidence Convention, 23 U.S.T. 2555, Art. 3(d) (1972); *Abbott Labs. v. Impax Labs., Inc.*, No. 03-120-KAJ, at *2-*3 (D. Del. Jul. 15, 2004). The attached Letters of Request do just that.

The attached Letters of Request set forth the topics to be covered in the requested depositions. Through discovery obtained to date, Defendants have learned that Mr. Hansen is a former employee of Plaintiff and a patent attorney who was substantively involved in the

prosecution of the patent application that issued as the '408 patent, as well as related patent applications. Defendants have also learned through discovery that Messrs. Jensen and Jensen, named inventors on the '408 patent, worked as industrial designers on the invention claimed in the '408 patent. Additionally, Defendants have learned through discovery that Mr. Munk, a named inventor on the '408 patent and a former employee of Plaintiff, worked as a mechanical engineer on the invention claimed in the '408 patent. Accordingly, the topics to be covered in the depositions of these four individuals include the prosecution of the application that issued as the '408 patent (in the case of Mr. Hansen) and the subject matter described or claimed in the '408 patent (in the case of Messrs. Jensen, Jensen, and Munk). Therefore, Defendants have complied with Article 3(d) of the Hague Evidence Convention for issuance of Letters of Request.

  **B.** **The Letters of Request Are Necessary to Obtain Relevant Discovery and Trial Evidence**

  This Court has determined that application of the Hague Evidence Convention is appropriate when the witnesses are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of a foreign country, and are not otherwise subject to the jurisdiction of the court. *Tulip Computers*, 254 F.Supp.2d at 474; *Abbott Labs.*, 2004 WL 1622223 at *2. Each of these conditions is true in this case. Messrs. Hansen, Jensen, Jensen and Munk are not parties to this lawsuit, each resides in Denmark, and, though counsel for Plaintiff has demanded that any communications with these individuals go through them, counsel for Plaintiff has refused to accept notices of deposition or subpoenas on their behalf.

  Moreover, this Court has previously issued Letters of Request to allow defendants in patent infringement cases to seek the deposition testimony of named inventors and persons substantively involved in the prosecution of the patent-in-suit. *See*, *e.g.*, *Tulip Computers*, 254 F.Supp.2d at 473 (granting Letters of Request seeking deposition testimony of a person "who

participated in R & D activities that may be directly relevant to [defendant's] defenses" and a person who "had knowledge of and participated in patent procurement activities that may be directly relevant to [defendant's] defenses"). *See also Abbott Labs.*, 2004 WL 1622223 at *3 (granting Letters of Request because defendant's desire to depose witnesses "who were intimately involved in prosecution of the patents-in-suit is par for the course in any patent litigation").

In this case, the testimony sought by the attached Letters of Request is important to Defendants' ability to assert their noninfringement, invalidity, and unenforceability defenses and counterclaims. For example, as a patent attorney who was substantively involved in the prosecution of the patent application that issued as the '408 patent, Mr. Hansen possesses information regarding the materiality of prior art references withheld from the Patent Office as well as Plaintiff's intent to deceive the Patent Office. As named inventors on the '408 patent, Messrs. Jensen, Jensen, and Munk possess information regarding the invention claimed in the '408 patent, as well as the scope and content of the prior art, the level of ordinary skill in the art, and the differences between the prior art and the claimed invention. Additionally, each of the four individuals' names appears on numerous relevant documents produced by Plaintiff in this litigation, and Defendants need to question the individuals about those documents.

**IV.   Conclusion**

In view of the foregoing, Defendants respectfully request that this Court issue the attached Letters of Request and that the Clerk of Court forward the executed Letters of Request to the appropriate judicial authority in Denmark, as set forth in the attached Order.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  |  |
|  | */s/ Lauren E. Maguire* |
|  | _____ |
|  | Steven J. Balick (I.D. #2114) |
|  | John G. Day (I.D. #2403) |
|  | Lauren E. Maguire (I.D. #4261) |
|  | 222 Delaware Avenue, 17th Floor |
|  | P.O. Box 1150 |
|  | Wilmington, DE  19899 |
|  | 302-654-1888 |
|  | sbalick@ashby-geddes.com |
|  | jday@ashby-geddes.com |
|  | lmaguire@ashby-geddes.com |
|  |  |
|  | *Attorneys for Defendants* |

Of Counsel:

Paul H. Berghoff
Curt J. Whitenack
Thomas E. Wettermann
Eric R. Moran
McDONNELL BOEHNEN
   HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois  60606
Tel:  (312) 913-0001
Fax:  (312) 913-0002

Dated:  November 10, 2006