**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NOVO NORDISK A/S, | ) | |
| | ) | |
| Plaintiff and Counterdefendants, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-645-SLR |
| | ) | |
| SANOFI-AVENTIS, AVENTIS | ) | |
| PHARMACEUTICALS INC., and AVENTIS | ) | |
| PHARMA DEUTSCHLAND GMBH, | ) | |
| | ) | |
| Defendants and Counterplaintiffs. | ) | |

**AVENTIS'S OBJECTIONS TO NOVO NORDISK' FIRST NOTICE OF
DEPOSITION OF AVENTIS PURSUANT TO FED. R. CIV. P. 30(b)(5) AND 30(b)(6)**

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendants Aventis

Pharmaceuticals Inc., sanofi-aventis, and sanofi-aventis Deutschland GmbH (referred to collectively

as "Aventis") hereby respond and object to Novo Nordisk's First Notice of Deposition Pursuant to

Rules 30(b)(5) and 30(b)(6) of Aventis Pharmaceuticals, Inc., sanofi-aventis and Aventis Pharma

Deutschland.

**GENERAL OBJECTIONS**

Aventis asserts each of the following General Objections to each category of Novo's Notice

of 30(b)(6)Deposition.  In addition to these General Objections, Aventis may also state specific

objections to individual topics where appropriate.  By setting forth such additional specific

objections, Aventis does not in any way intend to limit or restrict its General Objections.  Moreover,

to the extent Aventis provides a witness in response to any of the individual topics in Novo's Notice

of 30(b)(6) Deposition to which Aventis objects, providing such a witness shall not constitute a

waiver of any General or Specific Objection.

1.   To the extent not expressly set forth herein, Aventis hereby incorporates herein by reference the General Objections, General Statements and all specific objections stated in Aventis's Responses and Objections to Novo Nordisk A/S' First Set of Requests for Production of Documents and Things (Nos. 1-57), served on February 27, 2006, and such Objections and Statements apply to the topics of Novo's Notice of 30(b)(6) Deposition as fully as if set forth herein.

2.   Aventis objects to Novo's Notice of 30(b)(6) Deposition to the extent that any category seeks information protected by the attorney-client privilege, attorney-work product immunity or any other applicable privilege or immunity, including materials prepared in anticipation of litigation or for trial.  In the event that any such protected information is or has been produced by Aventis, such production is inadvertent and hence does not constitute a waiver of any privilege, immunity, or other applicable protection.  Nothing contained herein shall be construed as a general waiver of protection afforded by the attorney-client privilege, attorney-work product immunity or any other applicable privilege or immunity.

3.   Aventis objects to any directions, definitions, rules of construction, and/or instructions contained in Novo's Notice of 30(b)(6) Deposition that seek to impose upon Aventis any obligations or responsibilities beyond those mandated by the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the District of Delaware.

4.   Aventis objects to Novo's Notice of 30(b)(6) Deposition to the extent the topics thereof require any information or documents beyond what is presently available to Aventis based upon a reasonable search of its own files and reasonable inquiry of its current employees and/or to they extent they require information not within Aventis's possession, custody or control.

5.   Aventis objects to Novo's Notice of 30(b)(6) Deposition to the extent it purports to require Aventis to produce a witness at the offices of White & Case, LLP.

6.   Aventis objects to the date specified in Novo's Notice of 30(b)(6) Deposition as it does not allow a reasonable time in which Aventis may investigate, identify and prepare a witness or witnesses to testify on the noticed topics.

7.   Aventis objects to Novo's Notice of 30(b)(6) Deposition to the extent the topics thereof call upon Aventis to investigate, collect, and disclose information that is not pertinent to the defenses and claims of any party and is thus neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

8.   Aventis objects to Novo's Notice of 30(b)(6) Deposition to the extent the topics thereof seek testimony requiring, incorporating or based upon a legal conclusion.  The testimony of any Aventis witnesses testifying pursuant to Novo's Notice of 30(b)(6) Deposition shall not be construed to state, rely upon or incorporate any legal conclusion concerning the matters that are the subject of the testimony.

