# EXHIBIT 6





PATENT NUMBER

## U.S. UTILITY PATENT APPLICATION

| | O.I.P.E. | PATENT DATE |
|---|---|---|
| SCANNED | | MAY 1 3 2003 |

| SECTOR | CLASS | SUBCLASS | ART UNIT | EXAMINER |
|---|---|---|---|---|
| | 604 | | 3-165 | |

FILED WITH: ☐ DISK (CRF)  ☐ FICHE

(Attached in pocket on right inside flap)

## PREPARED AND APPROVED FOR ISSUE

## ISSUING CLASSIFICATION

| ORIGINAL | | CROSS REFERENCE(S) | | |
|---|---|---|---|---|
| CLASS | SUBCLASS | CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | |
| 604 | 232 | | | |

INTERNATIONAL CLASSIFICATION

A 61 M 5/00

☐ Continued on Issue Slip Inside File Jacket

| ☐ TERMINAL DISCLAIMER | DRAWINGS | | | CLAIMS ALLOWED | |
|---|---|---|---|---|---|
| | Sheets Drwg. | Figs. Drwg. | Print Fig. | Total Claims | Print Claim for O.G. |
| | 2 | 4 | 1 | 7 | 1 |

☐ a) The term of this patent subsequent to _____ (date) has been disclaimed.

☐ b) The term of this patent shall not extend beyond the expiration date of U.S Patent No. _____

☐ c) The terminal ____ months of this patent have been disclaimed.

*Kevin C. Sirmons* (Assistant Examiner) (Date)

**BRIAN L. CASLER**
**SUPERVISORY PATENT EXAMINER**
**TECHNOLOGY CENTER 3700**
(Primary Examiner) 8/6/02 (Date)

(Legal Instruments Examiner) 9-25-0 (Date)

NOTICE OF ALLOWANCE MAILED

9-20-02

| ISSUE FEE | |
|---|---|
| Amount Due | Date Paid |
| $1280.00 | 12-18-02 |

ISSUE BATCH NUMBER

**WARNING:**
The information disclosed herein may be restricted. Unauthorized disclosure may be prohibited by the United States Code Title 35, Sections 122, 181 and 368. Possession outside the U.S. Patent & Trademark Office is restricted to authorized employees and contractors only.

Form PTO-436A (Rev. 6/99)

ISSUE FEE IN FILE

DRAWINGS IN FILE    (LABEL AREA)

(FACE)

SAN00828213

PATENT APPLICATION

09348536



09/348536

07/07/99

INITIALS M.T.W

# CONTENTS

| | | Date received (incl. C. of M.) or Date Mailed | | | Date received (incl. C. of M.) or Date Mailed |
|---|---|---|---|---|---|
| 1. Application _____ papers. | | 8/5/99 | 42. | | |
| 2. Unsigned Dec | | 8/5/99 | 43. | | |
| 3. Dec + Surcharge | | 10-12-99 | 44. | | |
| 4. Pro Amdt A | | 7.7.99 | 45. | | |
| 5. Pro Amdt B | | 7.7.99 | 46. | | |
| 6. RSTR 35Duff | | 3/9/00 @ A | 47. | | |
| 7. Election | | 4-9-00 | 48. | | |
| 8. Rej (Smas) | | 04/26/00  4/24/00 | 49. | | |
| 9. IDS | | 2/7/00 | 50. | | |
| 10. Req Rec CER | | 1/31/00 | 51. | | |
| 11. Ext of Time (3) | | 10/27/00 | 52. | | |
| 12. Amdt C | | 10/27/00 | 53. | | |
| 13. FINAL REJECT | | 1/17/01 | 54. | | |
| 14. Ext 2mce | | 6-13-01 | 55. | | |
| 15. Req for Reconsideratio | | 13-11 | 56. | | |
| 16. REJECTION | | 6/22/01 | 57. | | |
| 17. Notice of Appeal | | 6/18/01 | 58. | | |
| 18. Ext of Time (3) | | 1/4/02 | 59. | | |
| 19. Req For Recons | | 1/14/02 | 60. | | |
| 20. Appeal Bf (3) | | 11/30/02 | 61. | | |
| 21. Amdt D (N.E) | | 8/20/02 | 62. | | |
| 22. Examiners Amdt E | | 9-20-02 | 63. | | |
| 23. QUERY | | 10/22/02  11/13/02 I | 64. | | |
| 24. REQ FOR C/RR | | 11/13/02 | 65. | | |
| 25. Priority | | 02-12-03 | 66. | | |
| 26. 85B Cert of Add | | 12/18/02 | 67. | | |
| 27. Amm. Drawings (2 shts) Set | | 12/18/02 | 68. | | |
| 28. | | | 69. | | |
| 29. | | | 70. | | |
| 30. | | | 71. | | |
| 31. | | | 72. | | |
| 32. | | | 73. | | |
| 33. | | | 74. | | |
| 34. | | | 75. | | |
| 35. | | | 76. | | |
| 36. | | | 77. | | |
| 37. | | | 78. | | |
| 38. | | | 79. | | |
| 39. | | | 80. | | |
| 40. | | | 81. | | |
| 41. | | | 82. | | |

(LEFT OUTSIDE)

SAN00828214

ISSUE SLIP STAPLE AREA (for additional cross references)

| POSITION | INITIALS | ID NO. | DATE |
|---|---|---|---|
| FEE DETERMINATION | M-W | | 2/4/99 |
| O.I.P.E. CLASSIFIER | M-W | 5A | 4/1-99 |
| FORMALITY REVIEW | RF | 70556 | 8-5-99 |
| | RF | 70556 | 10-20-99 |

## INDEX OF CLAIMS

✓ .................................... Rejected    N .................................... Non-elected
= .................................... Allowed    I .................................... Interference
– (Through numeral)... Canceled    A .................................... Appeal
÷ .................................... Restricted    O .................................... Objected

| Claim | Date | | | | | | |
|---|---|---|---|---|---|---|---|
| Final / Original | | | | | | | |
| 1 | | | | | | | |
| 2 | ✓ | ✓ | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | ✓ | ✓ | ✓ | | | | |
| 7 | ✓ | ✓ | ✓ | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | ✓ | ✓ | ✓ | | | | |
| 11 | | | | | | | |
| 12 | ✓ | ✓ | ✓ | ✓ | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |
| 21 | | | | | | | |
| 22 | | | | | | | |
| 23 | ✓ | | | | | | |
| 24 | ✓ | | | | | | |
| 25 | | | | | | | |
| 26 | ✓ | ✓ | ✓ | | | | |
| 27 | ✓ | ✓ | ✓ | | | | |
| 28 | ✓ | ✓ | ✓ | | | | |
| 29 | | | | | | | |
| 30 | | | | | | | |
| 31 | | | | | | | |
| 32 | | | | | | | |
| 33 | | | | | | | |
| 34 | | | | | | | |
| 35 | | | | | | | |
| 36 | | | | | | | |
| 37 | | | | | | | |
| 38 | | | | | | | |
| 39 | | | | | | | |
| 40 | | | | | | | |
| 41 | | | | | | | |
| 42 | | | | | | | |
| 43 | | | | | | | |
| 44 | | | | | | | |
| 45 | | | | | | | |
| 46 | | | | | | | |
| 47 | | | | | | | |
| 48 | | | | | | | |
| 49 | | | | | | | |
| 50 | | | | | | | |

| Claim | Date | | | | | | |
|---|---|---|---|---|---|---|---|
| Final / Original | | | | | | | |
| 51 | | | | | | | |
| 52 | | | | | | | |
| 53 | | | | | | | |
| 54 | | | | | | | |
| 55 | | | | | | | |
| 56 | | | | | | | |
| 57 | | | | | | | |
| 58 | | | | | | | |
| 59 | | | | | | | |
| 60 | | | | | | | |
| 61 | | | | | | | |
| 62 | | | | | | | |
| 63 | | | | | | | |
| 64 | | | | | | | |
| 65 | | | | | | | |
| 66 | | | | | | | |
| 67 | | | | | | | |
| 68 | | | | | | | |
| 69 | | | | | | | |
| 70 | | | | | | | |
| 71 | | | | | | | |
| 72 | | | | | | | |
| 73 | | | | | | | |
| 74 | | | | | | | |
| 75 | | | | | | | |
| 76 | | | | | | | |
| 77 | | | | | | | |
| 78 | | | | | | | |
| 79 | | | | | | | |
| 80 | | | | | | | |
| 81 | | | | | | | |
| 82 | | | | | | | |
| 83 | | | | | | | |
| 84 | | | | | | | |
| 85 | | | | | | | |
| 86 | | | | | | | |
| 87 | | | | | | | |
| 88 | | | | | | | |
| 89 | | | | | | | |
| 90 | | | | | | | |
| 91 | | | | | | | |
| 92 | | | | | | | |
| 93 | | | | | | | |
| 94 | | | | | | | |
| 95 | | | | | | | |
| 96 | | | | | | | |
| 97 | | | | | | | |
| 98 | | | | | | | |
| 99 | | | | | | | |
| 100 | | | | | | | |

| Claim | Date | | | | | | |
|---|---|---|---|---|---|---|---|
| Final / Original | | | | | | | |
| 101 | | | | | | | |
| 102 | | | | | | | |
| 103 | | | | | | | |
| 104 | | | | | | | |
| 105 | | | | | | | |
| 106 | | | | | | | |
| 107 | | | | | | | |
| 108 | | | | | | | |
| 109 | | | | | | | |
| 110 | | | | | | | |
| 111 | | | | | | | |
| 112 | | | | | | | |
| 113 | | | | | | | |
| 114 | | | | | | | |
| 115 | | | | | | | |
| 116 | | | | | | | |
| 117 | | | | | | | |
| 118 | | | | | | | |
| 119 | | | | | | | |
| 120 | | | | | | | |
| 121 | | | | | | | |
| 122 | | | | | | | |
| 123 | | | | | | | |
| 124 | | | | | | | |
| 125 | | | | | | | |
| 126 | | | | | | | |
| 127 | | | | | | | |
| 128 | | | | | | | |
| 129 | | | | | | | |
| 130 | | | | | | | |
| 131 | | | | | | | |
| 132 | | | | | | | |
| 133 | | | | | | | |
| 134 | | | | | | | |
| 135 | | | | | | | |
| 136 | | | | | | | |
| 137 | | | | | | | |
| 138 | | | | | | | |
| 139 | | | | | | | |
| 140 | | | | | | | |
| 141 | | | | | | | |
| 142 | | | | | | | |
| 143 | | | | | | | |
| 144 | | | | | | | |
| 145 | | | | | | | |
| 146 | | | | | | | |
| 147 | | | | | | | |
| 148 | | | | | | | |
| 149 | | | | | | | |
| 150 | | | | | | | |

If more than 150 claims or 10 actions
staple additional sheet here

(LEFT INSIDE)

SAN00828215

| SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| 604 | 200-201 228 232-234 | 1/21/00 | KCS |
| Same | as above | 9/17/02 | KCCS |

| INTERFERENCE SEARCHED | | | |
|---|---|---|---|
| Class | Sub. | Date | Exmr. |
| Same as | above | 9/17/02 | KCS |

| SEARCH NOTES (INCLUDING SEARCH STRATEGY) | | |
|---|---|---|
| | Date | Exmr. |
| M. Bockelman | 1/21/00 | KCS |

(RIGHT OUTSIDE)

SAN00828216

US006562011B1

(12) **United States Patent**
Buch-Rasmussen et al.

(10) Patent No.: **US 6,562,011 B1**
(45) Date of Patent: **May 13, 2003**

(54) **MEDICATION DELIVERY DEVICE**

(75) Inventors: **Thomas Buch-Rasmussen**, Gentofte (DK); **Benny Munk**, Hvidovre (DK); **Jens Ulrik Poulsen**, Virum (DK); **Henrik Ljungreen**, Ballerup (DK); **Peter Møller Jensen**, Hersholm (DK); **Jens Møller Jensen**, Copenhagen (DK)

(73) Assignee: **Novo Nordisk A/S**, Bagsvaerd (DK)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/348,536**

(22) Filed: **Jul. 7, 1999**

**Related U.S. Application Data**

(60) Provisional application No. 60/098,702, filed on Sep. 1, 1998.

(30) **Foreign Application Priority Data**

Jul. 8, 1998   (DK) .................................... 1998 00909
Nov. 17, 1998  (DK) .................................... 1998 01500

(51) Int. Cl.[7] ............................................ A61M 5/00
(52) U.S. Cl. ............................................ 604/232
(58) Field of Search .......................... 604/200–201, 604/228, 232–234

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,597,753 A | * | 7/1986 | Turley .................. 604/61 |
| 4,865,591 A | * | 9/1989 | Sams .................. 604/187 |
| 4,936,833 A | | 6/1990 | Sams |
| 4,973,318 A | | 11/1990 | Holm et al. |
| 5,137,511 A | * | 8/1992 | Reynolds .................. 604/88 |
| 5,226,895 A | | 7/1993 | Harris |
| 5,364,369 A | * | 11/1994 | Reynolds .................. 604/187 |
| 5,549,575 A | | 8/1996 | Giambattista et al. |
| 5,554,125 A | * | 9/1996 | Reynolds .................. 604/187 |
| 5,688,251 A | | 11/1997 | Chanoch |
| 6,146,361 A | * | 11/2000 | DiBiasi et al. .................. 604/232 |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0 688 571 | 12/1995 |
| WO | WO 94/21213 | 9/1994 |
| WO | WO 95/13842 | 5/1995 |
| WO | WO 96/02290 | 2/1996 |
| WO | WO 97/49620 | 12/1997 |

* cited by examiner

Primary Examiner—Brian L. Casler
Assistant Examiner—Kevin C. Simmons
(74) Attorney, Agent, or Firm—Marc A. Began, Esq.; Richard W. Bork, Esq.; Reza Green, Esq.

(57) **ABSTRACT**

The present invention relates to a medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly. The cartridge assembly comprises a cartridge having a stopper adapted to receive a plunger means. Furthermore, the cartridge assembly has one end sealed with a pierceable sealing, said end comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly. At least one of the coupling means of the cartridge assembly is unitarily moulded with the cartridge. The dosing assembly comprises a plunger means and has coupling means for engaging the cartridge assembly. The cartridge assembly and the dosing assembly are coupled together for delivering selected doses of medication. The cartridge is preferably moulded from a plastic material, such as a transparent material, and may be housed in a cartridge housing for protection of the cartridge. The coupling means may be selected from threaded locks, snap locks, hinged locks, or bayonet locks. The medication delivery device is especially suitable for delivering insulin, growth hormone or other medicines.

**7 Claims, 2 Drawing Sheets**





Fig. 1

SAN00828218



FIG. 2A



FIG. 2B



FIG. 3

SAN00828219

US 6,562,011 B1

1

# MEDICATION DELIVERY DEVICE

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application claims priority under 35 U.S.C. 119 of Danish application nos. PA 1998 00909 filed Jul. 8, 1998 and PA 1998 01500 filed Nov. 17, 1998, and U.S. provisional application No. 60/098,702 filed Sep. 1, 1998, the contents of which are fully incorporated herein by reference.

The present invention relates to a medication delivery device having a cartridge and a dosing assembly coupled together for delivering selected doses of medication, wherein at least one of the coupling means of the cartridge is unitarily moulded with the cartridge.

## BACKGROUND

Some medication, such as insulin is self-administered. The typical diabetes patient will require injections of insulin several times during the day. The required insulin dose will vary from patient to patient, and will for each patient often also vary during the day. Each patient will often establish a regimen for the insulin administration adjusted to his or her insulin need as well as lifestyle. Medication delivery pens have been developed to facilitate the self-administration of medication, such as insulin.

One prior art medication delivery pen includes a pen body assembly comprising a medication cartridge and a plunger device. A needle assembly may be connected to the pen body assembly. The medication is delivered by moving or pressing a plunger in the direction of the needle assembly thereby delivering the medication. When the medication in the cartridge is exhausted the pen body assembly is discarded. Depending on the medication needs for each individual the medication in the cartridge will last for several days. During this period the needle assembly will often have to be replaced by a new assembly or new needle due to increasing bluntness of the needle making injections painful for the patient.

More recent developments have revealed medication delivery pens, wherein the cartridge holder assembly can be disassembled from the pen body assembly after the medication therein has been exhausted, discarded and replaced by a new medicine containing cartridge assembly.

An example of this is shown in EP 0 688 571 disclosing a medication delivery pen having a reusable pen body assembly and a disposable cartridge assembly that are threadedly engageable with one another. The cartridge assembly comprises a cartridge, a cartridge housing, a cap between the distal end of the cartridge and the housing, securing the cartridge in the housing and being adapted for engagement with a needle assembly. Furthermore, the cartridge comprises a plunger within the cartridge. The reusable pen body assembly is coupled through a threaded coupling to the cartridge housing. Thus, the total number of parts comprising the prior art cartridge assembly is high.

It is an object of the present invention to provide a medication delivery device wherein the amount of parts of the cartridge is minimized.

## SUMMARY OF THE INVENTION

Accordingly, the present invention relates to a medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly,

said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly

2

comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, the cartridge further comprising a stopper adapted to receive plunger means, and

said dosing assembly comprising plunger means has coupling means for engaging the cartridge assembly, and said plunger means is adapted to engage the stopper of the cartridge when the dosing assembly is coupled to the cartridge.

The unitarily moulded coupling or couplings ensure that the coupling is not accidentally released from the cartridge during use and storage. Also, the above-described medication delivery device has fewer parts that the prior art devices because at least one coupling means is moulded unitarily with the cartridge. Thereby the costs involved in the production and assembling of the device are reduced, and the device is more economical, which is an important feature for a disposable device.

The medical delivering device may either be manufactured as a disposable device which is sold pre-filled with the insulin or it may appear as a durable medical delivering device so designed that it can receive disposable cartridges with insulin.

In a preferred embodiment the dosing assembly is reusable and the cartridge assembly is disposable, and accordingly, a second aspect of the present invention is a medication delivery device wherein the dosing assembly is releasably coupled to the cartridge assembly.

The medication delivery device is preferably constructed so as to ensure that the plunger means abuts on the stopper during use of the device, such as attaching and releasing the needle assembly. It is understood that the plunger means must disengage the stopper when the cartridge assembly is deliberately released from a reusable dosing assembly because the medication in the cartridge has been exhausted and the cartridge assembly is to be discarded. In this situation the plunger means is to be retracted to the dosing assembly before assembling the device with a new cartridge assembly.

Securing the abutment of the plunger means on the stopper during use of the medication delivery device, in particular when the needle assembly is coupled to and/or decoupled from the cartridge assembly, may be carried out by a variety of means. In a preferred embodiment the abutment is secured by preventing the cartridge assembly from being inadvertently released from the dosing assembly.

In particular, when the cartridge assembly is released from the dosing assembly through a movement including an axial movement, such as through a threaded coupling, it is preferred that the means for releasably coupling the needle assembly and the cartridge assembly together are such that the coupling and/or decoupling of the needle assembly cannot cause an axial movement of the cartridge assembly with respect to the dosing assembly. Thus, in that respect examples of the preferred couplings between the needle assembly and the cartridge assembly include releasable snap locks. Another preferred embodiment includes a safety on the coupling between the dosing assembly and the cartridge assembly, such as hinge on the coupling or a threaded coupling releasable only after exerting an axial pressure on the coupling.

A second aspect of the present invention is a cartridge assembly for use in a medication delivery device, said

SAN00828220

US 6,562,011 B1

3

cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, said cartridge further comprising a stopper.

The cartridge assembly may further comprise a cartridge housing for protecting the cartridge in use. Furthermore, when the cartridge is moulded unitarily with one coupling means the cartridge housing may comprise the other coupling means. Accordingly, in one embodiment of the invention the housing of the cartridge assembly comprises coupling means for coupling the cartridge assembly to the dosing assembly, preferably the coupling means is moulded unitarily with the housing. The cartridge is arranged within the cartridge housing. The cartridge housing may be non-releasably attached to the cartridge, once the cartridge is arranged in the housing, whereby the housing is disposed with the cartridge. In another embodiment the housing is reusable and the cartridge is arranged releasably in the housing.

In a preferred embodiment all the coupling means of the cartridge assembly are unitarily moulded with the cartridge. Thereby, it is possible to construct the cartridge assembly without the housing providing a cartridge assembly with even fewer parts.

The coupling means of the cartridge assembly may be for any suitable coupling, preferably a releasable coupling. Examples of the coupling are snap locks, such as snap locks with guidewire and sideways snap locks, snap locks released through threads, bajonet locks, luer locks, hinged locks, threaded locks and any suitable combinations thereof.

The coupling means unitarily moulded with the cartridge are preferably external coupling means, such as an external threaded coupling.

In particular the coupling means for engaging to the dosing means may be an external threaded coupling.

The cartridge may be moulded from any suitable material for medical containers. The cartridge is preferably moulded from a plastic material, e.g. by injection moulding. A suitable choice of material allows the cartridge to be at least partly transparent, whereby the user can see whether content, such as liquid is left in the cartridge. In a preferred embodiment the cartridge is totally transparent giving the user a greater possibility of inspecting the content of the cartridge.

By using a plastic material as compared to the usual glass material a great advantage is achieved in the production lines. Normally a significant quantity of the produced glass cartridges will be spoiled in the lines due to breakage, however the loss is greatly reduced by the use of plastic cartridges. Furthermore, the risk of small loose glass particles in the cartridges have been eliminated.

Also, by moulding the coupling(s) unitarily with the cartridge a very precise coupling mechanism may be obtained, since no further steps are to be taken to attach coupling means to the cartridge.

The cartridge may be of any suitable form, such as a cylinder. The cylinder may be constructed with various combinations of circular or non-circular inner and outer cross-section. In another embodiment the cartridge may be box-shaped having essentially rectangular or triangular cross-section.

The stopper is in sliding fluid tight engagement in the cartridge. The stopper is preferably made of plastic and/or rubber material.

4

The flexibility of the cartridge wall is not critical, however if the cartridge is too flexible the function of the stopper may be impaired. Mostly, the cartridge is made of a material only slightly flexible to non-flexible.

In order to enforce and strengthen the cartridge wall the cartridge may be integrally moulded with reinforcements. Thereby, the necessity of a protective housing may be obviated. Furthermore, a scale may be integrally moulded with the cartridge wall providing the user with a measure for the medication used and left.

In a most preferred embodiment the cartridge assembly is comprised only of a cartridge being sealed in one end with a sealing, being unitarily moulded with all couplings means and comprising a stopper.

In a cylindrical cartridge the two couplings of the cartridge assembly are generally opposing each other having the same axis. However, the coupling for engaging with the dosing assembly being separate from coupling for engaging the needle assembly may be arranged so that their axis are in any angle with respect to each other, such as perpendicular, or even parallel, but not overlapping.

Another aspect of the present invention is a cartridge being at least partly filled with liquid medication, such as insulin.

In another embodiment the invention relates to a medication delivery device for transferring medication from the cartridge into a syringe with a needle. In this embodiment the coupling means for engaging the needle assembly may be replaced by coupling means for engaging the syringe, or coupling means for both may be provided. The coupling means may be a syringe holder, for example a cylinder coupled to the cartridge comprising a central bore for receiving the syringe. The syringe is coupled to the cartridge having the needle piercing the sealing. By activation of the dosing means the metered amount of medication is driven into the syringe. The syringe is then ready for injection after being removed from the cartridge.

## DRAWINGS

FIG. 1 is an exploded perspective view of the medication delivery device.

FIG. 2 is a cross-sectional view showing part of the medication delivery device, 2a immediately after assembling before the first injection, and 2b after some time of use.

FIG. 3 is a cross-sectional view showing the cartridge before assembling of the medication delivery device.

## DETAILED DESCRIPTION OF THE INVENTION

A medication delivery device in accordance with the present invention is identified generally by the numeral 20 in FIGS. 1 and 2. Medication delivery device 20 includes a dosing assembly 6, and cartridge assembly 1, a needle assembly 16 and a cap 14.

The dosing assembly 6 is illustrated in FIGS. 1 and 2. It is understood, however, that the dosing assembly 6 according to the invention may be any suitable dosing unit including plunger means, and accordingly, that variations from the depicted embodiment may be provided, and are considered to be within the scope of this invention. In the depicted embodiment the dosing assembly 6 includes a cylindrical housing surrounding the plunger means 17 of the dosing unit and having opposed proximal and distal ends.

In one aspect of the invention the plunger means comprises a rod element 7 which is adapted to engage the stopper 4 of the cartridge assembly 1. The rod element 7 advances

US 6,562,011 B1

5

axially into the cartridge 5 during injections. The dosing assembly may have any suitable driving means for advancing the rod element 7.

The dosing unit 6 preferably also comprises scale means 10 indicating the dosing quantity selected by activating the dose setting means 9 for defining specified selected doses of medication to be delivered. The selected dose may be delivered by actuating the actuator button 18. The actuator button is part of the driving means of the dosing assembly exerting its force on the rod element 7.

The dosing assembly further comprises coupling means 8 adapted for engagement with the cartridge assembly. The coupling means 8 may be internal or external couplings. In a preferred embodiment the coupling 8 is an internal coupling.

The cartridge assembly 1 is illustrated in FIGS. 1 and 2, and in greater detail in FIG. 3. In FIG. 1 cartridge assembly 1 includes a moulded cartridge 3 extending from proximal end 21 to distal end 22.

At the distal end 22 of the cartridge assembly 1 is provided coupling means 2 for releasably mounting a needle assembly 11. At the proximal end 21 of the cartridge assembly 1 is provided coupling means 3 for mounting a dosing assembly 6. The coupling means are as described above.

Cartridges 5 also comprises a stopper 4 in sliding fluid tight engagement within said cartridge 5. The stopper 4 is adapted to receive the plunger means, such as a rod element 7 of the dosing assembly 6. The rod element 7 is adapted to exert an axial movement of the stopper 4 towards the sealed end 22 of the cartridge 5.

The cartridge assembly 1 may further comprise a housing for protecting some or all of the cartridge 5. When the cartridge assembly 1 includes a housing, one of the couplings 2, 3 of the cartridge may be moulded unitarily with the housing.

Instead of the protective housing the cartridge 5 may have integrally moulded reinforcements of the cartridge wall.

The depicted cartridge 5 is cylindrical having couplings 2, 3 at opposed ends. However, the cartridge may obtain any suitable form and the cross-section may be circular or non-circular, such as substantially triangular or oval.

The device according to the invention may include a protective cap 14 that is removably mounted over the cartridge assembly 1 and/or the needle 11 and which is removed before injection of the medication in the cartridge 5. The cap further ensures that the content of the cartridge is protected against sunlight.

Referring to FIG. 3 the coupling means of the cartridge are shown in greater detail. The coupling means 3 is an external thread, whereas the coupling means 2 is a recess for a snap lock of the needle assembly. Both coupling means are moulded unitarily with the cartridge.

The various parts of the medication delivery device are advantageously made of plastics, e.g. by injection moulding.

The medication delivery device 20 may further comprise any appropriate needle assembly 11, such as a double ended needle 13 having opposed proximal and distal points and a lumen extending axially therebetween.

A mounting hub 12 is engaged on the needle 13 and is removably connected to the coupling means 2 at the needle end of the cartridge assembly. The relative location of the mounting hub 12 ensures that the proximal point of the needle 13 will pierce the sealing when the mounting hub 12 is engaged with the coupling means 2 on the cartridge assembly 1.

6

The needle assembly 11 may further comprise a removable shield or cap 15 for protecting against accidental needle sticks.

The device according to the invention is suitable for delivering pre-set dosages of insulin, it is however understood that the device is suitable for the injection of pre-set dosages of other liquids.

In use the user will set the dose by means of the dose setting means 9. Before activating the actuator button 18 the cap 14 must be removed from the cartridge assembly 1 whereby the device 20 is prepared for an injection. The injection is effected by activating the actuator button 18, which again will cause the stopper 4 to be moved towards the sealed end 22 of the cartridge 5, thereby delivering the desired pre-set dosage. A subsequent dosage of medication will be set in exactly the same manner as described above. However, for such a subsequent dosage, the rod element 7 and the stopper 4 will be in a partly advanced position as starting point. Dose setting and injections can be carried out until all of the medication has been used.

What is claimed is:

1. A medication delivery device comprising a cartridge assembly having opposite ends and a dosing assembly for setting a desired dose and acting on the cartridge assembly to cause the desired dose to be delivered, wherein:

the cartridge assembly includes a molded cartridge and a stopper disposed in the cartridge, wherein one end of the cartridge assembly is sealed with a pierceable sealing, wherein the one end includes a first coupling means for releasably mounting a needle assembly having a skin-piercing needle, and wherein the other end of the cartridge assembly includes a second coupling means for engaging the dosing assembly, wherein at least one of the coupling means is unitarily molded with the cartridge, and wherein the dosing assembly includes a housing, a plunger, and a mechanism for setting a desired dose and for moving the plunger relative to the housing in an axial direction for administering a set dose, and wherein the dosing assembly housing includes a coupling member for engaging the second coupling means of the cartridge assembly for securing the housing against axial movement relative to the cartridge assembly such that the plunger engages the stopper for moving the stopper in response to the plunger movement wherein the at least one coupling means of the cartridge assembly is a threaded coupling and wherein the second coupling means is an external threaded coupling.

2. The medication delivery device according to claim 1, wherein both said coupling means of said cartridge assembly are unitarily molded with the cartridge.

3. The medication delivery device according to claim 1, wherein the said at least one coupling means of said cartridge assembly is an external coupling.

