## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVO NORDISK A/S,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>AVENTIS PHARMACEUTICALS INC,<br>SANOFI-AVENTIS, and AVENTIS<br>PHARMA DEUTSCHLAND GMBH,<br><br>Defendants and Counterplaintiffs. | C.A. No. 05-645 SLR |

## NOVO NORDISK A/S' ANSWERING BRIEF IN OPPOSITION TO AVENTIS'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS

Of Counsel:
Jeffrey J. Oelke
Scott T. Weingaertner
Stephen J. Vitola
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: (212) 819-8200

Dated: November 22, 2006

Frederick L. Cottrell III (ID NO. 2555)
cottrell@rlf.com
Anne Shea Gaza (ID NO. 4093)
gaza@rlf.com
Richards, Layton & Finger, P.A
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
*Attorneys for Plaintiff*

i

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES................................................................................ii

I.   NATURE AND STAGE OF THE PROCEEDINGS ........................................ 1

II.  SUMMARY OF ARGUMENT....................................................................... 1

III. STATEMENT OF FACTS ............................................................................. 2

    A.   Aventis's Proposed Amended Answer .................................................. 2

    B.   The Scheduling Order, Discovery and Aventis's Pattern of Delay ........................ 3

    C.   The '408 Patent Prosecution History and Reasons for Allowance .......................... 5

    D.   The '011 Patent, the Allegedly Material References, and Aventis's Commutative Theory of Inequitable Conduct ................................................. 6

    E.   The Absence of Support for Aventis's Motion for Leave ........................................ 7

    F.   The ITC Action and Aventis's Pattern of Baseless Allegations ............................... 8

IV.  ARGUMENT................................................................................................ 9

    A.   Legal Standard .................................................................................. 9

    B.   Novo Nordisk Will Be Unfairly Prejudiced if Aventis's Answer Is Amended to Include These New Allegations of Inequitable Conduct ......................................... 10

    C.   Aventis's Undue Delay Is Unjustified, Amounts to Bad Faith and Warrants Denying Aventis's Motion For Leave............................................. 11

V.   CONCLUSION............................................................................................ 16

i

## TABLE OF AUTHORITIES

### CASES

Advanced Cardiovascular Sys. v. Scimed Life Sys.,
  989 F. Supp. 1237 (N.D. Cal 1997) ............................................................... 15

Amquip Corp. v. Admiral Ins. Co.,
  231 F.R.D. 197, (E.D. Pa. 2005) ................................................................... 11

Bechtel v. Robinson,
  886 F.2d 644 (3d Cir. 1989) ............................................................................ 9

Cureton v. Nat'l Collegiate Athletic Ass'n,
  252 F.3d 267 (3d Cir. 2001) ............................................................................ 9

Enzo Life Sciences, Inc. v. Digene Corp.,
  270 F. Supp. 2d 484, 488-89 (D. Del. 2003) .............................................. 15

Foman v. Davis,
  371 U.S. 178, 182 (1962) ................................................................................. 9

Fraser v. Nationwide Mut. Ins. Co.,
  352 F.3d 107 (3d Cir. 2003) ...................................................................... 9, 13

Inline Connection Corp. v. AOL Time Warner Inc.,
  237 F.R.D. 361 (D. Del. 2006) .............................................................. passim

Lorentz v. CSX Corp.,
  1 F.3d 1406 (3d Cir. 1993) .............................................................................. 9

M/V Am. Queen v. San Diego Marine Constr. Corp.,
  708 F.2d 1483 (9th Cir. 1983) ...................................................................... 13

Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.,
  93 F.R.D. 858 (D. Del. 1982) ....................................................................... 12

U.S. for Use and Ben. of B&R, Inc. v. Donald Lane Constr.,
  19 F.Supp.2d 217 (D. Del. 1998) .................................................................. 11

