# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 30, 2007

The Honorable Sue L. Robinson  
United States District Court  
844 North King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:   *Novo Nordisk A/S v. sanofi-aventis et al.*  
        C.A. No. 05-645-SLR

Dear Chief Judge Robinson:

  We write on behalf of defendants Aventis Pharmaceuticals, Inc., sanofi-aventis and sanofi-aventis Deutschland GmbH (collectively "Aventis") regarding the agenda for the discovery status conference scheduled for April 2, 2007 at 4:30 p.m. in the above-referenced action. We ask the Court to consider the following issues and positions at the conference:

Aventis's Outstanding Discovery Issues:

  Aventis believes that two of Novo's own commercial devices, the NovolinPen and the NovoPen II, represent clear, invalidating prior art to the patent-in-suit, neither of which was cited by Novo to the U.S. Patent and Trademark Office. Novo, however, has repeatedly refused to produce documents relating to these devices, despite Aventis first requesting such documents in discovery requests served as early as February 2006. The documents requested include, *inter alia,* advertisements, users' manuals, brochures, technical specifications, and demonstration videos, all of which could provide highly relevant evidence tending to invalidate the patent-in-suit. To date, Novo's "responsive" production consists of images of a box and a lone instruction manual.

  To help address Novo's lack of production with respect to the NovolinPen and the NovoPen II, Aventis timely filed its third notice for deposition pursuant to Rule 30(b)(6) on November 2, 2006. After Novo refused to provide any witness to testify on the noticed topics, Aventis narrowed the scope of the noticed topics multiple times in an attempt to reach an agreement with Novo. As it stands, Aventis has streamlined the original topics of Aventis's third 30(b)(6) notice into a single category:

> The structure, operation, public use, publication, sales, and distribution, before July 8, 1999, of: (1) the NovoPen II device; (2) the NovolinPen device; and (3) any needles or needle assemblies that were capable of being used with such devices and that included non-threaded connections, such as snap locks, snap fits, or other snap features, for example; and the identity of any documents referring or relating to such devices and/or needles/needle assemblies.

The Honorable Sue L. Robinson
March 30, 2007
Page 2

In response, Novo has still placed unreasonable limitations on the deposition, such as by refusing to provide a witness to identify the responsive documents that Aventis has been seeking since February 2006 and by refusing to provide a witness to testify regarding key components of the subject devices. Moreover, after agreeing to a deposition date of March 30, Novo abruptly cancelled the deposition late on March 27.

Aventis submits that the parties have complied with L.R. 7.1.1 with respect to the above issues.

Issues Likely to be Raised by Novo

In its emergency request for relief filed electronically with the Court, Novo made three allegations:

First, Novo accused Aventis of allegedly refusing to produce documents relating to advice of counsel communications surrounding the noninfringement opinion authored by David Frischkorn. The business person at Aventis who received and relied upon the opinion was Stefan Schwarz. Accordingly, Aventis has produced all documents to or from Mr. Schwarz that substantively relate to the opinion, and all documents to or from Mr. Schwarz (including any of Mr. Schwarz's communications with management) that relate to the subject matter of the opinion, *i.e.*, the alleged infringement/noninfringement of the patent-in-suit by the OptiClik device. In addition, Aventis produced the specifically requested Carolyn Moon memo that addressed the issue of OptiClik's noninfringement of the patent-in-suit, even though Mr. Schwarz was not a recipient of the memo. It is unclear what further documents Novo believes it is entitled to.

Second, Novo accused Aventis of allegedly refusing to produce documents relating to a noninfringement opinion solicited by Aventis's third-party supplier, Ypsomed. After a lengthy process due, in part, to the third-party supplier being located in Switzerland, Aventis has now received permission from the supplier to produce its noninfringement opinion to Novo, and Aventis will do so before the April 2 hearing with the Court, rendering this issue moot.

Third, Novo accused Aventis of improperly redacting references to a future product, the Solostar device, from documents it produced to Novo. This issue is now moot in light of an agreement between the parties.

Respectfully,

/s/ *John G. Day*

John G. Day (I.D. #2403)

JGD: nml
179346.1

cc   Frederick L. Cottrell, III, Esquire (via electronic mail)
     Jeffrey J. Oelke, Esquire (via electronic mail)
     Paul H. Berghoff, Esquire (via electronic mail)