# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

April 2, 2007

**VIA CM/ECF FILING**

The Honorable Sue L. Robinson
United States District Court for
the District of Delaware
Federal Building
844 King Street
Wilmington, Delaware 19801

      RE: *Novo Nordisk A/S v. Sanofi-Aventis, et al.,*
           C.A. No. 05-645 (SLR)

Dear Chief Judge Robinson:

    It is our understanding that the Court does not permit writings such as that submitted by Mr. Day before a Court conference, particularly when the parties have already exchanged emails with the Court. Should the Court consider it, however, the following is Novo Nordisk's response to Sanofi-Aventis's ("SA") proposed agenda for the conference Novo Nordisk originally requested.

**Issues Properly Before the Court**

    The only issues properly before this Court are the ones raised by Novo Nordisk's email submission requesting assistance. SA's email response included no issues with Novo Nordisk's production of documents or witnesses. Only after 4 p.m last Friday, the eve of the conference, after two weeks of delay, has SA sought to raise issues regarding Novo Nordisk's production of documents and witnesses. SA's late submission would trouble the Court with issues that are not ripe, that have not been properly raised, and that should not be entertained by the Court at this time.

**Issues Properly Raised by Novo Nordisk**

    Novo Nordisk disputes SA's contention that the parties have reached a resolution on any of the issues set forth in Novo Nordisk's email submission or that any of those issues are moot. Novo Nordisk requests that the Court hear each issue properly raised by Novo Nordisk and address the scheduling of additional discovery necessitated by SA's belated disclosures and production as follows:

RLF1-3133889-1

The Honorable Sue L. Robinson
April 2, 2007
Page 2

    1.    SA should be compelled to produce documents to and among SA management concerning infringement of the patent in suit, including specific documents generated by SA in-house counsel, including Carolyn Moon, as well as documents on SA's supplemental privilege log;

    2.    SA should be compelled to produce the patent opinion of Ypsomed AG received by SA, and all related communications; and

    3.    SA should agree not to rely on evidence or testimony regarding any disposable devices such as Solostar or be compelled to produce all responsive and unredacted documents relating to SA's disposable Solostar product.

**Issues Belatedly Raised By SA**

For the reasons stated above, Novo Nordisk believes that the Court should not entertain the issues SA attempted to raise late last Friday afternoon. SA's eleventh hour submissions are without basis and relate to issues SA could have raised months ago, but elected not to.

Three months after the close of fact discovery, SA has introduced -- for the first time -- defenses based on two Novo Nordisk devices that were made available to SA for inspection last October. Novo Nordisk has asked SA to drop these extremely belated defenses because their delayed introduction was prejudicial to Novo Nordisk's ability to take discovery.

In response, SA has sought to manufacture issues regarding production by Novo Nordisk. These "discovery issues" are ones that might have been timely back in November of 2006, though they lacked any substantial basis even then. SA has also characterized a certain deposition as "canceled" by Novo Nordisk, but has not pointed out that Novo Nordisk has rescheduled the deposition (as SA has also done in this case) but has not "canceled" it. Moreover, just last Tuesday, March 27, 2007, SA stated that any disputes regarding the scope of the deposition would be settled during the deposition, not by this Court. Any complaint that the witness's testimony has been improperly limited is premature, because the witness has yet to testify. Likewise, any complaints about Novo Nordisk's document production are baseless and should have been raised months ago, if at all.

                              Respectfully,

                              Anne Shea Gaza
                              (#4093)

cc:    Clerk of the Court (By Hand Delivery)
        Steven J. Balick, Esq. (By Hand Delivery)
        John G. Day, Esq. (By Hand Delivery)
        Paul H. Berghoff, Esq. (By Facsimile)
        Jeffrey J. Oelke, Esq. (By Federal Express)
        Scott T. Weingaertner, Esq. (By Federal Express)