RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER
302-651-7539
GAZA@RLF.COM

April 17, 2007

REDACTED - PUBLIC VERSION

**VIA CM/ECF FILING
& HAND DELIVERY**
Chief Judge Sue L. Robinson
U.S. District Court for the District of Delaware
844 North King Street
Lock Box 31
Wilmington, DE 19801

Re:   *Novo Nordisk A/S v. Sanofi-Aventis, et al.*, C.A. No. 05-645 SLR

Dear Chief Judge Robinson:

We submit this letter in reply to the letter submitted by Aventis on April 16, 2007. At the Court's invitation during the discovery conference of April 11, 2007, the Court entertained Novo Nordisk's request to compel production of communications to and among Aventis management. These documents have been withheld by Aventis, with the exception of a four-page memo ("the Moon/Dahling Memo") that was almost completely obscured by redactions. This document was withheld until Novo Nordisk requested the Court's assistance once it learned of its existence, as well as others, in depositions taken by stipulation after the close of fact discovery. We note that Aventis is relying on an opinion of counsel and has therefore waived privilege as to the state of mind of Aventis management on the issue of its liability for infringement.

During the April 11 hearing, Aventis' counsel admitted they did not search for documents of Aventis senior management on the issue of patent infringement liability. Yet, at least one such member of Aventis senior management, Hanspeter Spek, was a recipient of the redacted Moon/Dahling Memo identified to the Court. As Aventis has noted, Stefan Schwarz (a recipient of the formal opinion relied on by Aventis in this case) was not an addressee of the Moon/Dahling Memo. His absence appears to confirm that managers like Mr. Spek, who outrank Mr. Schwarz in the Aventis hierarchy, were indeed aware of and had responsibility for the infringement issue and very likely possess documents on the issue that have either not been searched for or have been withheld.

At the Court's request, Novo Nordisk attaches (i) relevant excerpts of the transcript of the Deposition of Stefan Schwarz highlighted in yellow for the Court's convenience and (2) a copy of the redacted Moon/Dahling Memo so the Court can see the extent of the redactions.

RLF1-3139789-1

Chief Judge Sue L. Robinson
April 17, 2007
Page 2

Novo Nordisk requests the Court to require that Aventis:

(i) produce full unredacted copies of the Moon/Dahling Memo and all such internal documents communicated to and among Aventis management on the issue of liability for infringement of the '408 patent, including documents generated through the present date in view of ongoing infringement by Aventis, and

(ii) make available for deposition Aventis in-house counsel having responsibility for the issues raised in the Moon/Dahling Memo and the other internal documents to and among Aventis management on the issue of liability for infringement of the '408 patent.

Respectfully submitted,

Anne Shea Gaza
(#4093)

ASG:asg
Enclosures
cc:  Jeffrey Oelke, Esq. (via electronic mail) (w/ encl.)
     Scott Weingaertner, Esq. (via electronic mail) (w/ encl.)
     Stephen J. Vitola, Esq. (via electronic mail) (w/ encl.)
     Paul H. Berghoff, Esq. (via electronic mail) (w/ encl.)
     Steven J. Balick, Esq. (via electronic mail) (w/ encl.)