IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| NOVO NORDISK A/S,<br><br>    Plaintiff and Counterdefendant,<br><br>       v.<br><br>AVENTIS PHARMACEUTICALS INC,<br>SANOFI-AVENTIS, and AVENTIS<br>PHARMA DEUTSCHLAND GMBH,<br><br>    Defendants and Counterplaintiffs. | Case No. 1:05CV00645 SLR<br><br>**REDACTED<br>PUBLIC VERSION** |

## NOVO NORDISK A/S' REPLY TO DEFENDANTS' SECOND CONSOLIDATED AND AMENDED ANSWER AND COUNTERCLAIMS

Plaintiff Novo Nordisk A/S ("Novo Nordisk"), by its attorneys White & Case LLP and

Richards, Layton & Finger, P.A., for their Reply to Aventis Pharmaceuticals Inc., Sanofi-

Aventis, and Aventis Pharma Deutschland GmBH's (hereinafter referred to collectively as

"Aventis" or "Defendants") Consolidated and Amended Answer and Counterclaims, herein

allege:

### DEFENDANTS' COUNTERCLAIMS

### PARTIES

1.      Upon information and belief, paragraph 1 of Defendants' Counterclaims is

admitted.

2.      Paragraph 2 of Defendants' Counterclaims is admitted.

## JURISDICTION AND VENUE

3.    Novo Nordisk admits that Defendants purport to present counterclaims such that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Novo Nordisk denies paragraph 3 of Defendants' Counterclaims in all other respects.

4.    Novo Nordisk admits the allegations set forth in paragraph 4 of Defendants' Counterclaims.

## DEFENDANTS' FIRST COUNTERCLAIM COUNT

5.    Novo Nordisk realleges and incorporates its responses to paragraphs 1-4 of Defendants' Counterclaims as set forth above.

6.    Novo Nordisk admits that it alleged it owns the '408 patent and that Aventis infringes the '408 patent in its Complaint for patent infringement.

7.    Novo Nordisk admits that Aventis alleges in paragraph 7 of Defendants' First Counterclaim Count that an actual case or controversy exists between Aventis and Novo Nordisk regarding Aventis's infringement of the '408 patent, but neither admits nor denies the allegation of paragraph 7 of the First Counterclaim Count, as it sets forth a conclusion of law. Novo Nordisk denies that Aventis does not infringe the '408 patent.

8.    Novo Nordisk denies the allegations set forth in paragraph 8 of Defendants' First Counterclaim Count.

9.    Novo Nordisk denies the allegations set forth in paragraph 9 of Defendants' First Counterclaim Count.

10.    Novo Nordisk denies the allegations set forth in paragraph 10 of Defendants' First Counterclaim Count.

2

11.    Novo Nordisk denies the allegations set forth in paragraph 11 of Defendants' First Counterclaim Count.

## DEFENDANTS' SECOND COUNTERCLAIM COUNT

12.    Novo Nordisk realleges and incorporates its responses to paragraphs 1-11 of Defendants' Counterclaim as set forth above.

13.    Novo Nordisk admits that Aventis alleges in paragraph 13 of Defendants' Second Counterclaim Count that an actual case or controversy exists between Aventis and Novo Nordisk regarding validity of the '408 patent but neither admits nor denies the allegation of paragraph 13 of the Second Counterclaim Count, as it sets forth a conclusion of law. Novo Nordisk denies that the '408 patent is invalid under the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq.*

14.    Novo Nordisk denies the allegations set forth in paragraph 14 of Defendants' Second Counterclaim Count.

## DEFENDANTS' THIRD COUNTERCLAIM COUNT

15.    Novo Nordisk realleges and incorporates its responses to paragraphs 1-14 of Defendants' Counterclaims as set forth above.

16.    Novo Nordisk admits that Aventis alleges in paragraph 16 of Defendants' Third Counterclaim Count that an actual case or controversy exists between Aventis and Novo Nordisk regarding enforceability of the '408 patent but neither admits nor denies the allegation of paragraph 16 of the Third Counterclaim Count, as it sets forth a conclusion of law. Novo Nordisk denies that the '408 patent is unenforceable.

RLF1-3143958-1

17.    Novo Nordisk denies the allegations set forth in paragraph 17 of Defendants' Third Counterclaim Count in their entirety.

18.    Novo Nordisk admits that during prosecution of the application that led to the '408 patent, a pending claim included the term "coupling means." Novo Nordisk admits that "coupling means" as used in the claims of the '408 patent can include snap locks. To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 18 of Defendants' Third Counterclaim Count in their entirety.

