## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOVO NORDISK A/S,

    Plaintiff and Counterdefendant,

        v.

AVENTIS PHARMACEUTICALS INC,
SANOFI-AVENTIS, and AVENTIS
PHARMA DEUTSCHLAND GMBH

    Defendants and Counterplaintiffs.

CA No. 05-645 SLR

**REDACTED - PUBLIC VERSION**

## NOVO NORDISK A/S'S REPLY TO
## AVENTIS'S RESPONSE TO NOVO NORDISK A/S'S MOTION
## TO VOLUNTARILY DISMISS THE COMPLAINT AND DISMISS DEFENDANTS'
## COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION

Novo Nordisk A/S ("Novo Nordisk") replies to Aventis's Response to Novo Nordisk

A/S's Motion to Voluntarily Dismiss the Complaint and Dismiss Defendants' Counterclaims for

Lack of Subject Matter Jurisdiction ("Response") filed by Aventis Pharmaceuticals Inc., sanofi-

aventis and sanofi-aventis Deutschland GmbH ("Aventis") (D.I. 158.)

### I.    Introduction

Novo Nordisk seeks to dismiss this action because of the failure of the accused OptiClik

device in the United States. Aventis neither disputes the failure of OptiClik nor opposes

dismissal of this action. Aventis does, however, seek to dismiss with prejudice and to attach

conditions to the dismissal and has done little to conceal that the true nature of its Response and

request for conditions is to position itself to file a motion for attorney fees and costs. Indeed, following the filing of Novo Nordisk's Motion to Voluntarily Dismiss the Complaint and Dismiss Defendants' Counterclaims for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") (D.I. 152), Novo Nordisk, for the sake of bringing closure to this dispute, offered to dismiss this action with prejudice and to expand the covenant not to sue that has already been offered to Aventis if the parties would bear their own fees and costs. Aventis refused to enter any agreement dismissing this action that would prevent its attempt to extract attorney fees and costs from Novo Nordisk. (Vitola Dec. Ex. 1.)[1] Aventis, by its behavior and the content of its Response, has demonstrated that its Response is nothing more than a pretext for its unwarranted attempt to seek attorney fees and costs.

Aventis's request for a dismissal with prejudice and conditions should be denied because Aventis cannot, and will not, suffer any prejudice if this case is dismissed without prejudice or if the conditions it seeks are denied. Aventis's Response, while accusing Novo Nordisk of bad faith at every conceivable opportunity, contains unsubstantiated allegations and irrelevant discussions that have no bearing on a determination of whether Aventis will be prejudiced by a dismissal without prejudice. Equally troubling, Aventis has conveniently omitted from its Response material facts adverse to its position. Aventis elects not to inform the Court, for example, that:

(i)    Aventis's allegations of misconduct before the International Trade Commission ("ITC") were deemed baseless and its motion for attorney fees and costs was denied;

(ii)

**REDACTED**

---

[1] Citations to "Vitola Dec. Ex. –" are references to the exhibits attached to the Declaration of Stephen J. Vitola, submitted herewith.

2

(iii)                              **REDACTED**

Moreover, although Aventis would like the Court to attach conditions to the dismissal,

Aventis's Response is entirely devoid of any basis in fact or law for attaching the conditions it

now seeks.[2]  Aventis's unsupported argument fails to satisfy its substantial burden to show that

conditions should attach to dismissal of this action.

Because Aventis has not demonstrated that it will suffer substantial prejudice if this Court

dismisses this action without prejudice, this action should be dismissed without prejudice.

## II.    Argument

A plaintiff's motion for voluntary dismissal without prejudice should be granted where, as

here, there is no substantial prejudice to the defendant.  See In re Paoli R.R. Yard PCB Litig.,

916 F.2d 829, 863 (3d Cir. 1990).  It is not appropriate to deny a motion to dismiss without

prejudice if the defendant will not suffer some plain legal prejudice by such a dismissal.  Mobil

Oil Corp. v. Advanced Envtl. Recycling Tech., Inc., 203 F.R.D. 156, 158 (D. Del. 2001).

