# EXHIBIT 1



White & Case LLP                    Tel  + 1 212 819 8200
1155 Avenue of the Americas         Fax + 1 212 354 8113
New York, New York 10036-2787       www.whitecase.com

Direct Dial + (212) 819-8903    svitola@whitecase.com

July 18, 2007

VIA FACSIMILE

Eric Moran, Esq.
McDonnell, Boehnen, Hulbert & Berghoff
300 South Wacker Drive
Chicago, IL

Re:  Novo Nordisk A/S v. Aventis Pharmaceuticals, Inc. et al.
     Case No. 05-645-SLR

Dear Eric:

We write regarding our conversation of this morning regarding dismissal of the above captioned action.

During our conversation this morning, we informed you that Novo Nordisk would agree to dismiss its claim that OptiClik infringes U.S. Patent No. 6,582,408 (the "'408 patent") with prejudice and would agree to extend a covenant not to sue to sanofi-aventis's customers and users if sanofi-aventis would agree to dismiss its counterclaims with prejudice and would agree that each of the parties would bear its own costs and fees. You rejected our offer on behalf of sanofi-aventis, stated that you had specific instructions from sanofi-aventis to seek costs and fees, that those instructions were not negotiable and that the instructions precluded accepting Novo Nordisk's offer. Accordingly, the parties were unable to reach an agreement regarding dismissal of this action.

Regards,

Stephen J. Vitola

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG
HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

NEWYORK 6193160 v1 (2K)

# FACSIMILE

WHITE & CASE

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax  + 1 212 354 8113
www.whitecase.com

---

Direct Dial + 1-212-819-8903      svitola@whitecase.com

| | | | |
|---|---|---|---|
| **Date:** | July 18, 2007 | **No. of Pages (including cover):** | 2 |
| **To:** | Eric Moran<br>MBHB | **Fax Number:**<br>Contact Number: | 1-312-913-0002<br>1-312-913-0001 |
| **From:** | Stephen J. Vitola | **Reference No.:** | |
| **Re:** | Novo Nordisk v. Aventis | | |

---

**PLEASE NOTE:** The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call + 1 212 819 7583. Thank you.

6/13/2007 11:24 AM (2K)
NEWYORK 6083629 v1 [6083629_1 DOC]

```
*********************
  TRANSMISSION REPORT
*********************
```

(WED) JUL 18 2007 18:50
WHITE & CASE LLP (22) FLOOR

| DOCUMENT # | TIME STORED | TIME SENT | DURATION | PAGE(S) | MODE | RESULT |
|---|---|---|---|---|---|---|
| 4864952-208 | 7. 18 18:49 | 7. 18 18:49 | 39" | 2 | ECM | OK |

| DESTINATION | DST. TEL # |
|---|---|
| 913129130002 | 913129130002 |

# FACSIMILE

WHITE & CASE

White & Case LLP          Tel  + 1 212 819 8200
1155 Avenue of the Americas     Fax  + 1 212 354 8113
New York, New York 10036-2787    www.whitecase.com

---

Direct Dial + 1-212-819-8903    svitola@whitecase.com

| | |
|---|---|
| **Date:** July 18, 2007 | **No. of Pages (including cover):**    2 |
| **To:** Eric Moran<br>MBHB | **Fax Number:**    1-312-913-0002<br>Contact Number:    1-312-913-0001 |
| **From:** Stephen J. Vitola | **Reference No.:** |
| **Re:** Novo Nordisk v. Aventis | |

---

**PLEASE NOTE:** The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call + 1 212 819 7683. Thank you.

# EXHIBIT 2

# REDACTED

# EXHIBIT 3

1

1          IN THE UNITED STATES DISTRICT COURT

2          IN AND FOR THE DISTRICT OF DELAWARE

3                        - - -

4   NOVO NORDISK A/S,              :      CIVIL ACTION
                                   :
5            Plaintiff             :
                                   :
6              v.                  :
                                   :
7                                  :
    SANOFI-AVENTIS, AVENTIS        :
8   PHARMACEUTICALS INC., and      :
    AVENTIS PHARMA DEUTSCHLAND     :
9   GMBH,                          :
                                   :
10           Defendants            :      NO. 05-645 (SLR)

11                        - - -

12                           Wilmington, Delaware
                             Wednesday, April 11, 2007
13                           3:00 o'clock p.m.