9.   Aventis objects to Novo's Notice of 30(b)(6) Deposition to the extent the topics thereof seek expert testimony, the subject matter of any expert retained by Aventis or any documents within the scope of Fed. R. Civ. P. 26(b)(4).  Such expert information will be disclosed to Novo in accordance with the schedule set by the Court for exchange of such information.

10. Aventis objects to Novo's request for production of documents.  Subject to Aventis's objections all of the documents responsive to Novo's request have already been produced.

11. Aventis objects to the definition of the term "Aventis" in Novo's Notice of 30(b)(6) Deposition as overly broad to the extent that definition encompasses entities that are not

3

within the control of Aventis and/or encompasses documents and information that are not within Aventis's possession, custody or control. For the purposes of these responses and objections and for the purposes of any testimony provided pursuant to Novo's Notice of 30(b)(6) Deposition, Aventis will interpret these terms to refer to the named Defendants in this action.

12. Aventis objects to the definition of the term "Communication," as overly broad and unduly burdensome, as it encompasses the transmittal of information or interrogatories for information in "any form."

13. Aventis objects to the definition of the term "Documents," as overly broad and unduly burdensome, to the extent it encompasses subject matter "without limitation" beyond the requirements of the Federal Rules of Civil Procedure.

14. Aventis objects to the definition of the term "Including," as overly broad and unduly burdensome, to the extent it encompasses subject matter "without limitation" beyond the requirements of the Federal Rules of Civil Procedure.

15. Aventis objects to the definition of the term "Identify" (with respect to persons), as overly broad, unduly burdensome, and improper to the extent it calls for addresses and telephone numbers of Aventis employees, as they are represented by counsel and may only be contacted through counsel.

16. Aventis objects to the definition of the term "Identify" (with respect to documents), as overly broad and unduly burdensome, as the production of responsive, non-privileged documents themselves will provide the requisite information called for under the Federal Rules of Civil Procedure. Furthermore, Aventis objects to identifying a document when it is less burdensome for Aventis to simply produce the document.

17. Aventis objects to the definition of the term "OptiClik" as overly broad, unduly burdensome, and improper to the extent it includes "any" cartridge system or cartridge beyond the Lantus® or Apidra® disposable modules used with the OptiClik® reusable module.

18. Aventis objects to Novo's use of the term "Competency Opinion" as inaccurate, improper, prejudicial, presumptuous, vague, indefinite, and not reasonably calculated to lead to the discovery of admissible evidence.

19. Aventis objects to each topic to the extent it seeks information on products that were sold, offered for sale, or used outside the United States, or products manufactured outside of the United States and not offered for sale, sold, or used within the United States or imported into the United States.

20. Aventis objects to the interrogatories as improper to the extent that they seek legal or expert conclusions, or present questions of pure law.

## **GENERAL STATEMENTS**

The following statements apply to all responses to Novo's Notice of 30(b)(6) Deposition:

1.   The following specific responses and objections are made, and all testimony of any witnesses provided pursuant to Novo's Notice of 30(b)(6) Deposition will be given, subject to the foregoing General Objections and these Statements, which may not be repeated in each specific response.  To the extent specific General Objections and/or Statements are cited in a specific response, those specific citations are provided because they are believed to be particularly relevant to the specific topic and are not to be construed as a waiver of any other General Objection or Statement applicable to information falling within the scope of the topic.

2.  These specific responses and objections are made, and all testimony of any witnesses provided pursuant to Novo's Notice of 30(b)(6) Deposition will be given, without waiver of, and specifically preserving:

    a.  all questions and objections as to competency, relevancy, materiality, privilege, and admissibility of each response herein as evidence in any further proceeding in this action, including trial;

    b.  the right to object to the use of any testimony, or the subject matter thereof, in any further proceedings in this action, including trial, and in any other lawsuit or proceedings on any basis that would exclude such information from evidence;

    c.  the right to object on any ground at any time to a demand or request for further testimony or any other discovery involving or relating to the subject matter of the testimony provided pursuant to Novo's Notice of 30(b)(6) Deposition; and

    d.  the right at any time to revise, correct, add to, supplement, or clarify any of the responses and objections contained herein or any testimony provided pursuant to Novo's Notice of 30(b)(6) Deposition.