4. The medication delivery device according to claim 1, wherein the cartridge is molded of a plastic material.

5. The medication delivery device according to claim 4, wherein the cartridge is at least partly transparent.

6. The medication delivery device according to claim 1, wherein the dosing assembly further comprises a scale.

7. The medication delivery device according to claim 1, wherein the coupling means of the cartridge assembly are opposed.

* * * * *

SAN00828222

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET



7/20/1999 RPEBPLE3 00000053 141447    09340534
FC:101          760.00 CH
FC:103           90.00 CH

PTO-1556
(5/87)
*U.S. GPO: 1996-433-214/80404

SAN00828223

**Abstract**

The present invention relates to a medication delivery device comprising a cartridge
assembly, a dosing assembly and optionally a needle assembly. The cartridge as-
5    sembly comprises a cartridge having a stopper adapted to receive a plunger means.
Furthermore, the cartridge assembly has one end sealed with a pierceable sealing,
said end comprising coupling means for engaging a needle assembly, and another
end comprising coupling means for engaging the dosing assembly. At least one of
the coupling means of the cartridge assembly is unitarily moulded with the cartridge.
10   The dosing assembly comprises a plunger means and has coupling means for en-
gaging the cartridge assembly. The cartridge assembly and the dosing assembly are
coupled together for delivering selected doses of medication. The cartridge is pref-
erably moulded from a plastic material, such as a transparent material, and may be
housed in a cartridge housing for protection of the cartridge. The coupling means
15   may be selected from threaded locks, snap locks, hinged locks, or bajonet locks.
The medication delivery device is especially suitable for delivering insulin, growth
hormone or the-like medicines.
                        other

SAN00828224

Your ref: 5537 – Our re. ℓ 226 US1 (Medical device )

1

The present invention relates to a medication delivery device having a cartridge and
a dosing assembly coupled together for delivering selected doses of medication,
wherein at least one of the coupling means of the cartridge is unitarily moulded with

5      the cartridge.

**Background**

Some medication, such as insulin is self-administered. The typical diabetes patient

10     will require injections of insulin several times during the day. The required insulin
dose will vary from patient to patient, and will for each patient often also vary during
the day. Each patient will often establish a regimen for the insulin administration
adjusted to his or her insulin need as well as lifestyle. Medication delivery pens have
been developed to facilitate the self-administration of medication, such as insulin.

15

One prior art medication delivery pen includes a pen body assembly comprising a
medication cartridge and a plunger device. A needle assembly may be connected to
the pen body assembly. The medication is delivered by moving or pressing a
plunger in the direction of the needle assembly thereby delivering the medication.

20     When the medication in the cartridge is exhausted the pen body assembly is dis-
carded. Depending on the medication needs for each individual the medication in
the cartridge will last for several days. During this period the needle assembly will
often have to be displaced by a new assembly or new needle due to increasing
bluntness of the needle making injections painful for the patient.

25

More recent developments have revealed medication delivery pens, wherein the
cartridge holder assembly can be disassembled from the pen body assembly after
the medication therein has been exhausted, discarded and replaced by a new medi-
cine-containing cartridge assembly.

30

An example of this is shown in EP 0 688 571 disclosing a medication delivery pen
having a reusable pen body assembly and a disposable cartridge assembly that are
threadedly engageable with one another. The cartridge assembly comprises a car-
tridge, a cartridge housing, a cap between the distal end of the cartridge and the

35     housing, securing the cartridge in the housing and being adapted for engagement

SAN00828225

Your ref: 5537 – Our re... ...' 226 US1 (Medical device )

2

with a needle assembly. Furthermore, the cartridge comprises a plunger within the cartridge. The reusable pen body assembly is coupled through a threaded coupling to the cartridge housing. Thus, the total number of parts comprising the prior art cartridge assembly is high.

5

It is an object of the present invention to provide a medication delivery device wherein the amount of parts of the cartridge is minimised.

## Summary of the invention

10

Accordingly, the present invention relates to a medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly,

15    said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, the cartridge further comprising a stopper adapted to receive

20    plunger means, and

said dosing assembly comprising plunger means has coupling means for engaging the cartridge assembly, and said plunger means is adapted to engage the stopper of the cartridge when the dosing assembly is coupled to the cartridge.

25

or Couplings ensure

The unitarily moulded coupling(s) secure(s) that the coupling is not accidentally released from the cartridge during use and storage. Also, the above-described medication delivery device has fewer parts that the prior art devices because at least one

30    coupling means is moulded unitarily with the cartridge. Thereby the costs involved in the production and assembling of the device are reduced, and the device is more economical, which is an important feature for a disposable device.

SAN00828226

Your ref: 5537 – Our re.. .·' 226 US1 (Medical device )

3

The medical delivering device may either be manufactured as a disposable device
which is sold pre-filled with the insulin or it may appear as a durable medical deliv-
ering device so designed that it can receive disposable cartridges with insulin.

5

In a preferred embodiment the dosing assembly is reusable and the cartridge as-
sembly is disposable, and accordingly, a second aspect of the present invention is a
medication delivery device wherein the dosing assembly is releasably coupled to the
cartridge assembly.

10

The medication delivery device is preferably constructed, as to ~~secure~~ *ensure* that the
plunger means abuts on the stopper during use of the device, such as attaching and
releasing the needle assembly. It is understood that the plunger means must disen-
gage the stopper when the cartridge assembly is deliberately released from a reus-
15 able dosing assembly because the medication in the cartridge has been exhausted
and the cartridge assembly is to be discarded. In this situation the plunger means is
to be retracted to the dosing assembly before assembling the device with a new
cartridge assembly.

20 Securing the abutment of the plunger means on the stopper during use of the medi-
cation delivery device, in particular when the needle assembly is coupled to and/or
decoupled from the cartridge assembly, may be carried out by a variety of means. In
a preferred embodiment the abutment is secured by preventing the cartridge as-
sembly from being inadvertently released from the dosing assembly.

25

In particular, when the cartridge assembly is released from the dosing assembly
through a movement including an axial movement, such as through a threaded cou-
pling, it is preferred that the means for releasably coupling the needle assembly and
the cartridge assembly together are such that the coupling and/or decoupling of the
30 needle assembly cannot cause an axial movement of the cartridge assembly with
respect to the dosing assembly. Thus, in that respect examples of the preferred
couplings between the needle assembly and the cartridge assembly include releas-
able snap locks. Another preferred embodiment includes a safety on the coupling
between the dosing assembly and the cartridge assembly, such as hinge on the

SAN00828227

Your ref: 5537 – Our re. .' 226 US1 (Medical device )

4

coupling or a threaded coupling releasable only after exerting an axial pressure on the coupling.

A second aspect of the present invention is a cartridge assembly for use in a medi-
5   cation delivery device, said cartridge assembly having one end sealed with a pier-
ceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily
10   moulded with the cartridge, said cartridge further comprising a stopper.

The cartridge assembly may further comprise a cartridge housing for protecting the cartridge in use. Furthermore, when the cartridge is moulded unitarily with one cou-
pling means the cartridge housing may comprise the other coupling means. Ac-
15   cordingly, in one embodiment of the invention the housing of the cartridge assembly comprises coupling means for coupling the cartridge assembly to the dosing as-
sembly, preferably the coupling means is moulded unitarily with the housing. The cartridge is arranged within the cartridge housing. The cartridge housing may be non-releasably attached to the cartridge, once the cartridge is arranged in the
20   housing, whereby the housing is disposed with the cartridge. In another embodiment the housing is reusable and the cartridge is arranged releasably in the housing.

In a preferred embodiment all the coupling means of the cartridge assembly are unitarily moulded with the cartridge. Thereby, it is possible to construct the cartridge
25   assembly without the housing providing a cartridge assembly with even fewer parts.

The coupling means of the cartridge assembly may be for any suitable coupling, preferably a releasable coupling. Examples of the coupling are snap locks, such as snap locks with guidewire and sideways snap locks, snap locks released through
30   threads, bajonet locks, luer locks, hinged locks, threaded locks and any suitable combinations thereof.

The coupling means unitarily moulded with the cartridge are preferably external coupling means, such as an external threaded coupling.

35

SAN00828228

Your ref: 5537 – Our ref. P 226 US1 (Medical device )

5

In particular the coupling means for engaging to the dosing means may be an external threaded coupling.

5   The cartridge may be moulded from any material suitable for medical containers. The cartridge is preferably moulded from a plastic material, e.g. by injection moulding. A suitable choice of material allows the cartridge to be at least partly transparent, whereby the user can see whether content, such as liquid is left in the cartridge. In a preferred embodiment the cartridge is totally transparent giving the user a

10  greater possibility of inspecting the content of the cartridge.

By using a plastic material as compared to the usual glass material a great advantage is achieved in the production lines. Normally a significant quantity of the produced glass cartridges will be spoiled in the lines due to breakage, however the loss

15  is greatly reduced by the use of plastic cartridges. Furthermore, the risk of small loose glass particles in the cartridges have been eliminated.

Also, by moulding the coupling(s) unitarily with the cartridge a very precise coupling mechanism may be obtained, since no further steps are to be taken to attach coupling means to the cartridge.

20  The cartridge may be of any suitable form, such as a cylinder. The cylinder may be constructed with various combinations of circular or non-circular inner and outer cross-section. In another embodiment the cartridge may be box-shaped having essentially rectangular or triangular cross-section.

25  The stopper is in sliding fluid tight engagement in the cartridge. The stopper is preferably made of plastic and/or rubber material.

The flexibility of the cartridge wall is not critical, however if the cartridge is too flexi-

30  ble the function of the stopper may be impaired. Mostly, the cartridge is made of a material only slightly flexible to non-flexible.

In order to enforce and strengthen the cartridge wall the cartridge may be integrally moulded with reinforcements. Thereby, the necessity of a protective housing may be

SAN00828229

Your ref: 5537 – Our re.. ... 226 US1 (Medical device )

7

## Detailed description of the invention

A medication delivery device in accordance with the present invention is identified
5      generally by the numeral 20 in Fig. 1 and 2. Medication delivery device 20 includes
a dosing assembly 6, and cartridge assembly 1, a needle assembly 16 and a cap
14.

The dosing assembly 6 is illustrated in Fig. 1 and 2. It is understood, however, that
10     the dosing assembly 6 according to the invention may be any suitable dosing unit
including plunger means, and accordingly, that variations from the depicted em-
bodiment may be provided, and are considered to be within the scope of this inven-
tion. In the depicted embodiment the dosing assembly 6 includes a cylindrical
housing surrounding the plunger means 17 of the dosing unit and having opposed
15     proximal and distal ends.

In one aspect of the invention the plunger means comprises a rod element 7 which
is adapted to engage the stopper 4 of the cartridge assembly 1. The rod element 7
advances axially into the cartridge 5 during injections. The dosing assembly may
20     have any suitable driving means for advancing the rod element 7.

The dosing unit 6 preferably also comprises scale means 10 indicating the dosing
quantity selected by activating the dose setting means 9 for defining specified se-
lected doses of medication to be delivered. The selected dose may be delivered by
25     actuating the actuator button 18. The actuator button is part of the driving means of
the dosing assembly exerting its force on the rod element 7.

The dosing assembly further comprises coupling means 8 adapted for engagement
with the cartridge assembly. The coupling means 8 may be internal or external cou-
30     plings. In a preferred embodiment the coupling 8 is an internal coupling.

The cartridge assembly 1 is illustrated in Fig. 1 and 2, and in greater detail in Fig. 3.
In Fig. 1 cartridge assembly 1 includes a moulded cartridge 5 extending from proxi-
mal end 21 to distal end 22.

35

SAN00828230

Your ref: 5537 – Our ref: P 225 US1 (Medical device )

8

At the distal end 22 of the cartridge assembly 1 is provided coupling means 2 for releasably mounting a needle assembly 11. At the proximal end 21 of the cartridge assembly 1 is provided coupling means 3 for mounting a dosing assembly 6. The coupling means are as described above.

5

Cartridge 5 also comprises a stopper 4 in sliding fluid tight engagement within said cartridge 5. The stopper 4 is adapted to receive the plunger means, such as a rod element 7 of the dosing assembly 6. The rod element 7 is adapted to exert an axial movement of the stopper 4 towards the sealed end 22 of the cartridge 5.

10

The cartridge assembly 1 may further comprise a housing for protecting some or all of the cartridge 5. When the cartridge assembly 1 includes a housing, one of the couplings 2, 3 of the cartridge may be moulded unitarily with the housing.

15    Instead of the protective housing the cartridge 5 may have integrally moulded reinforcements of the cartridge wall.

The depicted cartridge 5 is cylindrical having couplings 2, 3 at opposed ends. However, the cartridge may obtain any suitable form and the cross-section may be circular or non-circular, such as substantially triangular or oval.

20

The device according to the invention may include a protective cap 14 that is removably mounted over the cartridge assembly 1 and/or the needle 11 and which is removed before injection of the medication in the cartridge 5. The cap further ensures that the content of the cartridge is protected against sunlight.

25

Referring to Fig. 3 the coupling means of the cartridge are shown in greater detail. The coupling means 3 is an external thread, whereas the coupling means 2 is a recess for a snap lock of the needle assembly. Both coupling means are moulded unitarily with the cartridge.

30

The various parts of the medication delivery device are advantageously made of plastics, e.g. by injection moulding.

SAN00828231

Your ref: 5537 – Our ror: P 226 US1 (Medical device )

9

The medication delivery device 20 may further comprise any appropriate needle assembly 11, such as a double ended needle 13 having opposed proximal and distal points and a lumen extending axially therebetween.

5    A mounting hub 12 is engaged on the needle 13 and is removably connected to the coupling means 2 at the needle end of the cartridge assembly. The relative location of the mounting hub 12 ensures that the proximal point of the needle 13 will pierce the sealing when the mounting hub 12 is engaged with the coupling means 2 on the cartridge assembly 1.

10

The needle assembly 11 may further comprise a removable shield or cap 15 for protecting against accidental needle sticks.

15    The device according to the invention is suitable for delivering pre-set dosages of insulin, it is however understood that the device is suitable for the injection of pre-set dosages of other liquids.

In use the user will set the dose by means of the dose setting means 9. Before activating the actuator button 18 the cap 14 must be removed from the cartridge as-

20    sembly 1 whereby the device 20 is prepared for an injection. The injection is effected by activating the actuator button 18, which again will cause the stopper 4 to be moved towards the sealed end 22 of the cartridge 5, thereby delivering the desired pre-set dosage. A subsequent dosage of medication will be set in exactly the same manner as described above. However, for such a subsequent dosage, the rod

25    element 7 and the stopper 4 will be in a partly advanced position as starting point. Dose setting and injections can be carried out until all of the medication has been used.

SAN00828232

Your ref: 5537 – Our ref. ~226 US1 (Medical device )

10

Claims:

1.  A medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly,

    said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, the cartridge further comprising a stopper adapted to receive plunger means, and

    said dosing assembly comprising plunger means having coupling means for engaging the cartridge, and said plunger means is adapted to engage the stopper of the cartridge when the dosing assembly is coupled to the cartridge.

2.  A medication delivery device according to claim 1, wherein all the coupling means of the cartridge assembly are unitarily moulded with the cartridge.

3.  A medication delivery device according to claim 1, wherein at least one coupling means of the cartridge is an external coupling.

4.  A medication delivery device according to claim 1, wherein at least one coupling means of the cartridge is a threaded coupling.

5.  A medication delivery device according to claim 4, wherein the coupling means for engaging to dosing means is an external threaded coupling.

6.  A medication delivery device according to claim 1, wherein the cartridge is moulded of a plastic material.

7.  A medication delivery device according to claim 6, wherein the cartridge is at least partly transparent.

12

SAN00828233

Your ref: 5537 – Our ref. P 226 US1 (Medical device )

11

8. ~~A~~ medication delivery device according to claim 1, wherein reinforcements of the cartridge wall are integrally moulded with the cartridge.

5    9. ~~A~~ medication delivery device according to claim 1, wherein the cartridge further comprises a cartridge housing.

10. ~~A~~ medication delivery device according to claim 1, wherein the cartridge further comprise a scale.

10    11. ~~A~~ medication delivery device according to claim 1, wherein the cross-section of the cartridge is non-circular.

15    12. ~~A~~ medication delivery device according to claim 1, wherein the coupling means of the cartridge are opposed each other.

13. A cartridge assembly for use in a medication delivery device, said cartridge as-
sembly having one end sealed with a pierceable sealing, said end of the car-
20    tridge assembly comprising coupling means for engaging a needle assembly,
and another end comprising coupling means for engaging the dosing assembly,
said cartridge assembly further comprising a cartridge wherein at least one of
the coupling means of said cartridge assembly is unitarily moulded with the car-
tridge, said cartridge further comprising a stopper.

25    14. A cartridge assembly according to claim 13, wherein all the coupling means of
the cartridge are unitarily moulded with the cartridge.

15. ~~A~~ cartridge assembly according to claim 13, wherein at least one coupling
means of the cartridge is an external coupling.

30    16. ~~A~~ cartridge assembly according to claim 13, wherein at least one coupling
means of the cartridge is a threaded coupling.

17. ~~A~~ cartridge assembly according to claim 16, wherein the coupling means for
35    engaging to dosing means is an external threaded coupling.

Your ref: 5537 – Our ret. ← 226 US1 (Medical device )

12

18. A cartridge assembly according to claim 13, wherein the cartridge is moulded of a plastic material.

5   19. A cartridge assembly according to claim 13, wherein the cartridge is at least partly transparent.

20. A cartridge assembly according to claim 13, wherein reinforcements of the cartridge wall are integrally moulded with the cartridge.

10   21. A cartridge assembly according to claim 13, wherein the cartridge further comprises a cartridge housing.

22. A cartridge assembly according to claim 13, wherein the cartridge further comprise a scale.

15   23. A cartridge assembly according to claim 13, wherein the cross-section of the cartridge is non-circular.

20   24. A cartridge assembly according to claim 13, wherein the coupling means of the cartridge are opposed each other.

25. A cartridge assembly according to claim 13, which is filled with medicine.

COMBINED DECLARATION FOR PATENT APPLICATION AND POWER OF ATTORNEY
(Includes Reference to PCT International Applications)

Docket Number:
.200-US

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

Medication Delivery Device

the specification of which (check only one item below):

[ ] is attached hereto

[X] was filed as United States application

Application No. to be assigned

on July 7, 1999

and was amended

on _____

[ ] was filed as PCT international application

Number _____

on _____

and was amended under PCT Article 19

on _____

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to patentability of this application in accordance with Title 37, Code of Federal Regulations, §1.56.

I hereby claim priority benefits under Title 35, United States Code, §119 of any provisional or foreign applications(s) for patent or inventor's certificate or of any PCT international application(s) designating at least one country other than the United States of America listed below and have also identified below any foreign applications(s) for patent or inventor's certificate or any PCT international application(s) designating at least one country other than the United States of America filed by me on the same subject matter having a filing date before that of the application(s) of which priority is claimed:

PRIOR U.S. PROVISIONAL/FOREIGN/PCT APPLICATION(S) AND ANY PRIORITY CLAIMS UNDER 35 U.S.C. 119:

| COUNTRY (if PCT, indicate "PCT") | APPLICATION NUMBER | DATE OF FILING (day, month, year) | PRIORITY CLAIMED UNDER 35 USC 119 |
|---|---|---|---|
| Denmark | PA 1998 00909 | July 8, 1998 | [X] YES  [ ] NO |
| Denmark | PA 1998 01500 | November 17, 1998 | [X] YES  [ ] NO |
| USA | 60/098,702 | September 1, 1998 | [X] YES  [ ] NO |
|  |  |  | [ ] YES  [ ] NO |
|  |  |  | [ ] YES  [ ] NO |
|  |  |  | [ ] YES  [ ] NO |

PTO 1391 (REV. 10-83)          Page 1 of 3

SAN00828236

**COMBINED DECLARATION FOR PATENT APPLICATION AND POWER OF ATTORNEY**
**(Includes Reference to PCT International Applications)**

Attorney's Docket Number: **200-US**

I hereby claim the benefit under Title 35, United States Code §120 of any United States application(s) or PCT international application(s) designating the United States of America that is/are listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in that/those prior application(s) in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application(s) and the national or PCT international filing date of this application:

**PRIOR U.S. APPLICATIONS OR PCT INTERNATIONAL APPLICATIONS DESIGNATING THE U.S. FOR BENEFIT UNDER 35 U.S.C. 120:**

| U.S. APPLICATIONS | | STATUS (Check one) | | |
|---|---|---|---|---|
| U.S. APPLICATION NUMBER | U.S. FILING DATE | Patented | Pending | Abandoned |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PCT APPLICATIONS DESIGNATING THE U.S.**

| APPLICATION NO. | FILING DATE | US SERIAL NUMBERS ASSIGNED (if any) | | |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**POWER OF ATTORNEY:** As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith.

| Steve T. Zelson | Elias J. Lambiris | Valeta A. Gregg | Carol E. Kozek | Robert L. Starnes | Reza Green |
|---|---|---|---|---|---|
| Reg. No. 30,335 | Reg. No. 33,728 | Reg. No. 35,127 | Reg. No. 36,993 | Reg. No. 41,324 | Reg. No. 38,475 |

Send Correspondence to: Steve T. Zelson, Esq.
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, New York 10174-6400

Direct Telephone Calls To:
Steve T. Zelson
(212) 867-0123

| | | Family Name | First Given Name | Second Given Name |
|---|---|---|---|---|
| 1 | Full Name of Inventor | Buch-Rasmussen | Thomas | |
| | Residence & Citizenship | City DK-2820 Gentofte | State or Foreign Country Denmark | Country of Citizenship Denmark |
| | Post Office Address | Post Office Address Dalvej 28 | City DK-2820 Gentofte | State & Zip Code/Country Denmark |
| 2 | Full Name of Inventor | Munk | Benny | |
| | Residence & Citizenship | City DK-2720 Vanløse | State or Foreign Country Denmark | Country of Citizenship Denmark |
| | Post Office Address | Post Office Address Baverskov Allé 52 | City DK-2720 Vanløse | State & Zip Code/Country Denmark |
| 3 | Full Name of Inventor | Poulsen | Jens | Ulrik |
| | Residence & Citizenship | City DK-2830 Virum | State or Foreign Country Denmark | Country of Citizenship Denmark |
| | Post Office Address | Post Office Address Virumgade 54 C | City DK-2830 Virum | State & Zip Code/Country Denmark |
| 4 | Full Name of Inventor | Ljungreen | Henrik | Second Given Name |
| | Residence & Citizenship | City DK-2750 Ballerup | State or Foreign Country Denmark | Country of Citizenship Denmark |
| | Post Office Address | Post Office Address Jonstrupvej 244A | City DK-2750 Ballerup | State & Zip Code/Country Denmark |

SAN00828237

| COMBINED DECLARATION FOR PATENT APPLICATION AND POWER OF ATTORNEY (Includes Reference to PCT International Applications) | | 's Docket Number: .200-US |
|---|---|---|

| 5 | Full Name of Inventor | Family Name<br>Jensen | First Given Name<br>Peter | Second Given Name<br>Møller |
|---|---|---|---|---|
| | Residence & Citizenship | City<br>D-2970 Hørsholm | State or Foreign Country<br>Denmark | Country of Citizenship<br>Denmark |
| | Post Office Address | Post Office Address<br>Svenstrupvej 6 | City<br>D-2970 Hørsholm | State & Zip Code/Country<br>Denmark |
| 6 | Full Name of Inventor | Family Name<br>Jensen | First Given Name<br>Jens | Second Given Name<br>Møller |
| | Residence & Citizenship | City<br>DK-1051 Copenhagen K | State or Foreign Country<br>Denmark | Country of Citizenship<br>Denmark |
| | Post Office Address | Post Office Address<br>Nyhavn 37 | City<br>DK-1051 Copenhagen K | State & Zip Code/Country<br>Denmark |
| 7 | Full Name of Inventor | Family Name | First Given Name | Second Given Name |
| | Residence & Citizenship | City | State or Foreign Country | Country of Citizenship |
| | Post Office Address | Post Office Address | City | State & Zip Code/Country |
| 8 | Full Name of Inventor | Family Name | First Given Name | Second Given Name |
| | Residence & Citizenship | City | State or Foreign Country | Country of Citizenship |
| | Post Office Address | Post Office Address | City | State & Zip Code/Country |
| | Full Name of Inventor | Family Name | First Given Name | Second Given Name |
| | Residence & Citizenship | City | State or Foreign Country | Country of Citizenship |
| | Post Office Address | Post Office Address | City | State & Zip Code/Country |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

| Signature of Inventor 1 | Signature of Inventor 2 | Signature of Inventor 3 |
|---|---|---|
| Date | Date | Date |
| Signature of Inventor 4 | Signature of Inventor 5 | Signature of Inventor 6 |
| Date | Date | Date |
| Signature of Inventor 7 | Signature of Inventor 8 | Signature of Inventor 9 |
| Date | Date | Date |

SAN00828238

PRINT OF DRAWINGS
AS ORIGINALLY FILE!

1 / 2



Fig. 1



PRINT OF DRAWINGS
AS ORIGINALLY FILED

2/2



Fig. 2 a



Fig. 2 b



Fig. 3

SAN00828240



1/2



Fig. 1

SAN00828241



2 / 2



Fig. 2 a



Fig. 2 b



Fig. 3

SAN00828242

1 / 2



Fig. 1

SAN00828243

2 / 2



Fig. 2 a



Fig. 2 b



Fig. 3

SAN00828244

6582011

1 / 2



Fig. 1

SAN00828245

2/2



Fig. 2 a



Fig. 2 b



Fig. 3

SAN00828246

*1  13*

| PATENT APPLICATION FEE DETERMINATION RECORD | Application or Docket Number |
|---|---|
| Effective November 10, 1998 | |

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) | SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE | FEE | | RATE | FEE |
| BASIC FEE | | | | 380.00 | OR | | 760.00 |
| TOTAL CLAIMS | 25 minus 20= | * 5 | X$ 9= | | OR | X$18= | 90 |
| INDEPENDENT CLAIMS | 2 minus 3 = | * | X39= | | OR | X78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| * If the difference in column 1 is less than zero, enter "0" in column 2 | | | TOTAL | | OR | TOTAL | 850 |

## CLAIMS AS AMENDED - PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| AMENDMENT A | Total | * | Minus ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus *** | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| AMENDMENT B | Total | * | Minus ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus *** | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE | ADDI-TIONAL FEE | | RATE | ADDI-TIONAL FEE |
| AMENDMENT C | Total | * | Minus ** | = | X$ 9= | | OR | X$18= | |
| | Independent | * | Minus *** | = | X39= | | OR | X78= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev 8/98)
Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

SAN00828247

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/99 | 604 | 3734 | 5637.200-US |

**APPL'CANT**

THOMAS BUCH-RASMUSSEN, GENTOFTE, DENMARK; BENNY MUNK, HVIDORRE, DENMARK; JENS ULRIK POULSEN, VIRUM, DENMARK; HENRIK LJUNGREEN, BALLERUP, DENMARK; PETER MOLLER JENSEN, HORSHOLM, DENMARK; JENS MOLLER JENSEN, COPENHAGEN K, DENMARK.

```
**CONTINUING DOMESTIC DATA*******************
  VERIFIED PROVISIONAL APPLICATION NO. 60/098,702 09/01/98
```
Yes

```
**371 (NAT'L STAGE) DATA*****************
  VERIFIED
```
None

```
**FOREIGN APPLICATIONS***********
  VERIFIED    DENMARK        PA 1998 00909     07/08/98
              DENMARK        PA 1998 01500     11/17/98
```
Yes

```
  IF REQUIRED, FOREIGN FILING LICENSE GRANTED 08/03/99
```

| Foreign Priority claimed ☒yes ☐no<br>35 USC 119 (a-d) conditions met ☒yes ☐no ☐Met after Allowance<br>Verified and Acknowledged ____Examiner's Initials____ | STATE OR COUNTRY<br>DKX | SHEETS DRAWING<br>2 | TOTAL CLAIMS<br>25 | INDEPENDENT CLAIMS<br>2 |
|---|---|---|---|---|

**ADDRESS**

~~STEVE T NELSON ESQ~~
NOVO NORDISK ~~OF NORTH AMERICA INC~~
~~44 , LEXINGTON AVENUE   SUITE 6400~~
~~NEW YORK NY 10174-6401~~

MARC A. BEGAN, Esg.
100 COLLEGE ROAD WEST
PRINCETON, NJ. 08540

**TITLE**

MEDICATION DELIVERY DEVICE

| FILING FEE RECEIVED | FEES: Authority has been given in Paper No. _____ to charge/credit DEPOSIT ACCOUNT NO. _____ for the following: | |
|---|---|---|
| $980 | | ☐ All Fees<br>☐ 1.16 Fees (Filing)<br>☐ 1.17 Fees (Processing Ext. of time)<br>☐ 1.18 Fees (Issue)<br>☐ Other _____<br>☐ Credit |

SAN00828248



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/343,730 | 07/02/99 | BUCH-RASMUSSEN | 5632-208-US |

STEVE F. TELSON ESQ
NOVO NORDISK OF NORTH AMERICA INC
405 LEXINGTON AVENUE  SUITE 6400
NEW YORK NY 10174-6401

DATE MAILED:  08/05/99

## NOTICE TO FILE MISSING PARTS OF APPLICATION
*Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a). If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of ☐ $65.00 for a small entity in compliance with 37 CFR 1.27, or ☐ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a*
☐ *small entity (statement filed)* ☑ *non-small entity is $ 130.00*

☐ 1.  The statutory basic filing fee is:
    ☐ missing.
    ☐ insufficient.
    Applicant must submit $_____ to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).