Plaintiff Novo Nordisk A/S ("Novo Nordisk"), by and through its counsel, hereby opposes Aventis Pharmaceuticals, Inc., sanofi-aventis and Aventis Pharma Deutschland GmbH's (collectively, "Aventis") Motion for Leave to File An Amended Answer and Counterclaims (hereinafter, "Motion for Leave"). For the reasons that follow, the Court should deny Aventis's Motion for Leave in its entirety.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On September 2, 2005, Novo Nordisk commenced this patent infringement action against Aventis in response to Aventis's infringement of U.S. Patent No. 6,582,408 (the "'408 Patent") by offering for sale, selling, distributing and importing into the United States, the OptiClik insulin delivery device and cartridges used with OptiClik. See Complaint for Patent Infringement. (D.I. 1.) On January 11, 2006, the Court entered a scheduling order that set forth, *inter alia*, deadlines for amending the pleadings and the close of fact discovery. See Scheduling Order (D.I. 21.) As amended at Aventis's request, the deadline for amending the pleadings, which was extended twice (also at Aventis's request) beyond the date originally set by the Court's scheduling order, passed on September 8, 2006. (D.I. 51.) Fact discovery was scheduled to close on November 10, 2006. However, due largely to Aventis's refusal to produce witnesses for deposition prior to that date, the deadline for taking depositions has been extended until December 20, 2006. (D.I. 106.) Aventis now seeks leave to amend its answer to assert additional allegations of inequitable conduct against Novo Nordisk and its attorneys.

## II.    SUMMARY OF ARGUMENT

1.    Aventis's Motion for Leave should be denied because allowing the addition of five new theories based on the alleged non-disclosure of five additional patents will

1

unfairly prejudice Novo Nordisk. The time for amending pleadings has passed and fact discovery is closed but for taking depositions that were noticed prior to November 10, 2006. Allowing Aventis's new theories to enter the case at this point will undoubtedly lead to delays in the schedule. Novo Nordisk will be prejudiced by a delay that allows continuing infringement of the '408 Patent.

2.      Aventis's undue delay in bringing this proposed amendment also warrants denying its Motion for Leave. Aventis possessed the information that it now seeks to add to its answer months ago. Aventis did not amend its pleadings then, however. Aventis waited three months to assert these claims, but provides no justification or satisfactory explanation for this delay.

For these reasons, Novo Nordisk respectfully requests that Aventis's Motion for Leave be denied.

## III.    STATEMENT OF FACTS

### A.    Aventis's Proposed Amended Answer

With fact discovery closed but for the taking of depositions that were noticed prior to November 10, 2006, Aventis seeks to amend its answer to add additional allegations of inequitable conduct. Specifically, Aventis seeks to add inequitable conduct allegations based on five additional patents to its counterclaims. Specifically, Aventis seeks to add counterclaims that attorneys at Novo Nordisk committed inequitable conduct by failing to disclose U.S. Patent Nos. 6,146,361; 4,936,833; 5,549,575; 5,554,125; and 5,137,511 (collectively, the "Additional Patents") to the United States Patent and Trademark Office ("PTO") during prosecution of the '408 Patent with knowledge that the Additional Patents

2

were material to the inventions claimed in the '408 Patent and with an intent to deceive the PTO.

Each of these patents issued, and thus was publicly available, long before September 8, 2006, the already twice extended deadline for amending the pleadings. Nevertheless, Aventis waited until November 1, 2006, almost two months after the deadline for amending pleadings and just nine days before fact discovery was scheduled to close, to inform Novo Nordisk that it intended to amend its answer. See Declaration of Anne Shea Gaza, Exhibit A ("Gaza Decl. Ex. --"). On November 7, 2006, three days before fact discovery was scheduled to close, Aventis filed its Motion for Leave. See Aventis's Motion for Leave (D.I. 102).

### B.    The Scheduling Order, Discovery and Aventis's Pattern of Delay

On January 11, 2006, the Court entered an agreed upon scheduling order ("Order"). See Scheduling Order (D.I. 21.) That Order provided, in part, the following deadlines:

| | |
|---|---|
| Document production | June 23, 2006 |
| Reliance on advice of counsel defense | July 7, 2006 |
| Amending pleadings | August 1, 2006 |
| Close of fact discovery | October 19, 2006 |

However, as June 23, 2006 approached, Aventis requested a forty-five day extension of the document production deadline. Subsequently, Aventis requested another extension of time to amend its pleadings. By agreement, the deadline was moved from August 1, 2006, to September 1, 2006 (and then again to September 8, 2006). See Stipulation (D.I. 51.) Again at Aventis's request, the close of fact discovery was moved from October 19, 2006 to November 10, 2006. See Stipulation (D.I. 56.) Notwithstanding the previous delays in discovery at Aventis's request, Aventis was seeking, as late as November 10, 2006, to move the close of fact discovery back yet again, until late December, 2006. On November 10, the

3

parties agreed to allow deposition discovery until December 20, 2006, limited to depositions noticed by November 10 and Hague Requests to four Danish witnesses See Stipulation (D.I. 106.)