19.    Novo Nordisk denies that Novo Nordisk made any statements during prosecution of the application that led to the '408 patent as Novo Nordisk is not an individual that communicates with the United States Patent and Trademark Office ("USPTO" or "Patent Office"). Novo Nordisk admits that statements were made during prosecution of the application that lead to the '408 patent concerning axial movement between the dosing assembly and the possibility of misdosing. Novo Nordisk admits that statements were made during prosecution of the application that led to the '408 patent that selection of two different couplings would prevent axial movement between the dosing assembly and cartridge assembly. Novo Nordisk admits that per the patent examiner's suggestion, each claim of the '408 patent includes the term "snap-lock." Novo Nordisk denies Aventis's characterizations of the statements made during prosecution of the '408 patent as set forth in paragraph 19. To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 19 of Defendants' Third Counterclaim Count in their entirety.

**REDACTED**

4

**REDACTED**

21.    Novo Nordisk denies that Novo Nordisk made any arguments concerning patentability of the claims of the '408 patent as Novo Nordisk is not an individual that communicates with the Patent Office. Novo Nordisk denies Aventis's characterization of the arguments regarding patentability made by attorneys prosecuting the claims of the '408 patent. Novo Nordisk admits that the attorneys that prosecuted the application that led to the '408 patent argued that the claims of the '408 patent were novel and non-obvious over the prior art. Novo Nordisk denies that any attorney that prosecuted the claims of the '408 patent argued that the claims of the '408 patent were patentable over the prior art because the '408 patent included a snap lock that was not disclosed by the prior art. To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 21 of Defendants' Third Counterclaim Count in their entirety.

22.    Novo Nordisk admits that the Patent Office mailed a Notice of Allowance of the then pending claims of the '408 patent on January 27, 2003. Novo Nordisk admits that the examiner stated that the pending claims of the '408 patent "are allowable over the prior art of record because the prior art does not disclose or render obvious the combination of a first or second coupling means which comprises a snap lock for assisting in coupling or uncoupling of a needle assembly from a cartridge assembly by grasping the needle assembly and the dosage assembly simultaneously and applying force to both, thus preventing the cartridge assembly from moving axially with respect to the dosage assembly." Novo Nordisk also denies Aventis's characterization of the examiner's reasons for allowance as Aventis's representation is only a partial recitation of the reasons for allowance. To the extent not explicitly admitted, Novo

5

Nordisk denies the allegations of paragraph 22 of Defendants' Third Counterclaim Count in their entirety.

23.    Novo Nordisk admits that the application that led to the '408 patent was pending before the USPTO during at least a portion of the time that the application that led to the '011 patent was pending before the USPTO. Novo Nordisk admits that the '408 patent claims priority to PA 1998 00910, PA 1998 1501 and U.S. Provisional Application No. 60/098,707. Novo Nordisk admits that PA 1998 00910 was filed on July 8, 1998. Novo Nordisk admits that PA 1998 01501 was filed on November 17, 1998. Novo Nordisk admits that U.S. Provisional Application No. 60/098,707 was filed on September 1, 1998. Novo Nordisk admits that the '011 patent claims priority to PA 1998 00909, PA 1998 01500 and U.S. Provisional Application No. 60/098,702. Novo Nordisk admits that PA 1998 00909 was filed on July 8, 1998. Novo Nordisk admits that PA 1998 01500 was filed on November 17, 1998. Novo Nordisk admits that U.S. Provisional Application No. 60/098,702 was filed on September 1, 1998. Novo Nordisk denies that the entire prosecutions of the '408 and '011 patents ran in parallel. To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 23 of Defendants' Third Counterclaim Count in their entirety.

24.    Novo Nordisk admits that the application that led to the '408 patent was filed on July 8, 1999. Novo Nordisk admits that the application that led to the '011 patent was filed on July 7, 1999. Novo Nordisk admits that the '408 patent issued on June 24, 2003. Novo Nordisk admits that the '011 patent issued on May 13, 2003. To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 24 of Defendants' Third Counterclaim Count in their entirety.

6

25.    Novo Nordisk admits that the three figures in PA 1998 00910 are identical to the three figures in PA 1998 00909. Novo Nordisk admits that selected portions of the specifications of PA 1998 00910 and PA 1998 00909 are the same. Novo Nordisk denies Aventis's characterization of the specifications as "substantially similar" and denies that the scope of the claims of PA 1998 00910 "significantly coextends [sic] with the scope of the claims of PA 1998 00909." To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 25 of Defendants' Third Counterclaim Count in their entirety.