Aventis will not suffer any legal prejudice if the Court grants Novo Nordisk's Motion to

Dismiss.  Accordingly, Novo Nordisk's Motion to Dismiss Without Prejudice should be granted.

### A.    Aventis Will Not Be Prejudiced If Novo Nordisk's Motion to Dismiss Is Granted And This Action Is Dismissed Without Prejudice

#### 1.                         **REDACTED**

Aventis contends that Novo Nordisk's claims should be dismissed with prejudice because

it perceives insufficient explanation for Novo Nordisk's dismissal.  (D.I. 158, Response at 6.)

_____

**REDACTED**

3

This contention is false.  Economic reasons form a sufficient basis for granting a motion to dismiss.  See, e.g., Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1304 (Fed. Cir. 2004) (stating there was no bad faith in a voluntary dismissal based on the assessment that further pursuit of a lawsuit would not have been worth the investment in proving infringement).

REDACTED

REDACTED

---

[3] Mr. Jansen's declaration, which is unsworn and was executed outside the United States, should be accorded no weight for the additional reason that it is statutorily infirm under United States law.  See 28 U.S.C. § 1746(1).

REDACTED

REDACTED

This testimony not only supports Novo Nordisk's contention that further litigation expense is not reasonable, but also demonstrates that Aventis's contention that Novo Nordisk "manufactured" information                                    is not true.

2.    **Aventis Cannot Be Prejudiced By The Possibility Of Duplicative Litigation**

Aventis also argues that a dismissal must be with prejudice to avoid the possibility of duplicative litigation. (D.I. 158, Response at 7.) This is yet another Aventis red herring that does not warrant a dismissal with prejudice.

a.  **Duplicative litigation is an impossibility in view of the covenant not to sue**

It is impossible for Aventis to be prejudiced by the possibility of duplicative litigation here because Novo Nordisk has provided Aventis with a covenant not to sue. (Motion to Dismiss, Ex. A.) Novo Nordisk is thus estopped from re-filing this action. See Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 636 (Fed. Cir. 1991); see also, Matsushita Battery Indus. Co. v. Energy Conversion Devices, Inc., C.A. No. 96-101-SLR, 1997 WL 811563 at *6-7 (D. Del. Dec. 23, 1997) (dismissing action without prejudice after finding covenant not to sue forever barred assertion of the patent claims). Accordingly, the prospect of additional litigation is non-existent and cannot constitute any prejudice whatsoever.

**REDACTED**

b.  **The possibility of duplicative litigation cannot amount to prejudice as a matter of law**

Aventis's contention that the possibility of re-filing this lawsuit constitutes prejudice that warrants a dismissal with prejudice is deficient as a matter of law. Even if re-filing this

7

infringement action were possible—which it is not given that Novo Nordisk has provided

Aventis with a covenant not to sue—the prospect of another lawsuit cannot, as a matter of law,

constitute plain legal prejudice that warrants a dismissal with prejudice. See Mobil Oil, 203

F.R.D. at 158.

      3.    **The Stage of This Litigation Does Not Warrant Dismissing This Action With Prejudice And Aventis's Litigation Tactics Should Preclude A Dismissal With Prejudice**

Aventis is responsible for proliferating discovery expenses throughout this case and

cannot now be heard to argue that the extent of its discovery and trial preparation warrants

dismissing this case with prejudice. (D.I. 158, Response at 4.) Aventis points to the number of

documents it has produced, the number of depositions taken, the fact that depositions took place

in Europe and the "several million dollars" it has spent on discovery and in preparation for trial,

but in each of these instances Aventis's own tactics – not Novo Nordisk's –are what have driven

up Aventis's costs. (Id.)

This is a simple case. It involves a single patent and a single product. Yet Aventis has

promulgated vast amounts of needless discovery that has unilaterally run up both parties'

litigation expenses. Aventis propounded an astounding 412 separate document requests (not

including subparts) demanding the production of documents relating to any type of medication

delivery device that has ever existed. (D.I. 27, 33, 49.) By contrast, Novo Nordisk served a mere

fraction of this number, which were narrowly directed to pen type medication delivery devices.