14                        - - -

15  BEFORE:   HONORABLE SUE L. ROBINSON, Chief Judge

16                        - - -

17  APPEARANCES:

18             RICHARDS, LAYTON & FINGER
               BY:  JEFFREY L. MOYER, ESQ.
19

20                     -and-

21

22

23

24                           Valerie J. Gunning
                             Official Court Reporter
25

1    Schwartz's e-mails and files.  Stephan Schwartz was the

2    decision-maker located in Paris, France for Sanofi-Aventis.

3    We also produced documents regarding the state of mind for

4    Sanofi-Aventis for many of the U.S. people, many of the

5    people in Stephan Schwartz's decision, and one of the

6    biggest pharmaceutical companies in the world.

7         And if there was a discussion between

8    vice-presidents or presidents and CEOs that -- I don't know

9    if those occurred or not, but when we did our investigation,

10   we talked to all of the businesspeople, both in the U.S. and

11   overseas, and what they told us is, Stephan Schwartz is the

12   guy, and whatever he has would be the ultimate decision for

13   Sanofi-Aventis in this -- whether they believed they

14   infringed or not.

15         THE COURT:  All right.  Right.  Let's hear

16   from plaintiff's counsel.  An interesting spin on the

17   old story.

18         MR. WEINGAERTNER:  Your Honor, I note that

19   the document that was produced of which really only two

20   sentences left standing is addressed to people above

21   this Mr. Schwartz.

22         Mr. Schwartz testified in the deposition

23   that the official opinion was not anything he could

24   understand.  He relied on this document, as far as we

25   know, and reported, according to his testimony, up the

# EXHIBIT 4

# REDACTED

# EXHIBIT 5

# REDACTED

# EXHIBIT 6

RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION

ONE RODNEY SQUARE

920 NORTH KING STREET

WILMINGTON, DELAWARE 19801

(302) 651-7700

FAX (302) 651-7701

WWW.RLF.COM

ANNE SHEA GAZA

DIRECT DIAL NUMBER

302-651-7539

GAZA@RLF.COM

January 6, 2006

**VIA CM/ECF FILING
& HAND DELIVERY**

The Honorable Sue L. Robinson
United States District Court for
 the District of Delaware
Federal Building
844 King Street
Wilmington, Delaware 19801

RE: *Novo Nordisk A/S v. Sanofi-Aventis, et al.,*
C.A. No. 05-645 (SLR)

Dear Chief Judge Robinson:

In advance of the Rule 16 scheduling conference scheduled in the above-referenced matter for January 10, 2006 at 9:30 a.m., I enclose for the Court's consideration a proposed form of scheduling order that has been discussed by the parties. As is evident from the enclosed order, the parties have worked out a schedule with respect to discovery and dispositive motions. The only point of disagreement between the parties is the number of fact depositions that each side should be permitted. Plaintiff proposes ten fact depositions per side whereas defendants propose twenty-five fact depositions per side. The parties have not included dates for the pretrial conference, trial or for submissions that would be dependent upon those dates as we do not know the Court's preference.

We look forward to discussing these matters with Your Honor and finalizing the scheduling order on January 10, 2006. As always, if Your Honor has any questions prior to the scheduling conference, counsel remains available at the Court's convenience.

Respectfully,

Anne Shea Gaza

ASG:lll
Enclosure

RLF1-2966220-1

The Honorable Joseph J. Farnan
January 6, 2006
Page 2


cc:    Clerk of the Court (w/enc.) (By Hand Delivery)
       Steven J. Balick, Esq. (w/enc.) (By Hand Delivery)
       Paul H. Berghoff, Esq. (w/enc.) (by Facsimile)
       Jeffrey J. Oelke, Esq. (w/enc.) (By Federal Express)
       Scott T. Weingaertner, Esq (w/enc.) (By Federal Express)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NOVO NORDISK A/S,

Plaintiff and Counterdefendant,

v.

AVENTIS PHARMACEUTICALS INC,
SANOFI-AVENTIS, and AVENTIS
PHARMA DEUTSCHLAND GMBH

Defendants and Counterplaintiffs.