3.  A response stating that a witness will be produced is not meant and shall not be interpreted as an admission or representation that the information sought by a specific category exists or is available.  It is solely a representation that after a reasonable search and investigation, a witness will be presented to testify as to the information available to Aventis.

4.  In responding to Novo's Notice of 30(b)(6) Deposition, Aventis does not concede that any of the information sought or provided is relevant, material, admissible in evidence, or reasonably calculated to lead to the discovery of admissible evidence.

5.   Aventis has not yet completed its investigation of the facts in this case and the parties have not yet completed discovery.  Accordingly, all responses and objections to Novo's Notice of 30(b)(6) Deposition and testimony provided in responses thereto are made and provided without prejudice to Aventis's right to revise and/or supplement such responses, objections and testimony based on subsequent investigation.

### SPECIFIC OBJECTIONS AND RESPONSES

Aventis specifically responds to and objects to the topics for examination of Novo's Notice of 30(b)(6) Deposition as follows:

**Deposition Topic No. 1:**

1. The circumstances of Aventis's initial awareness of the patent-in-suit and its foreign counterparts, or any other patent or patent application related to the patent-in-suit, including but not limited to EP 1 094 858, including any knowledge or awareness of the '408 patent gained during the European Opposition to EP 1 094 858.

**Response to Deposition Topic No. 1:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 1 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis objects to Topic No. 1 as vague and ambiguous in that the phrase "any other patent or patent application related to the patent-in-suit" is indefinite, undefined and unclear. Aventis further objects to Topic No. 1 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, particularly as relates to foreign counterparts to the patent in suit and "other patents or patent applications." Additionally, Aventis objects to Topic No. 1 as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony it seeks to elicit.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant,

non-privileged information concerning Aventis's initial awareness of U.S. Patent No. 6,582,408.

**Deposition Topic No. 2:**

2.  The facts and circumstances, documents and evidence regarding any discussion or communication with MBHB or MBSS concerning the validity, infringement or unenforceability of the '408 patent or the competency of the Opinion.

**Response to Deposition Topic No. 2:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 2 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis also objects to Topic No. 2 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Aventis further objects to Topic No. 2 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought, as the phrase "facts and circumstances, documents and evidence" is indefinite and unclear.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged information concerning Aventis's procurement of and reliance upon the two non-infringement opinions rendered by David Frischkorn and Robert Glatz concerning U.S. Patent No. 6,582,408.

**Deposition Topic No. 3:**

    3.    The facts and circumstances, documents and evidence regarding the steps Aventis took to avoid infringement of the '408 patent, including all steps taken by Aventis once Aventis learned of the existence of the '408 patent and all steps taken after Aventis was provided with any opinion of counsel, including but not limited to all discussions or consideration of altering the design of OptiClik or any component of OptiClik, including the OptiClik pen body, cartridges, or cartridge systems used with OptiClik.

**Response to Deposition Topic No. 3:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 3 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis also objects to Topic No. 3 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Aventis further objects to Topic No. 3 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought, as the phrase "facts and circumstances, documents and evidence" is indefinite and unclear.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged information concerning Aventis's procurement of and reliance upon the two non-infringement opinions rendered by David Frischkorn and Robert Glatz concerning U.S. Patent No. 6,582,408.

**Deposition Topic No. 4:**

> 4. The facts, circumstances, documents and evidence regarding dissemination of any opinion of counsel, whether oral or written, within, by or between any person or persons at Sanofi-Aventis, Aventis Pharma Deutschland GmbH, Sanofi Aventis Pharma Deutschland GmbH, Aventis Pharmaceuticals, Inc., Ypsomed or Disetronic; the identity and role of all persons involved in any decision to obtain or not obtain an opinion of counsel regarding infringement, invalidity or unenforceability of the '408 patent; and, the identity of all persons that were provided with any opinion of counsel, in either oral or written form.