☐ 2.  The following additional claims fees are due:
    $_____ for_____ total claims over 20.
    $_____ for_____ independent claims over 3.
    $_____ for multiple dependent claim surcharge.
    *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☑ 3.  The oath or declaration:
    ☑ is missing or unsigned.
    ☐ does not cover the newly submitted items.
    *An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☐ 4.  The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.
    *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5.  The signature of the following joint inventor(s) is missing from the oath or declaration:

_____

    *An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6.  A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7.  Your filing receipt was mailed in error because your check was returned without payment.

☐ 8.  The application was filed in a language other than English.
    *Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).*

☐ 9.  OTHER: _____

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

### A copy of this notice MUST be returned with the reply.

*Regina Fields*

Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV. 9/98)

U.S. GPO: 1995-446-824

SAN00828249



OIPE

OCT 12 1999

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

#3

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 09/348,635 | 07/07/99 | BUCH-RASMUSSEN | T    5637.200-US |

0242/0805

STEVE T ZELSON ESQ
NOVO NORDISK OF NORTH AMERICA INC
405 LEXINGTON AVENUE   SUITE 6400,
NEW YORK NY 10174-6401

NOT ASSIGNED

3734

DATE MAILED:

08/05/99

### NOTICE TO FILE MISSING PARTS OF APPLICATION
#### Filing Date Granted

An Application Number and Filing Date have been assigned to this application. The items indicated below, however, are missing. Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a). If any of items 1 or 3 through 5 are indicated as missing, the SURCHARGE set forth in 37 CFR 1.16(e) of ☐ $65.00 for a small entity in compliance with 37 CFR 1.27, or ☐ $130.00 for a non-small entity, must also be timely submitted in reply to this NOTICE to avoid abandonment.

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a* ☐ *small entity (statement filed)* ☐ *non-small entity is $ 130.00 .*

☐ 1. The statutory basic filing fee is:
    ☐ missing.
    ☐ insufficient.
    *Applicant must submit $_____ to complete the basic filing fee and/or file a small entity statement claiming such status (37 CFR 1.27).*

☐ 2. The following additional claims fees are due:
    $_____ for_____ total claims over 20.
    $_____ for_____ independent claims over 3.
    $_____ for multiple dependent claim surcharge.
    *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☑ 3. The oath or declaration:
    ☑ is missing or unsigned.
    ☐ does not cover the newly submitted items.
    *An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☐ 4. The signature(s) to the oath or declaration is/are by a person other than inventor or person qualified under 37 CFR 1.42, 1.43 or 1.47.
    *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

    _____
    *An oath or declaration in compliance with 37 CFR 1.63 listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $50.00 processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application was filed in a language other than English.
    *Applicant must file a verified English translation of the application, the $130.00 set forth in 37 CFR 1.17(k), unless previously submitted, and a statement that the translation is accurate (37 CFR 1.52(d)).*

☐ 9. OTHER: _____

Direct the reply and any questions about this notice to "Attention: Box Missing Parts."

*A copy of this notice MUST be returned with the reply.*

*Regina Fields*
Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV. 9/98)

U.S. GPO: 1999-454-434

SAN00828250

COMBINED DECLARATION FOR PA~ T APPLICATION AND POWER OF ATTORN~ | Attorney's Docket Number: 5637.200-US
(Includes Reference to PCT International Applications)

OCT 12 1999    #3

As a below named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name.

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

<u>Medication Delivery Device</u>

the specification of which (check only one item below):

[ ] is attached hereto

[X] was filed as United States application

Application No. <u>to be assigned</u>

on <u>July 7, 1999</u>

and was amended

on _____

[ ] was filed as PCT international application

Number _____

on _____

and was amended under PCT Article 19

on _____

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose information which is material to patentability of this application in accordance with Title 37, Code of Federal Regulations, §1.56.

I hereby claim priority benefits under Title 35, United States Code, §119 of any provisional or foreign applications(s) for patent or inventor's certificate or of any PCT international application(s) designating at least one country other than the United States of America listed below and have also identified below any foreign applications(s) for patent or inventor's certificate or any PCT international application(s) designating at least one country other than the United States of America filed by me on the same subject matter having a filing date before that of the application(s) of which priority is claimed:

PRIOR U.S. PROVISIONAL/FOREIGN/PCT APPLICATION(S) AND ANY PRIORITY CLAIMS UNDER 35 U.S.C. 119:

| COUNTRY (if PCT, indicate "PCT") | APPLICATION NUMBER | DATE OF FILING (day, month, year) | PRIORITY CLAIMED UNDER 35 USC 119 | |
|---|---|---|---|---|
| Denmark | PA 1998 00909 | July 8, 1998 | [X] YES | [ ] NO |
| Denmark | PA 1998 01500 | November 17, 1998 | [X] YES | [ ] NO |
| USA | 60/098,702 | September 1, 1998 | [X] YES | [ ] NO |
|  |  |  | [ ] YES | [ ] NO |
|  |  |  | [ ] YES | [ ] NO |
|  |  |  | [ ] YES | [ ] NO |

PTO 1391 (REV. 10-83)         Page 1 of 3

SAN00828251

| COMBINED DECLARATION FOR PA: APPLICATION AND POWER OF ATTORN (Includes Reference to PCT International Applications) | Attorney's Docket Number: 5637.200-US |
|---|---|

I hereby claim the benefit under Title 35, United States Code §120 of any United States application(s) or PCT international application(s) designating the United States of America that is/are listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in that/those prior application(s) in the manner provided by the first paragraph of Title 35, United States Code, §112, I acknowledge the duty to disclose material information as defined in Title 37, Code of Federal Regulations, §1.56(a) which occurred between the filing date of the prior application(s) and the national or PCT international filing date of this application:

**PRIOR U.S. APPLICATIONS OR PCT INTERNATIONAL APPLICATIONS DESIGNATING THE U.S. FOR BENEFIT UNDER 35 U.S.C. 120:**

| U.S. APPLICATIONS | | STATUS (Check one) | | |
|---|---|---|---|---|
| U.S. APPLICATION NUMBER | U.S. FILING DATE | Patented | Pending | Abandoned |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

| PCT APPLICATIONS DESIGNATING THE U.S. | | |
|---|---|---|
| APPLICATION NO. | FILING DATE | US SERIAL NUMBERS ASSIGNED (if any) |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

POWER OF ATTORNEY: As a named inventor, I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith.

| Steve T. Zelson Reg. No. 30,335 | Elias J. Lambiris Reg. No. 33,728 | Valeta A. Gregg Reg. No. 35,127 | Carol E. Rozek Reg. No. 36,993 | Robert L. Starnes Reg. No. 41,324 | Reza Green Reg. No. 38,475 |
|---|---|---|---|---|---|

| Send Correspondence to: | Steve T. Zelson, Esq. Novo Nordisk of North America, Inc. 405 Lexington Avenue, Suite 6400 New York, New York 10174-6400 | Direct Telephone Calls To: Steve T. Zelson (212) 867-0123 |
|---|---|---|

| 1 | Full Name of Inventor | Family Name: Buch-Rasmussen | First Given Name: Thomas | Second Given Name: |
|---|---|---|---|---|
|  | Residence & Citizenship | City: DK-2820 Gentofte | State or Foreign Country: Denmark | Country of Citizenship: Denmark |
|  | Post Office Address | Post Office Address: Dalvej 28 | City: DK-2820 Gentofte | State & Zip Code/Country: Denmark |
| 2 | Full Name of Inventor | Family Name: Munk | First Given Name: Benny | Second Given Name: |
|  | Residence & Citizenship | City: DK-2650 Hvidorre | State or Foreign Country: Denmark | Country of Citizenship: Denmark |
|  | Post Office Address | Post Office Address: Bjæverskov Allé 52 | City: DK-2720 Vanløse | State & Zip Code/Country: Denmark |
| 3 | Full Name of Inventor | Family Name: Poulsen | First Given Name: Jens | Second Given Name: Ulrik |
|  | Residence & Citizenship | City: DK-2830 Virum | State or Foreign Country: Denmark | Country of Citizenship: Denmark |
|  | Post Office Address | Post Office Address: Virumgade 54 C | City: DK-2830 Virum | State & Zip Code/Country: Denmark |
| 4 | Full Name of Inventor | Family Name: Ljungreen | First Given Name: Henrik | Second Given Name: |
|  | Residence & Citizenship | City: DK-2750 Ballerup | State or Foreign Country: Denmark | Country of Citizenship: Denmark |
|  | Post Office Address | Post Office Address: Jonstrupvej 244A | City: DK-2750 Ballerup | State & Zip Code/Country: Denmark |

PTO 1391 (REV. 10-83)            Page 2 of 3

SAN00828252

| COMBINED DECLARATION FOR PAT.    APPLICATION AND POWER OF ATTORN. (Includes Reference to PCT International Applications) | | | Attorney's Docket Number: 5637.200-US |
|---|---|---|---|
| 5 | Full Name of Inventor | Family Name Jensen | First Given Name Peter | Second Given Name Møller |
| | Residence & Citizenship | City D-2970 Hørsholm | State or Foreign Country Denmark | Country of Citizenship Denmark |
| | Post Office Address | Post Office Address Svenstrupvej 6 | City D-2970 Hørsholm | State & Zip Code/Country Denmark |
| 6. | Full Name of Inventor | Family Name Jensen | First Given Name Jens | Second Given Name Møller |
| | Residence & Citizenship | City DK-1051 Copenhagen K | State or Foreign Country Denmark | Country of Citizenship Denmark |
| | Post Office Address | Post Office Address Nyhavn 37 | City DK-1051 Copenhagen K | State & Zip Code/Country Denmark |
| 7 | Full Name of Inventor | Family Name | First Given Name | Second Given Name |
| | Residence & Citizenship | City | State or Foreign Country | Country of Citizenship |
| | Post Office Address | Post Office Address | City | State & Zip Code/Country |
| 8 | Full Name of Inventor | Family Name | First Given Name | Second Given Name |
| | Residence & Citizenship | City | State or Foreign Country | Country of Citizenship |
| | Post Office Address | Post Office Address | City | State & Zip Code/Country |
| 9 | Full Name of Inventor | Family Name | First Given Name | Second Given Name |
| | Residence & Citizenship | City | State or Foreign Country | Country of Citizenship |
| | Post Office Address | Post Office Address | City | State & Zip Code/Country |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

| Signature of Inventor 1 | Signature of Inventor 2 | Signature of Inventor 3 |
|---|---|---|
| Date 2/8-99 | Date 16/8-99 | Date 5-8-99 |
| Signature of Inventor 4 | Signature of Inventor 5 | Signature of Inventor 6 |
| Date 18/8-99 | Date 23/8-99 | Date |
| Signature of Inventor 7 | Signature of Inventor 8 | Signature of Inventor 9 |
| Date | Date | Date |

PTO 1391 (REV. 10-83)          Page 3 of 3

SAN00828253

Attorney Docket No.: 5637.200-US

*OIPE*
*OCT 1 2 1999*
*PATENT & TRADEMARK OFFICE*

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit: 3734

Filed: July 7, 1999                        Examiner: TBA

For:  Medication Delivery Device

### CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Assistant Commissioner for Patents
Washington, DC  20231

Sir:

I hereby certify that the attached correspondence comprising:

1.  Response to Notice to File Missing Parts (in duplicate)
2.  Copy of Notice to File Missing Parts
3.  Executed Combined Declaration and Power of Attorney

is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Commissioner of Patents and Trademarks
Washington, DC 20231

on October 5, 1999.

Miriam Kelly
(signature of person mailing paper)

SAN00828254

Attorney Docket No.: 5637.200-US

OIPE

OCT 1 2 1999

PATENT & TRADEMARK OFFICE

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit: 3734

Filed: July 7, 1999                       Examiner: TBA

For:  Medication Delivery Device

### RESPONSE TO NOTICE TO FILE MISSING PARTS

Assistant Commissioner for Patents
Washington, DC  20231

Sir:

In response to the Notice to File Missing Parts dated August 5, 1999 (a copy thereof is attached hereto), Applicants submit the Combined Declaration and Power of Attorney signed and dated by Applicants for the above-captioned application.

Please charge the required fee, estimated to be $130.00, to Novo Nordisk of North America, Inc., Deposit Account No. 14-1447.  Please credit any overpayment to Deposit Account No. 14-1447.  A duplicate of this sheet is enclosed.

Respectfully submitted,

Date: October 5, 1999

Carol E. Rozek, Reg. No. 36,993
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, NY  10174-6401
(212) 867-0123

SAN00828255



Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

### FILING UNDER 37 C.F.R. 1.53(b)

Box Patent Application
Assistant Commissioner for Patents
Washington, DC  20231

Express Mail Label No. EL293688877US
Date of Deposit July 7, 1999

Sir:

      This is a request for filing an application under 37 C.F.R. 1.53(b) of

      Applicant(s):  Buch-Rasmussen et al.

      Title:  **Medication Delivery Device**

13 pages of specification 2 sheets of formal drawings

3 sheets of Declaration and Power of Attorney

[x]    The filing fee is calculated as follows:

Basic Fee:                    $  760.00

Total Claims:  25 - 20 = 5 x 18 =  $   90.00

Independent Claims:  2 - 3 = 0 x 78 =  $    0.00

Total Fee:                    $  850.00

      Priority of Danish application nos. PA 1998 00909 filed on July 8, 1998 and

PA 1998 01500 filed on November 17, 1998 are claimed under 35 U.S.C. 119.

Certified copies are submitted herewith.

      Priority of U.S. provisional application no. 60/098,702 filed on September 1, 1998

are claimed under 35 U.S.C. 119.

CROSS-REFERENCE TO RELATED APPLICATIONS

      This application claims priority under 35 U.S.C. 119 of Danish application serial

nos. PA 1998 00909 filed July 8, 1998, PA 1998 01500 filed November 17, 1998, and

U.S. Provisonal application serial no. 60/098,702 filed September 1, 1998, the contents

of which are fully incorporated herein by reference.



SAN00828256

Address all future communications to Steve T. Zelson, Esq., Novo Nordisk of North America, Inc., 405 Lexington Avenue, Suite 6400, New York, NY 10174-6401.

Please charge the required fee, estimated to be $850, to Novo Nordisk of North America, Inc., Deposit Account No. 14-1447. A duplicate of this sheet is enclosed.

Respectfully submitted,

Date: July 7, 1999

*Carol E. Rozek*

Carol E. Rozek, Reg. No. 36,993
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, NY 10174-6401
(212) 867-0123

- 2 -

SAN00828257

Attorney Docket No.: 5637.200-US                                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Rasmussen et al.

Application No.: TBA                          Group Art Unit: TBA

Filed: July 7, 1999                           Examiner: TBA

For:  Medication Delivery Device

### PRELIMINARY AMENDMENT

Assistant Commissioner for Patents
Washington, DC  20231

Sir:

        Before the above-captioned application is taken up for examination, entry of
the following amendment is respectfully requested:

**IN THE SPECIFICATION:**

At page 1, before the first line, insert the title:  --Medication Delivery Device--.

At page 1, after the title, insert:

--CROSS-REFERENCE TO RELATED APPLICATIONS

        This application claims priority under 35 U.S.C. 119 of Danish application
nos. PA 1998 00909 filed July 8, 1998 and PA 1998 01500 filed November 17, 1998, and
U.S. provisional application no. 60/098,702 filed September 1, 1998, the contents of which
are fully incorporated herein by reference.--

**IN THE CLAIMS:**

Claim 2, line 1, first word, change "A" to --The--.

Claim 3, line 1, first word, change "A" to --The--.

- 1 -

13

SAN00828258

Claim 4, line 1, first word, change "A" to --The--.

Claim 5, line 1, first word, change "A" to --The--.

Claim 6, line 1, first word, change "A" to --The--.

Claim 7, line 1, first word, change "A" to --The--.

Claim 8, line 1, first word, change "A" to --The--.

Claim 9, line 1, first word, change "A" to --The--.

Claim 10, line 1, first word, change "A" to --The--.

Claim 11, line 1, first word, change "A" to --The--.

Claim 12, line 1, first word, change "A" to --The--.

Claim 14, line 1, first word, change "A" to --The--.

Claim 15, line 1, first word, change "A" to --The--.

Claim 16, line 1, first word, change "A" to --The--.

Claim 17, line 1, first word, change "A" to --The--.

Claim 18, line 1, first word, change "A" to --The--.

Claim 18, line 1, first word, change "A" to --The--.

Claim 20, line 1, first word, change "A" to --The--.

Claim 21, line 1, first word, change "A" to --The--.

- 2 -

SAN00828259

Claim 22, line 1, first word, change "A" to --The--.

Claim 23, line 1, first word, change "A" to --The--.

Claim 24, line 1, first word, change "A" to --The--.

Claim 25, line 1, first word, change "A" to --The--.

## REMARKS

This amendment is submitted solely to correct the article "A" to "The" in the dependent claims. Since no new matter was been introduced by this amendment, entry of the amendment is respectfully requested.

Respectfully submitted,

Date: July 7, 1999

Carol E. Rozek, Reg. No. 36,993
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, NY 10174-6401
(212) 867-0123

- 3 -

SAN00828260



**UNITED STATES DE.  :TMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
          Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/34?,?36 | 07/07/99 | BUCH-RASMUSSEN | T    5637.200-US |

QM12/0309

STEVE T ZELSON ESQ
NOVO NORDISK OF NORTH AMERICA INC
405 LEXINGTON AVENUE   SUITE 6400
NEW YORK NV 10174-6401

| EXAMINER |
|---|
| SIRMONS, K. |

| ART UNIT | PAPER NUMBER |
|---|---|
| 9763 | |

DATE MAILED:        03/09/00

Please find below and/or attached an Office communication concerning this application or proceeding.

                                        Commissioner of Patents and Trademarks

SAN00828261

| *Office Action Summary* | Application No.<br>09/348,536 | Applicant(s)<br>Thomas Bush-Rasmussen et al |
|---|---|---|
| | Examiner<br>Kevin C. Sirmons | Group Art Unit<br>3763 |

☒ Responsive to communication(s) filed on _Jul 7, 1999_

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters,    prosecution as to the merits is closed in accordance with the practice under   *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ _1_ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

☒ Claim(s) _1-25_ _____ is/are pending in the applicat

   Of the above, claim(s) _____ is/are withdrawn from consideration

☐ Claim(s) _____ is/are allowed.

☐ Claim(s) _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☒ Claims _1-25_ _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All  ☐ Some*  ☐ None   of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

      *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— *SEE OFFICE ACTION ON THE FOLLOWING PAGES* —

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                    Office Action Summary                    Part of Paper No. ___6___

SAN00828262

Application/Control Number: 09348536.1r                                    Page 2

Art Unit: 3763

## DETAILED ACTION

### *Election/Restriction*

1.  Restriction to one of the following inventions is required under 35 U.S.C. 121:

    I.   Claims 1-12 are, drawn to medication device, classified in class 604, subclass 232

    II.  Claims 13-25 are, drawn to a cartridge assembly, classified in class 604, subclass 232.

2.  The inventions are distinct, each from the other because of the following reasons:

Inventions I and II are related as mutually exclusive species in an intermediate-final product relationship. Distinctness is proven for claims in this relationship if the intermediate product is useful to make other than the final product (MPEP § 806.04(b), 3rd paragraph), and the species are patentably distinct (MPEP § 806.04(h)). In the instant case, the intermediate product is deemed to be useful as a valve and the inventions are deemed patentably distinct since there is nothing on this record to show them to be obvious variants. Should applicant traverse on the ground that the species are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the species to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions anticipated by the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

SAN00828263

Application/Control Number: 09348536.1r                                   Page 3

Art Unit: 3763

3.      Because these inventions are distinct for the reasons given above and have acquired a

separate status in the art because of their recognized divergent subject matter, restriction for

examination purposes as indicated is proper.

4.      A telephone call was made to Carol E. Rozek on 2/2/00 to request an oral election to the

above restriction requirement, but did not result in an election being made.

        Applicant is advised that the reply to this requirement to be complete must include an

election of the invention to be examined even though the requirement be traversed (37

CFR 1.143).

5.      Applicant is reminded that upon the cancellation of claims to a non-elected invention, the

inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently

named inventors is no longer an inventor of at least one claim remaining in the application. Any

amendment of inventorship must be accompanied by a petition under 37 CFR 1.48(b) and by the

fee required under 37 CFR 1.17(i).


                                    *Conclusion*

        Any inquiry concerning this communication or earlier communication from the examiner

should be directed to Kevin C. Sirmons whose telephone number is (703)306-5410. The

examiner can normally be reached on Monday - Thursday from 6:30 am to 4:00 pm. The

examiner can also be reached on alternate Fridays.

Application/Control Number: 09348536.1r                                        Page 4

Art Unit: 3763

        If attempt to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Wynn Wood Coggins, can be reached on (703) 308-1344.


Kevin C. Sirmons

Patent Examiner

2/2/00

                                                    WYNN WOOD COGGINS
                                              SUPERVISORY PATENT EXAMINER

SAN00828265

APR. 4.2000 10:12AM    NNNA                                    NO.957  P.2

Attorney Docket No.: 5637.200-US                              PATENT

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                Group Art Unit: 3763

Filed: July 7, 1999                   Examiner: K. Sirmons

For: Medication Delivery Device

### CERTIFICATE OF FACSIMILE TRANSMISSION

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

        I hereby certify that the attached correspondence comprising:

        1.  Response to Restriction Requirement

was sent to the United States Patent Office by telefax to the attention of Examiner K.
Sirmons, fax number (703) 305-3704.

        Respectfully submitted,

Date: April 4, 2000

        Miriam Kelly
        Novo Nordisk of North America, Inc.
        405 Lexington Avenue, Suite 6400
        New York, NY 10174-6401
        (212) 867-0123

SAN00828266

APR. 4.2000  10:12AM  NNNA                                    NO.957  P.3/3

Attorney Docket No.: 5637.200-US                              PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Application No.: 09/348,536                    Group Art Unit: 3763

Filed: July 7, 1999                            Examiner: K. Sirmons

For: Medication Delivery Device

## RESPONSE TO RESTRICTION REQUIREMENT

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

This paper is being filed in response to the Office Action mailed March 9, 2000 wherein the Examiner requested Applicants to elect one of two (2) designated groups.

In response to this requirement, Applicants hereby elect with traverse the invention of Group I (claims 1-12), drawn to a medication device. Applicants hereby reserve the right to file a continuing application directed to the nonelected subject matter.

The basis for traverse is that there would not be a serious burden on the examiner if restriction were not required. Each of the two designated inventions is classified in Class 604, subclass 232.

The Examiner is hereby invited to contact the undersigned by telephone if there are any questions concerning this response or application.

Respectfully submitted,

Date: April 4. 2000

Carol E. Rozek, Reg. No. 36,993
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, NY 10174-6401
(212) 867-0123

SAN00828267

APR. 4.2000 10:11AM    NNNA                              NO.957    P.1/3



# RESTRICTION ELECTION
# FACSIMILE
# TRANSMISSION

FAX RECEIVED

APR 4 2000

GROUP 1600

DATE: *April 4, 2000*

FROM/ATTORNEY: *Carol Rozek, Esq.*

FIRM: *Novo Nordisk of No. America*

PAGES, INCLUDING COVERSHEET: *3*

PHONE NUMBER: *(212) 878-9648*

TO EXAMINER: *K. Simmons, GAU 3763*

SERIAL NUMBER: *09/348, 536*

FAX/TELECOPIER NUMBER: (703) 305-3704

**PLEASE NOTE: THIS FACSIMILE NUMBER IS TO BE USED ONLY FOR RESPONSES TO RESTRICTIONS.**

COMMENTS: *See attached.*

IF YOU HAVE NOT RECEIVED ALL THE PAGES OF THIS TRANSMISSION, PLEASE CONTACT THE ATTORNEY AT THE TELEPHONE NUMBER LISTED ABOVE.

IN COMPLIANCE WITH 1056 OG 30, THE FILING DATE ACCORDED EACH OFFICIAL FAX TRANSMISSION WILL BE DETERMINED BY THE FAX MACHINE DATE STAMP FOUND ON THE LAST PAGE OF THE TRANSMISSION, UNLESS THAT DATE IS A SATURDAY, SUNDAY, OR FEDERAL HOLIDAY WITHIN THE DISTRICT OF COLUMBIA, IN WHICH CASE THE OFFICIAL DATE OF RECEIPT WILL BE THE NEXT BUSINESS DAY.

THE DOCUMENT(S) ACCOMPANYING THIS FACSIMILE TRANSMISSION CONTAIN(S) INFORMATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH IS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED. THIS INFORMATION IS FOR THE USE OF THE INDIVIDUAL OR FIRM NAMED ON THIS SHEET. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. THE DOCUMENTS SHOULD BE RETURNED TO THE PATENT AND TRADEMARK OFFICE IMMEDIATELY. IF THIS FACSIMILE IS RECEIVED IN ERROR, PLEASE NOTIFY THE ATTORNEY LISTED HEREON IMMEDIATELY.

C:\develspwg\Fax_Note



**UNITED STATES** L **?ARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/99 | BUCH-RASMUSSEN | T | 5637.200-US |

QM32/0426

STEVE T ZELSON ESQ
NOVO NORDISK OF NORTH AMERICA INC
405 LEXINGTON AVENUE   SUITE 6400
NEW YORK NY 10174-6401

| EXAMINER |
|---|
| SIRMONS.K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | 8 |

DATE MAILED:        04/26/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

1- File Copy

SAN00828269

| *Office Action Summary* | Application No. 09/348,536 | Applicant(s) Thomas Bush-Rasmussen et al |
|---|---|---|
| | Examiner Kevin C. Sirmons | Group Art Unit 3763 |

[X] Responsive to communication(s) filed on _Jul 7, 1999_

[ ] This action is FINAL.

[ ] Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213

A shortened statutory period for response to this action is set to expire _____3_____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

    [X] Claim(s) _1-25_ _____ is/are pending in the applicat

    Of the above, claim(s) _13-25_ _____ is/are withdrawn from consideration

    [ ] Claim(s) _____ is/are allowed.

    [X] Claim(s) _1-12_ _____ is/are rejected

    [ ] Claim(s) _____ is/are objected to.

    [ ] Claims _____ are subject to restriction or election requirement

**Application Papers**

    [X] See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948

    [ ] The drawing(s) filed on _____ is/are objected to by the Examiner.

    [ ] The proposed drawing correction, filed on _____ is [ ] approved [ ] disapproved

    [ ] The specification is objected to by the Examiner.

    [ ] The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

    [ ] Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

        [ ] All [ ] Some* [X] None of the CERTIFIED copies of the priority documents have been

            [ ] received.

            [ ] received in Application No. (Series Code/Serial Number) _____.

            [ ] received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

        *Certified copies not received:

    [ ] Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

    [X] Notice of References Cited, PTO-892

    [ ] Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

    [ ] Interview Summary, PTO-413

    [X] Notice of Draftsperson's Patent Drawing Review, PTO-948

    [ ] Notice of Informal Patent Application, PTO-152

— *SEE OFFICE ACTION ON THE FOLLOWING PAGES* —

SAN00828270

Application/Control Number: 09348536                                    Page 2

Art Unit: 3763

## DETAILED ACTION

### *Election/Restriction*

1.      Applicant's election with traverse of group I in Paper No. 7 is acknowledged.  The

traversal is on the ground(s) that there would not be a serious burden on the examiner if

restriction were not required.  This is not found persuasive because group one also requires a

search in 604/ 200, 201, 228, and 232-234.  Furthermore, the search required for group one is not

required for group II.  In addition, group II is deemed useful as a valve and the inventions are

deemed patentably distinct since there is nothing on this record to show them to be obvious

variants.

       The requirement is still deemed proper and is therefore made FINAL.

### *Drawings*

2.      The drawings are objected to under 37 CFR 1.83(a).  The drawings must show every

feature of the invention specified in the claims.  Therefore, the reinforcements, a cartridge

housing, and a cross-section of the cartridge that is non-circular must be shown or the feature(s)

canceled from the claim(s).  No new matter should be entered.

### *Claim Rejections - 35 USC § 112*

3.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

SAN00828271

Application/Control Number: 09348536                                      Page 3

Art Unit: 3763

> The specification shall conclude with one or more claims particularly pointing out and
> distinctly claiming the subject matter which the applicant regards as his invention.

4.      Claims 1-12 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for

failing to particularly point out and distinctly claim the subject matter which applicant regards as

the invention.

        As to claim 1, it is unclear if the applicant is claiming a needle assembly.

5.      Claim 8 recites the limitation "reinforcements", "the cartridge wall", and claim 11 recites

the limitation "the cross-section."  There is insufficient antecedent basis for this limitation in the

claim.

        As to claim 9, it is unclear what the applicant considers the cartridge housing.

        As to claim 11, it is unclear what the applicant considers to be the cross-section of the

cartridge because it appears to be circular.


                        *Claim Rejections - 35 USC § 102*

6.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or
> on sale in this country, more than one year prior to the date of application for patent in the United States.

7.      Claims 1-9, and 12 are rejected under 35 U.S.C. 102(b) as being anticipated by Reynolds

US Pat. No. 5,364,369.