On September 8, 2006, Aventis filed its first amended answer and counterclaims, including allegations of inequitable conduct based on an alleged failure to disclose certain references. See First Amended Answer (D.I. 58.) Notably, the additional references set forth in Aventis's first amended answer were publicly available patents. Although Novo Nordisk considers these initial inequitable conduct allegations meritless, it did not oppose Aventis's first motion for leave to amend.

Aventis also has effectuated delays in discovery by (i) refusing to produce witnesses for deposition prior to November 10, 2006, the close of fact discovery, and (ii) waiting until November 10, 2006 to serve subpoenas or notices for seven depositions—including depositions of two named inventors, three prosecuting attorneys, a 30(b)(6) deposition of Novo Nordisk, a 30(b)(6) deposition on third party Pfizer—in addition to a subpoena duces tecum of Pfizer. See Deposition and Subpoena Notices (D.I. 90-96, 99-100.)

By contrast, Novo Nordisk noticed the depositions of four Aventis witnesses on September 22, 2006. See Notices of Deposition (D.I. 68-71.) Nevertheless, Aventis did not produce a single witness for deposition prior to the scheduled close of fact discovery, November 10, 2006. Aventis also refused to produce David Frischkorn, the author of the opinion that it is relying on to defend Novo Nordisk's willfulness allegations and an attorney at Aventis's trial counsel, and has, just now, agreed to make him available. Mr. Frischkorn was served with a subpoena on September 26, 2006.

4

Aventis also has known the identity of the inventors and the prosecuting attorneys since at least as early as June 2005 but elected to wait until a week before the close of fact discovery to begin the process of seeking their depositions. Indeed, the '408 Patent, which lists the named inventors on its face, was identified to Aventis on June 2, 2005, and was later attached to the complaint that was served on Aventis in September of 2005. <u>See</u> Complaint (D.I. 1.)

Aventis could also have sought documents and testimony from non-party Pfizer prior to the last week of fact discovery. The documents and testimony that Aventis only now seeks from Pfizer concern Aventis's own product, the OptiPen Starlet pen ("OptiPen Starlet"). Aventis undoubtedly knew prior to November, 2006, that it did not have any documents or other evidence to support its claims concerning the OptiPen Starlet as prior art and would have to seek documents and evidence from a third party source.

Throughout, Novo Nordisk has in good faith agreed to Aventis's requests for extensions, mindful that these extensions should not undermine or prejudice its infringement case or the timing of the case.

### C.    The '408 Patent Prosecution History and Reasons for Allowance

Aventis's paper-thin new allegations hinge on the assertion that the Examiner only allowed the claims of the '408 Patent because he believed that the "snap-lock" feature made the claims patentable. (Defs. Br. at 2.) This is a blatant misstatement of the Examiner's position. Instead, the Examiner clearly stated that a <u>combination</u> of elements rendered the claims patentable:

> [T]he prior art does not disclose or render obvious the <u>combination</u> of a first or second coupling means which comprises a snap lock for assisting in coupling or uncoupling of a needle assembly from a cartridge by grasping the needle assembly and the dosage assembly

5

simultaneously and applying force to both, thus preventing the
cartridge assembly from moving axially with respect to the dosage
assembly.

(Gaza Decl. Ex. B at NN 034505.) (emphasis added).

**D.    The '011 Patent, the Allegedly Material References, and Aventis's
Commutative Theory of Inequitable Conduct**

Aventis's focus on U.S. Patent No. 6,562,011 (the "'011 Patent"), a patent it raises

for the first time in its proposed second amended complaint, is specious.    Contrary to

Aventis's assertion, the '011 Patent is not related to the '408 patent.    The patents do not share

any common priority or continuing applications and do not claim priority to, or even

reference, each other.    The '011 Patent and '408 Patent are directed to, and claim, different

inventions.    The '011 Patent is not one of the Additional Patents that Aventis proposes to

include in its proposed second amended answer.    Instead, Aventis argues, without support,

that the '011 and '408 Patents are so closely related that it is inequitable conduct not to have

cited during prosecution of the '408 Patent, all of the references that were cited during

prosecution of the '011 Patent.    Aventis ignores that the '408 and '011 Patents claim entirely

different subject matter.    Hence, what is material to one is entirely different from what is

material to the other.