26.    Novo Nordisk admits that the three figures in PA 1998 01500 are identical to the three figures in PA 1998 01501. Novo Nordisk admits that selected portions of the specifications of PA 1998 01500 and PA 1998 01501 are the same. Novo Nordisk denies Aventis's characterization of the specifications as "substantially similar" and denies that the scope of the claims of PA 1998 01500 "significantly coextends" [sic] with the scope of the claims of PA 1998 01501." To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 26 of Defendants' Third Counterclaim Count in their entirety.

27.    Novo Nordisk admits that the '408 patent claims priority to U.S. Provisional Application No. 60/098,707. Novo Nordisk admits that the specification and figures of the '408 patent are substantially similar to the specification and figures of the '707 application. Novo Nordisk denies that the claims of the '408 patent are "substantially similar" to the claims of the '707 application. Novo Nordisk admits that the '011 patent claims priority to U.S. Provisional Application No. 60/098,702. Novo Nordisk admits that the specification and figures of the '011 patent are substantially similar to the specification and figures of the '702 application. Novo Nordisk denies that the claims of the '011 patent are "substantially similar" to the claims of the

7

'702 application. To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 27 of Defendants' Third Counterclaim Count in their entirety.

28. Novo Nordisk admits that the '408 patent issued from the '748 application. Novo Nordisk admits that the '011 patent issued from the '536 application. Novo Nordisk admits that the three figures in the '748 application are identical to the three figures in the '536 application. Novo Nordisk admits that selected portions of the specifications of the '748 application and the '536 application are the same. Novo Nordisk admits that the '748 application recites: "[i]n a preferred embodiment the dosing assembly is reusable and the cartridge assembly is disposable, and accordingly, a second aspect of the present invention is a medication delivery device wherein the dosing assembly is releasably coupled to the cartridge assembly." Novo Nordisk admits that the '536 application recites: "[i]n a preferred embodiment the dosing assembly is reusable and the cartridge assembly is disposable, and accordingly, a second aspect of the present invention is a medication delivery device wherein the dosing assembly is releasably coupled to the cartridge assembly." Novo Nordisk admits that the '748 application recites: "[e]xamples of the coupling are snap locks, such as snap locks with guidewire and sideways snap locks, snap locks released through threads, bajonet locks, luer locks, hinged locks, threaded locks and any suitable combinations thereof." Novo Nordisk admits that the '536 application recites: "[e]xamples of the coupling are snap locks, such as snap locks with guidewire and sideways snap locks, snap locks released through threads, bajonet locks, luer locks, hinged locks, threaded locks and any suitable combinations thereof." Novo Nordisk denies Aventis's characterization of the specifications of the '748 application and the '536 application as "substantially similar." To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 28 of Defendants' Third Counterclaim Count in their entirety.

REDACTED

30.    Novo Nordisk admits that the inventors named on the face of the '408 patent are identical to the inventors named on the face of the '011 patent.

31.    Novo Nordisk admits that the attorneys listed on the Combined Declaration for Patent Application and Power of Attorney in the prosecution history of the application that led to the '408 patent are the same as the attorneys listed on the Combined Declaration for Patent Application and Power of Attorney in the prosecution history of the application that led to the '011 patent.

32.    Novo Nordisk admits that the specification of the '408 patent recites: "[f]urthermore, it is a preferred aspect of the invention to provide a medication delivery device, which device is arranged for securing that the plunger means abuts on the stopper during coupling and/or decoupling of the needle assembly" at col. 2, li. 54-58. Novo Nordisk admits that the specification of the '408 patent recites: "[t]hus, in that respect examples of the preferred couplings between the needle assembly and the cartridge assembly include releasable snap locks" at col. 3, li. 22-25. Novo Nordisk admits that the specification of the '011 patent recites: "[s]ecuring the abutment of the plunger means on the stopper during use of the medication delivery device, in particular when the needle assembly is coupled to and/or decoupled from the cartridge assembly, may be carried out by a variety of means. In a preferred embodiment the abutment is secured by preventing the cartridge assembly from being inadvertently released from the dosing assembly" at col. 2, li. 44-50. Novo Nordisk admits that the specification of the '011

9

patent recites: "[t]hus, in that respect, examples of the preferred couplings between the needle assembly and the cartridge assembly include releasable snap locks" at col. 2, li. 58-61. Novo Nordisk denies Aventis's characterization of the specifications. To the extent not specifically admitted, Novo Nordisk denies the allegations of paragraph 32 of Defendants' Third Counterclaim Count in their entirety.