Despite Novo Nordisk's focused requests, Aventis produced over 600,000 pages, including over

2,500 patents, many of which were not even responsive to Novo Nordisk's document requests.[4]

---

[4] A few examples of the many patents Aventis has produced that cannot even arguably be deemed responsive to Novo Nordisk's document requests include patents entitled, "Portable Chamberpots and Disposable Containers Therefor," "Massage Apparatus," "Label Dispensing and Applying Apparatus" and "Container for Wet Wipes."

In every phase of discovery, Aventis has driven up costs. For example, Aventis insisted on 25

fact depositions per side while Novo Nordisk sought to limit fact depositions to 10 per side (the

Court split the difference and allowed 18 fact depositions per side) (Vitola Dec. Ex. 6.) Aventis

also insisted that the depositions of the majority of its fact witnesses take place in Europe (Vitola

Dec. Ex. 7) notwithstanding that Novo Nordisk noticed the depositions for the United States.

Even as it proliferated discovery to excess, Aventis obstructed Novo Nordisk's discovery

in a manner that, as is now clear, unnecessarily prolonged this case. As a result,

**REDACTED**

Novo Nordisk should not be penalized for the time

required to confirm                              See, e.g., Affinion Net Patents, Inc. v. Maritz, Inc.,

No. Civ.A. 04-360-JJF, 2006 WL 1652677 at *2 (D. Del. June 8, 2006)(allowing unconditional

dismissal of patent claims after finding that plaintiff's action in confirming basis for withdrawing

patent claims was appropriate and did not constitute undue delay notwithstanding the fact that

the motion came at the end of expert discovery). It was not until July 2007 that Aventis

introduced its OptiClik successor, Solostar, on the U.S. market,

Verification of                              was made especially difficult by Aventis's refusal to

provide damages-related documents dated after October 2006 and its resistance to allowing its

witnesses to testify regarding damages-related issues. Despite Novo Nordisk's repeated

requests, Aventis continually refused to provide any damages documents dated after October

2006. (Vitola Dec. Ex. 8, seventh point.) In addition, throughout this litigation Aventis's

counsel repeatedly withheld and concealed damages-related information from Novo Nordisk by,

for example, objecting at depositions on the basis of relevance. (Vitola Dec. Ex. 9.) Aventis's

counsel even instructed at least one witness not to answer questions relating to damages on the

**REDACTED**

**REDACTED**

basis of relevance during a deposition in an attempt to prevent responses to damages questioning.

(Vitola Dec. Ex. 10.)  Aventis also admitted to this Court during the discovery conference held

on April 11, 2007, that it had not so much as searched the files of Hanspeter Spek, the Aventis

manager                                                        (Vitola Dec. Exs. 11, 12.)  Moreover,

as previously described in Novo Nordisk's Motion to Dismiss and not denied by Aventis,

Aventis never provided updated responses to Novo Nordisk's interrogatories on damages. This

carefully orchestrated campaign of obstruction impaired Novo Nordisk's ability to confirm

and made additional discovery necessary.

Aventis has utterly failed to demonstrate that, under the totality of the circumstances, a

dismissal with prejudice is warranted, even at this stage of the proceedings. Despite Aventis's

misreading of <u>Reach & Assocs., P.C.</u> v. <u>Dencer</u>, No. Civ.A. 02-1355 JJF, 2004 WL 253487 (D.

Del. Feb. 9, 2004), that case does not support Aventis's Response. To the contrary, in <u>Reach &</u>

<u>Assocs.</u>, the court allowed plaintiff to pursue an identical claim in a different district, thus

dismissing <u>without</u> prejudice. <u>Id.</u> at *2.

### 4. Novo Nordisk Did Not Delay In Filing This Motion To Dismiss

Aventis argues that a dismissal with prejudice is warranted because of the timing of Novo

Nordisk's Motion to Dismiss. (D.I. 158, Response at 5.) However, Aventis's contention of

delay is rebutted by several material facts that Aventis has omitted from its Response, including

(i) the time frame of settlement negotiations and (ii) the withholding of relevant damages

information.