Case No. 1:05CV00645 SLR

## O R D E R

At Wilmington this _____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.** The parties will exchange by January 15, 2006 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery.**

(a)    Discovery will be needed on the following subjects: liability, validity and damages.

(b)    All fact discovery shall be commenced in time to be completed by October 19, 2006.

(1)    Document production shall be completed on or before June 23, 2006.

(2)    Maximum of 25 interrogatories by each party to any other party.

(3)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)    Maximum of 25 requests for admission by each party to any other party.

(5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)    Maximum of [plaintiff proposes 10][defendants propose 25] fact depositions by plaintiff(s) and [plaintiff proposes 10][defendants propose 25] by defendants. Each fact deposition limited to a maximum of 7 hours unless extended by agreement of parties.

(c)    Expert discovery shall be commenced in time to be completed by March 30, 2007.

(1)    Expert reports on issues for which the parties have the burden of proof due December 13, 2006. Rebuttal expert reports due February 9, 2007.

(2)     Expert depositions to be limited to a maximum of 7 hours unless extended by agreement of the parties.

(3)     All Daubert motions shall be filed on or before July 2, 2007.

(d)     If willfulness has been asserted and absent agreement among the parties, the defendants must inform plaintiff as to whether they intend to rely on advice of counsel by July 7, 2006. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to their counsel and whatever other materials related to the issues in dispute that defendants had in their possession at the time the advice was sought.

(e)     Supplementations under Rule 26(e) due September 12, 2006.

(f)     **Discovery Disputes.**

(1)     The court shall conduct in-person discovery status conferences on May 2, 2006 from _____ _.m. to _____ _ m., and on September 19, 2006 from _____ _.m to _____ _.m., the time to be allocated equally among the parties.

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact

testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

      3.    **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before August 1, 2006.

      4.    **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

      5.    **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 15, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

      6.    **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before July 2, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

7.   **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary dictionary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on May 1, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on May 15, 2007. Simultaneous response briefs should be filed by May 29, 2007. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on August 1, 2007 at _____ .m.

8.   **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a)   Any **non-dispositive motion should contain the statement** required by D. Del. LR 7.1.1.

(b)   No telephone calls shall be made to chambers.

(c)   Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a

short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

     9.    **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

     10.    **Pretrial Conference**. A pretrial conference will be held on _____ at _____ _.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

     11.    **Trial**. This matter is scheduled for a _____ bench trial commencing on _____ in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

_____
United States District Judge

# EXHIBIT 7


RECYCLED



# FACSIMILE



**WHITE & CASE**

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel  + 1 212 819 8200
Fax  + 1 212 354 8113
www.whitecase.com

Direct Dial + 212-819-8903    svirtola@whitecase.com

| | | | |
|---|---|---|---|
| **Date:** | October 16, 2006 | **No. of Pages (including cover):** | 3 |
| **To:** | James M. McCarthy, Esq. | **Fax Number:** | 1-312-913-0002 |
| | McDonnell Boehnen Hulbert & Berghoff | Contact Number: | 1-312-913-3302 |
| **From:** | Stephen J. Vitola | **Reference No.:** | 1123029-0005 |

**PLEASE NOTE:** The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call + 1 212 819 7583. Thank you.

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG   HELSINKI
HO CHI MINH CITY   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUMBAI   NEW YORK   PALO ALTO
PARIS   PRAGUE   RIYADH   ROME   SAN FRANCISCO   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

10/11/2006 4:46 PM (2K)
NEWYORK 5709863 v1 [5709863_1 DOC]

WHITE & CASE

White & Case LLP                    Tel  + 1 212 819 8200
1155 Avenue of the Americas         Fax + 1 212 354 8113
New York, New York 10036-2787       www.whitecase.com

Direct Dial + 212-819-8903     svitola@whitecase.com

October 16, 2006

VIA FACSIMILE

James M. McCarthy
McDonnell Boehnen Hulbert & Berghoff
300 South Wacker Drive
Chicago, Illinois 60606-6709

Re:  Novo Nordisk A/S v. Aventis Pharmaceuticals et al.
     Civil Action No. 05-00645 SLR

Dear Jim:

We write in regard to the parties' October 13, 2006 teleconference and in response to the
October 11, 2006 sent by Eric Moran on your behalf.