**Response to Deposition Topic No. 4:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 4 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis objects to Topic No. 4 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Aventis further objects to Topic No. 4 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought, as the phrase "facts, circumstances, documents and evidence" is indefinite and unclear.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged information concerning Aventis's procurement of and reliance upon the two non-infringement opinions rendered by David Frischkorn and Robert Glatz concerning U.S. Patent No. 6,582,408 and the dissemination of those opinions between the named defendants to this lawsuit, to the extent any such dissemination occurred.

**Deposition Topic No. 5:**

> 5. The facts, circumstances, documents and evidence regarding Aventis's decision to obtain an opinion regarding the competency of the Opinion, including all persons, whether outside counsel or employed by Aventis, involved in the decision to obtain the Competency Opinion.

**Response to Deposition Topic No. 5:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 5 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity.  Aventis also objects to Topic No. 5 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Aventis further objects to Topic No. 5 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought, as the phrase "facts, circumstances, documents and evidence" is indefinite and unclear. Additionally, Aventis objects to Deposition Topic No. 5 as vague and ambiguous, based on the phrase "competency of the opinion" and the term "Competency Opinion" and further objects to those terms as misleading to the extent those terms suggest, imply or assume that the written opinion of Robert Glatz was anything other than an independent, objective review of the '408 patent as it relates to the OptiClik® system.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged information concerning Aventis's procurement of the non-infringement opinion rendered by Robert Glatz concerning U.S. Patent No. 6,582,408.

**Deposition Topic No. 6:**

      6.  The facts, circumstances, documents and evidence regarding evaluation of the competency of the Opinion both before and after Aventis obtained the Competency Opinion, including the identity of all persons, whether outside counsel or employed by Aventis, that were involved in evaluating the competency of the Opinion.

**Response to Deposition Topic No. 6:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 6 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity.  Aventis also objects to Topic No. 6 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Aventis further objects to Topic No. 6 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought, as the phrase "facts, circumstances, documents and evidence" is indefinite and unclear. Additionally, Aventis objects to Deposition Topic No. 6 as vague and ambiguous, based on the phrase "competency of the opinion" and the term "Competency Opinion" and further objects to those terms as misleading to the extent those terms suggest, imply or assume that the written opinion of Robert Glatz was anything other than an independent, objective review of the '408 patent as it relates to the OptiClik® system.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged information concerning Aventis's evaluation of and reliance upon the non-infringement opinion rendered by David Frischkorn concerning U.S. Patent No. 6,582,408.

**Deposition Topic No. 7:**

7.  The facts, circumstances, documents and evidence regarding any communication with Ypsomed or Disetronic regarding infringement, validity or enforceability of the '408 patent, including, but not limited to, all communications regarding any opinion of counsel concerning the '408 patent or press release regarding this litigation, any opinion obtained by Ypsomed, and the persons at Aventis to whom any opinion concerning the '408 patent was communicated.

**Response to Deposition Topic No. 7:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 7 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity, in particular as to "any opinion obtained by Ypsomed" as any such opinion is subject to Ypsomed's claims of attorney-client privilege and/or work product immunity which, to Aventis's knowledge, Ypsomed has not waived.  Aventis objects to Topic No. 7 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  Aventis further objects to Topic No. 7 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought, as the phrase "facts, circumstances, documents and evidence" is indefinite and unclear.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged information regarding this topic.

**Deposition Topic No. 8:**

8. The facts, circumstances, documents and evidence regarding any communications between Ypsomed and Aventis, or between any person at Ypsomed and any person at Aventis, including any officer, executive or employee of either Ypsomed or Aventis, regarding Aventis's future use, sale, offer for sale, distribution or supply of OptiClik and/or the OptiClik pen body, or regarding Ypsomed's future manufacture or supply of OptiClik or the OptiClik pen body to Aventis, and the identify of the persons whom the communications were between, the identity of any person that was present at the time of the communication either in person or by teleconference, and the identity of any person that received notice of any communication.