SAN00828272

Application/Control Number: 09348536                                    Page 4

Art Unit: 3763

     Reynolds discloses a medication delivery device comprising: a cartridge assembly (6), a

dosing assembly (B) and optionally a needle assembly (2); said cartridge assembly having one end

sealed with a pierceable sealing (5), said end of the cartridge assembly comprising coupling means

for engaging a needle assembly (cartridge assembly engages the needle assembly forming a

coupling means), and another end comprising coupling means for engaging the dosing assembly

(18); said cartridge assembly further comprising a cartridge (6), wherein at least one of the

coupling means of said cartridge assembly is unitarily moulded with the cartridge (4 and 5 are also

considered by the examiner to be moulded coupling means with the cartridge), the cartridge

further comprising a stopper (8) adapted to receive plunger means (10 and/or 14, it is the

examiner's position that 10 and/or 14 are considered plunger means), and said dosing assembly

comprising plunger means having coupling means for engaging the cartridge (note: (8) is a part of

the cartridge (6), therefore, (10/14) which are considered the plunger means engages the cartridge

(6)), and said plunger means is adapted to engage the stopper of the cartridge when the dosing

assembly is coupled to the cartridge (figs. 1 and 2); wherein all the coupling means of the

cartridge assembly are unitarily moulded with the cartridge (note:(8) is a part of the cartridge (6)

which is considered one part, therefore, they are moulded; wherein at least one coupling means of

the cartridge is an external coupling (4 and 5); wherein at least one coupling means of the

cartridge is a threaded coupling (18); wherein the coupling means for engaging to dosing means is

an external threaded coupling (8); wherein the cartridge is moulded of a plastic material (col. 10,

lines 43-58); wherein the cartridge is at least partly transparent (col. 10, lines 43-58);

SAN00828273

Application/Control Number: 09348536                                   Page 5

Art Unit: 3763

wherein reinforcements of the cartridge wall are integrally moulded with the cartridge (7, col. 2,

lines 49-61); wherein the cartridge further comprises a cartridge housing (6); wherein the coupling

means of the cartridge are opposed each other (figs. 1 and 2).

## *Claim Rejections - 35 USC § 103*

8.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

9.      Claim 10 is rejected under 35 U.S.C. 103(a) as being unpatentable over Reynolds U.S.

Pat. No. 5,364,369 in view of Sams U.S. Pat. No. 4,865,591.

Reynolds discloses a medication delivery device substantially as claimed except for:

wherein the cartridge further comprise a scale. However, Sams discloses a cartridge with a scale.

Therefore, it would have been obvious to one having ordinary skill in the art at the time the

invention was made to modify the cartridge of Reynolds using the scale as taught by Sams, since

Sams discloses that the scale will indicate to the user the amount of dosage selected for injection.

## *Conclusion*

Any inquiry concerning this communication or earlier communication from the examiner

should be directed to Kevin C. Sirmons whose telephone number is (703)306-5410.

SAN00828274

Application/Control Number: 09348536                                    Page 6

Art Unit: 3763

The examiner can normally be reached on Monday - Thursday from 6:30 am to 4:00 pm.  The

examiner can also be reached on alternate Fridays.

If attempt to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Wynn Wood Coggins, can be reached on (703) 308-1344.

_KCS_

Kevin C. Sirmons

Patent Examiner

4/21/00

WYNN WOOD COGGINS
SUPERVISORY PATENT EXAMINER

SAN00828275

| FORM PTO-892 | U.S. DEPARTMENT OF COMMERCE<br>PATENT AND TRADEMARK OFFICE | SERIAL NO.<br>09348536 | GROUP ART<br>UNIT<br>3763 | ATTACHMENT<br>TO PAPER NO | 8 |
|---|---|---|---|---|---|
| | NOTICE OF REFERENCES CITED | APPLICANT(S)<br>Bucj-Rasmussen | | | |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE |
|---|---|---|---|---|---|---|---|
| | A | 5,364,369 | 11/1994 | Reynolds | 604 | 187 | |
| | B | 4,865,591 | 9/1989 | Sams | 604 | 186 | |
| | C | 5,554,125 | 9/1996 | Reynolds | 604 | 187 | |
| | D | 5,137,511 | 8/1992 | Reynolds | 604 | 88 | |
| | E | 4,597,753 | 7/1986 | Turley | 604 | 61 | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS |
|---|---|---|---|---|---|---|---|
| | L | | | | | | |
| | M | | | | | | |
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |

**OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER<br>Kevin C. Sirmons | DATE<br>April 21, 2000 | Form892ccs2106b |
|---|---|---|

* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05(a).)

SAN00828276

Attorney Docket No.: 5637.200-US                                          PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:  Buch-Rasmussen et al.

Application No.: 09/348,536                     Group Art Unit: 3734

Filed: July 7, 1999                             Examiner: To be assigned

For:  Medication Delivery Device

INFORMATION DISCLOSURE STATEMENT

Assistant Commissioner for Patents
Washington, DC  20231

Sir:

In accordance with 37 C.F.R. 1.56, 1.97 and 1.98, Applicants submit herewith references which they believe may be material to the patentability of this application and with respect to which there may be a duty to disclose in accordance with 37 C.F.R. 1.56.

While the references may be "material" under 37 C.F.R. 1.56, it is not intended to constitute an admission that the references are "prior art" unless specifically designated as such.

The filing of this Information Disclosure Statement shall not be construed as a representation that no other material references than those listed exist or that a search has been conducted.

The references are listed in PTO form 1449 which is in accordance with the requirements of M.P.E.P. 609.  A copy of the references is also enclosed. The references are as follows:

1.   EP 0 688 571
2.   U.S. 4,936,833
3.   U.S. 5,226,895
4.   U.S. 5,549,575
5.   U.S. 5,688,251
6.   WO 95/13842

SAN00828277

7.  WO 94/21213
8.  WO 97/49620
9.  WO 96/02290
10. U.S. 4,973,318

It is respectfully requested that these references be considered by the Patent and Trademark Office in its examination of the above-identified application and be made of record therein.  The Examiner is also invited to contact the Undersigned if there are any questions concerning this paper or the attached references.

Respectfully submitted,

Date: January 26, 2000

*Carol E. Rozek*
Carol E. Rozek, Reg. No. 36,993
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, NY  10174-6401
(212) 867-0123

RECEIVED
FEB -7 2000
TECHNOLOGY CENTER 3700

SAN00828278

Sheet 1 of 1

| FORM 19 | | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | Atty. Docket No. 5637.200-US | | Serial No. 09/348,536 |
|---|---|---|---|---|---|
| | | INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | Applicant Buch-Rasmussen et al. | | |
| | | | Filing Date July 7, 1999 | | Group 3734 |

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| KCS | 4,936,833 | 6/26/90 | Sams | | | |
| | 5,226,895 | 7/13/93 | Harris | | | |
| | 5,549,575 | 8/27/96 | Giambattista et al. | | | |
| | 5,688,251 | 11/18/97 | Chanoch | | | |
| ↓ | 4,973,318 | 11/27/90 | Holm et al. | | | |

## FOREIGN PATENT DOCUMENTS

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | TRANSLATION NO |
|---|---|---|---|---|---|---|---|
| KCS | EP 0 688 571 | 12/27/95 | EPO | | | | |
| | WO 95/13842 | 5/26/95 | WIPO | | | | |
| | WO 94/21213 | 9/29/94 | WIPO | | | | |
| | WO 97/49620 | 12/31/97 | WIPO | | | | |
| ↓ | WO 96/02290 | 2/1/96 | WIPO | | | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| EXAMINER  Simmons | DATE CONSIDERED  1/9/01 |
|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

SAN00828279

GP 3734

Attorney Docket No.: 5637.200-US

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:  Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit: 3734

Filed: July 7, 1999                        Examiner:  To be assigned

For:  Medication Delivery Device

<u>CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)</u>

Assistant Commissioner for Patents
Washington, DC  20231

Sir:

I hereby certify that the attached correspondence comprising:

1.  Information Disclosure Statement
2.  PTO-1449 Form
3.  Copy of References

is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:

Commissioner of Patents and Trademarks
Washington, DC  20231

on January 26, 2000.

Miriam Kelly
(name of person mailing paper)

_Miriam Kelly_

(signature of person mailing paper)

SAN00828280

Attorney Docket No.: 5637.200-US

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:  Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit: 3734

Filed: July 7, 1999                       Examiner: To be assigned

For:   Medication Delivery Device

## CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Assistant Commissioner for Patents
Washington, DC  20231

Sir:

> I hereby certify that the attached correspondence comprising:
>
> 1.   Request for Corrected Filing Receipt
> 2.   Copy of Filing Receipt

is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:

> Commissioner of Patents and Trademarks
> Washington, DC  20231

on January 21, 2000.

Carol McFarlane
(name of person mailing paper)

(signature of person mailing paper)

SAN00828281

Attorney Docket No.: 5637.200-US                                    PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit: 3734

Filed: July 7, 1999                       Examiner: TBA

For:  Medication Delivery Device


REQUEST FOR CORRECTED FILING RECEIPT


Assistant Commissioner for Patents
Washington, DC 20231

Sir:

Applicants filed the above-captioned application on July 7, 1999.

The filing receipt received by Applicants incorrectly indicates the city of residence for inventor Munk as Hvidorre. The correct city of residence is Vanlose. A copy of the filing receipt is attached to this request.

Applicants therefore request the issuance of a corrected filing receipt with the correct city of residence.

Applicants submit that the error was the fault of the USPTO. Therefore, a fee for this service is not required.

Respectfully submitted,

Date: January 21, 2000        _Carol E. Rozek_

Carol E. Rozek, Reg. No. 36,993
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, NY 10174-6401
(212) 867-0123

SAN00828282

PTO-103X
(Rev. 8-99)

**FILING RECEIPT**

**CORRECTED**



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
**ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS**
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 09/348,536 | 07/07/99 | 3734 | $980.00 | 5637.200-US | 2 | 25 | 2 |

STEVE T ZELSON ESQ
NOVO NORDISK OF NORTH AMERICA INC
405 LEXINGTON AVENUE  SUITE 6400
NEW YORK NY 10174-6401



NOV 29 1999

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Office of Initial Patent Examination's Customer Service Center. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts of Application" ("Missing Parts Notice") in this application, please submit any corrections to this Filing Receipt with your reply to the "Missing Parts Notice." When the PTO processes the reply to the "Missing Parts Notice," the PTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).

Applicant(s)   THOMAS BUCH-RASMUSSEN, GENTOFTE, DENMARK; BENNY MUNK,
HVIDORRE, DENMARK; JENS ULRIK POULSEN, VIRUM, DENMARK;
HENRIK LJUNGREEN, BALLERUP, DENMARK; PETER MOLLER JENSEN,
HORSHOLM, DENMARK; JENS MOLLER JENSEN, COPENHAGEN K,
DENMARK.

CONTINUING DATA AS CLAIMED BY APPLICANT-
    PROVISIONAL APPLICATION NO. 60/098,702 09/01/98

FOREIGN APPLICATIONS-   DENMARK       PA 1998 00909    07/08/98
                        DENMARK       PA 1998 01500    11/17/98

IF REQUIRED, FOREIGN FILING LICENSE GRANTED 08/03/99
TITLE
MEDICATION DELIVERY DEVICE

PRELIMINARY CLASS: 604

DATA ENTRY BY: PERRY, REGINA       TEAM: 02 DATE: 11/18/99

SAN00828283

*GAU 3763*

Dock.. ..o. 5637.200-US



SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Four Times Square
New York, NY 10036-6522

Telephone: (212) 735-3020
Facsimile: (917) 777-3020

Date:  October 25, 2000

| | | | |
|---|---|---|---|
| Applicant(s) | : | Buch-Rasmussen et al. | |
| Serial No. | : | 09/348,536 | Examiner: Simons, K. |
| Filed | : | July 7, 1999 | Art Unit: 3763 |
| Title | : | Medication Delivery Device | |

## AMENDMENT  TRANSMITTAL
## AND REQUEST FOR EXTENSION OF TIME

Assistant Commissioner For Patents
Washington, DC 20231

Sir:

> I hereby certify that this paper is being deposited with the United States
> Postal Service, as first class mail, in an envelope addressed to: Assistant
> Commissioner for Patents, Washington, DC 20231, on October 25, 2000
>
> Robert B. Smith                              Reg. No. 28,538
>
> *Robert B. Smith*                            October 25, 2000
> Signature                                    Date

Transmitted herewith is an Amendment in

application.

1.    ( )    No additional fee is required.

CCCCC°°°C±°CC''&y&°°DS±CCCCC°°°C±°C'&y&°°DS±
11/06/2000 EWILLIAM 00000001 192505   09348536

01 FC:117        890.00 CH

SAN00828284

Dock .: No. 5637.200-US

2.   ( )   The fee has been calculated as shown below:

| Claims remaining | Prior Paid Claims | Extra | Rate | Fee |
|---|---|---|---|---|
| Total: | minus (at least 20) = | @ | $18 | = $ |
| Independent | minus (at least 3) = | @ | $80 | = $ |
|  | TOTAL ADDITIONAL FEE: $ | | | |

3.   (X)   An extension of time to respond to the PTO Communication dated
           April 26, 2000 is hereby requested. The required fee is indicated
           below:

           Within first month:      ( )    $110
           Within second month     ( )    $390
           Within third month      (X)    $890
           Within fourth month     ( )    $1,390

4.   ( )   The Amendment includes an Information Disclosure Statement.
           Enclosed is Form PTO-1449 and copies of _____ reference(s).

5.   (X)   The Commissioner is hereby authorized to charge the amount of
           $ 890.00 representing (a) additional claims fee ($ ); (b) the
           extension fee ($ 890); and (c) the fee for filing an Information
           Disclosure Statement ($ ) to deposit account No. 19-2385.
           A copy of this sheet is enclosed for such purpose.

6.   (X)   In the event that an extension of time is required and applicant has
           inadvertently overlooked the need to request a petition and file the
           fee, the applicant hereby petitions for such extension of time. The
           Commissioner is authorized to charge the required fee to deposit
           account No. 19-2385. A copy of this sheet is enclosed for such pur-
           pose.

7.   (X)   The Commissioner is hereby authorized to charge payment of any
           additional fees required in connection with this application, and credit
           any overpayment, to deposit account No. 19-2385. A copy of this
           sheet is enclosed.

                              Skadden, Arps, Slate, Meagher & Flom

                              By   Robert B. Smith
                                   Robert B. Smith
                                   Registration No. 28,538
                                   Attorneys for Applicant(s)
                                   (212) 735-3020

                              2

SAN00828285

Docket No. 5637.200-US

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s)  :  Buch-Rasmussen et al.

Serial No.  :  09/348,536                              Examiner: Simons, K.

Filed  :  July 7, 1999                                 Art Unit: 3763

Title  :  Medication Delivery Device

> I hereby certify that this paper is being deposited with the United States Postal
> Service, as first class mail, in an envelope addressed to: Assistant Commissioner
> for Patents, Washington, DC 20231, on October 25, 2000.
>
> Robert B. Smith                              Reg. No. 28,538
>
> _Robert B. Smith_          _October 25, 2000_
> Signature                        Date

October 25, 2000

# AMENDMENT

Assistant Commissioner For Patents
Washington, DC 20231

Sir:

      In response to the Office Action dated April 26, 2000, please amend

the application as indicated below.

IN THE SPECIFICATION:

      On page 1, line 23, change "displaced" to - - replaced - -;

SAN00828286

Docket No. 5637.200-US

On page 2, line 7, change "minimised" to - - minimized - -; and

on line 27, change "coupling(s) secure(s)" to - - coupling or
couplings ensure - -;

On page 3, line 11, change "as to secure" to - - so as to ensure - -; and

On page 9, line 21, change "effect" to - - cause - -.

IN THE CLAIMS:

Please cancel claim 1 and substitute the following claim therefor:

- - 26. A medication delivery device comprising a cartridge assembly
having opposite ends, and a dosing assembly for setting a desired dose and acting on
said cartridge assembly to cause such dose to be delivered,

wherein said cartridge assembly includes a molded cartridge and a stopper
disposed in said cartridge, wherein one end of said cartridge assembly is sealed with
a pierceable sealing, wherein said one end includes a first coupling means for
releasably mounting a needle assembly having a skin-piercing needle, and wherein
the other end of said cartridge assembly includes a second coupling means for
engaging said dosing assembly, wherein at least one of said coupling means is
unitarily molded with the cartridge, and

2

SAN00828287

Docket No. 5637.200-US

wherein said dosing assembly includes a housing, a plunger, and a mecha-

nism for setting a desired dose and for moving said plunger, relative to said housing,

in an axial direction for administering a set dose, and wherein said dosing assembly

housing includes a coupling member for engaging said second coupling means of

said cartridge assembly for securing said housing against axial movement relative to

said cartridge assembly and such that said plunger engages said stopper for moving

said stopper in response to plunger movement. - -

<u>Rewrite claims 2-6 as follows:</u>

- - 2. (Twice Amended) The medication delivery device according to claim

[1] 26, wherein [all the] <u>both said</u> coupling means of [the] <u>said</u> cartridge assembly

are unitarily [moulded] <u>molded</u> with the cartridge.

3. (Twice Amended) The medication delivery device according to claim [1]

26, wherein <u>the said</u> at least one coupling means of [the] <u>said</u> cartridge <u>assembly</u> is

an external coupling.

4. (Twice Amended) The medication delivery device according to claim [1]

26, wherein <u>the said</u> at least one coupling means of [the] <u>said</u> cartridge <u>assembly</u> is a

threaded coupling.

3

SAN00828288

Docket No. 5637.200-US

5. (Twice Amended) The medication delivery device according to claim 4, wherein [the] said second coupling means [for engaging to dosing means] is an external threaded coupling.

4.6. (Twice Amended) The medication delivery device according to claim [1] 26, wherein the cartridge is [moulded] molded of a plastic material. - -

Cancel claims 8-9 and 11 without prejudice.

Rewrite claims 10 and 12 as follows:

- - 10. (Twice Amended) The medication delivery device according to claim [11] 26, wherein the [cartridge] dosing assembly further comprises a scale.

12. (Twice Amended) The medication delivery device according to claim [1] 26, wherein the coupling means of the cartridge assembly are opposed [each to one another. - -

Cancel non-elected claims 13-25 without prejudice.

Add the following claims:

- - 27. The medication delivery device according to claim 26, wherein the said at least one coupling means is said second coupling means.

4

15

SAN00828289

Docket No. 5637.200-US

28. The medication delivery device according to claim 27, wherein said second coupling means is a threaded coupling. - -

## REMARKS

By the foregoing amendments, the specification has been amended to make several idiomatic revisions. Also, as discussed further below, claim 1 has been cancelled, and new claim 26 is submitted, to overcome the formal rejection raised to claim 1 and to define, with greater particularity, the novel features of the invention.

The applicants note that the restriction requirement has been made final, and have canceled non-elected claims 13-25 without prejudice to filing a divisional application.

In paragraph 2 of the April 26, 2000 Office Action, the Examiner objects under Rule 83(a) to the drawings because the reinforcements, cartridge housing, and non-circular cartridge cross-sections recited in dependent claims 8, 9, and 11 are not shown in the drawings. Because such features are covered generically in other claims, and to advance the prosecution of the present application, the applicants have merely canceled such claims rather than amend the drawings. Applicants have canceled such claims, however, without prejudice to reintroducing

5

SAN00828290

Docket No. 5637.200-US

such claims, with corresponding drawing amendments, at a future time if deemed appropriate.

In paragraphs 3-5 of the Office Action, the Examiner raises certain formal rejections as to the language of claims 1, 8, 9, and 11. As noted above, claims 8-9 and 11 have been canceled. With respect to claim 1, the Examiner rejected such claim under 35 U.S.C. § 112, second paragraph, on the grounds that it was not clear whether the applicants were claiming the needle assembly per se. Claim 1 has been rewritten as new claim 26, where it is clear that, while the claimed device includes a fitting for receiving a needle assembly, the needle assembly per se is not part of the claimed device.

Original claim 1 was rejected under 35 U.S.C. § 102(b) as being anticipated by Reynolds U.S. patent No. 5,364,369. Reynolds discloses, in Figure 6, a medication delivery device adapted for an injection needle. The Reynolds device includes a cartridge (mis-labeled "8" in Figure 6), which Reynolds refers to as a vial, having a stopper 8 (the stopper is not labeled in Figure 6), and a plunger 10 which can push the stopper 8 forward to expel a dose of medicine through the needle 28. The forward end of Reynold's syringe includes a pierceable membrane 5. An outer cap 2, having a needle 22 to pierce the membrane 5, can be mounted on the forward end of the cartridge 6. In turn, a needle assembly, with a skin-piercing needle 28, can be mounted on the outer cap 2.

6

SAN00828291

Docket No. 5637.200-US

As shown in other figures, when the Reynold's cartridge 6 holds only one part of a medicament mixture, prior to using the syringe, a capsule 14 containing the other ingredient, i.e., a liquid, and a cap 12, are pressed into the bore of the plunger 10. A needle 44 on the cap 12 allows the liquid in the capsule 14 to enter the bore of the cartridge 6 and mix with the dry medicament. The capsule 14 and cap 12 are then removed, in preparation for using the syringe (see Fig. 5).

New claim 26 recites a medication delivery device comprising a cartridge assembly and a dosing assembly for setting and administering a desired dose. The cartridge assembly includes a molded cartridge. Opposite ends of the cartridge assembly include first and second coupling means for engaging a needle assembly having a skin-piercing needle and the dosing assembly, respectively. At least one of the coupling means is molded unitarily with the cartridge.

Claim 26 further recites that the dosing assembly includes a housing, a plunger, and a mechanism for setting a desired dose and for moving the plunger, relative to the housing, in an axial direction for administering a set dose. Also, the housing includes a coupling member, e.g., threads, for engaging the second coupling means of the cartridge assembly so as to secure the housing against axial movement relative to the cartridge assembly and such that the plunger engages the stopper. In such manner, when the dosing assembly moves the plunger, the plunger moves the stopper forward to eject the set dose.

7

SAN00828292

Docket No. 5637.200-US

As noted above, claim 26 recites that at least one of the two coupling means on the cartridge assembly is molded integrally with the cartridge itself. Reynolds discloses a means at its forward end for mounting a needle assembly with a skin-piercing needle 28, but such means is the cap 2. The cap 2 and cartridge 6 are separate parts, and thus Reynolds does not have the recited integrally molded coupling means at its forward end.

Reynolds also lacks any dosing assembly as now defined in claim 26. In particular, Reynolds does not have any mechanism to set a dose and to move a plunger to administer the set dose. Nor does Reynolds have a housing associated with its plunger or any coupling means which can secure the cartridge 6 and such a housing against relative axial movement.

For such reasons, the applicants respectfully submit that Reynolds neither anticipates nor suggests the invention as recited in claim 26, and favorable consideration and allowance of new claim 26 are respectfully requested.

Claim 2 recites that both the recited couplings on cartridge assembly are molded integrally with the cartridge. As noted above, the needle coupling of the Reynolds cartridge is not molded integrally with its cartridge 6, and Reynolds lacks any coupling for a dosing assembly. Thus, allowance of claim 2 is respectfully requested for such additional reason.

8

SAN00828293

Docket No. 5637.200-US

New claim 27 recites that the said at least one coupling (i.e., the coupling which is molded integrally with the cartridge) is the second coupling, i.e., the coupling for engaging the dosing assembly housing. Claim 28 recites that this second coupling is a threaded coupling. As noted above, Reynolds has no coupling, as recited in claim 26, between the capsule 14 and the cartridge. For such reason, as well as other reasons recited in connection with claim 26, favorable consideration and allowance of claims 27-28 are respectfully requested.

With respect to the remaining dependent claims, favorable consideration and allowance of such claims are respectfully requested for the reasons recited in connection with claim 26.

In light of the foregoing amendments and remarks, favorable reconsideration and allowance of the application are respectfully requested.

Respectfully submitted,

Robert B. Smith
PTO Registration No. 28,538
Attorney for applicant(s)
(212) 735-3020

9

SAN00828294



**UNITED STATE. ARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/348.536 | 07/07/99 | BUCH-RASMUSSEN | Y | 5637.260-US |

QN12/0117

STEVE T ZELSON ESQ
NOVO NORDISK OF NORTH AMERICA INC
405 LEXINGTON AVENUE   SUITE 6400
NEW YORK NY 10174-6401

| EXAMINER |
|---|
| SIRMONS, K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | #13 |

DATE MAILED:

01/17/01

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

SAN00828295

|  | Application No. | Applicant(s) |
| --- | --- | --- |
| ***Office Action Summary*** | 09/348,536 | Thomas Bush-Rasmussen et al |
|  | Examiner | Group Art Unit |
|  | Kevin C. Sirmons | 3763 |

☒ Responsive to communication(s) filed on _Oct 27, 2000_

☒ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters,    prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ **3** ____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

   ☒ Claim(s) _2-7, 10, 12, and 26-28_____ is/are pending in the applicat

      Of the above, claim(s) _____ is/are withdrawn from consideration

   ☐ Claim(s) _____ is/are allowed.

   ☒ Claim(s) _2-7, 10, 12, and 26-28_____ is/are rejected.

   ☐ Claim(s) _____ is/are objected to.

   ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

   ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

   ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

   ☐ The proposed drawing correction, filed on _____ is ☐ approved ☐disapproved.

   ☐ The specification is objected to by the Examiner.

   ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

   ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

      ☐ All ☐Some* ☒None of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

      *Certified copies not received: _____

   ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

   ☒ Notice of References Cited, PTO-892

   ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

   ☐ Interview Summary, PTO-413

   ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

   ☐ Notice of Informal Patent Application, PTO-152

--- **SEE OFFICE ACTION ON THE FOLLOWING PAGES** ---

SAN00828296

Application/Control Number: 09348536                                      Page 2

Art Unit: 3763

## DETAILED ACTION

### *Claim Rejections - 35 USC § 102*

1.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention thereof by the applicant for patent.

2.      Claims 26-28, 2-5, 7 and 12 are rejected under 35 U.S.C. 102(e) as being anticipated by

Reynolds U.S. Pat. No. 6,146,361.

        DiBiasi et al discloses a medication delivery device comprising: a cartridge assembly (22)

having opposite ends, and a dosing assembly (38), wherein said cartridge assembly includes a

molded cartridge (22) and a stopper disposed in said cartridge (36), wherein one end of said

cartridge assembly is sealed with a pierceable sealing (32), wherein said one end includes a first

coupling means for releasably mounting a needle assembly having a skin-piercing needle (88), and

wherein the other end of said cartridge assembly includes a second coupling means for engaging

said dosing assembly (13), wherein at least one of said coupling means is unitarily molded with the

cartridge (13, 88), and wherein said dosing assembly includes a housing (38), plunger (distal end

of 44), and a mechanism for setting a desired dose and for moving said plunger (col. 3, lines 20-

23),

SAN00828297

Application/Control Number: 09348536                                          Page 3

Art Unit: 3763

relative to said housing in an axial direction for administering a set dose (functional language),

(fig. 1), and wherein said dosing assembly housing includes a coupling member (41) for engaging

said second coupling means of said cartridge assembly (fig. 1); for securing said housing against

axial movement relative to said cartridge assembly and such that said plunger engages said

stopper for moving said stopper in response to plunger movement (fig. 1); wherein both said

coupling means of said cartridge assembly are unitarily molded with the cartridge (figs. 1 and 2);

wherein the said at least one coupling means of said cartridge assembly is an external coupling

(13, 88); wherein the said at least one coupling means of said cartridge assembly is a threaded

coupling (13, 88), wherein said second coupling means is an external threaded coupling (13);

wherein the coupling of the cartridge assembly are opposed (figs. 1 and 2); wherein the said at

least one coupling means is said second coupling means (figs. 1 and 2); wherein said second

coupling means is a threaded coupling (figs. 1 and 2); wherein the cartridge is at least partly

transparent (figs. 1 and 2).


### *Claim Rejections - 35 USC § 103*

3.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

SAN00828298

Application/Control Number: 09348536                                    Page 4

Art Unit: 3763


4.      Claims 6 and 10 are rejected under 35 U.S.C 103(a) as being unpatentable over DiBiasi et

al U.S. Pat. No. 6,146,361 in view of Sams U.S. Pat. No. 4,865,591.

        DiBiasi discloses a medication delivery device substantially as claimed except for: wherein

the dosing assembly further comprise a scale and wherein the cartridge is molded of a plastic

material. However, Sams discloses a dosing assembly with a scale.

Therefore, it would have been obvious to one having ordinary skill in the art at the time the

invention was made to modify the cartridge of DiBiasi using the scale as taught by Sams, since

Sams discloses that the scale will indicate to the user the amount of dosage selected for injection.

Furthermore, it would have been an obvious matter of design choice to mold the cartridge from a

plastic material, since applicant has not disclosed that a molded plastic cartridge solves any stated

problem or is form any particular purpose and it appears that the invention would perform equally

well with glass.


                                    *Response to Arguments*

5.      Applicant's arguments with respect to claims 2-7, 10, 12, and 26-28 have been considered

but are moot in view of the new ground(s) of rejection.


SAN00828299

Application/Control Number: 09348536                                    Page 5

Art Unit: 3763

### Conclusion

    Applicant's amendment necessitated the new ground(s) of rejection presented in this Office

action. Accordingly, **THIS ACTION IS MADE FINAL.** See MPEP § 706.07(a). Applicant is

reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

    A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

*will expire on the date the advisory action is mailed, and any extension fee pursuant to 37*

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

    Any inquiry concerning this communication or earlier communication from the examiner

should be directed to Kevin C. Sirmons whose telephone number is (703)306-5410.

The examiner can normally be reached on Monday - Thursday from 6:30 am to 4:00 pm. The

examiner can also be reached on alternate Fridays.