Aventis carefully avoids the critical issue of how the new references are material to

the claims of the '408 Patent, beyond its misleading, and unsupported, attorney argument

that each reference discloses a "snap lock."    Aventis conveniently fails to mention that to the

extent that any coupling disclosed in the Additional Patents is relevant to the '408 Patent,

those couplings were already before the examiner in numerous other references and duly

considered during prosecution of the '408 Patent. (Gaza Decl. Ex. C at 148:18-149:5.)

6

E.    **The Absence of Support for Aventis's Motion for Leave**

1.  **Aventis Has Omitted Relevant Deposition Testimony**

On October 3, 2006, more than a month prior to the filing of Aventis's motion to amend, Marc Began, a Novo Nordisk in-house patent attorney, was deposed in both his individual capacity and as Novo Nordisk's 30(b)(6) witness regarding U.S. prosecution of the '408 Patent. Although, Aventis contends otherwise, his deposition testimony evidences that there was not inequitable conduct on behalf of the attorneys prosecuting the application that led to the '408 Patent. Aventis omits this relevant testimony from its memorandum in support of its Motion for Leave.

2.    **Aventis Had Prior Knowledge of the '011 Patent, the '011 Patent File History and the Additional Patents**

Aventis's claim that its late amendment is justified because it just recently discovered the '011 Patent, its file history or the Additional Patents cited therein is belied by the facts: The '011 Patent, its file history and each of the Additional Patents cited during prosecution of the '011 Patent have long been available to and known by Aventis.

Each of the '011 Patent, its file history and the Additional Patents appears multiple times among the over 2,000 patents that Aventis has produced in this case. Aventis produced multiple copies of the '011 Patent and its file history to Novo Nordisk, on August 7 and August 9, 2006 as documents bearing production numbers SAN00762393, SAN00823009, and SAN00828212.[1]  (Gaza Decl. Ex. D-H.) Aventis has also produced multiple copies of the Additional Patents at least one of each of the Additional Patents was

---

[1] For the sake of economy and so that the Court is not needlessly overburdened with paper, Novo Nordisk has attached selected pages of some of the many copies of the '011 Patent, its file history and of the Additional Patents that have been produced by Aventis. These selected pages sufficiently demonstrate Aventis' s knowledge and possession of the '011 Patent, its file history and of the Additional Patents months ago. Each of the copies referenced herein was produced as a full copy of the patent (SAN00823009-014) or file history (SAN00762393-586, SAN00828212-405). Multiple additional copies of the' 011 Patent and its file history abound throughout Aventis's production.

7

produced on August 7 bearing the production numbers SAN00760915, SAN00762258, SAN00762354, SAN00762343 and SAN00762289. (Gaza Decl. Ex. I-M.) Thus, Aventis knew of the '011 Patent, its file history and the Additional Patents at least as early as August 7, 2006, more than one month prior to September 8, 2006, the agreed upon deadline for amending the pleadings.

### F.     The ITC Action and Aventis's Baseless Allegations

Aventis's allegations of Novo Nordisk's conduct in the action before the International Trade Commission ("ITC action") are not only unfounded but are wholly irrelevant to the issue of whether Aventis's motion should be granted. The ITC action involves U.S. Patent No. 6,562,027 (the "'027 Patent"), which is not at issue in this case. Like the '011 Patent, the '027 Patent is wholly unrelated to the '408 Patent.[2] Moreover, the "evidence" that Aventis cites is Aventis's baseless motion for sanctions, unsupported by any legal authority, that has not been granted. Aventis filed that motion when Novo Nordisk withdrew its ITC complaint upon discovery of the poor market performance of OptiClik, the accused Aventis product. That poor performance has effectively granted the specific relief that Novo Nordisk sought before the ITC – an exclusion order. Aventis, in that case, has never once denied to the ITC any of the bases for Novo Nordisk's withdrawal. Notably, there has not been any finding that Novo Nordisk improperly brought or withdrew the ITC action. In fact, the government has opposed Aventis's motion in the ITC, another fact that Aventis fails to mention.