33.    Novo Nordisk denies that Aventis has accurately quoted from the specification of the '408 patent. Novo Nordisk admits that the specification of the '408 patent recites: "[i]n a preferred embodiment at least one of the coupling means of the cartridge assembly is unitarily molded with the cartridge, and in a more preferred embodiment all the coupling means are unitarily molded with the cartridge" at col. 3, li. 49-52. Novo Nordisk admits that the specification of the '011 patent recites "[i]n a preferred embodiment all the coupling means of the cartridge assembly are unitarily moulded with the cartridge" at col 3, li. 23-24. Novo Nordisk denies Aventis's characterization of the specifications. To the extent not specifically admitted, Novo Nordisk denies the allegations of paragraph 33 of Defendants' Third Counterclaim Count in their entirety.

34.    Novo Nordisk denies the allegations set forth in paragraph 34 of Defendants' Third Counterclaim Count in their entirety.

35.    Novo Nordisk admits that the '297 patent issued from an application filed on January 28, 1999. Novo Nordisk admits that the '297 patent claims priority to a provisional application filed on February 5, 1998. Novo Nordisk admits that the '297 patent is assigned to Novo Nordisk A/S. Novo Nordisk admits that the face of the '297 patent and the face of the '408 patent indicate that both were on file in the Patent Office during 1999. Novo Nordisk admits that the '297 patent issued December 21, 1999. To the extent not explicitly admitted,

10

Novo Nordisk denies the remaining factual allegations set forth in paragraph 35 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 35 as the legal conclusions and attorney argument do not require a response.

36.     Novo Nordisk admits that the '297 patent is entitled "Injection Syringe" and that Aventis has selectively quoted from the specification of the '297 patent. To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 36 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 36 as the legal conclusions and attorney argument do not require a response.

37.     Novo Nordisk denies the factual allegations set forth in paragraph 37 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 37 as the legal conclusions and attorney argument do not require a response.

38.     Novo Nordisk denies the factual allegations set forth in paragraph 38 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 38 as the legal conclusions and attorney argument do not require a response.

39.     Novo Nordisk denies the factual allegations set forth in paragraph 39 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 39 as the legal conclusions and attorney argument do not require a response.

40.    Novo Nordisk admits that the '021 patent issued on October 19, 1999. Novo Nordisk also admits that the '021 patent on its face indicates a § 102(e) date of August 22, 1996. Novo Nordisk admits that the '021 patent on its face indicates that a PCT application was filed on February 27, 1995. To the extent not explicitly admitted, Novo Nordisk denies the allegations set forth in paragraph 40 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 40 as the legal conclusions and attorney argument do not require a response.

41.    Novo Nordisk admits that the '021 patent is entitled "Magazine and Removable Needle Unit." Novo Nordisk admits that Aventis has selectively recited from the specification a portion of the abstract and the summary of the invention of the '021 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 41 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 41 as the legal conclusions and attorney argument do not require a response.

42.    Novo Nordisk denies the factual allegations set forth in paragraph 42 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 42 as the legal conclusions and attorney argument do not require a response.

43.    Novo Nordisk denies the factual allegations set forth in paragraph 43 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 43 as the legal conclusions and attorney argument do not require a response.

RLF1-3143958-1

44.    Novo Nordisk denies the factual allegations set forth in paragraph 44 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 44 as the legal conclusions and attorney argument do not require a response.

45.    Novo Nordisk admits that the '954 patent issued July 26, 1994.  Novo Nordisk admits that the '954 patent is assigned to Novo Nordisk A/S.  To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 45 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 45 as the legal conclusions and attorney argument do not require a response.

46.    Novo Nordisk admits that the '954 patent is entitled, "Device for Nasal Delivery of Liquid Medications."  Novo Nordisk admits that Aventis has selectively quoted from the specification of the '954 patent.  To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 46 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 46 as the legal conclusions and attorney argument do not require a response.

47.    Novo Nordisk denies the factual allegations set forth in paragraph 47 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 47 as the legal conclusions and attorney argument do not require a response.

48.    Novo Nordisk denies the factual allegations set forth in paragraph 48 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor

denies the legal conclusions and attorney argument set forth in paragraph 48 as the legal
conclusions and attorney argument do not require a response.

49.    Novo Nordisk denies the factual allegations set forth in paragraph 49 of
Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor
denies the legal conclusions and attorney argument set forth in paragraph 49 as the legal
conclusions and attorney argument do not require a response.

50.    Novo Nordisk denies that any reference was cited to "Novo" as Novo Nordisk is
not an individual that communicates with the Patent Office. Novo Nordisk admits that the '361
patent was cited by the examiner to the attorney then prosecuting the '536 application in a
January 17, 2001 office action against the then pending claims of the '536 application. To the
extent not specifically admitted, Novo Nordisk denies the allegations of paragraph 50 of
Aventis's Third Counterclaim Count.