**REDACTED**

10

**REDACTED**

Moreover, as described above, Aventis has continually resisted providing damages related discovery that would have expedited resolution of this case. In view of the resistance Aventis presented on damages discovery, and the timing of the breakdown in settlement negotiations, Novo Nordisk did not delay in filing its Motion to Dismiss.

> **5.    There Is No _Per Se_ Rule That Warrants Dismissing With Prejudice Because Novo Nordisk Has Provided Aventis With a Covenant Not To Sue**

Aventis contends that this action should be dismissed with prejudice because (1) dismissal with prejudice is "consistent with" Novo Nordisk's covenant not to sue, (2) Novo Nordisk is attempting to dismiss this case through a covenant not to sue, and (3) no prejudice will befall Novo Nordisk but a dismissal without prejudice may deprive Aventis of the opportunity to seek costs and attorney fees. (D.I. 158, Response at 7.)   In regard to (1) and (2), Aventis fails to explain how these constitute legal prejudice. Indeed, Aventis's argument

---

[5] Citations to "Green Dec." are references to the Declaration of Reza Green, Ph.D. submitted with Novo Nordisk's Motion to Dismiss. (D.I. 153.)

amounts to a request that the Court adopt a *per se* rule that the mere fact of filing a covenant not to sue mandates a dismissal with prejudice. Such a rule does not exist.

Contrary to Aventis's contention, the potential loss of an opportunity to move for attorney fees and costs is not legal prejudice. Indeed, it is clear that Aventis's sole motive is to have unwarranted sanctions assessed against Novo Nordisk. A retaliatory motive does not, however, warrant a dismissal with prejudice. See Camilli v. Grimes, 436 F.3d 120, 124-125 (2d Cir. 2006) (affirming dismissal without prejudice because the lost opportunity to retaliate against plaintiff was not plain legal prejudice).

**B.    Aventis's Request to Be Deemed the "Prevailing Party" Should Be Denied**

**1.    Aventis Provides No Basis For Deeming It The Prevailing Party**

Aventis also requests that it be deemed the "prevailing party" as a condition of dismissal. (D.I. 158, Response at 8.) Aventis again provides no basis in fact or law that supports its position. The two cases that Aventis relies on are both inapposite. In both cases the plaintiff voluntarily dismissed their claims with prejudice. Callaway Golf Co. v. Slazenger, 384 F. Supp. 2d 735, 746 (D. Del. 2005); DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l, No. 96C50113, 2002 WL 1308651 at *1 (N.D. Ill., June 13, 2002). In contrast, Novo Nordisk has moved to dismiss without prejudice. Aventis cites no case law on point or that otherwise supports its contention.

Aventis likewise has shown no factual basis for granting its request. Aventis does not set forth even a single reason that the Court should declare Aventis the prevailing party. Aventis concedes that it would like to be declared the prevailing party so it can collect costs and fees, which is plainly irrelevant and no basis for granting its request. Aventis also alleges that Novo Nordisk has committed inequitable conduct and engaged in a "pattern of bad faith litigation"

which is equally irrelevant, not to mention baseless. Since Aventis provides no information

relevant to a determination of which party is "prevailing," Aventis's request should be denied.

### 2.    Aventis's Deceptive Allegations Warrant Denial Of Its Requests

In support of its request to be deemed the prevailing party, Aventis presents unsupported

and unwarranted arguments to this Court. The most egregious is Aventis's claim that Novo

Nordisk engaged in a "pattern of bad faith litigation." (D.I. 158, Response at 8.) As an initial

matter, what has allegedly happened in a different forum is irrelevant here. See, e.g., Q-Pharma,

360 F.3d at 1304 (stating that alleged harassment of threatening to file FTC action is irrelevant to

the issue of whether litigation was brought in bad faith). Moreover, Aventis wants the Court to

believe that there was a finding of misconduct in the ITC action. To the contrary, despite

Aventis's allegations, the Office of Unfair Import Investigations ("OUII") opposed Aventis's

motion and the Administrative Law Judge ("ALJ") explicitly rejected Aventis's allegations in

their entirety and rejected an award of attorney fees and costs to Aventis. (Vitola Dec. Ex. 13.)[6]

Aventis's other allegation of bad faith, that Novo Nordisk withheld documents during

discovery, is also deceptive and manufactured for purposes of its Response. Tellingly, Aventis

never brought any such issues to the Court's attention during discovery, but rather manufactured

these non-existent issues solely to support its Response. Aventis's attempt to complain now,

especially in the absence of any evidence supporting its position, should not be condoned.