**McDonnell Boehnen's Privilege Log**

There is no basis for your contention that McDonnell Boehnen's objections to Novo Nordisk's
subpoena duces tecum are proper because they were set out within 14 days. Rule 45 explicitly
provides that McDonnell Boehnen's objections were due prior to the deadline for responding to
the subpoena, October 5, 2006. By failing to respond, McDonnell Boehnen waived its
objections. Despite that waiver, you indicated that you intend to stand by the objections and
agreed to produce by October 20, 2006, a privilege log listing the documents that McDonnell
Boehnen has withheld in response to Novo Nordisk's subpoena duces tecum. Novo Nordisk still
believes that McDonnell Boehnen has waived its objections and acceptance of McDonnell
Boehnen's privilege log should not be construed as acceptance of the belated objections or as a
waiver of Novo Nordisk's right to submit McDonnell Boehnen's waiver.

**The Parties' Privilege Logs**

The parties agreed to exchange privilege logs on October 27, 2006.

ALMATY   ANKARA   BANGKOK   BEIJING   BERLIN   BRATISLAVA   BRUSSELS   BUDAPEST   DRESDEN   DÜSSELDORF   FRANKFURT   HAMBURG
HELSINKI   HONG KONG   ISTANBUL   JOHANNESBURG   LONDON   LOS ANGELES   MEXICO CITY   MIAMI   MILAN   MOSCOW   MUMBAI   MUNICH
NEW YORK   PALO ALTO   PARIS   PRAGUE   RIYADH   SÃO PAULO   SHANGHAI   SINGAPORE   STOCKHOLM   TOKYO   WARSAW   WASHINGTON, DC

NEWYORK 5811263 (2K)

James M. McCarthy

October 16, 2006

**The Deposition of David Frischkorn**

Despite the fact that he authored the opinion that Aventis is relying on to defend Novo Nordisk's willfulness claim, you stated that you would not make David Frischkorn of McDonnell Boehnen available for deposition. We strongly disagree with your position that Mr. Frischkorn's testimony is irrelevant. Mr. Frischkorn's testimony is highly relevant to the issues, claims and defenses in this litigation. In fact, it was Aventis that rendered his testimony essential by asserting the advice of counsel defense and relying on the opinion he authored. You cannot at the same time use his opinion as a shield and allege that his testimony is irrelevant. Your refusal to provide Mr. Frischkorn is improper and will be brought to the Court's attention.

**The Depositions of Fact Witnesses**

The parties discussed scheduling of depositions for Thomas Buch-Rasmussen, Jens Ulrik-Poulsen, Jorn Rex, Soren Steenfeldt Jensen, Nils Basso, Stefan Schwarz, Daniel Gruber, and Volker Keuth. Novo Nordisk provided that Thomas Buch-Rasmussen, Jorn Rex and Soren Steenfeldt Jensen are tentatively available in Copenhagen, Denmark during the week of October 30, 2006, and we would provide specific dates for each witness once those dates are confirmed.

Aventis stated that Nils Basso, Stefan Schwarz, Daniel Gruber, and Volker Keuth would be made available in Paris sometime during the weeks of November 13 and November 20, and that you would provide specific dates for each witness once the dates are confirmed. We note that these are the first witnesses that Aventis has agreed to provide and that Aventis is providing them two weeks *after* the scheduled close of fact discovery. Aventis's inability and unwillingness to provide these witnesses at a reasonable time prior to the date for expert reports seriously prejudices Novo Nordisk. Novo Nordisk reserves the right to supplement its expert reports and to take additional discovery as warranted following the testimony from Messrs. Schwarz, Gruber, Basso or Keuth.

We note that, despite the allegations in Mr. Moran's October 11, 2006 letter, we have never refused to provide dates for any of our witnesses. Indeed, Novo Nordisk is providing witnesses in a timely manner and, unlike sanofi-aventis, prior to the close of discovery.