**Response to Deposition Topic No. 8:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 8 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis further objects to Topic No. 8 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought, as the phrase "facts, circumstances, documents and evidence" is indefinite and unclear. Aventis additionally objects to Topic No. 8 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Finally, Aventis objects to Topic No. 8 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Ypsomed is the manufacturer and supplier of the OptiClik[®] system and as such "communications between Ypsomed and Aventis, or between any person at Ypsomed and any person at Aventis, including any officer, executive or employee of either Ypsomed or Aventis, regarding Aventis's future use, sale, offer for sale, distribution or supply of OptiClik and/or the OptiClik pen body, or regarding Ypsomed's future manufacture or supply of OptiClik or the

OptiClik pen body to Aventis" encompasses a very large proportion of the communications between

Ypsomed and Aventis. Aventis could not possibly investigate, identify all such communications

and prepare a witness to testify concerning such communications. Accordingly, Aventis cannot

designate a witness to testify concerning Topic No. 8 as it is currently written, but will consider a

more narrowly written topic should Novo wish to provide one.

**Deposition Topic No. 9:**

9. For OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, Apidra cartridge systems, insulin and insulin formulations, including Lantus and Apidra, the volume sold or distributed by Defendants or their licensees, including the units provided free of charge, the units of direct sales and units of licensed sales, the net revenue derived by Defendants on such sales, Defendants' dollar sales, Defendants' gross margin, Defendants' cost of sales, Defendants' operating costs, and Defendants' net and operating profits and gross margins.

**Response to Deposition Topic No. 9:**

In addition to the foregoing General Objections and General Statements, Aventis

objects to Deposition Topic No. 9 to the extent it seeks information protected by the

attorney-client privilege, attorney work product immunity and/or any other applicable

privilege or immunity. Aventis further objects to Topic No. 9 as vague and ambiguous in

that the terms "net revenue," "operating costs," and "net and operating profits" are

undefined and subject to multiple interpretations. Additionally, Aventis objects to Topic

No. 9 as vague and ambiguous and as failing to describe with reasonable clarity and

particularity the scope and boundaries of the testimony sought. Additionally, Aventis

objects to Topic No. 9 as overly broad, unduly burdensome and not reasonably calculated

to lead to the discovery of admissible evidence, in particular to the extent it seeks

information concerning commercial activities outside the United States. Aventis further

objects to Topic No. 9 to the extent it seeks information that is duplicative of discovery

Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Finally, Aventis objects to Topic No. 9 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding sales and distribution in the United States of the OptiClik® system and Lantus® and Apidra® disposable modules for use with the OptiClik® system.

**Deposition Topic No. 10:**

10. Aventis's licensing practices and policies regarding technology related to insulin delivery devices, pen-type insulin delivery devices, insulin or insulin formulations, including Lantus and Apidra; all license agreements, entered into by any Defendant as licensee or licensor for technology related to insulin delivery devices, pen-type insulin delivery devices, or insulin or insulin formulations, including those agreements that concern OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, Apidra cartridge systems, or any part of component thereof, Lantus and Apidra; including the parties to such agreements, the effective date of such agreements, the terms of such agreements (including a description of the subject matter of the agreements, whether or not such agreements are exclusive, and the geographical scope of such agreements), the duration of such agreements, up-front payments, the applicable royalty rates and any other payment terms; and identify the persons involved in the negotiation and execution of any such agreement; licensing practices in the industry regarding insulin delivery devices, insulin or insulin products.

**Response to Deposition Topic No. 10:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 10 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis further objects to Topic No. 10 as vague and ambiguous in that the terms "licensing practices in the industry," and "regarding insulin delivery

devices, insulin or insulin products," are undefined and subject to multiple interpretations. Additionally, Aventis objects to Topic No. 10 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought.  Moreover, Aventis objects to Topic No. 10 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in particular to the extent it seeks information concerning commercial activities outside the United States.  Aventis additionally objects to Topic No. 10 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means.  Finally, Aventis objects to Topic No. 10 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding license agreements or licensing in the United States pertaining to the OptiClik® system, Lantus® and Apidra® insulin formulations and Lantus® and Apidra® disposable modules for use with the OptiClik® system.