Kevin C. Sirmons

Patent Examiner

1/09/01

RICHARD K. SEIDEL
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

SAN00828300

## *ATTACHMENT TO AND MODIFICATION OF*
## *NOTICE OF ALLOWABILITY (PTO-37)*
### *(November, 2000)*

**NO EXTENSIONS OF TIME ARE PERMITTED TO FILE
CORRECTED OR FORMAL DRAWINGS, OR A SUBSTITUTE
OATH OR DECLARATION**, notwithstanding any indication to the
contrary in the attached Notice of Allowability (PTO-37).

If the following language appears on the attached Notice of Allowability, the
portion lined through below is of no force and effect and is to be ignored[1]:

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to
EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to comply will result in
ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

Similar language appearing in any attachments to the Notice of Allowability,
such as in an Examiner's Amendment/Comment or in a Notice of
Draftperson's Patent Drawing Review, PTO-948, is also to be ignored.

---

[1] The language which is crossed out is contrary to amended 37 CFR 1.85(c) and 1.136. See *"Changes to
Implement the Patent Business Goals"*, 65 Fed. Reg. 54603, 54629, 54641, 54670, 54674 (September 8,
2000), 1238 *Off. Gaz. Pat. Office* 77, 99, 110, 135, 119 (September 19, 2000)

SAN00828301

| FORM I TO-892 | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | | SERIAL NO. 09348536 | GROUP ART UNIT 3763 | ATTACHMENT TO PAPER NO. | 13 |
|---|---|---|---|---|---|---|

### NOTICE OF REFERENCES CITED

APPLICANT(S)

Buch-Rasmussen et al

#### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUB-CLASS | FILING DATE |
|---|---|---|---|---|---|---|---|
| | A | 6,146,361 | 11/2000 | DiBiasi et al. | 604 | 232 | |
| | B | | | | | | |
| | C | | | | | | |
| | D | | | | | | |
| | E | | | | | | |
| | F | | | | | | |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |

#### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUB-CLASS |
|---|---|---|---|---|---|---|---|
| | L | | | | | | |
| | M | | | | | | |
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |

#### OTHER REFERENCES (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| R | |
| S | |
| T | |
| U | |

| EXAMINER | DATE | |
|---|---|---|
| Kevin C. Sirmons | January 10, 2001 | Form892ccs2106b |

\* A copy of this reference is not being furnished with this office action.
(See Manual of Patent Examining Procedure, section 707.05(a).)

SAN00828302

Docket No. 5637.200-US

*HF/3763*

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522

(212) 735-3000

FAX: (212) 735-2000

| Applicant(s) | : | Buch-Rasmussen et al. | | |
|---|---|---|---|---|
| Serial No. | : | 09/348,536 | Examiner: Simons, K. |
| Filed | : | July 7, 1999 | Art Unit: 3763 |
| Title | : | Medication Delivery Device | |

### AMENDMENT TRANSMITTAL
### AND REQUEST FOR EXTENSION OF TIME

Date: June 11, 2001

Box AF
Assistant Commissioner For Patents
Washington, DC 20231

Sir:

> I hereby certify that this paper is being deposited with the United
> States Postal Service, as first class mail, in an envelope addressed to:
> Assistant Commissioner for Patents, Washington, DC 20231, on June
> 11, 2001.
>
> Robert B. Smith                    Reg. No. 28,538
>
> _Robert B. Smith_                  June 11, 2001
> Signature                          Date

Transmitted herewith is an Amendment in the above-identified
application.

1.    ( )    No additional fee is required.

06/14/2001 STEFFERA 00000138 192385   09348536
01 FC:116        390.00 CH

SAN00828303

Docket No. 5637.200-US

2.     ( )     The fee has been calculated as shown below:

| Claims remaining | Prior Paid Claims | Extra | Rate | Fee |
|---|---|---|---|---|
| Total: | minus (at least 20) = | @ | $18 | = $ |
| Independent | minus (at least 3) = | @ | $80 | = $____ |
| | TOTAL ADDITIONAL FEE: | $ | | |

3.     (X)     An extension of time to respond to the PTO Communication dated <u>January 17, 2001</u> is hereby requested. The required fee is indi-cated below:

| | | |
|---|---|---|
| Within first month: | ( ) | $ 110 |
| Within second month | (X) | $ 390 |
| Within third month | ( ) | $ 890 |
| Within fourth month | ( ) | $1,390 |
| Within the fifth month | ( ) | $1,890 |

4.     ( )     Enclosed please find a check in the amount of $ 0.00 representing (a) additional claims fee ($ 0) and (b) the extension fee ($ 0).

5.     (X)     The Commissioner is hereby authorized to charge the amount of $ 390.00 representing (a) additional claims fee ($ ); and (b) the extension fee ($ 890) to deposit account No. 19-2385. A copy of this sheet is enclosed for such purpose.

6.     (X)     In the event that an extension of time is required and applicant has inadvertently overlooked the need to request a petition and file the fee, the applicant hereby petitions for such extension of time. The Commissioner is authorized to charge the required fee to deposit account No. 19-2385. A copy of this sheet is enclosed for such purpose.

7.     (X)     The Commissioner is hereby authorized to charge payment of any additional fees required in connection with this application, and credit any overpayment, to deposit account No. 19-2385. A copy of this sheet is enclosed.

Skadden, Arps, Slate, Meagher & Flom

By _Robert B. Smith_

Robert B. Smith
Registration No. 28,538
Attorneys for Applicant(s)
(212) 735-3020

2

SAN00828304

Docket No. 5637.200-US

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s)  :  Buch-Rasmussen et al.

Serial No.    :  09/348,536                  Examiner: Simons, K.

Filed         :  July 7, 1999               Art Unit: 3763

Title         :  Medication Delivery Device

---

I hereby certify that this paper is being deposited with the United States Postal Service, as first class mail, in an envelope addressed to: Assistant Commissioner for Patents, Washington, DC 20231, on June 11, 2001.

Robert B. Smith                    Reg. No. 28,538

_Robert B. Smith_                  June 11, 2001
Signature                          Date

---

June 11, 2001

### RESPONSE AFTER FINAL REJECTION

Box AF
Assistant Commissioner For Patents
Washington, DC 20231

Sir:

The applicants respectfully request reconsideration of the final rejection of claims 2-7, 10-12, and 26-28, mailed on January 17, 2001, on the grounds, discussed further below, that the Dibiasi patent fails to disclose a syringe in which one of the two claimed coupling means are provided on the **cartridge** itself, as

SAN00828305

Docket No. 5637.200-US

recited in independent claim 26. In requesting reconsideration, the applicants rely

upon the Examiner's own interpretation of Dibiasi, as set forth in the final rejection.

More particularly, claim 26 claims a "cartridge assembly" in combina-

tion with a "dosing assembly." The "cartridge assembly" "includes a molded car-

tridge" with a stopper. Claim 26 further requires that the "cartridge assembly"

includes two coupling means for engaging, respectively, a needle assembly and the

dosing assembly. Finally, claim 26 recites that "at least one of said coupling means is

unitarily molded with the **cartridge**" (in contrast, the other coupling means can be

located either on any element of the **cartridge assembly**).

In the final rejection, the Examiner rejected claim 26 as being

anticipated by Dibiasi et al. U.S. patent No. 6,146,361. The Examiner applied the

elements disclosed in Dibiasi to claim 26 as follows:

| Claim 26 | Dibiasi |
|---|---|
| a molded cartridge | cartridge 22 |
| first coupling means to engage a needle | threads 88 on the "cartridge retainer" 10 |
| second coupling means to engage a dosing assembly | threads 13 on the cartridge retainer 10 |
| one of the coupling means unitarily molded with the cartridge | threads 88 and 13 are both molded on the cartridge retainer 10; thus, DiBiasi fails to disclose any coupling means on the cartridge |

Final Office Action, Paragraph 2.

2

SAN00828306

Docket No. 5637.200-US

The European counterpart of Dibiasi is discussed in the present specification on pages 1-2. As noted therein, the "cartridge assembly" of Dibiasi includes both a cartridge and a cartridge holder. And, while the "cartridge assembly" includes two coupling means, for a needle and for the dosing housing, respectively, both coupling means are provided on the cartridge holder. Neither of the coupling means are located on the cartridge itself, as specified in claim 26. This is evident from Figure 1 of Dibiasi, as shown below:



In the final rejection, the Examiner correctly stated that the element 22 corresponds to the "cartridge" recited in claim 26. And, insofar as the Examiner found the first and second coupling means of the "cartridge assembly" recited in claim 26 could be found on the cartridge holder 10 (threads 13 and 88 of Dibiasi), it is evident that the Examiner construed the term "cartridge assembly" in claim 26 to encompass two elements of Dibiasi: the cartridge holder 10 along with the cartridge 22 itself.

Thus, insofar as claim 26 recites that the "cartridge assembly" includes a first and second coupling means, the Examiner correctly found that the

3

SAN00828307

Docket No. 5637.200-US

"cartridge assembly" of Dibiasi includes two coupling means. However, claim 26

does not merely specify that the **cartridge assembly** include the two coupling means.

Claim 26 specifies that "at least one of said coupling means is unitarily molded with

the **cartridge**."

In the final rejection, the Examiner correctly found that neither of the

coupling means (threads 13 and 88) of Dibiasi were provided on the **cartridge 22**.

Rather, the Examiner found both coupling means (threads 13 and 88) to be on the

other element of the "cartridge assembly," namely, the cartridge holder 10.

Thus, Dibiasi clearly does not disclose a syringe in which "at least one

of said coupling means is unitarily molded with the cartridge." For such reason, the

rejection of claim 26 as anticipated by Dibiasi is unsupportable, and the applicants

respectfully request the Examiner to reconsider and withdraw such rejection (as well

as the rejection of the dependent claims).

Also, in connection with dependent claim 6, the Examiner states that

the invention would perform equally with a glass cartridge and that the use of plastic

does not serve any particular purpose. However, plastic is a preferred material

because it is easy to machine and the plastic can be molded more easily with smaller

tolerances. Moreover, in the case of a glass cartridge, the cartridge holder performs

the function of protecting the cartridge. Where a coupling means is provided directly

on the cartridge, rather than on an a cartridge holder, torque or other forces are

applied directly to the glass cartridge when another component is attached to or

4

SAN00828308

Docket No. 5637.200-US

removed from the cartridge, which could potentially cause a glass cartridge to break.

For such additional reason, the applicants respectfully request favorable reconsideration of dependent claim 6.

For all the foregoing reasons, the applicants respectfully request reconsideration and allowance of the pending claims.

Respectfully submitted,

Robert B. Smith
PTO Registration No. 28,538
Attorney for applicant(s)
(212) 735-3020

5

SAN00828309



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/99 | BUCH-RASMUSSEN | T | 5637.204-US |

|  |
|---|
| EXAMINER |
| SIMMONS, K |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | |

STEVE T ZELSON ESQ           QMG2/0627
NOVO NORDISK OF NORTH AMERICA INC
405 LEXINGTON AVENUE    SUITE 6400
NEW YORK NY 10174-6401

DATE MAILED:
06/27/01

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO: 2000-473-000/44802

1- File Copy

SAN00828310

| *Office Action Summary* | Application No. | Applican. .) |
|---|---|---|
| | 09/348,536 | Thomas Bush-Rasmussen et al |
| | Examiner | Art Unit |
| | Kevin C. Sirmons | 3763 |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE ___3___ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on _Jun 13, 2001_

2a) ☐ This action is FINAL.        2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _2-7, 10-12, and 26-28_ is/are pending in the applica

    4a) Of the above, claim(s) _____ is/are withdrawn from considera

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) _2-7, 10-12, and 26-28_ is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claims _____ are subject to restriction and/or election requirem

**Application Papers**

9) ☐ The specification(s) is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13) ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    a) ☐ All b) ☐ Some* c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    *See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15) ☐ Notice of References Cited (PTO-892)

16) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s). ___

18) ☐ Interview Summary (PTO-413) Paper No(s). ___

19) ☐ Notice of Informal Patent Application (PTO-152)

20) ☐ Other. _____

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-00)

Office Action Summary

Part of Paper No. 16

SAN00828311

Application/Control Number: 09348536                                    Page 2

Art Unit: 3763


# DETAILED ACTION


## *Claim Rejections - 35 USC § 102*

1.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the
> United States before the invention thereof by the applicant for patent, or on an international application
> by another who has fulfilled the requirements of paragraphs (1), (2), and of section 371© of this title
> before the invention thereof by the applicant for patent.

2.      Claims 26-28, 2-4, 6, 10 and 12 are rejected under 35 U.S.C. 102(b) as being anticipated

by Chanoch U.S. Pat. No. 5,688,251.

        Chanoch discloses a medication delivery device comprising: a cartridge assembly

(300&350) having opposite ends, and a dosing assembly (100), wherein said cartridge assembly

includes a molded cartridge (300&350) and a stopper disposed in said cartridge (306), wherein

one end (distal end of 300&350) of said cartridge assembly is sealed with a pierceable sealing

(353), wherein said one end includes a first coupling means (see fig. 4) for releasably mounting a

needle assembly having a skin-piercing needle (501), and wherein the other end of said cartridge

assembly includes a second coupling means (303) for engaging said dosing assembly (100),

wherein at least one of said coupling means is unitarily molded with the cartridge (since 300&350

in combination are the cartridge, then, 303 represents the coupling means on the distal and

proximal end of the cartridge ), and wherein said dosing assembly includes a housing (101),

SAN00828312

Application/Control Number: 09348536                                                    Page 3

Art Unit: 3763

plunger (fig. 4), and a mechanism for setting a desired dose and for moving said plunger (fig.

2&3), relative to said housing in an axial direction for administering a set dose (functional

language), (figs. 2&3), and wherein said dosing assembly housing includes a coupling member

(fig. 2&3) for engaging said second coupling means of said cartridge assembly (figs. 2&3); for

securing said housing against axial movement relative to said cartridge assembly (figs. 2&3) and

such that said plunger engages said stopper for moving said stopper in response to plunger

movement (figs. 2&3); wherein both said coupling means of said cartridge assembly are unitarily

molded with the cartridge (figs. 3 and 2); wherein the said at least one coupling means of said

cartridge assembly is an external coupling (fig. 4); wherein the said at least one coupling means of

said cartridge assembly is a threaded coupling (figs. 2&3); the coupling of the cartridge assembly

are opposed (figs. 3 and 2); wherein the said at least one coupling means is said second coupling

means (figs. 3 and 2); wherein said second coupling means is a threaded coupling (figs. 3 and 2); a

dosing assembly with a scale (col. 5, lines 1-10); wherein the cartridge is molded of a plastic

material (fig.2 and 3).


### *Claim Rejections - 35 USC § 103*

3.        The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person

SAN00828313

Application/Control Number: 09348536                                  Page 4

Art Unit: 3763

> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the manner in which the invention was made.

4.      Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Chanoch U.S. Pat.

No. 5,688,251.

Chanoch discloses a medication delivery device substantially as claimed except for:

wherein the cartridge is at least partly transparent (figs. 3 and 2).  However, Chanoch discloses

that the cartridge is made of plastic.  Therefore, it would have been obvious to one having

ordinary skill in the art at the time the invention was made to modify the plastic cartridge of

Chanoch since it well known that plastics can be made transparent.

### *Response to Arguments*

5.      Applicant's arguments with respect to claims 2-7, 10, 12, and 26-28 have been considered

but are moot in view of the new ground(s) of rejection.

6.      Claim 5 is objected to as being dependent upon a rejected base claim, but would be

allowable if rewritten in independent form including all of the limitations of the base claim and any

intervening claims.

### *Conclusion*

Any inquiry concerning this communication or earlier communication from the examiner

should be directed to Kevin C. Sirmons whose telephone number is (703)306-5410.

Application/Control Number: 09348536                                    Page 5

Art Unit: 3763

The examiner can normally be reached on Monday - Thursday from 6:30 am to 4:00 pm.  The

examiner can also be reached on alternate Fridays.

*KC.S*

Kevin C. Sirmons

Patent Examiner

6/19/01

RICHARD K. SEIDEL
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

SAN00828315

**Attachment for PTO-948 (Rev. 03/01, or earlier)**
6/18/01

**The below text replaces the pre-printed text under the heading, "Information on How to Effect Drawing Changes," on the back of the PTO-948 (Rev. 03/01, or earlier) form.**

### INFORMATION ON HOW TO EFFECT DRAWING CHANGES

#### 1. Correction of Informalities -- 37 CFR 1.85

New corrected drawings must be filed with the changes incorporated therein. Identifying indicia, if provided, should include the title of the invention, inventor's name, and application number, or docket number (if any) if an application number has not been assigned to the application. If this information is provided, it must be placed on the front of each sheet and centered within the top margin. If corrected drawings are required in a Notice of Allowability (PTOL-37), the new drawings **MUST** be filed within the **THREE MONTH** shortened statutory period set for reply in the Notice of Allowability. Extensions of time may NOT be obtained under the provisions of 37 CFR 1.136(a) or (b) for filing the corrected drawings after the mailing of a Notice of Allowability  The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson

#### 2. Corrections other than Informalities Noted by Draftsperson on form PTO-948.

All changes to the drawings, other than informalities noted by the Draftsperson, **MUST** be made in the same manner as above except that, normally, a highlighted (preferably red ink) sketch of the changes to be incorporated into the new drawings **MUST** be approved by the examiner before the application will be allowed.  No changes will be permitted to be made, other than correction of informalities, unless the examiner has approved the proposed changes

#### Timing of Corrections

Applicant is required to submit the drawing corrections within the time period set in the attached Office communication.  See 37 CFR 1.85(a).

Failure to take corrective action within the set period will result in **ABANDONMENT** of the application.

06/01/01

SAN00828316



*A F / 3 763*

Docket No. 5637.200-US

*# 17*

*Notice of*
*Appeal*
*J. Byca*
*7/30/01*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s)   :   Buch-Rasmussen et al.

Serial No.     :   09/348,536               Examiner: Simons, K.

Filed          :   July 7, 1999             Art Unit: 3763

Title          :   Medication Delivery Device

**RECEIVED**

JUN 2 1 2001

TECHNOLOGY CENTER R3700

| I hereby certify that this paper is being deposited with the United States Postal Service, as first class mail, in an envelope addressed to: Assistant Commissioner for Patents, Washington, DC 20231, on June 15, 2001. | |
| --- | --- |
| Robert B. Smith | Reg. No. 28,538 |
| *Robert B. Smith* | June 15, 2001 |
| Signature | Date |

June 15, 2001

### NOTICE OF APPEAL

BOX AF
Assistant Commissioner For Patents
Washington, DC 20231

Sir:

The applicant(s) hereby appeal(s) to the Board of Patent Appeals and

Interferences from the decision dated <u>January 17, 2001</u>, of the Primary Examiner

finally rejecting <u>claims 2-7, 10, 12, and 26-28.</u>

A two month extension of time has already been obtained.

SAN00828317

Docket No. 5637.200-US

The Commissioner is hereby authorized to charge Deposit Account No. 19-2385 the sum of $310.00 representing (a) the appeal fee ($310).

In the event that a further extension of time is needed, such extension is provisionally requested, and the Commissioner is authorized to charge payment of such extension fee, along with any additional fees required in connection with this communication, to Deposit Account No. 19-2385. A copy of this sheet is included for such purpose.

Respectfully submitted,

Robert B. Smith
PTO Registration No. 28,538
Attorney for applicant(s)

Skadden, Arps , Slate, Meagher, & Flom
Four Times Square
New York, NY 10036-6522
(212) 735-3020

2

SAN00828318



Box AF
Commissioner of Patents And Trademarks
Washington, DC  20231

SAN00828319

01/14/2002    09:53    SKADDEN ARPS → 917033064520P021950                    NO.635    002

                                                      Docket No. 5637.200-US

SKADDEN, ARPS, SLATE, MEAGHER & FLOM              #18
Four Times Square                                 ARiverS
New York, NY 10036-6522                           1|17|02

Telephone: (212) 735-3020
Facsimile: (917) 777-3020

                                          Date: October 25, 2001

Applicant(s)  :    Buch-Rasmussen et al.

Serial No.    :    09/348,536              Examiner: Simons, K.

Filed         :    July 7, 1999           Art Unit: 3763

Title         :    Medication Delivery Device


AMENDMENT TRANSMITTAL
AND REQUEST FOR EXTENSION OF TIME

Assistant Commissioner For Patents
Washington, DC 20231

Sir:

┌─────────────────────────────────────────────────────────┐
│ I hereby certify that this paper is being deposited with the United States │
│ Postal Service, as first class mail, in an envelope addressed to: Assistant │
│ Commissioner for Patents, Washington, DC 20231, on October 25, 2001. │
│                                                           │
│   Robert B. Smith                  Reg. No. 26,538        │
│                                                           │
│   Robert B. Smith                  October 25, 2001       │
│   Signature                        Date                   │
└─────────────────────────────────────────────────────────┘

        Transmitted herewith is an AMENDMENT in the above-identified
application.

1.    (  )    No additional fee is required.

SAN00828320

01/14/2002    09:53    SKADDEN ARPS → 917033064520P021950                    NO.635    D03

Docket No. 5637.200-US

2.  ( )  The fee has been calculated as shown below:

| Claims remaining | Prior Paid Claims | Extra | Rate | Fee |
|---|---|---|---|---|
| Total: | minus (at least 20) – | @ | $18 | = $ |
| Independent: | minus (at least 3) – | @ | $80 | = $___ |

TOTAL ADDITIONAL FEE: $

3.  (X)  An extension of time to respond to the PTO Communication dated
         June 27, 2001 is hereby requested. The required fee is indicated
         below:

| | | |
|---|---|---|
| Within first month: | (X) | $110 |
| Within second month | ( ) | $390 |
| Within third month | ( ) | $890 |
| Within fourth month | ( ) | $1,390 |

4.  ( )  The Amendment includes an Information Disclosure Statement.
         Enclosed is Form PTO-1449 and copies of _____ reference(s).

5.  (X)  The Commissioner is hereby authorized to charge the amount of
         $ 110.00 representing (a) additional claims fee ($ ); (b) the
         extension fee ($ 110); and (c) the fee for filing an Information
         Disclosure Statement ($ ) to deposit account No. 19-2385.
         A copy of this sheet is enclosed for such purpose.

6,  (X)  In the event that an extension of time is required and applicant has
         inadvertently overlooked the need to request a petition and file the fee,
         the applicant hereby petitions for such extension of time. The Com-
         missioner is authorized to charge the required fee to deposit account
         No. 19-2385. A copy of this sheet is enclosed for such purpose.

7.  (X)  The Commissioner is hereby authorized to charge payment of any
         additional fees required in connection with this application, and credit
         any overpayment, to deposit account No. 19-2385. A copy of this
         sheet is enclosed.

                        Skadden, Arps, Slate, Meagher & Flom

                   By  Robert B. Smith
                        Robert B. Smith
                        Registration No. 28,538
                        Attorneys for Applicant(s)
                        (212) 735-3020

2

SAN00828321



*COPY* #15    Docket No. 5637.200-US

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Four Times Square
New York, NY 10036-6522

Telephone: (212) 735-3020
Facsimile: (917) 777-3020

Date: October 25, 2001

Applicant(s)    :    Buch-Rasmussen et al.

Serial No.    :    09/348,536    Examiner: Simons, K.

Filed    :    July 7, 1999    Art Unit: 3763

Title    :    Medication Delivery Device

AMENDMENT TRANSMITTAL
AND REQUEST FOR EXTENSION OF TIME

Assistant Commissioner For Patents
Washington, DC 20231

Sir:

> I hereby certify that this paper is being deposited with the United States
> Postal Service, as first class mail, in an envelope addressed to: Assistant
> Commissioner for Patents, Washington, DC 20231, on October 25, 2001
>
> Robert B. Smith                    Reg. No. 28,538
>
> Robert B. Smith                    October 25, 2001
> Signature                              Date

Transmitted herewith is an AMENDMENT in the above-identified application.

1.    (  )    No additional fee is required.

01/23/2002 HWAKZI1 00000032 .32385   09348536
01 FC:115        110.00 OH

SAN00828322

Docket No. 5637.200-U..

2.  ( )  The fee has been calculated as shown below:

| Claims remaining | Prior Paid Claims | Extra | Rate | Fee |
|---|---|---|---|---|
| Total: | minus (at least 20) = | @ | $18 | = $ |
| Independent | minus (at least 3) = | @ | $80 | = $_____ |
| | | TOTAL ADDITIONAL FEE: | | $ |

3.  (X)  An extension of time to respond to the PTO Communication dated
         <u>June 27, 2001</u> is hereby requested. The required fee is indicated
         below:

|  |  |  |
|---|---|---|
| Within first month: | (X) | $110 |
| Within second month | ( ) | $390 |
| Within third month | ( ) | $890 |
| Within fourth month | ( ) | $1,390 |

4.  ( )  The Amendment includes an Information Disclosure Statement.
         Enclosed is Form PTO-1449 and copies of _____ reference(s).

5.  (X)  The Commissioner is hereby authorized to charge the amount of
         $ 110.00 representing (a) additional claims fee ($ ); (b) the
         extension fee ($ 110); and (c) the fee for filing an Information
         Disclosure Statement ($ ) to deposit account No. 19-2385.
         A copy of this sheet is enclosed for such purpose.

6.  (X)  In the event that an extension of time is required and applicant has
         inadvertently overlooked the need to request a petition and file the fee,
         the applicant hereby petitions for such extension of time. The Com-
         missioner is authorized to charge the required fee to deposit account
         No. 19-2385. A copy of this sheet is enclosed for such purpose.

7.  (X)  The Commissioner is hereby authorized to charge payment of any
         additional fees required in connection with this application, and credit
         any overpayment, to deposit account No. 19-2385. A copy of this
         sheet is enclosed.

Skadden, Arps, Slate, Meagher & Flom

By _Robert B. Smith_
   Robert B. Smith
   Registration No. 28,538
   Attorneys for Applicant(s)
   (212) 735-3020

2

SAN00828323

01/14/2002    09:53    SKADDEN ARPS + 917033064520P021950                    NO.635    D04

Docket No. 5637.200-US    #19
ARGUER
1/17/02

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s)  :  Buch-Rasmussen et al.

Serial No.    :  09/348,536          Examiner: Simons, K.

Filed         :  July 7, 1999        Art Unit: 3763

Title         :  Medication Delivery Device

---

I hereby certify that this paper is being deposited with the United States Postal
Service, as first class mail, in an envelope addressed to: Assistant Commissioner
for Patents, Washington, DC 20231, on October 25, 2001.

Robert B. Smith              Reg. No. 28,538

Robert B. Smith              October 25, 2001
Signature                    Date

---

October 25, 2001

## RESPONSE TO OFFICE ACTION

Assistant Commissioner For Patents
Washington, DC 20231

Sir:

The applicants respectfully request reconsideration of the rejection of

claims 2-7, 10-12, and 26-28, mailed on June 27, 2001. The applicants respectfully

request, in particular, that the Examiner reconsider the assertion that the cartridge

holder element 300 of the cited Chanoch patent can be deemed to be part of a

SAN00828324

Docket No. 5637.200-US

"molded cartridge" element as recited in claim 26. In requesting reconsideration, the

applicants note that the Examiner's position that the cartridge holder 300 of Chanoch

can be deemed to be part of a "molded cartridge" as recited in claim 26 is inconsis-

tent with the Examiner's interpretation of DiBiasi U.S. patent No. 6,146,361, set forth

in the final rejection dated January 17, 2001. In previously applying DiBiasi to claim

26, the Examiner asserted that the element in DiBiasi corresponding to the "molded

cartridge" in claim 26 constitutes the cartridge 22 only, and not the cartridge holder.

Claim 26 claims a "cartridge assembly" that includes a "molded

cartridge" with a stopper. Claim 26 further requires that the "cartridge assembly"

includes two coupling means for engaging, respectively, a needle assembly and the

dosing assembly. Finally, claim 26 recites that "at least one of said coupling means is

unitarily molded with the cartridge" (i.e., at least one of the coupling means must be

unitarily molded with the cartridge, and not merely associated with the cartridge

assembly).

Chanoch U.S. patent No. 5,688,251 discloses a pen type syringe

which includes a "cartridge holder assembly 300" that includes "a molded housing

304." Col. 5, lines 50-51. A "medication cartridge 350 [is] securely retained in

housing 304." Col. 6, lines 1-2. More particularly, a "cap 354 extends between

housing 304 and cartridge 350 for securely and permanently holding medication

cartridge in housing 304." Col. 6, lines 3-8. Finally, a needle cannula assembly 500

2

SAN00828325

Docket No. 5637.200-US

has a mounting hub 504 which is "threadingly engageable with the cap 354." Col. 6,
lines 15-20.

The disclosure that, but for the cap 354, the cartridge 350 can be
separated from the cartridge holder housing 304 means that the housing 304 and
cartridge 305 are separate elements, which are mechanically coupled to one another
during some stage of the assembly process. Thus, if Fig. 2 of Chanoch were modified
to show the parts of the syringe prior to such assembly, it would be as follows:



Thus, as evident from the Chanoch specification, the cartridge holder
300 is not molded unitarily with the cartridge 350 - they are separate elements.

As discussed above, claim 26 recites two coupling means for engag-
ing, respectively, a needle assembly and the dosing assembly, and recites that "at

3

SAN00828326

Docket No. 5637.200-US

least one of said coupling means is unitarily molded with the [molded] cartridge."