In essence, Aventis argues that its new inequitable conduct allegations in this case should be given weight because Aventis has accused Novo Nordisk of inequitable conduct

---

[2] Aventis's current assertion that the ITC action and this litigation are related is belied by the fact that Aventis has previously characterized the ITC action and this case as "unrelated." (Gaza Decl. Ex. N at 2.)

8

in another case on an unrelated patent. Proliferating inequitable conduct charges may evidence Aventis's willingness to unnecessarily expand litigation but it in no way renders those charges legitimate.

## IV.   ARGUMENT

### A.   Legal Standard

A party may amend a pleading only by leave of court, which should deny leave where the court finds "undue delay, bad faith, or dilatory motive on the part of the movant...." Foman v. Davis, 371 U.S. 178, 182 (1962). The denial of a motion to amend is within the sound discretion of the district court provided there is some justification for the denial. Id. Such justification is present when the motion to amend is motivated by bad faith or if granting the motion will result in undue delay or prejudice to the opposing party. See Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). A district court may properly deny a request to amend if it is apparent from the record that (1) the amendment would prejudice the other party, (2) the moving party has demonstrated undue delay, bad faith or dilatory motives, or (3) the amendment would be futile. Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 116 (3d Cir. 2003) (citations omitted).

Prejudice to the nonmoving party is the touchstone for denying a motion to amend the pleadings. Lorentz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). A party suffers undue prejudice that warrants denying amendment when the party will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely. Bechtel v. Robinson, 886 F.2d 644, 652 (3d

9

Cir. 1989); <u>Inline Connection Corp. v. AOL Time Warner Inc.</u>, 237 F.R.D. 361 (D. Del. 2006).

The Court should deny Defendants' Motion for Leave because at least two of the three bases justifying denial are clearly present in this case.

**B.    Novo Nordisk Will Be Unfairly Prejudiced if Aventis's Answer Is Amended to Include These New Allegations of Inequitable Conduct**

On the eve of the close of fact discovery, Aventis proposes adding five further allegations of inequitable conduct to the three it added in September. Aventis's proposed amended pleading is drastically different from the original and amended pleadings, and is not merely an elaboration or supplementation of Aventis's previous allegations of inequitable conduct. The new allegations level accusations which, apart from being utterly baseless, could have been alleged at the time Aventis submitted its first amended complaint, if not earlier.

This Court recently was confronted with similar circumstances to those present in this case. <u>Inline</u>, 237 F.R.D. 361. There, as here, the movant had already asserted claims of inequitable conduct but sought to amend its answer to include three new allegations of failure to cite prior art to the PTO. Although these proposed allegations had never before been pled, the movant attempted to style the amendments as mere "supplemental" allegations.

The Court squarely rejected the proposed amendment and the movant's reasoning in all respects. In doing so, the Court stated:

> Defendants are not requesting leave to supplement their previously pled inequitable conduct allegations concerning inventorship. Defendants seek, through the guise of supplementation, to add three new distinct factual inequitable conduct theories against which plaintiffs would now have to prepare and defend.

10

Id. at 370. In addition to the unfair burden this would impose on the Inline plaintiffs, the Court found that the surprise associated with the late pleading of three new inequitable conduct defenses was prejudicial, holding that "a party is unduly prejudiced if amendment would cause surprise, result in additional discovery, or add cost in the preparation to defend against new facts or theories." Id. (quoting Amquip Corp. v. Admiral Ins. Co., 231 F.R.D. 197, 199 (E.D. Pa. 2005)).

Precisely like the plaintiff in Inline, Novo Nordisk has relied through the entirety of fact discovery upon Aventis's current pleadings and discovery responses, none of which mention the Additional Patents. As a direct consequence, Novo Nordisk would incur significant additional time, effort and cost in terms of preparing new defenses to meet these new claims if they are added to the case at this stage. If granted, Aventis's Motion for Leave would likely require still other changes to the scheduling order. These changes would prejudice Plaintiff, which is almost certainly the intention behind Aventis's Motion for Leave. Accordingly, Aventis's Motion for Leave should be denied.

### C. Aventis's Undue Delay Is Unjustified, Amounts to Bad Faith and Warrants Denying Aventis's Motion For Leave

Aventis's withholding of its additional defenses until the close of fact discovery is an inexcusable delay. This Court can and should deny Aventis's Motion to Amend on this basis alone. When a proposed amendment is grounded on bad faith or dilatory motive, or truly undue or unexplained delay, the amendment should be denied without requiring the demonstration of prejudice to the opposing party. Inline, 237 F.R.D. at 369.