51.    Novo Nordisk admits that the '361 patent indicates on its face that it was filed on
September 26, 1996. Novo Nordisk denies that any reference "came to the attention of Novo" as
Novo Nordisk is not an individual that communicates with the Patent Office. Novo Nordisk
admits that the '408 patent issued more than two years after January 17, 2001. Novo Nordisk
admits that the '361 patent does not appear in the prosecution history of the application that led
to the '408 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining
factual allegations set forth in paragraph 51 of Defendants' Third Counterclaim Count in their
entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument
set forth in paragraph 51 as the legal conclusions and attorney argument do not require a
response.

14

52.    Novo Nordisk admits that Aventis has selectively quoted from the specification of the '361 patent. Novo Nordisk denies Aventis's characterization of the disclosure of the '361 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 52 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 52 as the legal conclusions and attorney argument do not require a response.

53.    Novo Nordisk denies the factual allegations set forth in paragraph 53 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 53 as the legal conclusions and attorney argument do not require a response.

54.    Novo Nordisk denies the factual allegations set forth in paragraph 54 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 54 as the legal conclusions and attorney argument do not require a response.

55.    Novo Nordisk denies the factual allegations set forth in paragraph 55 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 55 as the legal conclusions and attorney argument do not require a response.

56.    Novo Nordisk admits that the '833 patent was included in an information disclosure statement dated January 26, 2000 submitted during the course of prosecution of the application that led to the '011 patent by an individual that made no submissions to the Patent Office during prosecution of the '408 patent. Novo Nordisk admits that the '833 patent indicates on its face that it was filed on August 23, 1998. Novo Nordisk denies that "Novo" or any

individual made any representation regarding the materiality of the '833 patent to the claims then pending in the application or that issued in the '011 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 56 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 56 as the legal conclusions and attorney argument do not require a response.

57.    Novo Nordisk admits that an attorney other than the attorney that filed the information disclosure statement referred to in paragraph 56 submitted a supplemental information disclosure statement dated February 2, 2000 during prosecution of the application that led to the '408 patent. Novo Nordisk admits that the '833 patent does not appear in the supplemental information disclosure statement filed on February 2, 2000. Novo Nordisk admits that the '833 patent does not appear in the prosecution history of the application that led to the '408 patent. Novo Nordisk admits that the '408 patent issued more than three years after January 26, 2000. To the extent not explicitly admitted, Novo Nordisk denies the allegations of paragraph 57 of Aventis's Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 57 as the legal conclusions and attorney argument do not require a response.

58.    Novo Nordisk admits that the '833 patent is entitled "Cartridge Holder Assembly for Medication Dispensing Unit." Novo Nordisk admits that Aventis selectively quotes from the specification of the '833 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 58 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney

16

argument set forth in paragraph 58 as the legal conclusions and attorney argument do not require a response.

59.     Novo Nordisk admits that Aventis has selectively quoted from the specification of the '833 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 59 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 59 as the legal conclusions and attorney argument do not require a response.

60.     Novo Nordisk denies the factual allegations set forth in paragraph 60 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 60 as the legal conclusions and attorney argument do not require a response.

61.     Novo Nordisk denies the factual allegations set forth in paragraph 61 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 61 as the legal conclusions and attorney argument do not require a response.

62.     Novo Nordisk admits that the '575 patent was included in an information disclosure statement dated January 26, 2000 submitted during the course of prosecution of the application that led to the '011 patent by an individual that made no submissions to the Patent Office during prosecution of the '408 patent. Novo Nordisk admits that the '575 patent indicates on its face that it was filed on September 13, 1994. Novo Nordisk denies that "Novo" or any individual made any representation regarding the materiality of the '575 patent to the claims then pending in the application that led to the '011 patent or to the claims that issued in the '011

patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 62 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 62 as the legal conclusions and attorney argument do not require a response.

 63. Novo Nordisk admits that a supplemental information disclosure statement was submitted during prosecution of the application that led to the '408 patent on February 2, 2000 by a different individual than the individual that filed the information disclosure statement submitted during prosecution of the application that led to the '011 patent referred to in paragraph 62. Novo Nordisk admits that the '575 patent does not appear in the supplemental information disclosure statement dated February 2, 2000. Novo Nordisk admits that the '575 patent does not appear in the prosecution history of the application that led to the '408 patent. Novo Nordisk admits that the '408 patent issued more than three years after January 26, 2000. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 63 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 63 as the legal conclusions and attorney argument do not require a response.

 64. Novo Nordisk denies the factual allegations set forth in paragraph 64 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 64 as the legal conclusions and attorney argument do not require a response.