---

[6] Aventis also fails to reference an unfounded Lanham Act claim Aventis brought against Novo
Nordisk attempting to block the launch of Levemir, Novo Nordisk's long acting insulin that
competes with Aventis's Lantus insulin that is delivered via OptiClik. In a clear attempt to
unjustifiably block a competitor, Aventis brought an action in the District of New Jersey that was
timed to coincide with and disrupt Novo Nordisk's launch of Levemir. The New Jersey court
found Aventis's contentions baseless (just as the OUII and ALJ had found Aventis's contentions
of bad faith litigation baseless), rejected Aventis's preliminary injunction motion, and dismissed
Aventis's unfounded allegations after Aventis voluntarily withdrew its complaint. (Vitola Dec.
Ex. 14.) Despite Aventis's withdrawal, Novo Nordisk did not seek attorney fees and costs based
on Aventis's bringing of that unfounded claim.

3.    **Prevailing Party Status Is Irrelevant To The Issue Of Whether Novo Nordisk's Motion Should Be Granted**

Finally, a determination of which party is the "prevailing party" is irrelevant to the issue of whether Aventis will suffer any prejudice. Aventis's request is designed to prejudice Novo Nordisk, rather than to protect Aventis, by eliminating one element Aventis would need to prove in the motion for attorney fees it has already promised. Attaching conditions to a motion to dismiss that prejudice the plaintiff, rather than protect a defendant, has been explicitly rejected because such conditions effectively create a dismissal with prejudice. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604-05 (5th Cir. 1976) (vacating conditions district court attached to dismissal because imposition of conditions prejudiced plaintiffs). Any determination of prevailing party status should not be decided here because it is irrelevant to the determination of Novo Nordisk's Motion to Dismiss.

C.    **Aventis's Request To Alter The Covenant Is Unsupported And Unreasonable**

Aventis complains that the covenant Novo Nordisk has provided is too narrow

**REDACTED**

As to Aventis's request to extend the covenant to cover all of Novo Nordisk's patents, Aventis cites no precedent—because absolutely none exists—for extending a covenant not to sue

14

beyond the asserted patent. The only patent at issue in this litigation is the '408 patent.

Therefore, the dismissal and the covenant should only extend to the '408 patent.

Finally, Aventis's complaint concerning execution of the covenant is baseless because a

promise not to sue extended by a party's attorney is binding on the party. See Super Sack Mfg.

Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1059-1060 (Fed. Cir. 1995) (finding covenant

signed by party's attorney estopped patentee from suing and rendered declaratory judgment

counterclaim nonjusticiable).

**III.    Conclusion**

For the foregoing reasons, Novo Nordisk's Motion to Dismiss should be granted and this

case should be dismissed without prejudice and without the conditions Aventis seeks.


Dated: July 26, 2007

Frederick L. Cottrell III (# 2555)
cottrell@rlf.com
Anne Shea Gaza (# 4093)
gaza@rlf.com
Richards, Layton & Finger, P.A
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
*Attorneys for Plaintiff*

Of Counsel:

Jeffrey J. Oelke
Scott T. Weingaertner
Stephen J. Vitola
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

> Steven J. Balick, Esquire
> John G. Day, Esquire
> Lauren E. Maguire, Esquire
> Ashby & Geddes
> 500 Delaware Avenue
> P.O. Box 1150
> Wilmington, DE  19899

I hereby certify that on August 2, 2007, I have sent by Federal Express the foregoing document to the following non-registered participants:

> Paul Berghoff, Esquire
> McDonnell Boehnen Hulbert
> & Berghoff LLP
> 300 South Wacker Drive
> Chicago, Illinois 60606-6709

Anne Shea Gaza (#4093)
Gaza@rlf.com

RLF1-2926952-1