Regards,

Stephen J. Vitola

```
***********************
*  TRANSMISSION REPORT  *
***********************
```

(MON) OCT 16 2006 17:26
W&C LLP FAXDEPT F#2123548113T#2128197583

| DOCUMENT # | TIME STORED | TIME SENT | DURATION | PAGE(S) | MODE | RESULT |
|---|---|---|---|---|---|---|
| 4864800-799 | 10. 16 17:20 | 10. 16 17:20 | 36" | 3 | ECM | OK |

| DESTINATION | DST. TEL # |
|---|---|
| #00313129130002 | #00313129130002 |

# FACSIMILE

## WHITE & CASE

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787

Tel + 1 212 819 8200
Fax + 1 212 354 8113
www.whitecase.com

Direct Dial + 212-819-8903    svirtola@whitecase.com

| | | |
|---|---|---|
| **Date:** | October 16, 2006 | **No. of Pages (including cover):** 3 |
| **To:** | James M. McCarthy, Esq.<br>McDonnell Boehnen Hulbert & Berghoff | **Fax Number:** 1-312-913-0002<br>Contact Number: 1-312-913-3302 |
| **From:** | Stephen J. Vitola | **Reference No.:** 1123029-0005 |

**PLEASE NOTE:** The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call + 1 212 819 7583. Thank you.

# EXHIBIT 8

Mar-16-07  04:50pm  From-MCDONNELL BOEHNEN HULBERT & BERGHOFF     +13129130000Z     T-038  P.01/04  F-144



**mbhb**  McDonnell Boehnen Hulbert & Berghoff LLP

# Fax transmittal

| | | | |
|---|---|---|---|
| To | Stephen J. Vitola | Date | March 16, 2007 |
| Company | White & Case LLP | From | Eric R. Moran |
| Fax | 212 354 8113 | Direct | 312 913 3302 |
| | 212 819 7800 | Email | moran@mbhb.com |
| Phone | | C/M | 690/28 |
| Copy To | | | |
| Pages, with cover | 4 | | |
| Re | *Novo Nordisk A/S v. sanofi-aventis et al.* | | |
| | *Civil Action No. 05-00645 SLR* | | |

300 South Wacker Drive
Chicago Illinois 60606-6709
www.mbhb.com

312 913 0001 phone
312 913 0002 fax

This transmittal is strictly for delivery only to the person listed above. It may contain confidential or privileged information, the disclosure of which is prohibited.

Please contact us if all pages are not received. If you received this fax in error, please contact us to arrange for return of the document.



**mbhb**    McDonnell Boehnen Hulbert & Berghoff LLP        300 South Wacker Drive        312 913 0001 phone
                                                            Chicago, Illinois 60606-6709   312 913 0002 fax
                                                            www.mbhb.com

March 16, 2007

**VIA FACSIMILE
212 354 8113**

Stephen J. Vitola
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787

Re:    *Novo Nordisk A/S v. sanofi-aventis et al.*
       *Civil Action No. 05-00645 SLR*

Dear Steve:

We write regarding Novo's letter dated March 9, 2007, which we note you did not fax until March 12.

First, your letter is incorrect to the extent it states or implies that Aventis "first asserted many additional theories and references related to invalidity" on February 7, the date Aventis served its third supplemental responses to Novo's Interrogatory No. 1. Aventis's third supplemental responses to Novo's Interrogatory No. 1 merely set forth material from Aventis's expert report on invalidity, which, as you know, Aventis served on Novo on January 15, 2007, the date set by the Court for such service. In addition, Aventis also supplemented its interrogatory responses twice before serving Aventis's third supplemental responses, including most recently on September 12, 2006, the date set by the Court for supplementing discovery responses. Thus, Aventis's third supplemental interrogatory responses are in no way "belated," "unjustifiable," or "prejudicial" to Novo, as you allege, but do no more than repeat theories and set forth references that Aventis had already fully disclosed in accordance with deadlines set by the Court.

Second, regarding your request that Aventis supplement its response to Novo's Interrogatory No. 5 by providing production numbers, Aventis is happy to do so provided that Novo also supplements its response to Aventis's Interrogatory No. 9. Novo's most recent response to Aventis's Interrogatory No. 9 purports to respond according to Fed. R. Civ. P. 33(d), but fails to provide any production numbers where responsive documents can be found. In contrast, Aventis at least specified the types of documents that Aventis produced (e.g., "OptiPen® Starlet product brochures, manuals, advertisements, and promotional materials, as well as documents used in the opposition to Novo's EP 1 094 858") that include Rule 33(d) responsive information—Novo never even provided such a specification. Please confirm by March 23 whether or not Novo is willing to do a mutual exchange—i.e., Novo would supplement its response to Aventis's

Interrogatory No. 9 by providing production numbers and Aventis would supplement its response to Novo's Interrogatory No. 5 by providing production numbers. Aventis would be prepared to do a mutual exchange by March 30. Absent a response from Novo by March 23, we will consider this issue resolved.