**Deposition Topic No. 11:**

    11. The pricing policy and pricing structure for OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges and Apidra cartridge systems, Lantus and Apidra (on an annual basis for each product); and the persons most knowledgeable about these policies arid structures.

**Response to Deposition Topic No. 11:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 11 to the extent it seeks information protected by the

attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis further objects to Topic No. 11 as vague and ambiguous in that the terms "pricing policy," and "pricing structure" are undefined and subject to multiple interpretations. Additionally, Aventis objects to Topic No. 11 as vague and ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought. Moreover, Aventis objects to Topic No. 11 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in particular to the extent it seeks information concerning commercial activities outside the United States. Aventis additionally objects to Topic No. 11 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Finally, Aventis objects to Topic No. 11 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding pricing in the United States of the OptiClik® system, Lantus® and Apidra® insulin formulations and Lantus® and Apidra® disposable modules for use with the OptiClik® system.

**Deposition Topic No. 12:**

> 12. The relationship between Defendants' sale or distribution of the OptiClik pen body and sales of other products or services by the Defendants (including the sale of Lantus cartridges, Lantus cartridge systems, Apidra cartridges, Apidra cartridge systems, Lantus or Apidra for use with the OptiClik pen body) and the extent of such derivative or other convoyed sales, including the unit sales, net revenue and gross margins related to such derivative or other convoyed sales.

**Response to Deposition Topic No. 12:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 12 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis further objects to Topic No. 12 to the extent it implies that all Defendants sell or distribute the OptiClik® system or sell "other products or services." Aventis objects to the term "other products or services," as that term is undefined, overly broad, unduly burdensome, incomprehensibly indefinite, and not reasonably calculated to lead to the discovery of admissible evidence. Aventis further objects to this topic to the extent it improperly labels certain sales as "derivative" or "convoyed" sales. Aventis further objects to this topic to the extent it uses the terms "derivative" and "convoyed" in reference to the sale of Lantus® and Apidra® disposable modules. Aventis further objects to the terms "derivative" and "convoyed" as the terms are undefined, vague, and indefinite. Moreover, Aventis objects to Topic No. 12 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in particular to the extent it seeks information concerning commercial activities outside the United States. Aventis additionally objects to Topic No. 12 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Finally, Aventis objects to Topic No. 12 to the extent it

seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding any relationship, to the extent one exists, between sales in the United States of the OptiClik® reusable module, and Lantus® and Apidra® disposable modules for use with the OptiClik® system.

**Deposition Topic No. 13:**

13. The commercial relationship between each defendant and any other defendant in this action, and the commercial relationship between any defendant and Ypsomed, and the financial terms and royalty rates paid by any defendant to any other defendant or to Ypsomed in connection with the supply or sale of insulin delivery devices, pen-type insulin delivery devices, insulin or insulin formulations, including, but not limited to, OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, Apidra cartridge systems, Lantus or Apidra or any component or part of OptiClik or the cartridge systems used with the OptiClik pen body.

**Response to Deposition Topic No. 13:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 13 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity.  Aventis further objects to Topic No. 13 as vague and ambiguous in that the terms "commercial relationship," "financial terms," and "royalty rates," are undefined, overly broad, unduly burdensome, incomprehensibly indefinite, and not reasonably calculated to lead to the discovery of admissible evidence.  Aventis further objects to this topic to the extent it improperly or inaccurately characterizes any aspect of the relationship between any of the Defendants.  Aventis further objects to this topic to the extent it improperly or inaccurately characterizes whether or if certain components of the OptiClik® system are actually sold.  Aventis

additionally objects to Topic No. 13 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Finally, Aventis objects to Topic No. 13 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding the corporate relationships between and among the named defendants to this action, and to any commercial transactions between the named defendants relating to the OptiClik® reusable module, and Lantus® and Apidra® disposable modules for use with the OptiClik® system, and other components of the OptiClik® system.