Chanoch discloses two coupling means: (1) internal threads 303 formed in the barrel

of the cartridge holder 300 (which engage cooperating threads on the pen body 100),

Col. 5, lines 55-57; and (2) threads on the external surface of the cap 354 (which

engage internal threads provided in the needle hub 504). Col. 6, lines 18-20. Thus,

Chanoch disclose two coupling means for engaging, respectively, a needle assembly

and a dosing assembly. However, in Chanoch both such coupling means are provided

on the cartridge holder, not on the "molded cartridge" itself. Thus, Chanoch does not

anticipate or suggest claim 26.

     The commonly owned Chanoch and DiBiasi patents both show a

syringe having a cartridge holder element which screws onto a pen body. Both the

cartridge holder of Chanoch and the cartridge holder of DiBiasi receive a separate

cartridge. The difference between Chanoch and DiBiasi is that, in Chanoch, once the

cartridge is inserted in the cartridge holder barrel, it cannot be removed. Thus, when

the cartridge is empty, the user must replace both the cartridge and the cartridge

holder. In contrast, DiBiasi allows the cartridge to be removed from the cartridge

holder when empty, so that only the cartridge, and not the cartridge holder needs to

be replaced. This difference is immaterial relative to the claims of the present

application.

     As discussed in the applicants's Response After Final Rejection dated

June 11, 2001, in applying DiBiasi to claim 26, the Examiner did not consider the

4

SAN00828327

01/14/2002    09:53    SKADDEN ARPS → 9170330645208021950 ·                    NO.635    008

Docket No. 5637.200-US

cartridge holder to be part of the claimed "molded cartridge." Rather, the Examiner

deemed the cartridge 22 of DiBiasi to correspond to the "molded cartridge" of claim

26, and treated the "cartridge retainer" 10 of DiBiasi to constitute a separate element.

Final Office Action, Paragraph 2.

The cartridge holder and cartridge shown in DiBiasi are very similar

to the cartridge holder and cartridge shown in Chanoch, except that, in Chanoch, the

cartridge is permanently retained in the cartridge holder (and insofar as the cartridge

holder barrel in Chanoch has internal threads to engage the pen body). Thus, it is

inconsistent for the Examiner to deem the cartridge (but not the cartridge holder) to

constitute a "molded cartridge" when interpreting DiBiasi, and yet to deem both the

cartridge and the cartridge holder to constitute a "molded cartridge" when interpret-

ing Chanoch.

For such reason, the applicants do not believe that the combination of

the cartridge 350 and the cartridge holder 300 of Chanoch can properly be deemed to

correspond to a "molded cartridge." Certainly, a person skilled in the art would not

deem a cartridge holder to be part of a molded cartridge, as evidenced by the fact that

the Chanoch specification clearly differentiates between a cartridge and a cartridge

holder. See, Hoechst Celanese Corp. v. BP Chems. Ltd., 78 F.3d 1575, 1578, 38

U.S.P.Q.2d 1126, 1129 (Fed. Cir. 1996) (stating that a claim term is to be given the

meaning that it would be given by persons experienced in the field of invention).

5

SAN00828328

01/14/2002    09:53    SKADDEN ARPS → 917033064520P021950                    NO.635    P09

Docket No. 5637.200-US

Because the rejection of the claims hinges on the assertion that the

cartridge holder 300 of Chanoch is part of a "molded cartridge," the applicants

respectfully request reconsideration and allowance of the pending claims.

Respectfully submitted,

*Robert A. Smith*

Robert B. Smith
PTO Registration No. 28,538
Attorney for applicant(s)
(212) 735-3020

6

SAN00828329

01/14/2002    09:53    SKADDEN ARPS → 917033064520P021950                    NO.635    001

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TELEPHONE No.: (212) 735-3000

FACSIMILE No.: (212) 735-2000

DIRECT FACSIMILE No.: (917) 777-3020

Email: robsmith@skadden.com

## FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | | |
|---|---|---|---|
| NAME: | Examiner Kevin C. Sirmons | | |
| FIRM: | USPTO | | |
| CITY: | Arlington, VA | DATE: | January 14, 2002 |
| TELEPHONE No.: | (703) 306-5410 | | |
| FACSIMILE No.: | (703) 306-4520 | | |
| FROM: | Robert B. Smith | FL/RM.: | 30-328 |
| REFERENCE No.: | 021950 | DIRECT DIAL: | (212) 735-3020 |

TOTAL NUMBER OF PAGES INCLUDING COVER(S):                    9

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE:

SAN00828330



Copy #19                    Docket No. 5637.200-US

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s)  :  Buch-Rasmussen et al.

Serial No.    :  09/348,536              Examiner: Simons, K.

Filed         :  July 7, 1999           Art Unit: 3763

Title         :  Medication Delivery Device

> I hereby certify that this paper is being deposited with the United States Postal
> Service, as first class mail, in an envelope addressed to: Assistant Commissioner
> for Patents, Washington, DC 20231, on October 25, 2001.
>
> Robert B. Smith                    Reg. No. 28,538
>
> Robert B. Smith                    October 25, 2001
> Signature                          Date

October 25, 2001

## RESPONSE TO OFFICE ACTION

Assistant Commissioner For Patents
Washington, DC 20231

Sir:

The applicants respectfully request reconsideration of the rejection of

claims 2-7, 10-12, and 26-28, mailed on June 27, 2001. The applicants respectfully

request, in particular, that the Examiner reconsider the assertion that the cartridge

holder element 300 of the cited Chanoch patent can be deemed to be part of a

SAN00828331

Docket No. 5637.200-US

"molded cartridge" element as recited in claim 26. In requesting reconsideration, the

applicants note that the Examiner's position that the cartridge holder 300 of Chanoch

can be deemed to be part of a "molded cartridge" as recited in claim 26 is inconsis-

tent with the Examiner's interpretation of DiBiasi U.S. patent No. 6,146,361, set forth

in the final rejection dated January 17, 2001. In previously applying DiBiasi to claim

26, the Examiner asserted that the element in DiBiasi corresponding to the "molded

cartridge" in claim 26 constitutes the cartridge 22 only, and not the cartridge holder.

Claim 26 claims a "cartridge assembly" that includes a "molded

cartridge" with a stopper. Claim 26 further requires that the "cartridge assembly"

includes two coupling means for engaging, respectively, a needle assembly and the

dosing assembly. Finally, claim 26 recites that "at least one of said coupling means is

unitarily molded with the **cartridge**" (i.e., at least one of the coupling means must be

unitarily molded with the cartridge, and not merely associated with the cartridge

assembly).

Chanoch U.S. patent No. 5,688,251 discloses a pen type syringe

which includes a "cartridge holder assembly 300" that includes "a molded housing

304." Col. 5, lines 50-51. A "medication cartridge 350 [is] securely retained in

housing 304." Col. 6, lines 1-2. More particularly, a "cap 354 extends between

housing 304 and cartridge 350 for securely and permanently holding medication

cartridge in housing 304." Col. 6, lines 3-8. Finally, a needle cannula assembly 500

2

SAN00828332

Docket No. 5637.200-US

has a mounting hub 504 which is "threadingly engageable with the cap 354." Col. 6, lines 15-20.

The disclosure that, but for the cap 354, the cartridge 350 can be separated from the cartridge holder housing 304 means that the housing 304 and cartridge 305 are separate elements, which are mechanically coupled to one another during some stage of the assembly process. Thus, if Fig. 2 of Chanoch were modified to show the parts of the syringe prior to such assembly, it would be as follows:



Thus, as evident from the Chanoch specification, the cartridge holder 300 is not molded unitarily with the cartridge 350 - they are separate elements.

As discussed above, claim 26 recites two coupling means for engaging, respectively, a needle assembly and the dosing assembly, and recites that "at

3

SAN00828333

Docket No. 5637.200-US

least one of said coupling means is unitarily molded with the [molded] cartridge."

Chanoch discloses two coupling means: (1) internal threads 303 formed in the barrel

of the cartridge holder 300 (which engage cooperating threads on the pen body 100),

Col. 5, lines 55-57; and (2) threads on the external surface of the cap 354 (which

engage internal threads provided in the needle hub 504). Col. 6, lines 18-20. Thus,

Chanoch disclose two coupling means for engaging, respectively, a needle assembly

and a dosing assembly. However, in Chanoch both such coupling means are provided

on the cartridge holder, not on the "molded cartridge" itself. Thus, Chanoch does not

anticipate or suggest claim 26.

     The commonly owned Chanoch and DiBiasi patents both show a

syringe having a cartridge holder element which screws onto a pen body. Both the

cartridge holder of Chanoch and the cartridge holder of DiBiasi receive a separate

cartridge. The difference between Chanoch and DiBiasi is that, in Chanoch, once the

cartridge is inserted in the cartridge holder barrel, it cannot be removed. Thus, when

the cartridge is empty, the user must replace both the cartridge and the cartridge

holder. In contrast, DiBiasi allows the cartridge to be removed from the cartridge

holder when empty, so that only the cartridge, and not the cartridge holder needs to

be replaced. This difference is immaterial relative to the claims of the present

application.

     As discussed in the applicants's Response After Final Rejection dated

June 11, 2001, in applying DiBiasi to claim 26, the Examiner did not consider the

4

SAN00828334

Docket No. 5637.200-US

cartridge holder to be part of the claimed "molded cartridge." Rather, the Examiner deemed the cartridge 22 of DiBiasi to correspond to the "molded cartridge" of claim 26, and treated the "cartridge retainer" 10 of DiBiasi to constitute a separate element. Final Office Action, Paragraph 2.

The cartridge holder and cartridge shown in DiBiasi are very similar to the cartridge holder and cartridge shown in Chanoch, except that, in Chanoch, the cartridge is permanently retained in the cartridge holder (and insofar as the cartridge holder barrel in Chanoch has internal threads to engage the pen body). Thus, it is inconsistent for the Examiner to deem the cartridge (but not the cartridge holder) to constitute a "molded cartridge" when interpreting DiBiasi, and yet to deem both the cartridge and the cartridge holder to constitute a "molded cartridge" when interpreting Chanoch.

For such reason, the applicants do not believe that the combination of the cartridge 350 and the cartridge holder 300 of Chanoch can properly be deemed to correspond to a "molded cartridge." Certainly, a person skilled in the art would not deem a cartridge holder to be part of a molded cartridge, as evidenced by the fact that the Chanoch specification clearly differentiates between a cartridge and a cartridge holder. See, Hoechst Celanese Corp. v. BP Chems. Ltd., 78 F.3d 1575, 1578, 38 U.S.P.Q.2d 1126, 1129 (Fed. Cir. 1996) (stating that a claim term is to be given the meaning that it would be given by persons experienced in the field of invention).

5

SAN00828335

Docket No. 5637.200-US

Because the rejection of the claims hinges on the assertion that the cartridge holder 300 of Chanoch is part of a "molded cartridge," the applicants respectfully request reconsideration and allowance of the pending claims.

Respectfully submitted,

*Robert B. Smith*

Robert B. Smith
PTO Registration No. 28,538
Attorney for applicant(s)
(212) 735-3020

6

SAN00828336



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

26117    7590    04/30/2002

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY  10036

| EXAMINER |
|---|
| SIRMONS, KEVIN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | |

DATE MAILED: 04/30/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

SAN00828337

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 09/348,536 | BUCH-RASMUSSEN ET AL. |
| | Examiner | Art Unit | |
| | Kevin C. Simons | 3783 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

**A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.**
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on _14 January 2002_ .

2a) ☒ This action is **FINAL**.        2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) _2-7, 10-12 and 26-28_ is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) _1-4, 6, 7, 10-12 and 26-28_ is/are rejected.

7) ☒ Claim(s) _5_ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All  b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

| | | |
|---|---|---|
| 1) ☐ Notice of References Cited (PTO-892) | 4) ☐ Interview Summary (PTO-413) Paper No(s). _____ . | |
| 2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 5) ☐ Notice of Informal Patent Application (PTO-152) | |
| 3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ . | 6) ☐ Other: | |

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)       Office Action Summary      Part of Paper No. 20

SAN00828338

Application/Control Number: 09/348,536                              Page 2

Art Unit: 3763

### DETAILED ACTION

*Claim Rejections - 35 USC § 102*

**I.    The following is a quotation of the appropriate paragraphs of 35
U.S.C. 102 that form the basis for the rejections under this section
made in this Office action:**

A person shall be entitled to a patent unless --

(e) the invention was described in a patent granted on an application for patent by another filed in the

United States before the invention thereof by the applicant for patent, or on an international application

by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title

before the invention thereof by the applicant for patent.

**II.    Claims 26-28, 2-4, 6, 10 and 12 are rejected under 35
U.S.C. 102(e) as being anticipated by Chanoch U.S. Pat. No. 5,688,251.**

Chanoch discloses a medication delivery device comprising: a cartridge assembly

(300&350) having opposite ends, and a dosing assembly (100), wherein said cartridge assembly

includes a molded cartridge (300&350) and a stopper disposed in said cartridge (306), wherein

one end (distal end of 300&350) of said cartridge assembly is sealed with a pierceable sealing

(353), wherein said one end includes a first coupling means (see fig. 4) for releasably mounting a

needle assembly having a skin-piercing needle (501), and wherein the other end of said cartridge

assembly includes a second coupling means (303) for engaging said dosing assembly (100),

wherein at least one of said coupling means is unitarily molded with the cartridge (since

300&350 in combination are the cartridge, then, 303 represents the coupling means on the distal

and proximal end of the cartridge ), and wherein said dosing assembly includes a housing (101),

plunger (fig. 4), and a mechanism for setting a desired dose and for moving said plunger (fig.

2&3), relative to said housing in an axial direction for administering a set dose (functional

language), (figs. 2&3),

SAN00828339

Application/Control Number: 09/348,536                                    Page 3
Art Unit: 3763

and wherein said dosing assembly housing includes a coupling member (fig. 2&3) for engaging

said second coupling means of said cartridge assembly (figs. 2&3); for securing said housing

against axial movement relative to said cartridge assembly (figs. 2&3) and such that said plunger

engages said stopper for moving said stopper in response to plunger movement (figs. 2&3);

wherein both said coupling means of said cartridge assembly are unitarily molded with the

cartridge (figs. 3 and 2); wherein the said at least one coupling means of said cartridge assembly

is an external coupling (fig. 4); wherein the said at least one coupling means of said cartridge

assembly is a threaded coupling (figs. 2&3); the coupling of the cartridge assembly are opposed

(figs. 3 and 2); wherein the said at least one coupling means is said second coupling means (figs.

3 and 2); wherein said second coupling means is a threaded coupling (figs. 3 and 2); a dosing

assembly with a scale (col. 5, lines 1-10); wherein the cartridge is molded of a plastic material

(fig.2 and 3).

### *Claim Rejections - 35 USC § 103*

## III.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in

section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are

such that the subject matter as a whole would have been obvious at the time the invention was made to a person

having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the

manner in which the invention was made.

SAN00828340

Application/Control Number: 09/348,536                                    Page 4
Art Unit: 3763

## IV.    Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Chanoch U.S. Pat. No. 5,688,251.

Chanoch discloses a medication delivery device substantially as claimed except for:
wherein the cartridge is at least partly transparent (figs. 3 and 2).  However, Chanoch discloses
that the cartridge is made of plastic.  Therefore, it would have been obvious to one having
ordinary skill in the art at the time the invention was made to modify the plastic cartridge of
Chanoch since it well known that plastics can be made transparent.

### *Response to Arguments*

Applicant's arguments filed 1/14/02 have been fully considered but they are not
persuasive.

Note:  the examiner will address argument only directed to the current art rejection.

In response to applicant's argument that the references fail to show certain features of
applicant's invention, it is noted that the features upon which applicant relies (i.e., "at least one
of said coupling means is unitarily molded with the **cartridge**") (i.e., at least one if the coupling
means must be unitarily molded with the cartridge, and not merely associated with the cartridge
assembly).  Simply, applicant discloses a cartridge assembly (1) and a cartridge (5) which both
characters "1" and "5" have been used to designate one specific part clearly shown in (fig. 3).
Chanoch clearly discloses a cartridge assembly (300 & 350) and a cartridge (300 & 350) which
have been used to designate one specific part shown in (figs. 2-4).  The cartridge assembly and
cartridge are secured together.  Evidently they are not separable!  Basically, they are considered
to be a whole, one unit.

SAN00828341

Application/Control Number: 09/348,536                         Page 5
Art Unit: 3763

**V.    Claim 5 is objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.**

*Conclusion*

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the mailing

date of this final action.

Any inquiry concerning this communication or earlier communication from the examiner

should be directed to Kevin C. Sirmons whose telephone number is (703) 306-5410.

The examiner can normally be reached on Monday - Thursday from 6:30 am to 4:00 pm. The

examiner can also be reached on alternate Fridays.

*KCS*

Kevin C. Sirmons

Patent Examiner
4/25/02

BRIAN L. CASLER
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700



Attorney Docket No.: 5637.200-US

*AF/3*

*PATENT*

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536

Group Art Unit: 3763

Filed: July 30, 2002

Examiner: To be assigned

Confirmation No: 5366

*Please Enter KCS 9/17/08*

For: Medication Delivery Device

*COPY OF PAPERS ORIGINALLY FILED*

## CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Commissioner for Patents
Washington, DC 20231

*RECEIVED*
*SEP 0 6 2002*
*TECHNOLOGY CENTER R3700*

Sir:

    I hereby certify that the attached correspondence comprising:

    1.  Amendment and Response After Final Rejection

is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:

        Commissioner for Patents
        Washington, DC 20231

on July 30, 2002.

        Maya Faison-Phillip
        (name of person mailing paper)

        (signature of person mailing paper)

*RECEIVED*

*AUG 2 6 2002*

*TECHNOLOGY CENTER R3700*

SAN00828343

Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Application No.: 09/348,536          Group Art Unit: 3763

Filed: July 30, 2002                Examiner: To be assigned

Confirmation No: 5366

RECEIVED

SEP 0 6 2002

TECHNOLOGY CENTER R3700

For: Medication Delivery Device

COPY OF PAPERS
ORIGINALLY FILED

## AMENDMENT AND RESPONSE AFTER FINAL REJECTION

Commissioner for Patents
Washington, DC 20231

Sir:

In response to the Office Action mailed 4/30/02, applicants respectfully request entry of the following amendment and remarks, and reconsideration of the final rejection of the pending claims. Accordingly, please amend the above-captioned application as follows:

**IN THE CLAIMS:**

Please cancel claim 5 without prejudice or disclaimer.

Please add new claim 29:

29.   (New)  A medication delivery device comprising a cartridge assembly having opposite ends and a dosing assembly for setting a desired dose and acting on the cartridge assembly to cause the desired dose to be delivered, wherein:

 the cartridge assembly includes a molded cartridge and a stopper disposed in the cartridge, wherein one end of the cartridge assembly is sealed with a pierceable sealing, wherein the one end includes a first coupling means for releasably mounting a needle assembly having a skin-piercing needle, and wherein the other end of the cartridge assembly includes a second coupling means for engaging the dosing assembly, wherein at least one of the coupling means is unitarily molded with the cartridge, and wherein the dosing assembly includes a housing, a plunger, and a mechanism for setting a desired dose and for moving the plunger relative to the housing in an axial direction for administering a set dose, and wherein the dosing assembly housing includes a coupling member for engaging the second coupling means of the cartridge assembly for securing the housing against axial movement relative to the cartridge assembly such that the plunger engages the stopper for moving the stopper in response to the plunger movement wherein the at least one coupling means of the cartridge assembly is a threaded coupling and wherein the second coupling means is an external threaded coupling.

- 2 -

SAN00828345

## REMARKS

Claim 5 has been canceled without prejudice or disclaimer. New claim 29 is an independent version of cancelled claim 5 and includes all the limitation of the base claim and any intervening claims upon which claim 5 depended.

It is respectfully submitted that the present amendment presents no new issues or new matter and places claim 29 in condition for allowance, thus reducing issues on appeal, should an appeal become necessary.

In the previous office action, the Examiner finally rejected all pending claims, except for claim 5, under 35 USC 102(e) in view of U.S. Patent No. 5,699,251 to Chanoch. Applicants respectfully request reconsideration in view of the following remarks.

Applicants respectfully disagree with the Examiners assertion in the previous office action that the Chanoch device operates with a cartridge assembly in a similar manner to the applicants invention as defined by the pending claims. While Chanoch might be viewed as showing a cartridge holder assembly comprising a cartridge and coupling means for mounting a dose setting part and for mounting an injection needle, applicants' invention as defined by the claims requires explicitly that at least one of the coupling means is unitarily molded with the cartridge. This feature is not found in Chanoch.

At best, Chanoch discloses that the cartridge holder assembly 300 is a unit comprising parts such as a housing 304, a cartridge 350, and coupling means 305 for coupling a pen body assembly to the cartridge holder assembly 300 and coupling means 303 for coupling an injection needle to the cartridge holder assembly. However, none of these coupling means 305 or 303 are unitarily molded with the cartridge 350 but are merely provided on the housing 304.

In the embodiment shown in figure 3 in the instant application the cartridge 5 is provided with both the mentioned coupling means 2 and 3 for coupling to the needle and to the pen body assembly, respectively. In this embodiment the cartridge 5 with its couplings 2 and 3 forms a cartridge assembly 1. This cartridge assembly 1 is molded as one integral part. In contrast Chanoch discloses that the cartridge holder assembly 300 comprises the cartridge 350 but the coupling means 305 and 303 are unitary molded with the housing 304, not with the cartridge 350.

- 3 -

SAN00828346

Applicants respectfully disagree with any assertion that tries to equate the cartridge assembly 300 with the cartridge 350. Reference numeral 300 in Chanoch designates a collection of single elements of which the cartridge 350 is one. In contrast, applicants' figure 3 shows clearly that the cartridge 5 is one integral part which is provided with coupling means 2 and 3 to appear as a cartridge assembly 1. If only one of the coupling means had been provided for in applicants' molded cartridge, applicants cartridge assembly could have been constructed like the one shown by Chanoch with a cartridge holder assembly comprising a housing accommodating a cartridge and carrying the coupling means which were not provided on the cartridge, but even with this construction the device according to applicants' invention as claimed would differ from the Chanoch construction because at least one of the coupling means is unitarily molded with the cartridge.

As evidence that the reference numbers 1 and 300 designate assemblies and not single parts applicants point out that Chanoch's reference lines are provided with an arrow widely pointing at the assembly referred to. Elsewhere, Chanoch used other reference lines that each lead to a single part or feature.

In sum, applicants respectfully note that Chanoch's cartridge holder assembly 300 only superficially appears like applicants' cartridge assembly as claimed but, upon a detailed review, the construction of the two assemblies differs.

Channoch's assembly is built from at least two parts: a housing carrying coupling means and a common cartridge. In contrast, applicants' invention as defined by the claims requires that in the assembly the cartridge is special as it carries at least one of the coupling means. A housing may be provided carrying the other coupling means, or the assembly may be made as one integral part as the one shown in figure 3, but still at least one coupling means is unitarily molded with the cartridge.

- 4 -

SAN00828347

## CONCLUSION

In view of the above, it is respectfully submitted that all claims are in condition for allowance. Applicants respectfully request withdrawal of the final rejection and reconsideration and allowance of the pending claims. The Examiner is hereby invited to contact the attorney for the applicants by telephone if there are any questions concerning this amendment or application. Should any fee be due in connection with this paper or this application, the Commissioner is hereby authorized to charge any fee to Deposit Account No. 14-1447.

Respectfully submitted,

Date: July 30, 2002

Marc A. Began, Reg. No. 48,829
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, NY 10174-6401
(212) 867-0123

23650
PATENT TRADEMARK OFFICE

- 5 -

SAN00828348

|  | Application No. | Applicant(s) |
|---|---|---|
| *Notice of Allowability* | 09/348,536 | BUCH-RASMUSSEN ET AL. |
|  | Examiner | Art Unit |
|  | Kevin C. Sirmons | 3763 |

*– The MAILING DATE of this communication appears on the cover sheet with the correspondence address–*
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *8/20/01.*
2. ☒ The allowed claim(s) is/are *2,3,6,7,10,11 and 29.*
3. ☐ The drawings filed on _____ are accepted by the Examiner.
4. ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☒ All   b)☐ Some*   c)☐ None  of the:
        1. ☒ Certified copies of the priority documents have been received.  *Certified Copy @ PTO .*
        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the
           International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____ .
5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    (a) ☐ The translation of the foreign language provisional application has been received.
6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☒ CORRECTED DRAWINGS must be submitted.
    (a)☒ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
        1) ☐ hereto or 2) ☒ to Paper No. *8.*
    (b)☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.
    (c)☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)
1☐ Notice of References Cited (PTO-892)              2☐ Notice of Informal Patent Application (PTO-152)
3☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)   4☐ Interview Summary (PTO-413), Paper No. _____ .
5☐ Information Disclosure Statements (PTO-1449), Paper No. _____ .  6☒ Examiner's Amendment/Comment
7☐ Examiner's Comment Regarding Requirement for Deposit        8☐ Examiner's Statement of Reasons for Allowance
    of Biological Material                          9☐ Other

U.S. Patent and Trademark Office
PTO-37 (Rev. 04-01)                          Notice of Allowability                      Part of Paper No. 22 .

SAN00828349

Application/Control Number: 09/348,536                                          **Page 2**
Art Unit: 3763

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes and/or

additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR

1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the

payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with

Marc A. Began on 9/10/02.

The application has been amended as follows:

Please cancel claims 4 and 26-28.

In claim 2, at line 2 after "claim"

"26" has been deleted,

--29--has been inserted.

In claim 3, at line 2 after "claim"

"26" has been deleted,

--29--has been inserted.

In claim 6, at line 2 after "claim"

"26" has been deleted,

--29--has been inserted.

In claim 10, at line 2 after "claim"

Application/Control Number: 09/348,536                                    Page 3
Art Unit: 3763

"26" has been deleted,

--29--has been inserted.


In claim 12, at line 2 after "claim"

"26" has been deleted,

--29--has been inserted.


### Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Kevin C. Sirmons whose telephone number is 703-306-5410. The examiner can normally be reached on Monday-Friday 6:30-4:00 ALT FRI.

The fax phone numbers for the organization where this application or proceeding is assigned are 703-306-4520 for regular communications and 703-306-4520 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-306-0000.

Kevin C. Sirmons
Patent Examiner
September 17, 2002

BRIAN L. CASLER
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700



United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

26157    7590    09/20/2002

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036

| EXAMINER |
|---|
| SIRMONS, KEVIN C |

| ART UNIT | CLASS-SUBCLASS |
|---|---|
| 3763 | 604-232000 |

DATE MAILED: 09/20/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

TITLE OF INVENTION: MEDICATION DELIVERY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1280 | $0 | $1280 | 12/20/2002 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. **PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN **THREE MONTHS** FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status. See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

SAN00828352

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**  Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231
**Fax**  (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, Advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

26137    7590    09/20/2002

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

TITLE OF INVENTION: MEDICATION DELIVERY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1280 | $0 | $1280 | 12/20/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SIRMONS, KEVIN C | 3763 | 604-232000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)   ☐ individual ☐ corporation or other private group entity ☐ government

4a. The following fee(s) are enclosed:

☐ Issue Fee
☐ Publication Fee
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Commissioner is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)          _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SAN00828353

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

26137    7990    09/20/2002

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036
UNITED STATES

| EXAMINER |
|---|
| SIRMONS, KEVIN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | |

DATE MAILED: 09/20/2002

## Determination of Patent Term Extension under 35 U.S.C. 154 (b)
### (application filed after June 7, 1995 but prior to May 29, 2000)

The patent term extension is 0 days. Any patent to issue from the above identified application will include an indication of the 0 day extension on the front page.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term extension is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

SAN00828354

 **UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

| 26137 | 7590 | 09/20/2002 |
|---|---|---|

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036
UNITED STATES

| EXAMINER |
|---|
| SIRMONS, KEVIN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | |

DATE MAILED: 09/20/2002

### Notice of Possible Fee Increase on October 1, 2002

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after October 1, 2002, then the amount due may be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there may be an increase in fees effective on October 1, 2002. See Revision of Patent and Trademark Fees for Fiscal Year 2003; Notice of Proposed Rulemaking, 67 Fed. Reg. 30634, 30636 (May 7, 2002). Although a change to the amount of the publication fee is not currently proposed for October 2002, if the issue fee or publication fee is to be paid on or after October 1, 2002, applicant should check the USPTO web site for the current fees before submitting the payment. The USPTO Internet address for the fee schedule is: http://www.uspto.gov/main/howtofees.htm.