Undue delay and bad faith turn on the movant's reasons for not amending to assert the defense sooner. U.S. for Use and Ben. of B&R, Inc. v. Donald Lane Construction, 19 F.Supp.2d 217, 222 (D. Del. 1998). Undue delay that is not satisfactorily explained amounts

11

to bad faith. <u>Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.</u>, 93 F.R.D. 858.

865 (D. Del. 1982) (finding unjustified delay in amending the pleadings equivalent to bad

faith).

Aventis offers two explanations for its failure to amend the pleadings sooner. First,

Aventis claims that it just recently discovered the '011 Patent, its file history and the

Additional Patents cited therein.    Second, it argues that it had to wait for deposition

testimony regarding prosecution of '408 Patent so that it could confirm the new inequitable

conduct allegations to a point that satisfies the pleading requirements of Rule 9 of the

Federal Rule of Civil Procedure.    Neither comes close to justifying or explaining in a

satisfactory manner Aventis's extraordinary delay.

**1.    Aventis Knew of The '011 Patent, its File History and the
       Additional Patents Well Before the September 2006
       Deadline for Amending the Pleadings.**

Aventis was well aware of the '011 Patent, its file history and the Additional Patents

for at least three months prior to the filing of this motion. Far from being unaware of the

patent, as described above, Aventis produced not one, but multiple copies of the '011 Patent

and its file history prior to August 9, 2006, thirty days prior to the deadline for amending

pleadings. Aventis was clearly in possession of, and knew about, the '011 Patent, its file

history and the Additional Patents in advance of August 9, 2006, long before the deadline

for amending pleadings. Accordingly, the allegedly "new" evidence that Aventis claims

justifies the proposed amendment is not new at all. Aventis has known about it for months.

The Additional Patents represent the only factual information that appears in

Aventis's new allegations. Although Aventis mentions some allegedly necessary deposition

testimony (Defs. Br. at 4-5), a review of Aventis's proposed second amended answer

12

demonstrates that the allegations are related solely to the disclosures of the Additional Patents. These Additional Patents, the '011 Patent and its file history (all the information needed to plead with particularity the new allegations of inequitable conduct) were known to, and possessed by, Aventis at least thirty days before the deadline for amending the pleadings. Yet, Aventis waited nearly three months, until November 2, 2006, to first reveal its new allegations. Motions for leave to amend have been denied when their inadequacies have been less compelling than this. See Inline, 237 F.R.D. at 369; See also M/V American Queen v. San Diego Marine Construction Corp., 708 F.2d 1483, 1492 (9th Cir.1983) (denying leave when amendment was not the product of newly discovered facts, but facts known at the time of the previous complaint).

Indeed, while this Court found the movant's delay in Inline undue and unjustified, Aventis's delay in this case is even more egregious. In Inline, the movant did not have in its possession the information needed to amend its pleadings prior to its previous amendment. Still, this Court denied the motion for leave to amend. Here, however, Aventis possessed the information that it is now seeking to incorporate at least as early as August 9, 2006, well prior to the deadline for amending pleadings and well prior to September 8, 2006, when Aventis previously amended its answer. Nevertheless, Aventis elected to let those deadlines pass and to bide its time until the very close of fact discovery to make the additional allegations.

Aventis's allegations regarding Novo Nordisk's discovery practices are meritless and, at any rate, irrelevant to its own delay. Where alleged discovery abuses do not adversely affect the ability to bring the amended claims earlier, they are insufficient to justify a delay in bringing the proposed amended claims. Fraser, 352 F.3d at 116-17

13

(denying motion for leave to amend despite the allegation of discovery abuses necessitating amendment because the alleged discovery abuses did not adversely affect the ability to bring the amended claims earlier).  Since Aventis was already in possession of the information necessary to make the amendment, any alleged discovery violations did not adversely affect the ability to bring the new claims, and therefore, are insufficient to excuse Aventis's undue delay.  Id.

Aventis's unexcused and unjustifiable delay in bringing the proposed amendments warrants denying its Motion for Leave.

> **2.    Deposition Testimony Did Not Confirm Aventis's New Inequitable Conduct Allegations and Does Not Excuse Aventis's Delay.**

Aventis also attempts to justify its delay in bringing its proposed amendment by arguing that it needed deposition testimony to confirm its allegations for purposes of pleading with particularity.  This argument does not adequately justify Aventis's delay either.