 65. Novo Nordisk denies the factual allegations set forth in paragraph 65 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor

RLF1-3143958-1

denies the legal conclusions and attorney argument set forth in paragraph 65 as the legal conclusions and attorney argument do not require a response.

66.    Novo Nordisk denies the factual allegations set forth in paragraph 66 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 66 as the legal conclusions and attorney argument do not require a response.

67.    Novo Nordisk admits that the '125 patent appears in an office action issued April 26, 2000 during prosecution of the application that led to the '011 patent.  To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 67 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 67 as the legal conclusions and attorney argument do not require a response.

68.    Novo Nordisk admits that the '125 patent indicates on its face that it was filed on May 17, 1994.  To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 68 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 68 as the legal conclusions and attorney argument do not require a response.

69.    Novo Nordisk admits that the '408 patent issued more than two and one-half years after April 26, 2000.  Novo Nordisk denies Aventis's allegation to the extent Aventis characterizes any information as coming to "Novo's attention" as Novo Nordisk is not an individual that communicates with the Patent Office.  To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 69 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor denies the legal

19

conclusions and attorney argument set forth in paragraph 69 as the legal conclusions and attorney argument do not require a response.

70.    Novo Nordisk denies the factual allegations set forth in paragraph 70 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 70 as the legal conclusions and attorney argument do not require a response.

71.    Novo Nordisk denies the factual allegations set forth in paragraph 71 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 71 as the legal conclusions and attorney argument do not require a response.

72.    Novo Nordisk denies the factual allegations set forth in paragraph 72 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 72 as the legal conclusions and attorney argument do not require a response.

73.    Novo Nordisk admits that the '511 patent is included in an office action issued on April 26, 2000 during prosecution of the application that led to the '011 patent.  Novo Nordisk denies Aventis's allegation to the extent Aventis characterizes any information as cited to or known to "Novo" as Novo Nordisk is not an individual that communicates with the Patent Office.  To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 73 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 73 as the legal conclusions and attorney argument do not require a response.

74.     Novo Nordisk admits that the '511 patent indicates on its face that it was filed on November 16, 1989.  To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 74 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 74 as the legal conclusions and attorney argument do not require a response.

75.     Novo Nordisk admits that the '408 patent issued more than two and one half years after April 26, 2000.  Novo Nordisk denies Aventis's allegation to the extent Aventis characterizes any information as coming to "Novo's attention" as Novo Nordisk is not an individual that communicates with the Patent Office.  To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 75 of Defendants' Third Counterclaim Count in their entirety.  Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 75 as the legal conclusions and attorney argument do not require a response.

76.     Novo Nordisk denies the factual allegations set forth in paragraph 76 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 76 as the legal conclusions and attorney argument do not require a response.

77.     Novo Nordisk denies the factual allegations set forth in paragraph 77 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 77 as the legal conclusions and attorney argument do not require a response.

78.    Novo Nordisk denies the factual allegations set forth in paragraph 78 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 78 as the legal conclusions and attorney argument do not require a response.

## REDACTED

80.    Novo Nordisk admits that Mr. Zelson was listed as the addressee on correspondence from the Patent Office regarding the application that led to the '408 patent from July 8, 1999 until August 24, 2001. To the extent not specifically admitted, Novo Nordisk denies the allegations set forth in paragraph 80 of Aventis's Third Counterclaim Count in their entirety.

81.    Novo Nordisk admits that Mr. Zelson submitted information to the Patent Office during prosecution of the '954 patent up until March 24, 1994. Novo Nordisk denies Aventis's characterization of Mr. Zelson as the "primary prosecuting attorney" as it is attorney argument. To the extent not specifically admitted, Novo Nordisk denies the allegations set forth in paragraph 81 of Aventis's Third Counterclaim Count in their entirety.

82.    Novo Nordisk admits that Mr. Zelson was listed as the addressee on correspondence from the Patent Office regarding the application that led to the '297 patent. Novo Nordisk admits that Mr. Zelson was listed as addressee on correspondence from the Patent Office regarding the application that led to the '021 patent. Nordisk admits that Mr. Zelson was listed as addressee on correspondence from the Patent Office regarding the application that led to the '954 patent.   To the extent not specifically admitted, Novo Nordisk denies the allegations set forth in paragraph 82 of Aventis's Third Counterclaim Count in their entirety.

22

83.    Novo Nordisk admits that each of the '297, '021 and '954 patents list Mr. Zelson as "Attorney, Agent or Firm" on their faces.

84.    Novo Nordisk denies the factual allegations set forth in paragraph 84 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 84 as the legal conclusions and attorney argument do not require a response.