Third, regarding Novo's request for the production of the OptiPen® Pro and OptiPen® Starlet devices, on July 28, 2006, in response to Novo's production requests,[1] Aventis agreed to a mutual inspection of devices. Novo never responded to Aventis's offer of an inspection and never tried to schedule an inspection of Aventis's devices. Now, over seven months later, on March 9, 2007, your letter belatedly resurrects this issue and demands the production of these devices. Despite your belated request, in the spirit of cooperation, Aventis will agree to an inspection of the OptiPen® Pro and OptiPen® Starlet devices during one of the upcoming depositions in Chicago on April 4-6. Please advise on which day Novo would like to inspect these devices.

Fourth, regarding the documents related to purported meetings on November 15, 2000, September 2000, December 21, 2000, and January 24, 2001, requested in your letter, Aventis has searched for and produced or logged all relevant documents subject to Aventis's responses and objections to Novo's document requests (and subject to the parties' agreement on e-discovery). Thus, with regard to these documents, Aventis has conducted reasonable searches in response to Novo's formal document requests and Aventis has met their obligations under the Federal Rules of Civil Procedure.

Fifth, regarding the alleged Solostar redactions, any purported reference to or purported reliance upon Solostar by Mr. Sims in his rebuttal report merely rebuts the discussion of Solostar in Novo's damages report. Aventis maintains that Solostar devices are not relevant to the issues of this litigation and should not have been injected into Novo's damages report.

Sixth, regarding documents allegedly responsive to Novo's Document Request No. 90, Aventis has produced all non-Novo documents that Mr. Sims relied upon and considered.

Seventh, regarding documents from October 2006 forward that may be responsive to Novo's document requests relating to its allegations of damages, Aventis notes that Novo has arbitrarily and improperly refused to produce any damages-related documents dated after September 2, 2005, the filing date of the complaint in this litigation. In contrast, Aventis has produced damages-related documents through October 2006.

---

[1] See, e.g., Novo Production Request Nos. 121 and 129, served June 28, 2006. Novo sought production of Aventis devices despite Novo's refusal to produce any of Novo's own devices and despite placing unreasonable limitations on Novo's offer to allow inspection of some of its own devices (such as, for example, by only allowing inspection of Novo devices that were sold or distributed in the United States and by refusing to produce documents related to Novo's devices).

Mar-16-07 04:51pm    From-MCDONNELL BOEHNEN HULBERT & BERGHOFF    +13129130000Z    T-038  P 04/04  F-144

Aventis will consider the production of additional damages-related documents if Novo supplements its production to include damages-related documents through the same time period from which it seeks those documents from Aventis—including through October 2006.

Regards,

Eric R. Moran
312 913 3302 direct
moran@mbhb.com

# EXHIBIT 9

# REDACTED

# EXHIBIT 10

# REDACTED

# EXHIBIT 11

1

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

- - -

NOVO NORDISK A/S,                      :        CIVIL ACTION
                                       :
            Plaintiff                  :
                                       :
               v.                      :
                                       :
                                       :
SANOFI-AVENTIS, AVENTIS                :
PHARMACEUTICALS INC , and              :
AVENTIS PHARMA DEUTSCHLAND             :
GMBH,                                  :
                                       :
            Defendants                 :     NO. 05-645 (SLR)

- - -

                              Wilmington, Delaware
                              Wednesday, April 11, 2007
                              3:00 o'clock p.m.

- - -

BEFORE:  HONORABLE SUE L  ROBINSON, Chief Judge

- - -

APPEARANCES:

               RICHARDS, LAYTON & FINGER
               BY:  JEFFREY L. MOYER, ESQ.

                         -and-

                              Valerie J. Gunning
                              Official Court Reporter

6

1    been produced.  We produced it at a request of theirs in an

2    attempt to be agreeable and to work this out, and what we

3    didn't redact was the portion that dealt with the subject

4    matter of the waiver, which was infringement.

5        Any other issues in that memo are things that are

6    only between lawyers in the case, either internal to

7    Sanofi-Aventis or outside litigation counsel, and we believe

8    shouldn't be subject to the waiver or discovery.