### Deposition Topic No. 14:

14. Aventis's plans regarding future sale or distribution in the United States of OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, Apidra cartridge systems, Lantus and Apidra, including whether or not Aventis has plans or intentions to phase out or discontinue sale or distribution of OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges or Apidra cartridge systems, whether Aventis plans or intends to replace OptiClik or the OptiClik pen body with another delivery device, including but not limited to Autopen 24 or Solostar.

### Response to Deposition Topic No. 14:

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 14 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis objects to Topic No. 14 as vague and ambiguous in that the terms "plans," "future sale or distribution," and "intends" undefined, overly broad, unduly

burdensome, incomprehensibly indefinite, and not reasonably calculated to lead to the discovery of admissible evidence. Aventis further objects to Topic No. 14 to the extent it improperly or inaccurately characterizes whether or if certain components of the OptiClik® system are actually sold (or will be sold in the future). Aventis further objects to this topic because it is irrelevant to the extent that it seeks information unrelated to the issues of this litigation and is unlimited in time. Furthermore, Aventis objects to Topic no. 14 to the extent it seeks information concerning products not involved in this lawsuit and that are thus unrelated to the claims of any party.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding the corporate relationships between and among the named defendants to this action, and to any commercial transactions between the named defendants relating to the OptiClik® reusable module, and Lantus® and Apidra® disposable modules for use with the OptiClik® system, and other components of the OptiClik® system.

**Deposition Topic No. 15:**

15. Competition in the marketplace for insulin pens and insulin products; the products that compete with OptiClik, Lantus and Apidra; the market share of OptiClik, Lantus and Apidra, and the market share of each product that competes with OptiClik, Lantus and Apidra; the identity of any devices or products that Aventis alleges are non-infringing alternatives to OptiClik.

**Response to Deposition Topic No. 15:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 15 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Additionally, Aventis objects to Topic No. 15 as vague and

ambiguous and as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought.  Moreover, Aventis objects to Topic No. 15 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in particular to the extent it seeks information concerning markets and products marketed outside the United States.  Aventis additionally objects to Topic No. 15 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means.  Finally, Aventis objects to Topic No. 15 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding this topic.

**Deposition Topic No. 16:**

16. The factors that affect the demand for insulin delivery devices, including OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, and Apidra cartridge systems, and/or any other insulin delivery device or insulin product or formulation, including Lantus and Apidra; the channels of distribution for insulin delivery devices including the channels of distribution for OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, and Apidra cartridge systems, and other Aventis insulin products or formulations, including Lantus and Apidra; the identity of customers (physicians, patients, pharmacies, etc.) for OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, Apidra cartridge systems, and Aventis's insulin products and insulin formulations, including Lantus and Apidra, and any product that competes with OptiClik; the marketing, advertising, and sales force activities of Aventis with respect to OptiClik, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, Apidra cartridge systems and Aventis's insulin products or formulations, including Lantus and Apidra.

**Response to Deposition Topic No. 16**:

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 16 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity.  Additionally, Aventis objects to Topic No. 16 as vague and ambiguous in that the phrases "factors that affect the demand," "any other insulin delivery device," "channels of distribution" and "marketing, advertising and sales force activities" are undefined, unclear and subject to multiple interpretations.  Aventis further objects to Topic No. 16 as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought.  Moreover, Aventis objects to Topic No. 16 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in particular to the extent it seeks information concerning markets and products marketed outside the United States.  Aventis additionally objects to Topic No. 16 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means.  Finally, Aventis objects to Topic No. 16 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding this topic.

**Deposition Topic No. 17**:

17. Sales forecasts that Aventis prepared for the OptiClik and insulin products, including OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra

cartridges, Apidra cartridge systems, and Aventis's insulin products and insulin formulations, including Lantus and Apidra, from January 1, 2004 to present.

**Response to Deposition Topic No. 17:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 17 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis further objects to Topic No. 17 as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought. Moreover, Aventis objects to Topic No. 17 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in particular to the extent it seeks information concerning markets and products marketed outside the United States. Aventis additionally objects to Topic No. 17 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Finally, Aventis objects to Topic No. 17 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding this topic.