If the issue fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due," but not the correct amount in view of any fee increase, a "Notice to Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice to Pay Balance of Issue Fee," if the response to the Notice of Allowance and Fee(s) due form is to be filed on or after October 1, 2002 (or mailed with a certificate of mailing on or after October 1, 2002), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

Page 4 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

SAN00828355

Form PTO 948 (Rev. 8-98)     U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office     Application No. 548536

# NOTICE OF DRAFTSPERSON'S
## PATENT DRAWING REVIEW

The drawing(s) filed (insert date) 7/7/99 are:

A. ☐ approved by the Draftsperson under 37 CFR 1.84 or 1.152.
B. ☒ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 for the reasons indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawing must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink. Color.
   ___ Color drawings are not acceptable until petition is granted.
   Fig(s) _____
   ___ Pencil and non black ink not permitted. Fig(s) _____
2. PHOTOGRAPHS. 37 CFR 1.84 (b)
   ___ 1 full-tone set is required. Fig(s) _____
   ___ Photographs not properly mounted (must use brystol board or photographic double-weight paper) Fig(s) _____
   ___ Poor quality (half-tone). Fig(s) _____
3. TYPE OF PAPER. 37 CFR 1.84(e)
   ___ Paper not flexible, strong, white, and durable.
   Fig(s) _____
   ___ Erasures, alterations, overwritings, interlineations, folds, copy machine marks not accepted. Fig(s) _____
   ___ Mylar, velum paper is not acceptable (too thin).
   Fig(s) _____
4. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   ___ 21.0 cm by 29.7 cm (DIN size A4)
   ___ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
   ___ All drawing sheets not the same size.
   Sheet(s) _____
   ___ Drawings sheets not an acceptable size. Fig(s) _____
5. MARGINS. 37 CFR 1.84(g): Acceptable margins:

   Top 2.5 cm Left 2.5cm Right 1.5 cm Bottom 1.0 cm
   SIZE: A4 Size
   Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
   SIZE: 8 1/2 x 11
   Margins not acceptable. Fig(s) _____
   ___ Top (T) _____ Left (L) _____
   ___ Right (R) _____ Bottom (B) _____
6. VIEWS. 37 CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   Partial views. 37 CFR 1.84(h)(2)
   ___ Brackets needed to show figure as one entity.
   Fig(s) _____
   ___ Views not labeled separately or properly.
   Fig(s) _____
   ___ Enlarged view not labeled separately or properly.
   Fig(s) _____
7. SECTIONAL VIEWS. 37 CFR 1.84 (h)(3)
   ___ Hatching not indicated for sectional portions of an object.
   Fig(s) _____
   ___ Sectional designation should be noted with Arabic or Roman numbers. Fig(s) _____

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   ___ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned so that the top becomes the right side, except for graphs. Fig(s) _____
9. SCALE. 37 CFR 1.84(k)
   ___ Scale not large enough to show mechanism without crowding when drawing is reduced in size to two-thirds in reproduction.
   Fig(s) _____
10. CHARACTER OF LINES, NUMBERS, & LETTERS.
    37 CFR 1.84(l)
    ✓ Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (poor line quality).
    Fig(s) 2A 2B
11. SHADING. 37 CFR 1.84(m)
    ___ Solid black areas pale. Fig(s) _____
    ___ Solid black shading not permitted. Fig(s) _____
    ___ Shade lines, pale, rough and blurred. Fig(s) _____
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS.
    37 CFR 1.84(p)
    ___ Numbers and reference characters not plain and legible.
    Fig(s) _____
    ___ Figure legends are poor. Fig(s) _____
    ___ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(1)
    Fig(s) _____
    ___ English alphabet not used. 37 CFR 1.84(p)(2)
    Fig _____
    ___ Numbers, letters and reference characters must be at least .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3)
    Fig(s) _____
13. LEAD LINES. 37 CFR 1.84(q)
    ___ Lead lines cross each other. Fig(s) _____
    ___ Lead lines missing. Fig(s) _____
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
    ___ Sheets not numbered consecutively, and in Arabic numerals beginning with number 1. Sheet(s) _____
15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
    ___ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig(s) _____
16. CORRECTIONS. 37 CFR 1.84(w)
    ___ Corrections not made from prior PTO-948 dated _____
17. DESIGN DRAWINGS. 37 CFR 1.152
    ___ Surface shading shown not appropriate. Fig(s) _____
    ___ Solid black shading not used for color contrast.
    Fig(s) _____

COMMENTS

REVIEWER S. Fields          DATE 12/23/99     TELEPHONE NO. 703 305-8355

ATTACHMENT TO PAPER NO. _____

SAN00828356

PA-IDC    #23

| QUERY CONTROL FORM | | | RTIS USE ONLY | |
|---|---|---|---|---|
| Application No. | 09348536 | Prepared by | CWC | Tracking Number | 05 659482 |
| Examiner-GAU | Casler 3763 | Date | 10-22-02 | Week Date | 9-30-02 |
| | | No. of queries | —1— | | |

### JACKET

| | | | |
|---|---|---|---|
| a. Serial No. | f. Foreign Priority | k. Print Claim(s) | p. PTO-1449 |
| b. Applicant(s) | g. Disclaimer | l. Print Fig. | q. PTOL-85b |
| c. Continuing Data | h. Microfiche Appendix | m. Searched Column | r. Abstract |
| d. PCT | i. Title | n. PTO-270/328 | s. Sheets/Figs |
| e. Domestic Priority | j. Claims Allowed | o. PTO-892 | t. Other |

**SPECIFICATION**

a. Page Missing
b. Text Continuity
c. Holes through Data
d. Other Missing Text
e. Illegible Text
f. Duplicate Text
g. Brief Description
h. Sequence Listing
i. Appendix
j. Amendments
k. Other

**CLAIMS**

a. Claim(s) Missing
b. Improper Dependency
c. Duplicate Numbers
d. Incorrect Numbering
e. Index Disagrees
f. Punctuation
g. Amendments
h. Bracketing
i. Missing Text
j. Duplicate Text
k. Other

**MESSAGE**

PTO-37 (#22) states that all certified copies have been received but none found in file.

Please advise
Thank you
CWC

initials

**RESPONSE** SEE PAPER 24

initials

E-5 (Rev. 10/01/02)

SAN00828357

FEB.11.2003   1:05PM   NNNA LEGAL DEPT.                    NO.405   P.1/9

*02-12-03*
*Paper II 25*
*AP*

novo nordisk ®

# NOVO NORDISK PHARMACEUTICALS, INC.

## FACSIMILE TRANSMITTAL SHEET

| TO:<br>Examiner Ollie Person | FROM:<br>Marc A. Began Esq. |
|---|---|
| COMPANY:<br>United States Patent and Trademark Office | DATE:<br>FEBRUARY 11, 2003 |
| FAX NUMBER:<br>1 703-308-6642 | TOTAL NO. OF PAGES INCLUDING COVER:<br>9 |
| PHONE NUMBER: | SENDER'S PHONE NUMBER:<br>609-919-7829 |
| RE:<br>USSN: 09/348,536<br>Top Sheets of Foreign Priority<br>Document PA 1998 00909 & PA<br>1998 01500 | SENDER'S FAX NUMBER:<br>609-919-7741 |

☐ URGENT     ☐ FOR REVIEW     ☐ PLEASE COMMENT     ☐ PLEASE REPLY     ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Ms. Person:

    As requested, attached herewith are the top sheets of Foreign Priority Documents PA 1998 00909 and PA 1998 01500.

SAN00828358

Applicants have previously submitted both the Foreign Priority Documents together with a Response to File Corrected Application Papers on December 10, 2002, and have received a date stamped return postcard from the USPTO that these documents were received by the USPTO on December 17, 2002. (copies enclosed)

Best Regards,

Marc A. Begun, Reg. No. 48,829

PLEASE NOTE:    The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with the transmission, please contact Maya Faison-Phillip at 609-987-6274.

2

SAN00828359

Attorney Docket No.        5637.200-US

Patent Application entitled: "Medication Delivery Device"

Applicants:                Buch-Rasmussen et al.

USSN:                      09/348,576

The USPTO hereby acknowledges receipt of the following:
1.   Certificate of Mailing
2.   Response to Notice to File Corrected Application Papers (in duplicate)
3.   Copy of Notice to File Corrected Application Papers
5.   Certified Copies of Priority Application(s) (2)

MCBG/RHAJ

December 10, 2002

VIA First Class Mail

SAN00828360

FEB.11.2003  1:06PM   NNNA LEGAL DEPT.                    NO.405   P.4/9

Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit: 3763

Filed: July 7, 1999                       Examiner: Simmons, Kevin C

Confirmation No: 5366

For:  Medication Delivery Device

### CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Commissioner for Patents
Washington, DC 20231

Sir:

I hereby certify that the attached correspondence comprising:

1.   Response to Notice to File Corrected Application Papers (in duplicate)
3.   Copy of Notice to File Corrected Application Papers
4.   Certified copies of Priority Application(s) (2)

is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:

Commissioner for Patents
Washington, DC 20231

on December 10, 2002.

Rashida Haji
(name of person mailing paper)

*Rashida Haji*
(signature of person mailing paper)

SAN00828361

FEB.11.2003   1:06PM    NNNA LEGAL DEPT.                    NO.405    P.5/9

Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit:

Filed: July 7, 1999                       Examiner: To be assigned

Confirmation No: 5366

For:  Medication Delivery Device

### NOTICE TO FILE CORRECTED APPLICATION PAPERS

Commissioner for Patents
Washington, DC  20231

Sir:

In response to the Notice to File Corrected Application Papers dated November 13, 2002, (a copy thereof is attached hereto), Applicants enclose certified copy of Danish application nos. PA 1998 00909, filed July 8, 1998 and PA 1998 01500, filed November 17, 1998, priority of which is claimed under 35 U.S.C. 119.

Please charge any required fee, with this paper and credit any overpayments to Novo Nordisk Pharmaceuticals, Inc., Deposit Account No. 14-1447.  Please charge any additional fees, should they be required, to Deposit Account No. 14-1447. A duplicate of this sheet is enclosed.

Respectfully submitted,

Date:  December 10, 2002

Marc A. Begun, Reg. No. 48,829
Novo Nordisk Pharmaceuticals, Inc.
100 College Road West
Princeton, NJ  08540
(609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00828362

FEB.11.2003   1:06PM    NNNA LEGAL DEPT.                    NO.405   P.6/9

Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit:

Filed: July 7, 1999                        Examiner: To be assigned

Confirmation No: 5366

For:  Medication Delivery Device

### NOTICE TO FILE CORRECTED APPLICATION PAPERS

Commissioner for Patents
Washington, DC  20231

Sir:

In response to the Notice to File Corrected Application Papers dated November 13, 2002, (a copy thereof is attached hereto), Applicants enclose certified copy of Danish application nos. PA 1998 00909, filed July 8, 1998 and PA 1998 01500, filed November 17, 1998, priority of which is claimed under 35 U.S.C. 119.

Please charge any required fee, with this paper and credit any overpayments to Novo Nordisk Pharmaceuticals, Inc., Deposit Account No. 14-1447.  Please charge any additional fees, should they be required, to Deposit Account No. 14-1447.  A duplicate of this sheet is enclosed.

Respectfully submitted,

Date: December 10, 2002

Marc A. Began, Reg. No. 48,829
Novo Nordisk Pharmaceuticals, Inc.
100 College Road West
Princeton, NJ  08540
(609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00828363

FEB.11.2003  1:06PM/ LNNR LEGAL DEPT.        (Y/15 /5 NO. 405)  P.7/9

### UNITED STATE    PENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

NOV 2 6 2002        5637.200-US

STEVE T ZELSON
NOVO NORDISK OF NORTH AMERICA INC

Serial No. :  09/348,536
Applicant :  Buch-
              Rassmussen et
              al

405 LEXINGTON AVENUE SUITE 6400
NEW YORK NY 10174-6401

Filing Date :  07/07/1999
Date Mailed :  11/13/2002

DOCKET (check off ✓ )

ATTY:
I/AAB  DEXT 12/2/02

## NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Notice of Allowance Mailed*

This application has been accorded an Allowance Date and is being prepared for issuance. The
application, however, is incomplete for the reasons below.

Applicant is given 30 days from the mail date of this Notice within which to correct the informalities indicated
below. A failure to reply will result in the application being ABANDONED. This period for reply is NOT
extendable under 37 CFR 1.136 (a)

.TOP SHEETS OF FOREIGN PRIORITY DOCUMENTS ARE REQUIRED.

**APPLICANT MUST SUPPLY TOP SHEETS WITHIN 30 DAYS OF THE MAIL DATE OF THIS
NOTICE.**

*A copy of this notice MUST be returned with the reply. Please address response to "Box Issue Fee".*

David Irvine
Data Query
Phone: Dial 1-800-877-8339; ask relay to dial 703-305-8418
Fax: 703-308-6642

SAN00828364



*Per Query
Use these as certified
Copies*

# Kongeriget Danmark

Patent application No.:    PA 1998 00909

Date of filing:         08 July 1998

Applicant:            Novo Nordisk A/S
                         Novo Allé
                         DK-2880 Bagsværd

This is to certify the correctness of the following information:

The attached photocopy is a true copy of the following information:

-    The specification, claims and figures as filed with the application
      on the filing date indicated above.



**Patent- og Varemærkestyrelsen**
Økonomi- og Erhvervsministeriet

TAASTRUP  03 December 2002

Karin Schlichting
Head Clerk

**PATENT- OG VAREMÆRKESTYRELSEN**

SAN00828365

FEB.11.2003   1:07PM   NNNA LEGAL DEPT.                      NO.405   P.9/9



*Use as certified copy.*

# Kongeriget Danmark

Patent application No.:   PA 1998 01500

Date of filing:          17 November 1998

Applicant:               Novo Nordisk A/S
                         Novo Allé
                         DK-2880 Bagsværd

This is to certify the correctness of the following information:

The attached photocopy is a true copy of the following information:

The specification, claims and figures as filed with the application
on the filing date indicated above.

Patent- og Varemærkestyrelsen
Økonomi- og Erhvervsministeriet

TAASTRUP  03 December 2002

Karin Schlichting
Head Clerk
PATENT- OG VAREMÆRKESTYRELSEN

SAN00828366

#24
DI
11/13/02

**UNITED STATES PATENT AND TRADEMARK OFFICE**

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

STEVE T ZELSON
NOVO NORDISK OF NORTH AMERICA INC

405 LEXINGTON AVENUE SUITE 6400
NEW YORK NY 10174-6401

Serial No. : 09/348,536
Applicant : Buch-
            Rassmussen et
            al
Filing Date : 07/07/1999
Date Mailed : 11/13/2002

## NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Notice of Allowance Mailed*

This application has been accorded an Allowance Date and is being prepared for issuance. The application, however, is incomplete for the reasons below.

Applicant is given 30 days from the mail date of this Notice within which to correct the informalities indicated below. A failure to reply will result in the application being ABANDONED. This period for reply is NOT extendable under 37 CFR 1.136 (a)

.TOP SHEETS OF FOREIGN PRIORITY DOCUMENTS ARE REQUIRED.

**APPLICANT MUST SUPPLY TOP SHEETS WITHIN 30 DAYS OF THE MAIL DATE OF THIS NOTICE.**

*A copy of this notice <u>MUST</u> be returned with the reply. Please address response to "Box Issue Fee".*

David Irvine
Data Query
Phone: Dial 1-800-877-8339; ask relay to dial 703-305-8418
Fax: 703-308-6642

SAN00828367



Attorney Docket No.: 5637.200-US

*B*

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

*OK to Enter*

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                          Group Art Unit: 3763

Filed: July 7, 1999                              Examiner: Simmons, Kevin C

Confirmation No: 5366                            *Part of #25*

For:  Medication Delivery Device

### CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Commissioner for Patents
Washington, DC  20231

Sir:

I hereby certify that the attached correspondence comprising:

1. Response to Notice to File Corrected Application Papers (in duplicate)
3. Copy of Notice to File Corrected Application Papers
4. Certified copies of Priority Application(s) (2)

is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Commissioner for Patents
Washington, DC  20231

on December 10, 2002.

Rashida Haji
(name of person mailing paper)

*Rashida Haji*
(signature of person mailing paper)

SAN00828368



Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536

Filed: July 7, 1999

Confirmation No: 5366

For: Medication Delivery Device

Group Art Unit:

Examiner: To be assigned

### NOTICE TO FILE CORRECTED APPLICATION PAPERS

Commissioner for Patents
Washington, DC 20231

Sir:

In response to the Notice to File Corrected Application Papers dated November 13, 2002, (a copy thereof is attached hereto), Applicants enclose certified copy of Danish application nos. PA 1998 00909, filed July 8, 1998 and PA 1998 01500, filed November 17, 1998, priority of which is claimed under 35 U.S.C. 119.

Please charge any required fee, with this paper and credit any overpayments to Novo Nordisk Pharmaceuticals, Inc., Deposit Account No. 14-1447. Please charge any additional fees, should they be required, to Deposit Account No. 14-1447. A duplicate of this sheet is enclosed.

Respectfully submitted,

Date: December 10, 2002

Marc A. Began, Reg. No. 48,829
Novo Nordisk Pharmaceuticals, Inc.
100 College Road West
Princeton, NJ 08540
(609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00828369



Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536

Group Art Unit:

Filed: July 7, 1999

Examiner: To be assigned

Confirmation No: 5366

For: Medication Delivery Device

## NOTICE TO FILE CORRECTED APPLICATION PAPERS

Commissioner for Patents
Washington, DC 20231

Sir:

In response to the Notice to File Corrected Application Papers dated November 13, 2002, (a copy thereof is attached hereto), Applicants enclose certified copy of Danish application nos. PA 1998 00909, filed July 8, 1998 and PA 1998 01500, filed November 17, 1998, priority of which is claimed under 35 U.S.C. 119.

Please charge any required fee, with this paper and credit any overpayments to Novo Nordisk Pharmaceuticals, Inc., Deposit Account No. 14-1447. Please charge any additional fees, should they be required, to Deposit Account No. 14-1447. A duplicate of this sheet is enclosed.

Respectfully submitted,

Date: December 10, 2002

Marc A. Began, Reg. No. 48,829
Novo Nordisk Pharmaceuticals, Inc.
100 College Road West
Princeton, NJ 08540
(609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00828370



UNITED STATES PATENT AND TRADEMARK OFFICE

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
Washington, D.C. 20231
www.uspto.gov

NOV 2 6 2002

STEVE T ZELSON
NOVO NORDISK OF NORTH AMERICA INC

405 LEXINGTON AVENUE SUITE 6400
NEW YORK NY 10174-6401

| | |
|---|---|
| Serial No. : | 09/348,536 |
| Applicant : | Buch-Rassmussen et al |
| Filing Date : | 07/07/1999 |
| Date Mailed : | 11/13/2002 |

DOCKET (check off ✓)

ATTY:

## NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Notice of Allowance Mailed*

This application has been accorded an Allowance Date and is being prepared for issuance. The application, however, is incomplete for the reasons below.

Applicant is given 30 days from the mail date of this Notice within which to correct the informalities indicated below. A failure to reply will result in the application being ABANDONED. This period for reply is NOT extendable under 37 CFR 1.136 (a)

.TOP SHEETS OF FOREIGN PRIORITY DOCUMENTS ARE REQUIRED.

APPLICANT MUST SUPPLY TOP SHEETS WITHIN 30 DAYS OF THE MAIL DATE OF THIS NOTICE.

*A copy of this notice MUST be returned with the reply. Please address response to "Box Issue Fee".*

David Irvine
Data Query
Phone: Dial 1-800-877-8339; ask relay to dial 703-305-8418
Fax: 703-308-6642





# Kongeriget Danmark

Patent application No.:    PA 1998 00909

Date of filing:    08 July 1998

Applicant:    Novo Nordisk A/S
Novo Allé
DK-2880 Bagsværd

This is to certify the correctness of the following information:

The attached photocopy is a true copy of the following information:

-    The specification, claims and figures as filed with the application
on the filing date indicated above.



**Patent- og Varemærkestyrelsen**
Økonomi- og Erhvervsministeriet

TAASTRUP  03 December 2002

Karin Schlichting
Head Clerk

**PATENT- OG VAREMÆRKESTYRELSEN**

SAN00828372

08/07/98      13:01      HEIDEN & HOIBERG + 43500001              Modtaget PD        NR.570      03

= 8 JULI 1998

P 226 DK                                              1

The present invention relates to a medication delivery device having a cartridge and
a dosing assembly coupled together for delivering selected doses of medication,
wherein at least one of the coupling means of the cartridge is unitarily moulded with
5     the cartridge.

## Background

Some medication, such as insulin is self-administered. The typical diabetes patient
10    will require injections of insulin several times during the day. The required insulin
dose will vary from patient to patient, and will for each patient often also vary during
the day. Each patient will often establish a regimen for the insulin administration
adjusted to his or her insulin need as well as lifestyle. Medication delivery pens have
been developed to facilitate the self-administration of medication, such as insulin.
15

One prior art medication delivery pen includes a pen body assembly comprising a
medication cartridge and a plunger device. A needle assembly may be connected to
the pen body assembly. The medication is delivered by moving or pressing a
plunger in the direction of the needle assembly thereby delivering the medication.
20    When the medication in the cartridge is exhausted the pen body assembly is dis-
carded. Depending on the medication needs for each individual the medication in
the cartridge will last for several days. During this period the needle assembly will
often have to be displaced by a new assembly or new needle due to increasing
bluntness of the needle making injections painful for the patient.
25

More recent developments have revealed medication delivery pens, wherein the
cartridge holder assembly can be disassembled from the pen body assembly after
the medication therein has been exhausted, discarded and replaced by a new medi-
cine-containing cartridge assembly.
30

An example of this is shown in EP 0 666 571 disclosing a medication delivery pen
having a reusable pen body assembly and a disposable cartridge assembly that are
threadedly engageable with one another. The cartridge assembly comprises a car-
tridge, a cartridge housing, a cap between the distal end of the cartridge and the
35    housing, securing the cartridge in the housing and being adapted for engagement

06-07-98                                                          Tekst.ans.doc

3

SAN00828373

08/07/98    13:01    HEIDEN & HOIBERG → 43508001    NR.570    04

2

with a needle assembly. Furthermore, the cartridge comprises a plunger within the cartridge. The reusable pen body assembly is coupled through a threaded coupling to the cartridge housing. Thus, the total number of parts comprising the prior art cartridge assembly is high.

5

It is an object of the present invention to provide a medication delivery device wherein the amount of parts of the cartridge is minimised.

Summary of the invention

10

Accordingly, the present invention relates to a medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly,

15      said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, the cartridge further comprising a stopper adapted to receive

20      plunger means, and

said dosing assembly comprising plunger means has coupling means for engaging the cartridge assembly, and said plunger means is adapted to engage

25      the stopper of the cartridge when the dosing assembly is coupled to the cartridge.

The above-described medication delivery device has fewer parts that the prior art devices because at least one coupling means is moulded unitarily with the cartridge. Thereby the costs involved in the production and assembling of the device are re-

30      duced, and the device is more economical, which is an important feature for a disposable device.

The medical delivering device may either be manufactured as a disposable device which is sold pre-filled with the insulin or it may appear as a durable medical deliv-

35      ering device so designed that it can receive disposable cartridges with insulin.

4

SAN00828374

08/07/98    13:01    HEIDEN & HOIBERG + 43508001                    NR.570    05

3

In a preferred embodiment the dosing assembly is reusable and the cartridge assembly is disposable, and accordingly, a second aspect of the present invention is a
5    medication delivery device wherein the dosing assembly is releasably coupled to the cartridge assembly.

The medication delivery device is preferably constructed as to secure that the plunger means abuts on the stopper during use of the device, such as attaching and
10    releasing the needle assembly. It is understood that the plunger means must disengage the stopper when the cartridge assembly is deliberately released from a reusable dosing assembly because the medication in the cartridge has been exhausted and the cartridge assembly is to be discarded. In this situation the plunger means is to be retracted to the dosing assembly before assembling the device with a new
15    cartridge assembly.

Securing the abutment of the plunger means on the stopper during use of the medication delivery device, in particular when the needle assembly is coupled to and/or decoupled from the cartridge assembly, may be carried out by a variety of means. In
20    a preferred embodiment the abutment is secured by preventing the cartridge assembly from being inadvertently released from the dosing assembly.

In particular, when the cartridge assembly is released from the dosing assembly
25    through a movement including an axial movement, such as through a threaded coupling, it is preferred that the means for releasably coupling the needle assembly and the cartridge assembly together are such that the coupling and/or decoupling of the needle assembly cannot cause an axial movement of the cartridge assembly with respect to the dosing assembly. Thus, in that respect examples of the preferred
30    couplings between the needle assembly and the cartridge assembly include releasable snap locks. Another preferred embodiment includes a safety on the coupling between the dosing assembly and the cartridge assembly, such as hinge on the coupling or a threaded coupling releasable only after exerting an axial pressure on the coupling.

5

SAN00828375

08/07/98    13:01    HEIDEN & HOIBERG + 43500001                                      NR.578    B6

4

A second aspect of the present invention is a cartridge assembly for use in a medi-
cation delivery device, said cartridge assembly having one end sealed with a pier-
ceable sealing, said end of the cartridge assembly comprising coupling means for
engaging a needle assembly, and another end comprising coupling means for en-
5    gaging the dosing assembly, said cartridge assembly further comprising a cartridge
wherein at least one of the coupling means of said cartridge assembly is unitarily
moulded with the cartridge, said cartridge further comprising a stopper.

The cartridge assembly may further comprise a cartridge housing for protecting the
10    cartridge in use. Furthermore, when the cartridge is moulded unitarily with one cou-
pling means the cartridge housing may comprise the other coupling means. Ac-
cordingly, in one embodiment of the invention the housing of the cartridge assembly
comprises coupling means for coupling the cartridge assembly to the dosing as-
sembly, preferably the coupling means is moulded unitarily with the housing. The
15    cartridge is arranged within the cartridge housing. The cartridge housing may be
non-releasably attached to the cartridge, once the cartridge is arranged in the
housing, whereby the housing is disposed with the cartridge. In another embodiment
the housing is reusable and the cartridge is arranged releasably in the housing.

20    In a preferred embodiment all the coupling means of the cartridge assembly are
unitarily moulded with the cartridge. Thereby, it is possible to construct the cartridge
assembly without the housing providing a cartridge assembly with even fewer parts.

The coupling means of the cartridge assembly may be for any suitable coupling,
25    preferably a releasable coupling. Examples of the coupling are snap locks, such as
snap locks with guidewire and sideways snap locks, snap locks released through
threads, bajonet locks, luer locks, hinged locks, threaded locks and any suitable
combinations thereof.

30    The coupling means unitarily moulded with the cartridge are preferably external
coupling means, such as an external threaded coupling.

The cartridge may be moulded from any material suitable for medical containers.
The cartridge is preferably moulded from a plastic material, e.g. by injection mould-
35    ing. A suitable choice of material allows the cartridge to be at least partly transpar-

6

SAN00828376

08/07/98     13:01     HEIDEN & HCIBERG + 43508001                     NR.578     07

5

ent, whereby the user can see whether liquid is left in the cartridge. In a preferred embodiment the cartridge is totally transparent giving the user a greater possibility of inspecting the content of the cartridge.

5      By using a plastic material as compared to the usual glass material a great advantage is achieved in the production lines. Normally a significant quantity of the produced glass cartridges will be spoiled in the lines due to breakage, however the loss is greatly reduced by the use of plastic cartridges. Furthermore, the risk of small loose glass particles in the cartridges have been eliminated.

10

The cartridge may be of any suitable form, such as a cylinder. The cylinder may be constructed with various combinations of circular or non-circular inner and outer cross-section. In another embodiment the cartridge may be box-shaped having essentially rectangular or triangular cross-section.

15

The stopper is in sliding fluid tight engagement in the cartridge. The stopper is preferably made of plastic and/or rubber material.

20     The flexibility of the cartridge wall is not critical, however if the cartridge is too flexible the function of the stopper may be impaired. Mostly, the cartridge is made of a material only slightly flexible to non-flexible.

In order to enforce and strengthen the cartridge wall the cartridge may be integrally moulded with reinforcements. Thereby, the necessity of a protective housing may be
25     obviated. Furthermore, a scale may be integrally moulded with the cartridge wall providing the user with a measure for the medication used and left.

In a most preferred embodiment the cartridge assembly is comprised only of a cartridge being sealed in one end with a sealing, being unitarily moulded with all cou-
30     plings means and comprising a stopper.

In a cylindrical cartridge the two couplings of the cartridge assembly are generally opposing each other. However, the coupling for engaging with the dosing assembly being separate from coupling for engaging the needle assembly may be arranged in
35     any angle with respect to the latter coupling.

7

SAN00828377

08/07/98      13:01    HEIDEN & HOIBERG + 43500001                                    NR.578      88

6

Another aspect of the present invention is a cartridge being at least partly filled with liquid medication, such as insulin.

5    Drawings

Fig. 1 is an exploded perspective view of the medication delivery device.

Fig. 2 is a cross-sectional view showing part of the medication delivery device, 2a
10   immediately after assembling before the first injection, and 2b after some time of use.

Fig. 3 is a cross-sectional view showing the cartridge before assembling of the medication delivery device.

15   Detailed description of the invention

A medication delivery device in accordance with the present invention is identified generally by the numeral 20 in Fig. 1 and 2. Medication delivery device 20 includes
20   a dosing assembly 6, and cartridge assembly 1, a needle assembly 16 and a cap 14.

The dosing assembly 6 is illustrated in Fig. 1 and 2. It is understood, however, that the dosing assembly 6 according to the invention may be any suitable dosing unit
25   including plunger means, and accordingly, that variations from the depicted embodiment may be provided, and are considered to be within the scope of this invention. In the depicted embodiment the dosing assembly 6 includes a cylindrical housing surrounding the plunger means 17 of the dosing unit and having opposed proximal and distal ends.
30

In one aspect of the invention the plunger means comprises a rod element 7 which is adapted to engage the stopper 4 of the cartridge assembly 1. The rod element 7 advances axially into the cartridge 5 during injections. The dosing assembly may
35   have any suitable driving means for advancing the rod element 7.

8

SAN00828378

08/07/98     13:01     HEIDEN & HOIBERG → 43508001                    NR.578     09

7

The dosing unit 6 preferably also comprises scale means 10 indicating the dosing quantity selected by activating the dose setting means 9 for defining specified selected doses of medication to be delivered. The selected dose may be delivered by actuating the actuator button 18. The actuator button is part of the driving means of

5    the dosing assembly exerting its force on the rod element 7.