The deposition of Marc Began, a Novo Nordisk patent attorney, took place on October 3, 2006.  So, even after his deposition, Aventis waited an additional month to propose the new allegations of inequitable conduct.  (Gaza Decl. Ex. A.)  Moreover, the citation to the substance of the testimony as necessary to confirm Aventis's new inequitable conduct allegations is another red herring.  Aventis's memorandum in support of its Motion for Leave and its proposed amendment are totally devoid of any substantive testimony that demonstrate that Mr. Began's testimony supports a pleading of inequitable conduct.  In fact, the portion of Mr. Began's testimony that Aventis omitted from its brief supports just the

14

opposite, that there was no inequitable conduct on the part of the Novo Nordisk attorneys.

Mr. Began testified:

> Q.   Would there be any reason why [the '361 patent]
>       would not have been cited during the prosecution of
>       the 408 case?
>
> A.   <u>No one believed it was material to the 408 case.</u>

(Gaza Decl. Ex. C at 177:10-14) (emphasis added).

> Q.   Is there any reason why [the '361, '833, and 575
>       patents] wouldn't have been cited in the 408 case?
>
> A.   If - if either they weren't - <u>they weren't known or
>       believed to be material</u>.

(*Id.* 176:12-16) (emphasis added). Accordingly, the only thing that Mr. Began's testimony

serves to confirm is the absence of inequitable conduct. As such, it cannot justify Aventis's

delay in bringing its proposed amendment.

Aventis's reliance on <u>Advanced Cardiovascular</u> and <u>Enzo</u> to support its Motion for

Leave is misplaced. In both cases, the court permitted the amendment because the

deposition revealed or confirmed facts that were not previously available to the movant. <u>See</u>

<u>Enzo Life Sciences, Inc. v. Digene Corp.</u>, 270 F. Supp. 2d 484, 488-89 (D. Del. 2003);

<u>Advanced Cardiovascular Sys. v. Scimed Life Sys.</u>, 989 F. Supp. 1237, 1247 (N.D. Cal

1997). That is not the case here. The deposition testimony did not present new facts upon

which Aventis bases new legal theories. Indeed, Mr. Began did not provide any new

evidence that warrants allowing amendment.

More relevant, once again, is <u>Inline</u>. There, the movants, like Aventis, claimed that

later obtained deposition testimony justified the undue delay in pleading the new allegations

of inequitable conduct. <u>Inline</u>, 237 F.R.D. at 366. The court disagreed. While recognizing

15

the heightened pleading standard for inequitable conduct claims, the court found the dispositive issue to be *when* the movant was in possession of the information required to properly plead the inequitable conduct theories. Id. at 367. There, the court found that the deposition testimony was not necessary and therefore did not excuse the delay. Id.

A review of the proposed amended pleading shows that it is made up entirely of attorney argument concerning the purported disclosures of the Additional Patents. Accordingly, these amendments, which do not include any pertinent testimony whatsoever, could have been made in August, when Aventis undoubtedly knew of the Additional Patentsr. Aventis's reliance on Mr. Began's testimony is meritless and should be rejected.

## V.    CONCLUSION

For the foregoing reasons, Novo Nordisk respectfully requests that the Court deny Aventis's Motion for Leave.

Of Counsel:
Jeffrey J. Oelke
Scott T. Weingaertner
Stephen J. Vitola
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: (212) 819-8200

Dated: November 22, 2006

Frederick L. Cottrell III (ID NO. 2555)
cottrell@rlf.com
Anne Shea Gaza (ID NO. 4093)
gaza@rlf.com
Richards, Layton & Finger, P.A
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
*Attorneys for Plaintiff*

16

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2006, I caused to be served by hand delivery the

foregoing document and electronically filed the same with the Clerk of Court using CM/ECF

which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> 222 Delaware Avenue, 17th Floor
> P.O. Box 1150
> Wilmington, DE 19899
> 302-654-1888

I hereby certify that on November 22, 2006, I have sent by Federal Express the foregoing

document to the following non-registered participants:

> Paul Berghoff, Esquire
> McDonnell Boehnen Hulbert
> & Berghoff LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606-6709

> Anne Shea Gaza (#4093)
> Gaza@rlf.com
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700