85.    Novo Nordisk admits that Mr. Zelson was listed as addressee on correspondence from the Patent Office regarding the application that led to the '011 patent from August 5, 1999 to June 27, 2001.  To the extent not specifically admitted, Novo Nordisk denies the allegations set forth in paragraph 85 of Aventis's Third Counterclaim Count.

86.    Novo Nordisk admits that Mr. Zelson was the addressee of an office action dated April 26, 2000 that cited the '125 and '511 patents against the then pending claims of the application that led to the '011 patent.  To the extent not specifically admitted, Novo Nordisk denies the allegations set forth in paragraph 86 of Aventis's Third Counterclaim Count.

87.    Novo Nordisk admits that Mr. Zelson was the addressee of an office action dated January 17, 2001 that cited the '361 patent against the then pending claims of the application that led to the '011 patent.  To the extent not specifically admitted, Novo Nordisk denies the allegations set forth in paragraph 87 of Aventis's Third Counterclaim Count.

88.    Novo Nordisk denies the factual allegations set forth in paragraph 88 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 88 as the legal conclusions and attorney argument do not require a response.

23

89.    Novo Nordisk admits that Mr. Lambiris signed the request for filing the application that led to the '408 patent dated July 8, 1999.

90.    Novo Nordisk admits that Mr. Lambiris submitted formal drawing sheets in the application that led to the '021 patent on September 21, 1996. Novo Nordisk admits that Mr. Lambiris submitted an Information Disclosure Statement and preliminary amendment in the application that led to the '021 patent on August 22, 1996. Novo Nordisk denies that Mr. Lambiris submitted drawings on August 6, 1996. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 90 of Defendants' Third Counterclaim Count in their entirety.

91.    Novo Nordisk admits that Mr. Lambiris signed the request for filing the application that led to the '297 patent on January 28, 1999.

92.    Novo Nordisk admits that Mr. Lambiris filed an Information Disclosure Statement dated November 12, 1999 in the application that became the '408 patent. Novo Nordisk admits that the Information Disclosure Statement included twelve references. To the extent not specifically admitted, Novo Nordisk denies the allegations set forth in paragraph 92 of Aventis's Third Counterclaim Count.

93.    Novo Nordisk admits that on January 26, 2000, Carol Rezek filed an Information Disclosure Statement in the application that led to the '011 patent. Novo Nordisk admits that the January 26, 2000 Information Disclosure Statement included ten references. Novo Nordisk admits that six of the references that appear in the January 26, 2000 Information Disclosure Statement filed by Ms. Rezek also appear in the November 12, 1999 Information Disclosure Statement filed by Mr. Lambiris. To the extent not specifically admitted, Novo Nordisk denies the allegations set forth in paragraph 93 of Aventis's Third Counterclaim Count.

24

94.    Novo Nordisk admits that Mr. Lambiris filed an Information Disclosure

Statement in the application that led to the '408 patent on February 2, 2000. Novo Nordisk

admits that the only reference included in the February 2, 2000 Information Disclosure Statement

is the '251 patent. To the extent not specifically admitted, Novo Nordisk denies the allegations

set forth in paragraph 94 of Aventis's Third Counterclaim Count. Novo Nordisk neither admits

nor denies the legal conclusions and attorney argument set forth in paragraph 94 as the legal

conclusions and attorney argument do not require a response.

95.    Novo Nordisk denies the factual allegations set forth in paragraph 95 of

Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor

denies the legal conclusions and attorney argument set forth in paragraph 95 as the legal

conclusions and attorney argument do not require a response.

96.    Novo Nordisk admits that Robert Smith was an attorney at Skadden, Arps, Slate,

Meagher & Flom. Novo Nordisk admits that Mr. Smith wrote responses to office actions in the

application that led to the '408 patent on June 6, 2001 and December 10, 2001. To the extent not

explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph

96 of Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor

denies the legal conclusions and attorney argument set forth in paragraph 96 as the legal

conclusions and attorney argument do not require a response.

97.    Novo Nordisk admits that Mr. Smith was employed by the law firm of White &

Case. Novo Nordisk admits that Mr. Smith filed responses to office actions in the application

that led to the '021 patent between April 1998 and April 1999. To the extent not explicitly

admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 97 of

Defendants' Third Counterclaim Count in their entirety.   Novo Nordisk neither admits nor

denies the legal conclusions and attorney argument set forth in paragraph 97 as the legal conclusions and attorney argument do not require a response.

98.    Novo Nordisk admits that Mr. Smith was employed by White & Case in July 1999 and that Mr. Smith filed an abstract during prosecution of the application that led to the '297 patent in July, 1999. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 98 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 98 as the legal conclusions and attorney argument do not require a response.