9        THE COURT:  When I was reading the papers, it

10   wasn't -- okay.  So you are saying that Mr. Schwartz was the

11   only decision-maker in this case?

12        MR. McCARTHY:  In this case, because the issue

13   was the company never believed that there was infringement,

14   the decision rested with him, because he decided, well, there

15   are no further issues.  Everyone is telling me there's no

16   infringement.  So let's move forward and continued making the

17   OptiClik pen.

18        Stephan Schwartz does have bosses, your Honor,

19   and to be honest with the Court and counsel, we've informed

20   them, we did not search the documents of his bosses.  But

21   we have everything going to and from Stephan Schwartz, and

22   we believe that that would have been sufficient to give

23   them the identity of what the decision-maker of the

24   company believed with regard to a status and the opinion

25   of Sanofi-Aventis and whether they infringed or not.

# EXHIBIT 12

# REDACTED

# EXHIBIT 13

JAN-29-2007  16:30        OFFICE OF THE ALJ                    2022051852      P.01/05



# UNITED STATES INTERNATIONAL TRADE COMMISSION

### FAX COVERSHEET

**Setting Target Date -337-TA-572**

| | |
|---|---|
| TO: Delbert R. Terrill, Jr. Esq./ White & Case LLP  202-639-9355 | |
| Paul Berghoff, Esq./ McDonnell, Boehnen, Hulbert & Berghoff LLP - 1-312-913-0002 | |
| TO: Arthur Wineburg, Esq.<br>Tobias Zimmerman, Esq.<br>Colleen Coylee, Esq<br>AKIN GUMP STRAUSS HAUER & FELD | |
| FAX: 202-887- 4288 | |

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN INSULIN DELIVERY
DEVICES, INCLUDING CARTRIDGES
HAVING ADAPTORS TOPS AND
COMPONENTS THEREOF

Inv. No. 337-TA-572

Order No. 5: Denying Respondents' Motion for Sanctions

By publication of a notice in the *Federal Register* on June 9, 2006, pursuant to

subsection (b) of section 337 of the Tariff Act of 1930, as amended, the Commission instituted

this investigation to determine:

> [W]hether there is a violation of subsection (a)(1)(B) of section 337
> in the importation into the United States, the sale for importation, or
> the sale within the United States after importation of certain insulin
> delivery devices, including cartridges having adaptor tops, or
> components thereof, by reason of infringement of claims 1-3, 5-7, 11,
> 18, or 19 of U.S. Patent 5,693,027, and whether an industry in the
> United States exists or is in the process of being established as
> required by subsection (a)(2) of section 337.

71 Fed. Reg. 33484 (2006).

The complainants are: Novo Nordisk A/S of Denmark; Novo Nordisk Inc. of Princeton,

New Jersey; and Novo Nordisk Pharmaceuticals Industries, Inc. of North Carolina. The

Commission named as the respondents: Sanofi-Aventis Deutschland GmbH of Germany;

Sanofi-Aventis of France; and Aventis Pharmaceuticals, Inc. of Bridgewater, New Jersey. The

Commission Investigative Staff is also a party in this investigation. *Id.*

On October 5, 2006, pursuant to 19 C.F.R. 210.21(a)(1), complainants filed their "Motion to Withdraw the Complaint and Terminate the Investigation As to All Parties." Motion Docket No. 572-4.

On October 13, 2006, respondents filed their "Motion to Sanction Complainants." Motion Docket No. 572-5. Respondents argue that complainants lacked a good faith basis for filing the complaint upon which this investigation is based, and withdrew the complaint only after respondents independently discovered prior art (developed by complainants' own company) that invalidates the '027 suit patent. Respondents request an order requiring complainants to pay respondents' litigations costs, and also barring complainants from asserting the '027 patent at the Commission. Motion at 1-3. It is argued that the Commission's authority to issue such an order resides in 19 C.F.R. § 210.4(d), and in "the inherent powers of the [Commission] to manage and administer the conduct of parties to ITC investigations and accepted principles of jurisprudence . . . ." *Id.* at 1.

On October 23, 2006, complainants filed their response in opposition to the motion for sanctions. Complainants argue that respondents are unable to support their motion with legal authority, and argue that they withdrew their complaint for reasons unrelated to alleged prior art discovered by respondents.