**Deposition Topic No. 18:**

18. Aventis's accounting data and financial reporting system and the content and meaning of the financial documents that Aventis has produced during discovery; all costs associated with OptiClik, the OptiClik pen body, Lantus cartridges, Lantus cartridge systems, Apidra cartridges, Apidra cartridge systems, Aventis insulin products and formulations, including Lantus and Apidra, and how Aventis allocates those costs.

**Response to Deposition Topic No. 18:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 18 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis also objects to Topic No. 18 as vague and ambiguous in its use of the phrases "accounting data" and "financial reporting system." Aventis further objects to Topic No. 18 as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought. Moreover, Aventis objects to Topic No. 18 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in particular to the extent it seeks information concerning markets and products marketed outside the United States. Aventis additionally objects to Topic No. 18 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Finally, Aventis objects to Topic No. 18 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding this topic.

**Deposition Topic No. 19:**

19. Aventis's estimate of the size of the market for insulin delivery devices, for pen-type insulin delivery devices, including, but not limited to, disposable, durable or semi-disposable pen-type delivery devices, and for insulin products, regardless of the delivery device.

**Response to Deposition Topic No. 19**:

In addition to the foregoing General Objections and General Statements, Aventis objects to Deposition Topic No. 19 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis further objects to Topic No. 19 as failing to describe with reasonable clarity and particularity the scope and boundaries of the testimony sought. Moreover, Aventis objects to Topic No. 19 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in particular to the extent it seeks information concerning markets and products marketed outside the United States. Aventis additionally objects to Topic No. 19 to the extent it seeks information that is duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Finally, Aventis objects to Topic No. 19 to the extent it seeks or requires expert testimony.

Subject to these specific objections and to the foregoing General Objections and General Statements, Aventis will designate an individual to testify concerning relevant, non-privileged matters regarding this topic.

## RESPONSE TO REQUEST FOR PRODUCTION (SCHEDULE B)

**Request for Production No. 1:**

1. All documents that have been referred to by Aventis in preparing for this deposition including all documents that are the source of information that Aventis expects to provide in response to this deposition notice.

**Response to Request for Production No. 1:**

In addition to the foregoing General Objections and General Statements, Aventis objects to Request for Production No. 1 to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity and/or any other applicable privilege or immunity. Aventis additionally objects to Request for Production No. 1 as duplicative of discovery Novo has sought from Aventis by other means in this case, or to the extent it seeks evidence that is more appropriately sought through less-burdensome means. Subject to these specific objections, the foregoing General Objections and General Statements and to any objection stated in response to Novo's other requests for production of documents, Aventis has produced all documents responsive to Request for Production No. 1.

ASHBY & GEDDES

*/s/ Steven J. Balick*
_____
Steven J. Balick (I.D. #2114)
John G. Day (I.D. 2403)
Lauren E. Maguire (I.D. #4261)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
302-654-1888

*Attorneys for Defendants*

*Of Counsel:*

Paul H. Berghoff
Curt J. Whitenack
Thomas E. Wettermann
James M. McCarthy
Eric R. Moran
McDONNELL BOEHNEN
  HULBERT & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois  60606
Tel:  (312) 913-0001
Fax:  (312) 913-0002

Dated:  November 10, 2006
175084.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 10th day of November, 2006, the attached **AVENTIS'S OBJECTINS TO NOVO NORDISK' FIRST NOTICE OF DEPOSITION OF AVENTIS PURSUANT TO FED. R. CIV. P. 30(b)(5) AND (b)(6)** was served upon the below-named counsel of record at the address and in the manner indicated:


Frederick L. Cottrell, III, Esquire                     <u>HAND DELIVERY</u>
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

Jeffrey J. Oelke, Esquire                           <u>VIA ELECTRONIC MAIL</u>
White & Case LLP
1155 Avenue of the Americas
New York, NY  10036-2787




                                    _____
                                    Steven J. Balick