The dosing assembly further comprises coupling means 8 adapted for engagement with the cartridge assembly. The coupling means 8 may be internal or external couplings. In a preferred embodiment the coupling 8 is an internal coupling.

10

The cartridge assembly 1 is illustrated in Fig. 1 and 2, and in greater detail in Fig. 3. In Fig. 1 cartridge assembly 1 includes a moulded cartridge 5 extending from proximal end 21 to distal end 22.

15   At the distal end 22 of the cartridge assembly 1 is provided coupling means 2 for releasably mounting a needle assembly 11. At the proximal end 21 of the cartridge assembly 1 is provided coupling means 3 for mounting a dosing assembly 6. The coupling means are as described above.

20   Cartridge 5 also comprises a stopper 4 in sliding fluid tight engagement within said cartridge 5. The stopper 4 is adapted to receive the plunger means, such as a rod element 7 of the dosing assembly 6. The rod element 7 is adapted to exert an axial movement of the stopper 4 towards the sealed end 22 of the cartridge 5.

25   The cartridge assembly 1 may further comprise a housing for protecting some or all of the cartridge 5. When the cartridge assembly 1 includes a housing, one of the couplings 2, 3 of the cartridge may be moulded unitarily with the housing.

Instead of the protective housing the cartridge 5 may have integrally moulded rein-
30   forcements of the cartridge wall.

The depicted cartridge 5 is cylindrical having couplings 2, 3 at opposed ends. However, the cartridge may obtain any suitable form and the cross-section may be circular or non-circular, such as substantially triangular or oval.
35

9

SAN00828379

08/07/98    13:01    HEIDEN & HOIBERG + 43500001                    NR.570    10

8

The device according to the invention may include a protective cap 14 that is re-
movably mounted over the cartridge assembly 1 and/or the needle 11 and which is
removed before injection of the medication in the cartridge 5. The cap further en-
sures that the content of the cartridge is protected against sunlight.

5

Referring to Fig. 3 the coupling means of the cartridge are shown in greater detail.
The coupling means 3 is an external thread, whereas the coupling means 2 is a re-
cess for a snap lock of the needle assembly. Both coupling means are moulded
unitarily with the cartridge.

10

The various parts of the medication delivery device are advantageously made of
plastics, e.g. by injection moulding.

The medication delivery device 20 may further comprise any appropriate needle
15    assembly 11, such as a double ended needle 13 having opposed proximal and dis-
tal points and a lumen extending axially therebetween.

A mounting hub 12 is engaged on the needle 13 and is removably connected to the
coupling means 2 at the needle end of the cartridge assembly. The relative location
20    of the mounting hub 12 ensures that the proximal point of the needle 13 will pierce
the sealing when the mounting hub 12 is engaged with the coupling means 2 on the
cartridge assembly 1.

The needle assembly 11 may further comprise a removable shield or cap 15 for
25    protecting against accidental needle sticks.

The device according to the invention is suitable for delivering pre-set dosages of
insulin, it is however understood that the device is suitable for the injection of pre-set
dosages of other liquids.

30

In use the user will set the dose by means of the dose setting means 9. Before acti-
vating the actuator button 18 the cap 14 must be removed from the cartridge as-
sembly 1 whereby the device 20 is prepared for an injection. The injection is ef-
fected by activating the actuator button 18, which again will affect the stopper 4 to
35    be moved towards the sealed end 22 of the cartridge 5, thereby delivering the desi-

10

SAN00828380

08/07/98     13:01     HEIDEN & HOIBERG + 43500001                    NR.570     11

9

red pre-set dosage. A subsequent dosage of medication will be set in exactly the
same manner as described above. However, for such a subsequent dosage, the rod
element 7 and the stopper 4 will be in a partly advanced position as starting point.
Dose setting and injections can be carried out until all of the medication has been
5     used.

11

SAN00828381

10

### Claims:

1. A medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly,

   said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, the cartridge further comprising a stopper adapted to receive plunger means, and

   said dosing assembly comprising plunger means having coupling means for engaging the cartridge, and said plunger means is adapted to engage the stopper of the cartridge when the dosing assembly is coupled to the cartridge.

2. A medication delivery device according to claim 1, wherein all the coupling means of the cartridge assembly are unitarily moulded with the cartridge.

3. A medication delivery device according to claim 1 or 2, wherein at least one coupling means of the cartridge is an external coupling.

4. A medication delivery device according to any of the preceding claims, wherein at least one coupling means of the cartridge is a threaded coupling.

5. A medication delivery device according to any of the preceding claims, wherein the cartridge is moulded of a plastic material.

6. A medication delivery device according to any of the preceding claims, wherein the cartridge is at least partly transparent.

7. A medication delivery device according to any of the preceding claims, wherein reinforcements of the cartridge wall are integrally moulded with the cartridge.

12

SAN00828382

08/07/98    13:01    HEIDEN & HOIBERG + 43500001                    NR.570    13

11

8.  A medication delivery device according to any of the preceding claims, wherein
the cartridge further comprises a cartridge housing.

5       9.  A medication delivery device according to any of the preceding claims, wherein
the cartridge further comprise a scale.

10.  A medication delivery device according to any of the preceding claims, wherein
the cross-section of the cartridge is non-circular.

10      11.  A medication delivery device according to any of the preceding claims, wherein
the coupling means of the cartridge are opposed each other.

12.  A cartridge assembly for use in a medication delivery device, said cartridge as-
15      sembly having one end sealed with a pierceable sealing, said end of the car-
tridge assembly comprising coupling means for engaging a needle assembly,
and another end comprising coupling means for engaging the dosing assembly,
said cartridge assembly further comprising a cartridge wherein at least one of
the coupling means of said cartridge assembly is unitarly moulded with the car-
20      tridge, said cartridge further comprising a stopper.

13.  A cartridge assembly according to claim 12, wherein all the coupling means of
the cartridge are unitarly moulded with the cartridge.

25      14.  A cartridge assembly according to claim 12 or 13, wherein at least one coupling
means of the cartridge is an external coupling.

15.  A cartridge assembly according to any of the claims 12-14, wherein at least one
coupling means of the cartridge is a threaded coupling.

30      16.  A cartridge assembly according to any of the claims 12-15, wherein the cartridge
is moulded of a plastic material.

17.  A cartridge assembly according to any of the preceding 12-16, wherein the car-
35      tridge is at least partly transparent.

13

SAN00828383

08/07/98     13:01     HEIDEN & HOIBERG + 43508081                    NR.570     14

12

18. A cartridge assembly according to any of the claims 12-17, wherein reinforce-
    ments of the cartridge wall are integrally moulded with the cartridge.

5   19. A cartridge assembly according to any of the claims 12-18, wherein the cartridge
        further comprises a cartridge housing.

    20. A cartridge assembly according to any of the claims 12-19, wherein the cartridge
        further comprise a scale.

10  21. A cartridge assembly according to any of the claims 12-20, wherein the cross-
        section of the cartridge is non-circular.

    22. A cartridge assembly according to any of the claims 12-21, wherein the coupling
15      means of the cartridge are opposed each other.

    23. A cartridge assembly according to any of the claims 12-22, which is filled with
        medicine.

14

SAN00828384

08/07/98     13:01     HEIDEN & HOIBERG → 43500001                    NR.570     15

1 / 2



Fig. 1

15

SAN00828385

08/07/98    13:01    HEIDEN & HOIBERG + 43508001                    NR.570    16

2/2



Fig. 2 a



Fig. 2 b



Fig. 3

16

SAN00828386





# Kongeriget Danmark

Patent application No.:     PA 1998 01500

Date of filing:            17 November 1998

Applicant:                 Novo Nordisk A/S
                           Novo Allé
                           DK-2880  Bagsværd

This is to certify the correctness of the following information:

The attached photocopy is a true copy of the following information:



—   The specification, claims and figures as filed with the application
    on the filing date indicated above.

Patent- og Varemærkestyrelsen
Økonomi- og Erhvervsministeriet

TAASTRUP  03 December 2002

Karin Schlichting
Head Clerk
PATENT- OG VAREMÆRKESTYRELSEN

SAN00828387

17/11/98     15:45     HEIDEN & HOIBERG → 43508001                                                        NR.019     04

Modtaget PD

1 7 NOV. 1998

P 226 DK 1                                    1

The present invention relates to a medication delivery device having a cartridge and
a dosing assembly coupled together for delivering selected doses of medication,
wherein at least one of the coupling means of the cartridge is unitarily moulded with
5      the cartridge.

Background

Some medication, such as insulin is self-administered. The typical diabetes patient
10     will require injections of insulin several times during the day. The required insulin
dose will vary from patient to patient, and will for each patient often also vary during
the day. Each patient will often establish a regimen for the insulin administration
adjusted to his or her insulin need as well as lifestyle. Medication delivery pens have
been developed to facilitate the self-administration of medication, such as insulin.

15

One prior art medication delivery pen includes a pen body assembly comprising a
medication cartridge and a plunger device. A needle assembly may be connected to
the pen body assembly. The medication is delivered by moving or pressing a
plunger in the direction of the needle assembly thereby delivering the medication.
20     When the medication in the cartridge is exhausted the pen body assembly is dis-
carded. Depending on the medication needs for each individual the medication in
the cartridge will last for several days. During this period the needle assembly will
often have to be displaced by a new assembly or new needle due to increasing
bluntness of the needle making injections painful for the patient.

25

More recent developments have revealed medication delivery pens, wherein the
cartridge holder assembly can be disassembled from the pen body assembly after
the medication therein has been exhausted, discarded and replaced by a new medi-
cine-containing cartridge assembly.

30

An example of this is shown in EP 0 558 571 disclosing a medication delivery pen
having a reusable pen body assembly and a disposable cartridge assembly that are
threadedly engageable with one another. The cartridge assembly comprises a car-
tridge, a cartridge housing, a cap between the distal end of the cartridge and the
35     housing, securing the cartridge in the housing and being adapted for engagement

7-11-98

4

SAN00828388

2

with a needle assembly. Furthermore, the cartridge comprises a plunger within the cartridge. The reusable pen body assembly is coupled through a threaded coupling to the cartridge housing. Thus, the total number of parts comprising the prior art cartridge assembly is high.

5

It is an object of the present invention to provide a medicaiton delivery device wherein the amount of parts of the cartridge is minimised.

Summary of the invention

10

Accordingly, the present invention relates to a medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly,

15     said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, the cartridge further comprising a stopper adapted to receive plunger means, and

20

said dosing assembly comprising plunger means has coupling means for engaging the cartridge assembly, and said plunger means is adapted to engage the stopper of the cartridge when the dosing assembly is coupled to the cartridge.

25

The above-described medication delivery device has fewer parts that the prior art devices because at least one coupling means is moulded unitarily with the cartridge. Thereby the costs involved in the production and assembling of the device are reduced, and the device is more economical, which is an important feature for a disposable device.

30

The medical delivering device may either be manufactured as a disposable device which is sold pre-filled with the insulin or it may appear as a durable medical delivering device so designed that it can receive disposable cartridges with insulin.

35

5

SAN00828389

17/11/98    15:45    HEIDEN & HOIBERG → 43500001                    NR.019    06

3

In a preferred embodiment the dosing assembly is reusable and the cartridge as-
sembly is disposable, and accordingly, a second aspect of the present invention is a
5       medication delivery device wherein the dosing assembly is releasably coupled to the
cartridge assembly.

The medication delivery device is preferably constructed as to secure that the
plunger means abuts on the stopper during use of the device, such as attaching and
10      releasing the needle assembly. It is understood that the plunger means must disen-
gage the stopper when the cartridge assembly is deliberately released from a reus-
able dosing assembly because the medication in the cartridge has been exhausted
and the cartridge assembly is to be discarded. In this situation the plunger means is
to be retracted to the dosing assembly before assembling the device with a new
15      cartridge assembly.

Securing the abutment of the plunger means on the stopper during use of the medi-
cation delivery device, in particular when the needle assembly is coupled to and/or
decoupled from the cartridge assembly, may be carried out by a variety of means. In
20      a preferred embodiment the abutment is secured by preventing the cartridge as-
sembly from being inadvertently released from the dosing assembly.

In particular, when the cartridge assembly is released from the dosing assembly
through a movement including an axial movement, such as through a threaded cou-
25      pling, it is preferred that the means for releasably coupling the needle assembly and
the cartridge assembly together are such that the coupling and/or decoupling of the
needle assembly cannot cause an axial movement of the cartridge assembly with
respect to the dosing assembly. Thus, in that respect examples of the preferred
couplings between the needle assembly and the cartridge assembly include releas-
30      able snap locks. Another preferred embodiment includes a safety on the coupling
between the dosing assembly and the cartridge assembly, such as hinge on the
coupling or a threaded coupling releasable only after exerting an axial pressure on
the coupling.

6

SAN00828390

17/11/98    15:45    HEIDEN & HOIBERG → 43500001                    NR.019    07

4

A second aspect of the present invention is a cartridge assembly for use in a medication delivery device, said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for en-

5    gaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, said cartridge further comprising a stopper.

The cartridge assembly may further comprise a cartridge housing for protecting the

10    cartridge in use. Furthermore, when the cartridge is moulded unitarily with one coupling means the cartridge housing may comprise the other coupling means. Accordingly, in one embodiment of the invention the housing of the cartridge assembly comprises coupling means for coupling the cartridge assembly to the dosing assembly, preferably the coupling means is moulded unitarily with the housing. The

15    cartridge is arranged within the cartridge housing. The cartridge housing may be non-releasably attached to the cartridge, once the cartridge is arranged in the housing, whereby the housing is disposed with the cartridge. In another embodiment the housing is reusable and the cartridge is arranged releasably in the housing.

20    In a preferred embodiment all the coupling means of the cartridge assembly are unitarily moulded with the cartridge. Thereby, it is possible to construct the cartridge assembly without the housing providing a cartridge assembly with even fewer parts.

The coupling means of the cartridge assembly may be for any suitable coupling,

25    preferably a releasable coupling. Examples of the coupling are snap locks, such as snap locks with guidewire and sideways snap locks, snap locks released through threads, bajonet locks, luer locks, hinged locks, threaded locks and any suitable combinations thereof.

30    The coupling means unitarily moulded with the cartridge are preferably external coupling means, such as an external threaded coupling.

The cartridge may be moulded from any material suitable for medical containers. The cartridge is preferably moulded from a plastic material, e.g. by injection mould-

35    ing. A suitable choice of material allows the cartridge to be at least partly transpar-

7

SAN00828391

17/11/98      15:45      HEIDEN & HOIBERG + 43500001                    NR.019    08

5

ent, whereby the user can see whether liquid is left in the cartridge. In a preferred
embodiment the cartridge is totally transparent giving the user a greater possibility of
inspecting the content of the cartridge.

5      By using a plastic material as compared to the usual glass material a great advan-
tage is achieved in the production lines. Normally a significant quantity of the pro-
duced glass cartridges will be spoiled in the lines due to breakage, however the loss
is greatly reduced by the use of plastic cartridges. Furthermore, the risk of small
loose glass particles in the cartridges have been eliminated.

10      The cartridge may be of any suitable form, such as a cylinder. The cylinder may be
constructed with various combinations of circular or non-circular inner and outer
cross-section. In another embodiment the cartridge may be box-shaped having es-
sentially rectangular or triangular cross-section.

15      The stopper is in sliding fluid tight engagement in the cartridge. The stopper is pref-
erably made of plastic and/or rubber material.

The flexibility of the cartridge wall is not critical, however if the cartridge is too flexi-
20      ble the function of the stopper may be impaired. Mostly, the cartridge is made of a
material only slightly flexible to non-flexible.

In order to enforce and strengthen the cartridge wall the cartridge may be integrally
moulded with reinforcements. Thereby, the necessity of a protective housing may be
25      obviated. Furthermore, a scale may be integrally moulded with the cartridge wall
providing the user with a measure for the medication used and left.

In a most preferred embodiment the cartridge assembly is comprised only of a car-
tridge being sealed in one end with a sealing, being unitarily moulded with all cou-
30      plings means and comprising a stopper.

In a cylindrical cartridge the two couplings of the cartridge assembly are generally
opposing each other. However, the coupling for engaging with the dosing assembly
being separate from coupling for engaging the needle assembly may be arranged in
35      any angle with respect to the latter coupling.

8

SAN00828392

17/11/98     15:45     HEIDEN & HOIBERG → 43500001                          NR.019     09

6

Another aspect of the present invention is a cartridge being at least partly filled with liquid medication, such as insulin.

5    In another embodiment the invention relates to a medication delivery device for transferring medication from the cartridge into a syringe with a needle. In this embodiment the coupling means for engaging the needle assembly may be replaced by coupling means for engaging the syringe, or coupling means for both may be provided. The coupling means may be a syringe holder, for example a cylinder coupled

10    to the cartridge comprising a central bore for receiving the syringe. The syringe is coupled to the cartridge having the needle piercing the sealing. By activation of the dosing means the metered amount of medication is driven into the syringe. The syringe is then ready for injection after being removed from the cartridge.

15    Drawings

Fig. 1 is an exploded perspective view of the medication delivery device.

Fig. 2 is a cross-sectional view showing part of the medication delivery device, 2a

20    immediately after assembling before the first injection, and 2b after some time of use.

Fig. 3 is a cross-sectional view showing the cartridge before assembling of the medication delivery device.

25    Detailed description of the invention

A medication delivery device in accordance with the present invention is identified generally by the numeral 20 in Fig. 1 and 2. Medication delivery device 20 includes

30    a dosing assembly 6, and cartridge assembly 1, a needle assembly 18 and a cap 14.

The dosing assembly 6 is illustrated in Fig. 1 and 2. It is understood, however, that the dosing assembly 6 according to the invention may be any suitable dosing unit

35    including plunger means, and accordingly, that variations from the depicted embodiment may be provided, and are considered to be within the scope of this inven-

9

SAN00828393

17/11/98    15:45    HEIDEN & HOIBERG + 43500001         NR.019    10

7

tion. In the depicted embodiment the dosing assembly 6 includes a cylindrical housing surrounding the plunger means 17 of the dosing unit and having opposed proximal and distal ends.

5    In one aspect of the invention the plunger means comprises a rod element 7 which is adapted to engage the stopper 4 of the cartridge assembly 1. The rod element 7 advances axially into the cartridge 5 during injections. The dosing assembly may have any suitable driving means for advancing the rod element 7.

10    The dosing unit 6 preferably also comprises scale means 10 indicating the dosing quantity selected by activating the dose setting means 9 for defining specified selected doses of medication to be delivered. The selected dose may be delivered by actuating the actuator button 18. The actuator button is part of the driving means of the dosing assembly exerting its force on the rod element 7.

15    The dosing assembly further comprises coupling means 8 adapted for engagement with the cartridge assembly. The coupling means 8 may be internal or external couplings. In a preferred embodiment the coupling 8 is an internal coupling.

20    The cartridge assembly 1 is illustrated in Fig. 1 and 2, and in greater detail in Fig. 3. In Fig. 1 cartridge assembly 1 includes a moulded cartridge 5 extending from proximal end 21 to distal end 22.

25    At the distal end 22 of the cartridge assembly 1 is provided coupling means 2 for releasably mounting a needle assembly 11. At the proximal end 21 of the cartridge assembly 1 is provided coupling means 3 for mounting a dosing assembly 6. The coupling means are as described above.

30    Cartridge 5 also comprises a stopper 4 in sliding fluid tight engagement within said cartridge 5. The stopper 4 is adapted to receive the plunger means, such as a rod element 7 of the dosing assembly 6. The rod element 7 is adapted to exert an axial movement of the stopper 4 towards the sealed end 22 of the cartridge 5.

10

SAN00828394

17/11/98    15:45    HEIDEN & HOIBERG + 43900001                    NR.019    11

8

The cartridge assembly 1 may further comprise a housing for protecting some or all of the cartridge 5. When the cartridge assembly 1 includes a housing, one of the couplings 2, 3 of the cartridge may be moulded unitarily with the housing.

5    Instead of the protective housing the cartridge 5 may have integrally moulded reinforcements of the cartridge wall.

The depicted cartridge 5 is cylindrical having couplings 2, 3 at opposed ends. However, the cartridge may obtain any suitable form and the cross-section may be circular or non-circular, such as substantially triangular or oval.

10

The device according to the invention may include a protective cap 14 that is removably mounted over the cartridge assembly 1 and/or the needle 11 and which is removed before injection of the medication in the cartridge 5. The cap further ensures that the content of the cartridge is protected against sunlight.

15

Referring to Fig. 3 the coupling means of the cartridge are shown in greater detail. The coupling means 3 is an external thread, whereas the coupling means 2 is a recess for a snap lock of the needle assembly. Both coupling means are moulded unitarily with the cartridge.

20

The various parts of the medication delivery device are advantageously made of plastics, e.g. by injection moulding.

25    The medication delivery device 20 may further comprise any appropriate needle assembly 11, such as a double ended needle 13 having opposed proximal and distal points and a lumen extending axially therebetween.

A mounting hub 12 is engaged on the needle 13 and is removably connected to the coupling means 2 at the needle end of the cartridge assembly. The relative location of the mounting hub 12 ensures that the proximal point of the needle 13 will pierce the sealing when the mounting hub 12 is engaged with the coupling means 2 on the cartridge assembly 1.

30

11

SAN00828395

9

The needle assembly 11 may further comprise a removable shield or cap 15 for protecting against accidental needle sticks.

5    The device according to the invention is suitable for delivering pre-set dosages of insulin, it is however understood that the device is suitable for the injection of pre-set dosages of other liquids.

In use the user will set the dose by means of the dose setting means 9. Before acti-
vating the actuator button 18 the cap 14 must be removed from the cartridge as-
10    sembly 1 whereby the device 20 is prepared for an injection. The injection is ef-
fected by activating the actuator button 18, which again will effect the stopper 4 to
be moved towards the sealed end 22 of the cartridge 5, thereby delivering the desi-
red pre-set dosage. A subsequent dosage of medication will be set in exactly the
same manner as described above. However, for such a subsequent dosage, the rod
15    element 7 and the stopper 4 will be in a partly advanced position as starting point.
Dose setting and injections can be carried out until all of the medication has been
used.

12

SAN00828396

10

Claims:

1. A medication delivery device comprising a cartridge assembly, a dosing assem-
bly and optionally a needle assembly,

said cartridge assembly having one end sealed with a pierceable sealing, said
end of the cartridge assembly comprising coupling means for engaging a needle
assembly, and another end comprising coupling means for engaging the dosing
assembly, said cartridge assembly further comprising a cartridge wherein at
least one of the coupling means of said cartridge assembly is unitarily moulded
with the cartridge, the cartridge further comprising a stopper adapted to receive
plunger means, and

said dosing assembly comprising plunger means having coupling means for en-
gaging the cartridge, and said plunger means is adapted to engage the stopper
of the cartridge when the dosing assembly is coupled to the cartridge.

2. A medication delivery device according to claim 1, wherein all the coupling
means of the cartridge assembly are unitarily moulded with the cartridge.

3. A medication delivery device according to claim 1 or 2, wherein at least one
coupling means of the cartridge is an external coupling.

4. A medication delivery device according to any of the preceding claims, wherein
at least one coupling means of the cartridge is a threaded coupling.

5. A medication delivery device according to any of the preceding claims, wherein
the cartridge is moulded of a plastic material.

6. A medication delivery device according to any of the preceding claims, wherein
the cartridge is at least partly transparent.

7. A medication delivery device according to any of the preceding claims, wherein
reinforcements of the cartridge wall are integrally moulded with the cartridge.

13

SAN00828397

11

8. A medication delivery device according to any of the preceding claims, wherein the cartridge further comprises a cartridge housing.

5

9. A medication delivery device according to any of the preceding claims, wherein the cartridge further comprise a scale.

10. A medication delivery device according to any of the preceding claims, wherein the cross-section of the cartridge is non-circular.

10

11. A medication delivery device according to any of the preceding claims, wherein the coupling means of the cartridge are opposed each other.

12. A cartridge assembly for use in a medication delivery device, said cartridge as-
15      sembly having one end sealed with a pierceable sealing, said end of the car-
        tridge assembly comprising coupling means for engaging a needle assembly,
        and another end comprising coupling means for engaging the dosing assembly,
        said cartridge assembly further comprising a cartridge wherein at least one of
        the coupling means of said cartridge assembly is unitarily moulded with the car-
20      tridge, said cartridge further comprising a stopper.

13. A cartridge assembly according to claim 12, wherein all the coupling means of the cartridge are unitarily moulded with the cartridge.

25

14. A cartridge assembly according to claim 12 or 13, wherein at least one coupling means of the cartridge is an external coupling.

15. A cartridge assembly according to any of the claims 12-14, wherein at least one coupling means of the cartridge is a threaded coupling.

30

16. A cartridge assembly according to any of the claims 12-15, wherein the cartridge is moulded of a plastic material.

17. A cartridge assembly according to any of the preceding 12-16, wherein the car-
35      tridge is at least partly transparent.

14

SAN00828398

17/11/98    15:45    HEIDEN & HOIBERG → 43500001    NR.019    15

12

18. A cartridge assembly according to any of the claims 12-17, wherein reinforcements of the cartridge wall are integrally moulded with the cartridge.

5    19. A cartridge assembly according to any of the claims 12-18, wherein the cartridge further comprises a cartridge housing.

20. A cartridge assembly according to any of the claims 12-19, wherein the cartridge further comprise a scale.

10    21. A cartridge assembly according to any of the claims 12-20, wherein the cross-section of the cartridge is non-circular.

22. A cartridge assembly according to any of the claims 12-21, wherein the coupling means of the cartridge are opposed each other.

15    23. A cartridge assembly according to any of the claims 12-22, which is filled with medicine.

15

SAN00828399



17/11/98    15:45    HEIDEN & HOIBERG → 43500001                   NR.019    16

Modtaget PD    1 / 2
1 7 NOV. 1998



Fig. 1

16

SAN00828400

17/11/98     15:45     HEIDEN & HOIBERG → 43508001                    NR.019     17

Modtaget PD
1 7 NOV. 1998                    2/2



Fig. 2 a



Fig. 2 b



Fig. 3

17

SAN00828401

PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: Mail  Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231
Fax   (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

| CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1) | Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission. |

26137        7590        08/20/2002

PATENT DEPARTMENT  *Marc A. Began, Esq.*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP  *Novo Nordisk Pharmaceuti-*
FOUR TIMES SQUARE                                   *cals,*
NEW YORK, NY 10036                                   *Inc.*
               *100 College Road West*
       *Princeton, NJ 08540*

Certificate of Mailing or Transmission
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

*Kashida Haji*                                          (Depositor's name)
*Kshaji*                                                     (Signature)
*December 12, 2002*                                    (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 69/248,126 | 07/03/1999 | THOMAS BUCH-RASMUSSEN | 5437.200-US | 5366 |

TITLE OF INVENTION: MEDICATION DELIVERY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1280 | $0 | $1280 | 12/20/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SIRMONS, KEVIN C | 3763 | 604-232006 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 *Marc A. Began, Esq.*
2 *Richard W. Bork, Esq.*
3 *Reza Green, Esq.*

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

*Novo Nordisk A/S*

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

*Bagsvaerd   Denmark*

Please check the appropriate assignee category or categories (will not be printed on the patent):   ☐ individual  ☒ corporation or other private group entity  ☐ government

4a. The following fee(s) are enclosed:
☒ Issue Fee
☐ Publication Fee
☒ Advance Order - # of Copies   *4*

4b. Payment of Fee(s):
☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number *14-1447* (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)  *MMgDyn*   RQ 48 B 24    (Date)  *12/12/02*

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, D.C. 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

12/26/2002 BHUTEN 00000061 141447  69248526

01 FC:1001      12.00 CH
08 FC:1504     200.00 CH
03 FC:1501    1280.00 CH

TRANSMIT THIS FORM WITH FEE(S)

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033.    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SAN00828402

ⁿ Kim B

PATENT

Attorney Docket No.: 5637.200-US

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit: 3763

Filed: July 7, 1999                       Examiner: Sirmons

Confirmation No: 5366

For:  Medication Delivery Device

CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Attn: Official Draftsperson
Commissioner for Patents
Washington, DC 20231

Sir:

I hereby certify that the attached correspondence comprising:

1.  Submission of Formal Drawings
2.  1 Sheet of Formal Drawings

is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:

Attn: Official Draftsperson
Commissioner for Patents
Washington, DC 20231

on December 12, 2002.

Rashida Haji
(name of person mailing paper)

Rashida Haji
(signature of person mailing paper)

SAN00828403



Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536

Group Art Unit: 3763

Filed: July 7, 1999

Examiner: Sirmons

Confirmation No: 5366

For:  Medication Delivery Device

### SUBMISSION OF FORMAL DRAWINGS

Commissioner for Patents
Washington, DC 20231

Sir:

Applicants submit herewith 1 sheet of formal drawings, containing Figures 2A, 2B and 3 for the above-captioned application. The formal drawings are being filed in response to the request contained in the Attachment to the Notice of Allowance and Issue Fee Due, mailed September 20, 2002, and should be substituted for the corresponding sheets of informal drawings of the originally filed application.

Respectfully submitted,

Date: December 12, 2002

Marc A. Began, Reg. No. 48,829
Novo Nordisk Pharmaceuticals, Inc.
100 College Road West
Princeton, NJ 08540
(609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00828404





FIG. 2A



FIG. 2B



FIG. 3

SAN00828405