99.    Novo Nordisk denies the factual allegations set forth in paragraph 99 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 99 as the legal conclusions and attorney argument do not require a response.

100.    Novo Nordisk admits that Mr. Smith was an attorney at Skadden, Arps, Slate, Meagher & Flom. Novo Nordisk admits that between June 2001 and February 2002 Mr. Smith wrote two responses to office actions in the application that led to the '011 patent on June 11, 2001 and on October 25, 2001. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 100 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 100 as the legal conclusions and attorney argument do not require a response.

101.    Novo Nordisk admits that Mr. Smith addressed the '361 patent during the time he was prosecuting the application that led to the '011 patent. To the extent not explicitly admitted,

26

Novo Nordisk denies the remaining factual allegations set forth in paragraph 101 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 101 as the legal conclusions and attorney argument do not require a response.

102.    Novo Nordisk admits that Aventis selectively quotes from the prosecution history of the application that led to the '011 patent. Novo Nordisk admits that Mr. Smith properly argued that the '361 patent was cumulative of the commonly owned '251 patent. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 102 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 102 as the legal conclusions and attorney argument do not require a response.

103.    Novo Nordisk admits that the '251 patent was cited in a supplemental information disclosure statement filed on February 2, 2000. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 103 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 103 as the legal conclusions and attorney argument do not require a response.

104.    Novo Nordisk denies the factual allegations set forth in paragraph 104 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 104 as the legal conclusions and attorney argument do not require a response.

105.    Novo Nordisk denies the factual allegations set forth in paragraph 105 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor

27

denies the legal conclusions and attorney argument set forth in paragraph 105 as the legal conclusions and attorney argument do not require a response.

106.    Novo Nordisk admits that on July 30, 2002 Marc Began submitted a paper during prosecution of the application that led to the '011 patent. Novo Nordisk admits that Mr. Began submitted correspondence to the Patent Office during prosecution of the application that led to the '408 patent on August 19, 2002, January 21, 2003, April 28, 2003 and August 9, 2005. To the extent not explicitly admitted, Novo Nordisk denies the remaining factual allegations set forth in paragraph 106 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 106 as the legal conclusions and attorney argument do not require a response.

107.    Novo Nordisk admits that the '408 patent lists Marc Began as "Attorney, Agent or Firm" on its face. Novo Nordisk admits that the '011 patent lists Marc Began as "Attorney, Agent or Firm" on its face.

108.    Novo Nordisk denies the factual allegations set forth in paragraph 108 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 108 as the legal conclusions and attorney argument do not require a response.

109.    Novo Nordisk denies the factual allegations set forth in paragraph 109 of Defendants' Third Counterclaim Count in their entirety. Novo Nordisk neither admits nor denies the legal conclusions and attorney argument set forth in paragraph 109 as the legal conclusions and attorney argument do not require a response.

## RELIEF REQUESTED

110.    Novo Nordisk denies that Aventis Pharmaceuticals is entitled to the relief sought in items (A-H) on pages 12-13 of its Consolidated Amended Answer and Counterclaims.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

111.    Counterclaim Defendant Novo Nordisk hereby realleges and incorporates by reference the allegations set forth in the Complaint in this action.

112.    Defendants' Counterclaims are barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

## NOVO NORDISK'S PRAYER FOR RELIEF RESPECTING COUNTERCLAIMS

WHEREFORE, Novo Nordisk requests that the Court enter an Order and Judgment:

A.    Dismissing Defendants' Counterclaims with prejudice;

B.    Declaring the '408 patent valid, infringed and enforceable;

C.    Awarding to Novo Nordisk its costs, attorneys' fees, and expenses incurred in defending against Defendants' Counterclaims;

D.    Awarding Novo Nordisk such other and further relief as the Court deems just and equitable.

OF COUNSEL:
Jeffrey J. Oelke
Scott T. Weingaertner
Stephen J. Vitola
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: (212) 819-8200

Dated: April 26, 2007

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Anne Shea Gaza (#4093)
Gaza@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 651-7700
*Attorneys for Plaintiff*

29

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2007, I caused to be served by hand delivery the foregoing

document and electronically filed the same with the Clerk of Court using CM/ECF which will

send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE  19899

I hereby certify that on May 7, 2007, I have sent by Federal Express the foregoing

document to the following non-registered participants:

> Paul Berghoff, Esquire
> McDonnell Boehnen Hulbert
> & Berghoff LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606-6709

Anne Shea Gaza (#4093)
Gaza@rlf.com