On October 25, 2007, the Commission Investigative Staff of the Office of Unfair Import Investigations filed its response in opposition to respondents' motion for sanctions.

On November 3, 2006, respondents filed a motion for leave to reply and a reply.[1] On November 10, 2006, complainants filed an opposition to respondents' motion for leave.

---

[1] Respondents' motion for leave is docketed out of sequence as Motion No. 572-21.

Respondents' motion for leave is GRANTED.

Notwithstanding respondents' arguments concerning the inherent powers of the Commission to regulate the conduct of its investigations, the Commission's Rules set forth the procedures to be used in determining whether or not to issue sanctions in connection with the filing of documents, such as a complaint. The so-called "safe harbor" provision of Commission Rule 210.4 dictates that respondents' motion for sanctions must be denied.

In particular, Commission Rule 210.4 requires that a pleading may not be filed for an improper purpose and must be supported by a reasonable inquiry on the part of the person filing the pleading. *See* 19 C.F.R. § 210.4(c). However, sanctions cannot automatically be requested any time a party believes that this Rule has been violated. Rather, if a party seeks to file a motion for sanctions due to an alleged violation of the Rule, the prospective movant must first serve the motion on the nonmoving parties. The party or person against whom sanctions might be sought then has seven days to withdraw or correct the challenged document. If withdrawal or correction does not occur within that period, the movant is free to file the motion for sanctions. *See* 19 C.F.R. § 210.4(d)(1)(I). *See Certain Hardware Logic Emulation Systems and Components Thereof*, Inv. No. 337-TA-383, Commission Opinion on Appeals of ALJ Order No. 96 at 19 (May 27, 1998); *Certain Semiconductor Light Emitting Devices, Components Thereof, and Products Containing*, Inv. No. 337-TA-444, Order No. 6 at 4 (June 27, 2001)(following the aforementioned Commission Opinion); *see also Certain Point of Sale Terminals and Components Thereof*, Inv. No. 337-TA-524, Commission Opinion at 13 (Aug. 23, 2006)(The Commission declined to issue sanctions based on "inherent authority" outside Commission Rule 210.4).

3

In this instance, it has not been established that respondents followed the "safe harbor" provision of Commission Rule 210.4 by serving their motion upon complainants and the Staff seven days before service upon the Commission, presumably with a request to withdraw the complaint. In any event, complainants moved to withdraw their complaint 10 days before respondents filed the pending motion for sanctions.

In addition, the substance of respondents' motion for sanctions requires a determination concerning the meaning of asserted patent claims and their relationship to alleged prior art. This investigation has not reached a state at which such determinations can be made.

Accordingly, respondents' Motion No. 572-5 for sanctions is DENIED.

Sidney Harris
Administrative Law Judge

Issued: January 29, 2007

4

EXHIBIT 14

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC, | : | |
| | : | CIVIL ACTION NO. 06-1369 (MLC) |
| Plaintiff, | : | |
| | : | **O R D E R** |
| v. | : | |
| | : | |
| NOVO NORDISK, INC., | : | |
| | : | |
| Defendant. | : | |

THE PLAINTIFF HAVING MOVED pursuant to Federal Rule of Civil
Procedure ("Rule") 65, to preliminarily enjoin the defendant,
Novo Nordisk, Inc., from "from disseminating or causing to be
disseminated any false representations as to the efficacy,
mechanism of action, and side effects of Levemir and Lantus;" and
the plaintiff further having moved for an order directing the
defendant, inter alia, to (1) "take all steps necessary to secure
the return and destruction of all of the false advertising," and
(2) "issue corrective advertising to dispel the impact and effect
of the false claims previously disseminated;" and the Court
having considered the papers submitted in support of and in
opposition to the motion; and the Court having heard argument
from the parties on April 11, 2006 (dkt. entry nos. 16 & 18); and
the Court having issued its preliminary findings and conclusions
in a memorandum opinion; and for good cause appearing;

IT IS THEREFORE on this    22nd    day of June, 2006,

ORDERED that the motion for preliminary injunctive relief (dkt.

entry no. 5) is DENIED.


                              s/ Mary L. Cooper
                              MARY L. COOPER
                              United States District Judge


2