01/14/2002   09:53   SKADDEN ARPS → 917033064520P021950                NO.635   P01

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### FOUR TIMES SQUARE
### NEW YORK 10036-6522

TELEPHONE NO.: (212) 735-3000
FACSIMILE NO.: (212) 735-2000

DIRECT FACSIMILE NO.: (917) 777-3020
EMAIL: robsmith@skadden.com

## FACSIMILE TRANSMITTAL SHEET

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

| | | | |
|---|---|---|---|
| NAME: | Examiner Kevin C. Sirmons | | |
| FIRM: | USPTO | | |
| CITY: | Arlington, VA | DATE: | January 14, 2002 |
| TELEPHONE NO.: | (703) 306-5410 | | |
| FACSIMILE NO.: | (703) 306-4520 | | |
| FROM: | Robert B. Smith | FLR/RM.: | 30-328 |
| REFERENCE NO.: | 021950 | DIRECT DIAL: | (212) 735-3020 |

TOTAL NUMBER OF PAGES INCLUDING COVER(S):          9

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

MESSAGE:

SAN00929426



Copy #59    Docket No. 5637.200-US



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant(s)  :   Buch-Rasmussen et al.

Serial No.    :   09/348,536              Examiner: Simons, K.

Filed         :   July 7, 1999            Art Unit: 3763

Title         :   Medication Delivery Device

I hereby certify that this paper is being deposited with the United States Postal
Service, as first class mail, in an envelope addressed to: Assistant Commissioner
for Patents, Washington, DC 20231, on October 25, 2001.

        Robert B. Smith              Reg. No. 28,538

        Robert B. Smith             October 25, 2001
           Signature                     Date

October 25, 2001

### RESPONSE TO OFFICE ACTION

Assistant Commissioner For Patents
Washington, DC 20231

Sir:

The applicants respectfully request reconsideration of the rejection of

claims 2-7, 10-12, and 26-28, mailed on June 27, 2001. The applicants respectfully

request, in particular, that the Examiner reconsider the assertion that the cartridge

holder element 300 of the cited Chanoch patent can be deemed to be part of a

SAN00929427

Docket No. 5637.200-US

"molded cartridge" element as recited in claim 26. In requesting reconsideration, the applicants note that the Examiner's position that the cartridge holder 300 of Chanoch can be deemed to be part of a "molded cartridge" as recited in claim 26 is inconsistent with the Examiner's interpretation of DiBiasi U.S. patent No. 6,146,361, set forth in the final rejection dated January 17, 2001. In previously applying DiBiasi to claim 26, the Examiner asserted that the element in DiBiasi corresponding to the "molded cartridge" in claim 26 constitutes the cartridge 22 only, and not the cartridge holder.

Claim 26 claims a "cartridge assembly" that includes a "molded cartridge" with a stopper. Claim 26 further requires that the "cartridge assembly" includes two coupling means for engaging, respectively, a needle assembly and the dosing assembly. Finally, claim 26 recites that "at least one of said coupling means is unitarily molded with the **cartridge**" (i.e., at least one of the coupling means must be unitarily molded with the cartridge, and not merely associated with the cartridge assembly).

Chanoch U.S. patent No. 5,688,251 discloses a pen type syringe which includes a "cartridge holder assembly 300" that includes "a molded housing 304." Col. 5, lines 50-51. A "medication cartridge 350 [is] securely retained in housing 304." Col. 6, lines 1-2. More particularly, a "cap 354 extends between housing 304 and cartridge 350 for securely and permanently holding medication cartridge in housing 304." Col. 6, lines 3-8. Finally, a needle cannula assembly 500

2

SAN00929428

Docket No. 5637.200-US

has a mounting hub 504 which is "threadingly engageable with the cap 354." Col. 6, lines 15-20.

The disclosure that, but for the cap 354, the cartridge 350 can be separated from the cartridge holder housing 304 means that the housing 304 and cartridge 305 are separate elements, which are mechanically coupled to one another during some stage of the assembly process. Thus, if Fig. 2 of Chanoch were modified to show the parts of the syringe prior to such assembly, it would be as follows:



Thus, as evident from the Chanoch specification, the cartridge holder 300 is not molded unitarily with the cartridge 350 - they are separate elements.

As discussed above, claim 26 recites two coupling means for engaging, respectively, a needle assembly and the dosing assembly, and recites that "at

3

SAN00929429

Docket No. 5637.200-US

least one of said coupling means is unitarily molded with the [molded] cartridge."

Chanoch discloses two coupling means: (1) internal threads 303 formed in the barrel

of the cartridge holder 300 (which engage cooperating threads on the pen body 100),

Col. 5, lines 55-57; and (2) threads on the external surface of the cap 354 (which

engage internal threads provided in the needle hub 504). Col. 6, lines 18-20. Thus,

Chanoch disclose two coupling means for engaging, respectively, a needle assembly

and a dosing assembly. However, in Chanoch both such coupling means are provided

on the cartridge holder, not on the "molded cartridge" itself. Thus, Chanoch does not

anticipate or suggest claim 26.

The commonly owned Chanoch and DiBiasi patents both show a

syringe having a cartridge holder element which screws onto a pen body. Both the

cartridge holder of Chanoch and the cartridge holder of DiBiasi receive a separate

cartridge. The difference between Chanoch and DiBiasi is that, in Chanoch, once the

cartridge is inserted in the cartridge holder barrel, it cannot be removed. Thus, when

the cartridge is empty, the user must replace both the cartridge and the cartridge

holder. In contrast, DiBiasi allows the cartridge to be removed from the cartridge

holder when empty, so that only the cartridge, and not the cartridge holder needs to

be replaced. This difference is immaterial relative to the claims of the present

application.

As discussed in the applicants's Response After Final Rejection dated

June 11, 2001, in applying DiBiasi to claim 26, the Examiner did not consider the

4

SAN00929430

Docket No. 5637.200-US

cartridge holder to be part of the claimed "molded cartridge." Rather, the Examiner

deemed the cartridge 22 of DiBiasi to correspond to the "molded cartridge" of claim

26, and treated the "cartridge retainer" 10 of DiBiasi to constitute a separate element.

Final Office Action, Paragraph 2.

       The cartridge holder and cartridge shown in DiBiasi are very similar

to the cartridge holder and cartridge shown in Chanoch, except that, in Chanoch, the

cartridge is permanently retained in the cartridge holder (and insofar as the cartridge

holder barrel in Chanoch has internal threads to engage the pen body). Thus, it is

inconsistent for the Examiner to deem the cartridge (but not the cartridge holder) to

constitute a "molded cartridge" when interpreting DiBiasi, and yet to deem both the

cartridge and the cartridge holder to constitute a "molded cartridge" when interpret-

ing Chanoch.

       For such reason, the applicants do not believe that the combination of

the cartridge 350 and the cartridge holder 300 of Chanoch can properly be deemed to

correspond to a "molded cartridge." Certainly, a person skilled in the art would not

deem a cartridge holder to be part of a molded cartridge, as evidenced by the fact that

the Chanoch specification clearly differentiates between a cartridge and a cartridge

holder. *See, Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1578, 38

U.S.P.Q.2d 1126, 1129 (Fed. Cir. 1996) (stating that a claim term is to be given the

meaning that it would be given by persons experienced in the field of invention).

5

SAN00929431

Docket No. 5637.200-US

Because the rejection of the claims hinges on the assertion that the

cartridge holder 300 of Chanoch is part of a "molded cartridge," the applicants

respectfully request reconsideration and allowance of the pending claims.

Respectfully submitted,

*Robert B. Smith*

Robert B. Smith
PTO Registration No. 28,538
Attorney for applicant(s)
(212) 735-3020

6

SAN00929432



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

26137    7590    04/30/2002

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY   10036

| EXAMINER |
|---|
| SIRMONS, KEVIN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | |

DATE MAILED: 04/30/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

SAN00929433

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/348,536 | BUCH-RASMUSSEN ET AL. |
| | Examiner | Art Unit |
| | Kevin C. Simons | 3763 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>14 January 2002</u> .

2a) ☒ This action is FINAL.    2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>2-7, 10-12 and 26-28</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-4, 6, 7, 10-12 and 26-28</u> is/are rejected.

7) ☒ Claim(s) <u>5</u> is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

| | | | |
|---|---|---|---|
| 1) ☐ Notice of References Cited (PTO-892) | | 4) ☐ Interview Summary (PTO-413) Paper No(s). _____ . |
| 2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | | 5) ☐ Notice of Informal Patent Application (PTO-152) |
| 3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ . | | 6) ☐ Other: |

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)                Office Action Summary                Part of Paper No. 20

SAN00929434

Application/Control Number: 09/348,536                                    Page 2
Art Unit: 3763

## DETAILED ACTION

### Claim Rejections - 35 USC § 102

I.     The following is a quotation of the appropriate paragraphs of 35
U.S.C. 102 that form the basis for the rejections under this section
made in this Office action:

A person shall be entitled to a patent unless —

(e) the invention was described in a patent granted on an application for patent by another filed in the

United States before the invention thereof by the applicant for patent, or on an international application

by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title

before the invention thereof by the applicant for patent.

II.    Claims 26-28, 2-4, 6, 10 and 12 are rejected under 35
U.S.C. 102(e) as being anticipated by Chanoch U.S. Pat. No. 5,688,251.

Chanoch discloses a medication delivery device comprising: a cartridge assembly

(300&350) having opposite ends, and a dosing assembly (100), wherein said cartridge assembly

includes a molded cartridge (300&350) and a stopper disposed in said cartridge (306), wherein

one end (distal end of 300&350) of said cartridge assembly is sealed with a pierceable sealing

(353), wherein said one end includes a first coupling means (see fig. 4) for releasably mounting a

needle assembly having a skin-piercing needle (501), and wherein the other end of said cartridge

assembly includes a second coupling means (303) for engaging said dosing assembly (100),

wherein at least one of said coupling means is unitarily molded with the cartridge (since

300&350 in combination are the cartridge, then, 303 represents the coupling means on the distal

and proximal end of the cartridge ), and wherein said dosing assembly includes a housing (101),

plunger (fig. 4), and a mechanism for setting a desired dose and for moving said plunger (fig.

2&3), relative to said housing in an axial direction for administering a set dose (functional

language), (figs. 2&3),

SAN00929435

Application/Control Number: 09/348,536                                    Page 3
Art Unit: 3763

and wherein said dosing assembly housing includes a coupling member (fig. 2&3) for engaging
said second coupling means of said cartridge assembly (figs. 2&3); for securing said housing
against axial movement relative to said cartridge assembly (figs. 2&3) and such that said plunger
engages said stopper for moving said stopper in response to plunger movement (figs. 2&3);
wherein both said coupling means of said cartridge assembly are unitarily molded with the
cartridge (figs. 3 and 2); wherein the said at least one coupling means of said cartridge assembly
is an external coupling (fig. 4); wherein the said at least one coupling means of said cartridge
assembly is a threaded coupling (figs. 2&3); the coupling of the cartridge assembly are opposed
(figs. 3 and 2); wherein the said at least one coupling means is said second coupling means (figs.
3 and 2); wherein said second coupling means is a threaded coupling (figs. 3 and 2); a dosing
assembly with a scale (col. 5, lines 1-10); wherein the cartridge is molded of a plastic material
(fig.2 and 3).

### *Claim Rejections - 35 USC § 103*

III.    The following is a quotation of 35 U.S.C. 103(a) which forms the
basis for all obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in

section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are

such that the subject matter as a whole would have been obvious at the time the invention was made to a person

having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the

manner in which the invention was made.

SAN00929436

Application/Control Number: 09/348,536                                    Page 4
Art Unit: 3763

IV.    Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over Chanoch U.S. Pat. No. 5,688,251.

    Chanoch discloses a medication delivery device substantially as claimed except for: wherein the cartridge is at least partly transparent (figs. 3 and 2). However, Chanoch discloses that the cartridge is made of plastic. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the plastic cartridge of Chanoch since it well known that plastics can be made transparent.

*Response to Arguments*

    Applicant's arguments filed 1/14/02 have been fully considered but they are not persuasive.

    Note: the examiner will address argument only directed to the current art rejection.

    In response to applicant's argument that the references fail to show certain features of applicant's invention, it is noted that the features upon which applicant relies (i.e., "at least one of said coupling means is unitarily molded with the **cartridge**") (i.e., at least one if the coupling means must be unitarily molded with the cartridge, and not merely associated with the cartridge assembly). Simply, applicant discloses a cartridge assembly (1) and a cartridge (5) which both characters "1" and "5" have been used to designate one specific part clearly shown in (fig. 3). Chanoch clearly discloses a cartridge assembly (300 & 350) and a cartridge (300 & 350) which have been used to designate one specific part shown in (figs. 2-4). The cartridge assembly and cartridge are secured together. Evidently they are not separable! Basically, they are considered to be a whole, one unit.

SAN00929437

Application/Control Number: 09/348,536                                                          Page 5
Art Unit: 3763

V.    Claim 5 is objected to as being dependent upon a rejected base
claim, but would be allowable if rewritten in independent form
including all of the limitations of the base claim and any intervening
claims.

### Conclusion

THIS ACTION IS MADE FINAL. Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the mailing

date of this final action.

Any inquiry concerning this communication or earlier communication from the examiner

should be directed to Kevin C. Sirmons whose telephone number is (703) 306-5410.

The examiner can normally be reached on Monday - Thursday from 6:30 am to 4:00 pm. The

examiner can also be reached on alternate Fridays.

*KCS*

Kevin C. Sirmons

Patent Examiner
4/25/02

BRIAN L. CASLER
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

SAN00929438



Attorney Docket No.: 5637.200-US

AF/376

#21

PATENT (N.F.)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit: 3763

Filed: July 30, 2002                      Examiner: To be assigned

Confirmation No: 5366



COPY OF PAPERS ORIGINALLY FILED

For:   Medication Delivery Device

Please Enter KCS 9/17/02

### CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Commissioner for Patents
Washington, DC 20231

RECEIVED

SEP 0 6 2002

TECHNOLOGY CENTER R3700

Sir:

           I hereby certify that the attached correspondence comprising:

      1.    Amendment and Response After Final Rejection

is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:

      Commissioner for Patents
      Washington, DC  20231

on July 30, 2002.

                        Maya Faison-Phillip
                        (name of person mailing paper)

                        (signature of person mailing paper)

RECEIVED

AUG 2 6 2002

TECHNOLOGY CENTER R3700

SAN00929439



Attorney Docket No.: 5637.200-US

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Application No.: 09/348,536          Group Art Unit: 3763

Filed: July 30, 2002                 Examiner: To be assigned

Confirmation No: 5366

For: Medication Delivery Device

AMENDMENT AND RESPONSE AFTER FINAL REJECTION

Commissioner for Patents
Washington, DC 20231

Sir:

    In response to the Office Action mailed 4/30/02, applicants respectfully request entry of
the following amendment and remarks, and reconsideration of the final rejection of the pending
claims. Accordingly, please amend the above-captioned application as follows:

**IN THE CLAIMS:**

    Please cancel claim 5 without prejudice or disclaimer.

Please add new claim 29:

29.    (New) A medication delivery device comprising a cartridge assembly having opposite
    ends and a dosing assembly for setting a desired dose and acting on the cartridge
    assembly to cause the desired dose to be delivered, wherein:

SAN00929440

the cartridge assembly includes a molded cartridge and a stopper disposed in the cartridge, wherein one end of the cartridge assembly is sealed with a pierceable sealing, wherein the one end includes a first coupling means for releasably mounting a needle assembly having a skin-piercing needle, and wherein the other end of the cartridge assembly includes a second coupling means for engaging the dosing assembly, wherein at least one of the coupling means is unitarily molded with the cartridge, and wherein the dosing assembly includes a housing, a plunger, and a mechanism for setting a desired dose and for moving the plunger relative to the housing in an axial direction for administering a set dose, and wherein the dosing assembly housing includes a coupling member for engaging the second coupling means of the cartridge assembly for securing the housing against axial movement relative to the cartridge assembly such that the plunger engages the stopper for moving the stopper in response to the plunger movement wherein the at least one coupling means of the cartridge assembly is a threaded coupling and wherein the second coupling means is an external threaded coupling.

- 2 -

SAN00929441

## REMARKS

Claim 5 has been canceled without prejudice or disclaimer. New claim 29 is an independent version of cancelled claim 5 and includes all the limitation of the base claim and any intervening claims upon which claim 5 depended.

It is respectfully submitted that the present amendment presents no new issues or new matter and places claim 29 in condition for allowance, thus reducing issues on appeal, should an appeal become necessary.

In the previous office action, the Examiner finally rejected all pending claims, except for claim 5, under 35 USC 102(e) in view of U.S. Patent No. 5,699,251 to Chanoch. Applicants respectfully request reconsideration in view of the following remarks.

Applicants respectfully disagree with the Examiners assertion in the previous office action that the Chanoch device operates with a cartridge assembly in a similar manner to the applicants invention as defined by the pending claims. While Chanoch might be viewed as showing a cartridge holder assembly comprising a cartridge and coupling means for mounting a dose setting part and for mounting an injection needle; applicants' invention as defined by the claims requires explicitly that at least one of the coupling means is unitarily molded with the cartridge. This feature is not found in Chanoch.

At best, Chanoch discloses that the cartridge holder assembly 300 is a unit comprising parts such as a housing 304, a cartridge 350, and coupling means 305 for coupling a pen body assembly to the cartridge holder assembly 300 and coupling means 303 for coupling an injection needle to the cartridge holder assembly. However, none of these coupling means 305 or 303 are unitarily molded with the cartridge 350 but are merely provided on the housing 304.

In the embodiment shown in figure 3 in the instant application the cartridge 5 is provided with both the mentioned coupling means 2 and 3 for coupling to the needle and to the pen body assembly, respectively. In this embodiment the cartridge 5 with its couplings 2 and 3 forms a cartridge assembly 1. This cartridge assembly 1 is molded as one integral part. In contrast Chanoch discloses that the cartridge holder assembly 300 comprises the cartridge 350 but the coupling means 305 and 303 are unitary molded with the housing 304, not with the cartridge 350.

- 3 -

SAN00929442

Applicants respectfully disagree with any assertion that tries to equate the cartridge assembly 300 with the cartridge 350. Reference numeral 300 in Chanoch designates a collection of single elements of which the cartridge 350 is one. In contrast, applicants' figure 3 shows clearly that the cartridge 5 is one integral part which is provided with coupling means 2 and 3 to appear as a cartridge assembly 1. If only one of the coupling means had been provided for in applicants' molded cartridge, applicants cartridge assembly could have been constructed like the one shown by Chanoch with a cartridge holder assembly comprising a housing accommodating a cartridge and carrying the coupling means which were not provided on the cartridge, but even with this construction the device according to applicants' invention as claimed would differ from the Chanoch construction because <u>at least one of the coupling means is unitarily molded with the cartridge.</u>

As evidence that the reference numbers 1 and 300 designate assemblies and not single parts applicants point out that Chanoch's reference lines are provided with an arrow widely pointing at the assembly referred to. Elsewhere, Chanoch used other reference lines that each lead to a single part or feature.

In sum, applicants respectfully note that Chanoch's cartridge holder assembly 300 only superficially appears like applicants' cartridge assembly as claimed but, upon a detailed review, the construction of the two assemblies differs.

Channoch's assembly is built from at least two parts: a housing carrying coupling means and a <u>common cartridge</u>. In contrast, applicants' invention as defined by the claims requires that in the assembly the <u>cartridge is special</u> as it carries at least one of the coupling means. A housing may be provided carrying the other coupling means, or the assembly may be made as one integral part as the one shown in figure 3, but still at least one coupling means is unitarily molded with the cartridge.

-4-

SAN00929443

## CONCLUSION

In view of the above, it is respectfully submitted that all claims are in condition for allowance. Applicants respectfully request withdrawal of the final rejection and reconsideration and allowance of the pending claims. The Examiner is hereby invited to contact the attorney for the applicants by telephone if there are any questions concerning this amendment or application. Should any fee be due in connection with this paper or this application, the Commissioner is hereby authorized to charge any fee to Deposit Account No. 14-1447.

Respectfully submitted,

Date:  July 30, 2002

Marc A. Began, Reg. No. 48,829
Novo Nordisk of North America, Inc.
405 Lexington Avenue, Suite 6400
New York, NY  10174-6401
(212) 867-0123

23650
PATENT TRADEMARK OFFICE

- 5 -

SAN00929444

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 09/348,536 | BUCH-RASMUSSEN ET AL. |
| | Examiner | Art Unit |
| | Kevin C. Sirmons | 3763 |

— *The MAILING DATE of this communication appears on the cover sheet with the correspondence address—*
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *8/20/01*.

2. ☒ The allowed claim(s) is/are *2,3,6,7,10,11 and 29*.

3. ☐ The drawings filed on _____ are accepted by the Examiner.

4. ☒ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☒ All    b) ☐ Some*    c) ☐ None    of the:
        1. ☒ Certified copies of the priority documents have been received.    *Certified Copy @ PTO.*
        2. ☐ Certified copies of the priority documents have been received in Application No. _____.
        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
    * Certified copies not received: _____.

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☒ CORRECTED DRAWINGS must be submitted.
    (a) ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
        1) ☐ hereto or 2) ☒ to Paper No. *8*.
    (b) ☐ including changes required by the proposed drawing correction filed _____, which has been approved by the Examiner.
    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____.

    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)
1 ☐ Notice of References Cited (PTO-892)      2 ☐ Notice of Informal Patent Application (PTO-152)
3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)      4 ☐ Interview Summary (PTO-413), Paper No. _____.
5 ☐ Information Disclosure Statements (PTO-1449), Paper No. _____.      6 ☒ Examiner's Amendment/Comment
7 ☐ Examiner's Comment Regarding Requirement for Deposit      8 ☐ Examiner's Statement of Reasons for Allowance
    of Biological Material      9 ☐ Other

U.S. Patent and Trademark Office
PTO-37 (Rev. 04-01)          Notice of Allowability          Part of Paper No. 22 .

SAN00929445

Application/Control Number: 09/348,536                                    Page 2
Art Unit: 3763

## EXAMINER'S AMENDMENT

An examiner's amendment to the record appears below. Should the changes and/or

additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR

1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the

payment of the issue fee.

Authorization for this examiner's amendment was given in a telephone interview with

Marc A. Began on 9/10/02.

The application has been amended as follows:

Please cancel claims 4 and 26-28.

In claim 2, at line 2 after "claim"

"26" has been deleted,

--29--has been inserted.


In claim 3, at line 2 after "claim"

"26" has been deleted,

--29--has been inserted.


In claim 6, at line 2 after "claim"

"26" has been deleted,

--29--has been inserted.


In claim 10, at line 2 after "claim"

SAN00929446

Application/Control Number: 09/348,536                                                Page 3
Art Unit: 3763

"26" has been deleted,

--29--has been inserted.


In claim 12, at line 2 after "claim"

"26" has been deleted,

--29--has been inserted.


### Conclusion

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Kevin C. Sirmons whose telephone number is 703-306-5410.

The examiner can normally be reached on Monday-Friday 6:30-4:00 ALT FRI.

The fax phone numbers for the organization where this application or proceeding is

assigned are 703-306-4520 for regular communications and 703-306-4520 for After Final

communications.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the receptionist whose telephone number is 703-306-0000.

Kevin C. Sirmons
Patent Examiner
September 17, 2002

BRIAN L. CASLER
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

SAN00929447

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

26137      7590      09/20/2002

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036

| EXAMINER |
|---|
| SIRMONS, KEVIN C |

| ART UNIT | CLASS-SUBCLASS |
|---|---|
| 3763 | 604-233000 |

DATE MAILED: 09/20/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

TITLE OF INVENTION: MEDICATION DELIVERY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1280 | $0 | $1280 | 12/20/2002 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

Page 1 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

SAN00929448

## PART B – FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail** Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231
**Fax** (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

```
26137      7590     09/20/2002

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036
```

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

TITLE OF INVENTION: MEDICATION DELIVERY DEVICE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1280 | $0 | $1280 | 12/20/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SIRMONS, KEVIN C | 3763 | 604-232000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent): ☐ individual  ☐ corporation or other private group entity  ☐ government

4a. The following fee(s) are enclosed:

☐ Issue Fee
☐ Publication Fee
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

_____ (Authorized Signature)        _____ (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE(S)**

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

SAN00929449

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

26117    7590    09/20/2002

PATENT DEPARTMENT
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK, NY 10036
UNITED STATES

| EXAMINER |
|---|
| SIRMONS, KEVIN C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3763 | |

DATE MAILED: 09/20/2002

## Determination of Patent Term Extension under 35 U.S.C. 154 (b)
### (application filed after June 7, 1995 but prior to May 29, 2000)

The patent term extension is 0 days. Any patent to issue from the above identified application will include an indication of the 0 day extension on the front page.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term extension is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

Page 3 of 4

FTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

SAN00929450

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/348,536 | 07/07/1999 | THOMAS BUCH-RASMUSSEN | 5637.200-US | 5366 |

| | | |
|---|---|---|
| 26137    7590    09/20/2002 | EXAMINER | |
| PATENT DEPARTMENT | SIRMONS, KEVIN C | |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | | |
| FOUR TIMES SQUARE | ART UNIT | PAPER NUMBER |
| NEW YORK, NY 10036 | 1765 | |
| UNITED STATES | | |

DATE MAILED: 09/20/2002

### Notice of Possible Fee Increase on October 1, 2002

If a reply to a "Notice of Allowance and Fee(s) Due" is filed in the Office on or after October 1, 2002, then the amount due may be higher than that set forth in the "Notice of Allowance and Fee(s) Due" since there may be an increase in fees effective on October 1, 2002. See Revision of Patent and Trademark Fees for Fiscal Year 2003: Notice of Proposed Rulemaking, 67 Fed. Reg. 30634, 30636 (May 7, 2002). Although a change to the amount of the publication fee is not currently proposed for October 2002, if the issue fee or publication fee is to be paid on or after October 1, 2002, applicant should check the USPTO web site for the current fees before submitting the payment. The USPTO Internet address for the fee schedule is: http://www.uspto.gov/main/howtofees.htm.

If the issue fee paid is the amount shown on the "Notice of Allowance and Fee(s) Due," but not the correct amount in view of any fee increase, a "Notice to Pay Balance of Issue Fee" will be mailed to applicant. In order to avoid processing delays associated with mailing of a "Notice to Pay Balance of Issue Fee," if the response to the Notice of Allowance and Fee(s) due form is to be filed on or after October 1, 2002 (or mailed with a certificate of mailing on or after October 1, 2002), the issue fee paid should be the fee that is required at the time the fee is paid. If the issue fee was previously paid, and the response to the "Notice of Allowance and Fee(s) Due" includes a request to apply a previously-paid issue fee to the issue fee now due, then the difference between the issue fee amount at the time the response is filed and the previously paid issue fee should be paid. See Manual of Patent Examining Procedure, Section 1308.01 (Eighth Edition, August 2001).

Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (703) 305-8283.

Page 4 of 4

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

SAN00929451

Form PTO-948 (Rev. 8-98)    U.S. DEPARTMENT OF COMMERCE - Patent and Trademark Office    Application No. 348536

### NOTICE OF DRAFTSPERSON'S
### PATENT DRAWING REVIEW

The drawing(s) filed (insert date) 7/7/98 are:
A. ☐ approved by the Draftsperson under 37 CFR 1.84 or 1.152.
B. ☒ objected to by the Draftsperson under 37 CFR 1.84 or 1.152 for the reasons indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
   Black ink. Color.
   ___ Color drawings are not acceptable until petition is granted. Fig(s)
   ___ Pencil and non black ink not permitted. Fig(s)
2. PHOTOGRAPHS. 37 CFR 1.84 (b)
   ___ 1 full-tone set is required. Fig(s)
   ___ Photographs are properly mounted (must use bristol board or photographic double-weight paper). Fig(s)
   ___ Poor quality (half-tone). Fig(s)
3. TYPE OF PAPER. 37 CFR 1.84(e)
   ___ Paper not flexible, strong, white, and durable. Fig(s)
   ___ Erasures, alterations, overwritings, interlineations, folds, copy machine marks not accepted. Fig(s)
   ___ Mylar, velum paper is not acceptable (too thin). Fig(s)
4. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
   ___ 21.0 cm by 29.7 cm (DIN size A4)
   ___ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
   ___ All drawing sheets not the same size. Sheet(s)
   ___ Drawings sheets not an acceptable size. Fig(s)
5. MARGINS. 37 CFR 1.84(g): Acceptable margins:
   Top 2.5 cm  Left 2.5cm  Right 1.5 cm  Bottom 1.0 cm
   SIZE: A4 Size
   Top 2.5 cm  Left 2.5 cm  Right 1.5 cm  Bottom 1.0 cm
   SIZE: 8 1/2 x 11
   Margins not acceptable. Fig(s)
   ___ Top (T) ___ Left (L)
   ___ Right (R) ___ Bottom (B)
6. VIEWS. 37 CFR 1.84(h)
   REMINDER: Specification may require revision to correspond to drawing changes.
   Partial views. 37 CFR 1.84(h)(2)
   ___ Brackets needed to show figure as one entity. Fig(s)
   ___ Views not labeled separately or properly. Fig(s)
   ___ Enlarged view not labeled separately or properly. Fig(s)
7. SECTIONAL VIEWS. 37 CFR 1.84 (h)(3)
   ___ Hatching not indicated for sectional portions of an object. Fig(s)
   ___ Sectional designation should be noted with Arabic or Roman numbers. Fig(s)

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
   ___ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned so that the top becomes the right side, except for graphs. Fig(s)
9. SCALE. 37 CFR 1.84(k)
   ___ Scale not large enough to show mechanism without crowding when drawing is reduced in size to two-thirds in reproduction. Fig(s)
10. CHARACTER OF LINES, NUMBERS, & LETTERS.
   37 CFR 1.84(l)
   ☑ Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (poor line quality). Fig(s) 1A 1B
11. SHADING. 37 CFR 1.84(m)
   ___ Solid black areas pale. Fig(s)
   ___ Solid black shading not permitted. Fig(s)
   ___ Shade lines, pale, rough and blurred. Fig(s)
12. NUMBERS, LETTERS, & REFERENCE CHARACTERS.
   37 CFR 1.84(p)
   ___ Numbers and reference characters not plain and legible. Fig(s)
   ___ Figure legends are poor. Fig(s)
   ___ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(1) Fig(s)
   ___ English alphabet not used. 37 CFR 1.84(p)(2) Figs
   ___ Numbers, letters and reference characters must be at least .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3) Fig(s)
13. LEAD LINES. 37 CFR 1.84(q)
   ___ Lead lines cross each other. Fig(s)
   ___ Lead lines missing. Fig(s)
14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.84(t)
   ___ Sheets not numbered consecutively, and in Arabic numerals beginning with number 1. Sheet(s)
15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
   ___ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig(s)
16. CORRECTIONS. 37 CFR 1.84(w)
   ___ Corrections not made from prior PTO-948 dated
17. DESIGN DRAWINGS. 37 CFR 1.152
   ___ Surface shading shown not appropriate. Fig(s)
   ___ Solid black shading not used for color contrast. Fig(s)

COMMENTS

REVIEWER S. Filli    DATE 12/23/99    TELEPHONE NO. 703 305-8355

ATTACHMENT TO PAPER NO.

SAN00929452

## INFORMATION ON HOW TO EFFECT DRAWING CHANGES

### 1. Correction of Informalities--37 CFR 1.85

File new drawings with the changes incorporated therein. The application number or the title of the invention, inventor's name, docket number (if any), and the name and telephone number of a person to call if the Office is unable to match the drawings to the proper application, should be placed on the back of each sheet of drawings in accordance with 37 CFR 1.84(c). Applicant may delay filing of the new drawings until receipt of the Notice of Allowability (PTOL-37). Extensions of time may be obtained under the provisions of 37 CFR 1.136. The drawing should be filed as a separate paper with a transmittal letter addressed to the Drawing Processing Branch.

### 2. Timing for Corrections

Applicant is required to submit acceptable corrected drawings within the three-month shortened statutory period set in the Notice of Allowability (PTOL-37). If a correction is determined to be unacceptable by the Office, applicant must arrange to have acceptable corrections resubmitted within the original three-month period to avoid the necessity of obtaining an extension of time and paying the extension fee. Therefore, applicant should file corrected drawings as soon as possible.

Failure to take corrective action within set (or extended) period will result in ABANDONMENT of the Application.

### 3. Corrections other than Informalities Noted by the Drawing Review Branch on the Form PTO-948

All changes to the drawings, other than informalities noted by the Drawing Review Branch, MUST be approved by the examiner before the application will be allowed. No changes will be permitted to be made, other than correction of informalities, unless the examiner has approved the proposed changes.

SAN00929453

PA-IDC #23

**QUERY CONTROL FORM**

| | | | | | **RTIS USE ONLY** |
|---|---|---|---|---|---|
| Application No. | 09348536 | Prepared by | cwc | Tracking Number | 05 659482 |
| Examiner-GAU | Cavler 3763 | Date | 10-22-02 | Week Date | 9-30-02 |
| | | No. of queries | 1 | | |

**JACKET**

| | | | |
|---|---|---|---|
| a. Serial No. | (f. Foreign Priority) | k. Print Claim(s) | p. PTO-1449 |
| b. Applicant(s) | g. Disclaimer | l. Print Fig. | q. PTOL-65b |
| c. Continuing Data | h. Microfiche Appendix | m. Searched Column | r. Abstract |
| d. PCT | i. Title | n. PTO-270/328 | s. Sheets/Figs |
| e. Domestic Priority | j. Claims Allowed | o. PTO-892 | t. Other |

**SPECIFICATION**

a. Page Missing
b. Text Continuity
c. Holes through Data
d. Other Missing Text
e. Illegible Text
f. Duplicate Text
g. Brief Description
h. Sequence Listing
i. Appendix
j. Amendments
k. Other

**CLAIMS**

a. Claim(s) Missing
b. Improper Dependency
c. Duplicate Numbers
d. Incorrect Numbering
e. Index Disagrees
f. Punctuation
g. Amendments
h. Bracketing
i. Missing Text
j. Duplicate Text
k. Other

**MESSAGE**

PTO-37 (#22) states that all certified copies have been received but none found in file.

Please advise
Thank you
cwc

initials

RESPONSE   SEE PAPER 24

initials

E-5 (Rev. 10/01/02)

SAN00929454



*#24*
*DE*
*11/13/02*

**UNITED STATES PATENT AND TRADEMARK OFFICE**

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
WASHINGTON, D.C. 20231
www.uspto.gov

STEVE T ZELSON
NOVO NORDISK OF NORTH AMERICA INC

405 LEXINGTON AVENUE SUITE 6400
NEW YORK NY 10174-6401

| | |
|---|---|
| Serial No. : | 09/348,536 |
| Applicant : | Buch-Rassmussen et al |
| Filing Date : | 07/07/1999 |
| Date Mailed : | 11/13/2002 |

## NOTICE TO FILE CORRECTED APPLICATION PAPERS

### *Notice of Allowance Mailed*

This application has been accorded an Allowance Date and is being prepared for issuance. The application, however, is incomplete for the reasons below.

Applicant is given 30 days from the mail date of this Notice within which to correct the informalities indicated below. A failure to reply will result in the application being ABANDONED. This period for reply is NOT extendable under 37 CFR 1.136 (a)

.TOP SHEETS OF FOREIGN PRIORITY DOCUMENTS ARE REQUIRED.

APPLICANT MUST SUPPLY TOP SHEETS WITHIN 30 DAYS OF THE MAIL DATE OF THIS NOTICE.

*A copy of this notice MUST be returned with the reply. Please address response to "Box Issue Fee".*

David Irvine
Data Query
Phone: Dial 1-800-877-8339; ask relay to dial 703-305-8418
Fax: 703-308-6642

SAN00929455

FEB.11.2003  1:05PM    NNNA LEGAL DEPT.                    NO.405  P.1/9

02-12-03

Paper # 25

novo nordisk ®

## NOVO NORDISK PHARMACEUTICALS, INC.

### FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| TO: Examiner Ollie Person | FROM: Marc A. Bogan Esq. |

| | |
|---|---|
| COMPANY: United States Patent and Trademark Office | DATE: FEBRUARY 11, 2003 |

| | |
|---|---|
| FAX NUMBER: 1 703-308-6642 | TOTAL NO. OF PAGES INCLUDING COVER: 9 |

| | |
|---|---|
| PHONE NUMBER: | SENDER'S PHONE NUMBER: 609-919-7829 |

| | |
|---|---|
| RE: USSN: 09/348,536 Top Sheets of Foreign Priority Document PA 1998 00909 & PA 1998 01500 | SENDER'S FAX NUMBER: 609-919-7741 |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Dear Ms. Person:

   As requested, attached herewith are the top sheets of Foreign Priority Documents PA 1998 00909 and PA 1998 01500.

SAN00929456

Applicants have previously submitted both the Foreign Priority Documents together with a Response to File Corrected Application Papers on December 10, 2002, and have received a date stamped return postcard from the USPTO that these documents were received by the USPTO on December 17, 2002. (copies enclosed)

Best Regards,

Marc A. Began, Reg. No. 48,829

**PLEASE NOTE:**   The information contained in this facsimile message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with the transmission, please contact Maya Felten-Phillip at 609-987-5274.

2

SAN00929457

FEB.11.2003  1:06PM  NNNR LEGAL DEPT.                    NO.405  P.3/9

Attorney Docket No.          3637.200-05

Patent Application entitled: "Medication Delivery Device"

Applicants:                  Such-Rasmussen et al.

OSSN:                        09/348,536

The USPTO hereby acknowledges receipt of the following:
1.  Certificate of Mailing
2.  Response to Notice to File Corrected Application Papers (in
    duplicate)
3.  Copy of Notice to File Corrected Application Papers
5.  Certified Copies of Priority Application(s) (2)

MCBC/RKAJ

December 10, 2002

VIA First Class Mail

FEB.11.2003  1:06PM   NNMA LEGAL DEPT.                    NO.405   P.4/9

Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                     Group Art Unit: 3763

Filed: July 7, 1999                        Examiner: Sirmons, Kevin C

Confirmation No: 5366

For:  Medication Delivery Device

### CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Commissioner for Patents
Washington, DC  20231

Sir:

       I hereby certify that the attached correspondence comprising:

    1.   Response to Notice to File Corrected Application Papers (in duplicate)
    3.   Copy of Notice to File Corrected Application Papers
    4.   Certified copies of Priority Application(s) (2)

is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:

        Commissioner for Patents
        Washington, DC  20231

on December 10, 2002.

        Rashida Haji
        (name of person mailing paper)

        *Rashida Haji*
        (signature of person mailing paper)

SAN00929459

Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit:

Filed: July 7, 1999                       Examiner: To be assigned

Confirmation No: 5366

For: Medication Delivery Device

## NOTICE TO FILE CORRECTED APPLICATION PAPERS

Commissioner for Patents
Washington, DC 20231

Sir:

    In response to the Notice to File Corrected Application Papers dated November 13, 2002, (a copy thereof is attached hereto), Applicants enclose certified copy of Danish application nos. PA 1998 00909, filed July 8, 1998 and PA 1998 01500, filed November 17, 1998, priority of which is claimed under 35 U.S.C. 119.

    Please charge any required fee, with this paper and credit any overpayments to Novo Nordisk Pharmaceuticals, Inc., Deposit Account No. 14-1447. Please charge any additional fees, should they be required, to Deposit Account No. 14-1447. A duplicate of this sheet is enclosed.

Respectfully submitted,

Date: December 10, 2002

_Marc a M_

Marc A. Began, Reg. No. 48,829
Novo Nordisk Pharmaceuticals, Inc.
100 College Road West
Princeton, NJ 08540
(609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00929460

Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                    Group Art Unit:

Filed: July 7, 1999                      Examiner: To be assigned

Confirmation No: 5366

For:  Medication Delivery Device

### NOTICE TO FILE CORRECTED APPLICATION PAPERS

Commissioner for Patents
Washington, DC 20231

Sir:

In response to the Notice to File Corrected Application Papers dated November 13, 2002, (a copy thereof is attached hereto), Applicants enclose certified copy of Danish application nos. PA 1998 00909, filed July 8, 1998 and PA 1998 01500, filed November 17, 1998, priority of which is claimed under 35 U.S.C. 119.

Please charge any required fee, with this paper and credit any overpayments to Novo Nordisk Pharmaceuticals, Inc., Deposit Account No. 14-1447.  Please charge any additional fees, should they be required, to Deposit Account No. 14-1447.  A duplicate of this sheet is enclosed.

Respectfully submitted,

Date: December 10, 2002

Marc A. Began, Reg. No. 48,829
Novo Nordisk Pharmaceuticals, Inc.
100 College Road West
Princeton, NJ 08540
(609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00929461

FEB.11.2003  1:06PM / ANNA LEGAL DEPT.                    (XI 15 NO. 405)  P.7/9

**UNITED STATES PATENT AND TRADEMARK OFFICE**

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
Washington, D.C. 20231
www.uspto.gov

NOV 2 6 2002

5637.200-US

STEVE T ZELSON
NOVO NORDISK OF NORTH AMERICA INC

405 LEXINGTON AVENUE SUITE 6400
NEW YORK NY 10174-6401

| | |
|---|---|
| Serial No. : | 09/348,536 |
| Applicant : | Buch-Rassmussen et al |
| Filing Date : | 07/07/1999 |
| Date Mailed : | 11/13/2002 |

DOCKET (check off ✓) ☐

ATTY:
1 LAB DEPT 12/2/02

## NOTICE TO FILE CORRECTED APPLICATION PAPERS

### Notice of Allowance Mailed

This application has been accorded an Allowance Date and is being prepared for issuance. The application, however, is incomplete for the reasons below.

Applicant is given 30 days from the mail date of this Notice within which to correct the informalities indicated below. A failure to reply will result in the application being ABANDONED. This period for reply is NOT extendable under 37 CFR 1.136 (a)

.TOP SHEETS OF FOREIGN PRIORITY DOCUMENTS ARE REQUIRED.

APPLICANT MUST SUPPLY TOP SHEETS WITHIN 30 DAYS OF THE MAIL DATE OF THIS NOTICE.

*A copy of this notice MUST be returned with the reply. Please address response to "Box Issue Fee".*

David Irvine
Data Query
Phone: Dial 1-800-877-8339; ask relay to dial 703-305-8418
Fax: 703-308-6642

SAN00929462

FEB.11.2003  1:07PM  NNNA LEGAL DEPT.                    NO.405   P.8/9



*Per Query*
*Use these as certified*
*Copys*

# Kongeriget Danmark

Patent application No.:     PA 1998 00909

Date of filing:            08 July 1998

Applicant:                 Novo Nordisk A/S
                           Novo Allé
                           DK-2880 Bagsværd

This is to certify the correctness of the following information:

The attached photocopy is a true copy of the following information:

- The specification, claims and figures as filed with the application
  on the filing date indicated above.



Patent- og Varemærkestyrelsen
Økonomi- og Erhvervsministeriet

TAASTRUP  03 December 2002

Karin Schlichting
Head Clerk

PATENT- OG VAREMÆRKESTYRELSEN

SAN00929463

FEB.11.2003   1:07PM   NNNA LEGAL DEPT.                    NO.405   P.9/9



*Use as certified copy.*

# Kongeriget Danmark

Patent application No.:     PA 1998 01500

Date of filing:            17 November 1998

Applicant:                 Novo Nordisk A/S
                           Novo Allé
                           DK-2880 Bagsværd

This is to certify the correctness of the following information:

The attached photocopy is a true copy of the following information:



The specification, claims and figures as filed with the application on the filing date indicated above.

Patent- og Varemærkestyrelsen
Økonomi- og Erhvervsministeriet

TAASTRUP  03 December 2002

Karin Schlichting
Head Clerk
PATENT- OG VAREMÆRKESTYRELSEN

SAN00929464



Attorney Docket No.: 5637.200-US                                    PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                      Group Art Unit: 3763

Filed: July 7, 1999                         Examiner: Simons, Kevin C

Confirmation No: 5366

For:  Medication Delivery Device

### CERTIFICATE OF MAILING UNDER 37 CFR 1.8(a)

Commissioner for Patents
Washington, DC  20231

Sir:

        I hereby certify that the attached correspondence comprising:

   1.   Response to Notice to File Corrected Application Papers (in duplicate)
   3.   Copy of Notice to File Corrected Application Papers
   4.   Certified copies of Priority Application(s) (2)

is being deposited with the United States Postal Service as first class mail in an envelope
addressed to:

        Commissioner for Patents
        Washington, DC  20231

on December 10, 2002.

        Rashida Haji
        (name of person mailing paper)

        Rashida Haji
        (signature of person mailing paper)

SAN00929465



Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536      Group Art Unit:

Filed: July 7, 1999      Examiner: To be assigned

Confirmation No: 5366

For: Medication Delivery Device

### NOTICE TO FILE CORRECTED APPLICATION PAPERS

Commissioner for Patents
Washington, DC 20231

Sir:

In response to the Notice to File Corrected Application Papers dated November 13, 2002, (a copy thereof is attached hereto), Applicants enclose certified copy of Danish application nos. PA 1998 00909, filed July 8, 1998 and PA 1998 01500, filed November 17, 1998, priority of which is claimed under 35 U.S.C. 119.

Please charge any required fee, with this paper and credit any overpayments to Novo Nordisk Pharmaceuticals, Inc., Deposit Account No. 14-1447. Please charge any additional fees, should they be required, to Deposit Account No. 14-1447. A duplicate of this sheet is enclosed.

Respectfully submitted,

Date: December 10, 2002

Marc A. Began, Reg. No. 48,829
Novo Nordisk Pharmaceuticals, Inc.
100 College Road West
Princeton, NJ 08540
(609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00929466



Attorney Docket No.: 5637.200-US

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Buch-Rasmussen et al.

Serial No.: 09/348,536                      Group Art Unit:

Filed: July 7, 1999                         Examiner: To be assigned

Confirmation No: 5366

For: Medication Delivery Device

### NOTICE TO FILE CORRECTED APPLICATION PAPERS

Commissioner for Patents
Washington, DC 20231

Sir:

   In response to the Notice to File Corrected Application Papers dated November 13, 2002, (a copy thereof is attached hereto), Applicants enclose certified copy of Danish application nos. PA 1998 00909, filed July 8, 1998 and PA 1998 01500, filed November 17, 1998, priority of which is claimed under 35 U.S.C. 119.

   Please charge any required fee, with this paper and credit any overpayments to Novo Nordisk Pharmaceuticals, Inc., Deposit Account No. 14-1447. Please charge any additional fees, should they be required, to Deposit Account No. 14-1447. A duplicate of this sheet is enclosed.

          Respectfully submitted,

Date: December 10, 2002

          Marc A. Began, Reg. No. 48,829
          Novo Nordisk Pharmaceuticals, Inc.
          100 College Road West
          Princeton, NJ 08540
          (609) 987-5800

23650
PATENT TRADEMARK OFFICE

SAN00929467



UNITED STATES PATENT AND TRADEMARK OFFICE    (MS 187)

COMMISSIONER FOR PATENTS
UNITED STATES PATENT AND TRADEMARK OFFICE
Washington, D.C. 20231
www.uspto.gov

NOV 2 6 2002

S637.200-US

STEVE T ZELSON                                  Serial No. : 09/348,536
NOVO NORDISK OF NORTH AMERICA INC               Applicant : Buch-
                                                            Rassmussen et
                                                            al
405 LEXINGTON AVENUE SUITE 6400                 Filing Date : 07/07/1999
NEW YORK NY 10174-6401                          Date Mailed : 11/13/2002

DOCKET (check off ✓)

ATTY:

# NOTICE TO FILE CORRECTED APPLICATION PAPERS

### Notice of Allowance Mailed

This application has been accorded an Allowance Date and is being prepared for issuance. The application, however, is incomplete for the reasons below.

Applicant is given 30 days from the mail date of this Notice within which to correct the informalities indicated below. A failure to reply will result in the application being ABANDONED. This period for reply is NOT extendable under 37 CFR 1.136 (a)

.TOP SHEETS OF FOREIGN PRIORITY DOCUMENTS ARE REQUIRED.

APPLICANT MUST SUPPLY TOP SHEETS WITHIN 30 DAYS OF THE MAIL DATE OF THIS NOTICE.

*A copy of this notice MUST be returned with the reply. Please address response to "Box Issue Fee".*

David Irvine
Data Query
Phone: Dial 1-800-877-8339; ask relay to dial 703-305-8418
Fax: 703-308-6642

SAN00929468





# Kongeriget Danmark

Patent application No.:     PA 1998 00909

Date of filing:            08 July 1998

Applicant:                 Novo Nordisk A/S
                           Novo Allé
                           DK-2880 Bagsværd

This is to certify the correctness of the following information:

The attached photocopy is a true copy of the following information:

- The specification, claims and figures as filed with the application
  on the filing date indicated above.



Patent- og Varemærkestyrelsen
Økonomi- og Erhvervsministeriet

TAASTRUP  03 December 2002

Karin Schlichting
Head Clerk

PATENT- OG VAREMÆRKESTYRELSEN

SAN00929469

08/07/98    13:01    HEIDEN & HOIBERG + 43500001    Modtaget PD    NR.570    03

⊢ 8 JULI 1998

P 226 DK                                1

The present invention relates to a medication delivery device having a cartridge and
a dosing assembly coupled together for delivering selected doses of medication,
wherein at least one of the coupling means of the cartridge is unitarily moulded with
5      the cartridge.

**Background**

Some medication, such as insulin is self-administered. The typical diabetes patient
10     will require injections of insulin several times during the day. The required insulin
dose will vary from patient to patient, and will for each patient often also vary during
the day. Each patient will often establish a regimen for the insulin administration
adjusted to his or her insulin need as well as lifestyle. Medication delivery pens have
been developed to facilitate the self-administration of medication, such as insulin.

15

One prior art medication delivery pen includes a pen body assembly comprising a
medication cartridge and a plunger device. A needle assembly may be connected to
the pen body assembly. The medication is delivered by moving or pressing a
plunger in the direction of the needle assembly thereby delivering the medication.
20     When the medication in the cartridge is exhausted the pen body assembly is dis-
carded. Depending on the medication needs for each individual the medication in
the cartridge will last for several days. During this period the needle assembly will
often have to be displaced by a new assembly or new needle due to increasing
bluntness of the needle making injections painful for the patient.

25

More recent developments have revealed medication delivery pens, wherein the
cartridge holder assembly can be disassembled from the pen body assembly after
the medication therein has been exhausted, discarded and replaced by a new medi-
cine-containing cartridge assembly.

30

An example of this is shown in EP 0 686 571 disclosing a medication delivery pen
having a reusable pen body assembly and a disposable cartridge assembly that are
threadedly engageable with one another. The cartridge assembly comprises a car-
tridge, a cartridge housing, a cap between the distal end of the cartridge and the
35     housing, securing the cartridge in the housing and being adapted for engagement

08-07-98                                    Tekst.ans.doc

3

SAN00929470

08/07/98    13:01    HEIDEN & HOIBERG → 43500001                    NR.578    04

2

with a needle assembly. Furthermore, the cartridge comprises a plunger within the cartridge. The reusable pen body assembly is coupled through a threaded coupling to the cartridge housing. Thus, the total number of parts comprising the prior art cartridge assembly is high.

5

It is an object of the present invention to provide a medication delivery device wherein the amount of parts of the cartridge is minimised.

Summary of the invention

10

Accordingly, the present invention relates to a medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly,

15    said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, the cartridge further comprising a stopper adapted to receive

20    plunger means, and

said dosing assembly comprising plunger means has coupling means for en-gaging the cartridge assembly, and said plunger means is adapted to engage the stopper of the cartridge when the dosing assembly is coupled to the car-

25    tridge.

The above-described medication delivery device has fewer parts that the prior art devices because at least one coupling means is moulded unitarily with the cartridge. Thereby the costs involved in the production and assembling of the device are re-

30    duced, and the device is more economical, which is an important feature for a dis-posable device.

The medical delivering device may either be manufactured as a disposable device which is sold pre-filled with the insulin or it may appear as a durable medical deliv-

35    ering device so designed that it can receive disposable cartridges with insulin.

4

SAN00929471

08/07/93    13:01    HEIDEN & HOIBERG + 43508081                    NR.578    05

3

In a preferred embodiment the dosing assembly is reusable and the cartridge assembly is disposable, and accordingly, a second aspect of the present invention is a
5    medication delivery device wherein the dosing assembly is releasably coupled to the cartridge assembly.

The medication delivery device is preferably constructed as to secure that the plunger means abuts on the stopper during use of the device, such as attaching and
10    releasing the needle assembly. It is understood that the plunger means must disengage the stopper when the cartridge assembly is deliberately released from a reusable dosing assembly because the medication in the cartridge has been exhausted and the cartridge assembly is to be discarded. In this situation the plunger means is to be retracted to the dosing assembly before assembling the device with a new
15    cartridge assembly.

Securing the abutment of the plunger means on the stopper during use of the medication delivery device, in particular when the needle assembly is coupled to and/or decoupled from the cartridge assembly, may be carried out by a variety of means. In
20    a preferred embodiment the abutment is secured by preventing the cartridge assembly from being inadvertently released from the dosing assembly.

In particular, when the cartridge assembly is released from the dosing assembly through a movement including an axial movement, such as through a threaded coup-
25    ling, it is preferred that the means for releasably coupling the needle assembly and the cartridge assembly together are such that the coupling and/or decoupling of the needle assembly cannot cause an axial movement of the cartridge assembly with respect to the dosing assembly. Thus, in that respect examples of the preferred couplings between the needle assembly and the cartridge assembly include releas-
30    able snap locks. Another preferred embodiment includes a safety on the coupling between the dosing assembly and the cartridge assembly, such as hinge on the coupling or a threaded coupling releasable only after exerting an axial pressure on the coupling.

5

SAN00929472

4

A second aspect of the present invention is a cartridge assembly for use in a medi-
cation delivery device, said cartridge assembly having one end sealed with a pier-
ceable sealing, said end of the cartridge assembly comprising coupling means for
engaging a needle assembly, and another end comprising coupling means for en-
5    gaging the dosing assembly, said cartridge assembly further comprising a cartridge
wherein at least one of the coupling means of said cartridge assembly is unitarily
moulded with the cartridge, said cartridge further comprising a stopper.

The cartridge assembly may further comprise a cartridge housing for protecting the
10   cartridge in use. Furthermore, when the cartridge is moulded unitarily with one cou-
pling means the cartridge housing may comprise the other coupling means. Ac-
cordingly, in one embodiment of the invention the housing of the cartridge assembly
comprises coupling means for coupling the cartridge assembly to the dosing as-
sembly, preferably the coupling means is moulded unitarily with the housing. The
15   cartridge is arranged within the cartridge housing. The cartridge housing may be
non-releasably attached to the cartridge, once the cartridge is arranged in the
housing, whereby the housing is disposed with the cartridge. In another embodiment
the housing is reusable and the cartridge is arranged releasably in the housing.

20   In a preferred embodiment all the coupling means of the cartridge assembly are
unitarily moulded with the cartridge. Thereby, it is possible to construct the cartridge
assembly without the housing providing a cartridge assembly with even fewer parts.

The coupling means of the cartridge assembly may be for any suitable coupling,
25   preferably a releasable coupling. Examples of the coupling are snap locks, such as
snap locks with guidewire and sideways snap locks, snap locks released through
threads, bajonet locks, luer locks, hinged locks, threaded locks and any suitable
combinations thereof.

30   The coupling means unitarily moulded with the cartridge are preferably external
coupling means, such as an external threaded coupling.

The cartridge may be moulded from any material suitable for medical containers.
The cartridge is preferably moulded from a plastic material, e.g. by injection mould-
35   ing. A suitable choice of material allows the cartridge to be at least partly transpar-

6

SAN00929473

5

ent, whereby the user can see whether liquid is left in the cartridge. In a preferred embodiment the cartridge is totally transparent giving the user a greater possibility of inspecting the content of the cartridge.

5      By using a plastic material as compared to the usual glass material a great advantage is achieved in the production lines. Normally a significant quantity of the produced glass cartridges will be spoiled in the lines due to breakage, however the loss is greatly reduced by the use of plastic cartridges. Furthermore, the risk of small loose glass particles in the cartridges have been eliminated.

10     The cartridge may be of any suitable form, such as a cylinder. The cylinder may be constructed with various combinations of circular or non-circular inner and outer cross-section. In another embodiment the cartridge may be box-shaped having essentially rectangular or triangular cross-section.

15     The stopper is in sliding fluid tight engagement in the cartridge. The stopper is preferably made of plastic and/or rubber material.

The flexibility of the cartridge wall is not critical, however if the cartridge is too flexible the function of the stopper may be impaired. Mostly, the cartridge is made of a material only slightly flexible to non-flexible.

20

In order to enforce and strengthen the cartridge wall the cartridge may be integrally moulded with reinforcements. Thereby, the necessity of a protective housing may be obviated. Furthermore, a scale may be integrally moulded with the cartridge wall providing the user with a measure for the medication used and left.

25

In a most preferred embodiment the cartridge assembly is comprised only of a cartridge being sealed in one end with a sealing, being unitarily moulded with all couplings means and comprising a stopper.

30

In a cylindrical cartridge the two couplings of the cartridge assembly are generally opposing each other. However, the coupling for engaging with the dosing assembly being separate from coupling for engaging the needle assembly may be arranged in any angle with respect to the latter coupling.

35

7

SAN00929474

6

Another aspect of the present invention is a cartridge being at least partly filled with liquid medication, such as insulin.

5    Drawings

Fig. 1 is an exploded perspective view of the medication delivery device.

Fig. 2 is a cross-sectional view showing part of the medication delivery device, 2a
10   immediately after assembling before the first injection, and 2b after some time of use.

Fig. 3 is a cross-sectional view showing the cartridge before assembling of the medication delivery device.

15   Detailed description of the invention

A medication delivery device in accordance with the present invention is identified generally by the numeral 20 in Fig. 1 and 2. Medication delivery device 20 includes
20   a dosing assembly 6, and cartridge assembly 1, a needle assembly 16 and a cap 14.

The dosing assembly 6 is illustrated in Fig. 1 and 2. It is understood, however, that the dosing assembly 6 according to the invention may be any suitable dosing unit
25   including plunger means, and accordingly, that variations from the depicted embodiment may be provided, and are considered to be within the scope of this invention. In the depicted embodiment the dosing assembly 6 includes a cylindrical housing surrounding the plunger means 17 of the dosing unit and having opposed proximal and distal ends.
30
In one aspect of the invention the plunger means comprises a rod element 7 which is adapted to engage the stopper 4 of the cartridge assembly 1. The rod element 7 advances axially into the cartridge 5 during injections. The dosing assembly may
35   have any suitable driving means for advancing the rod element 7.

8

SAN00929475

7

The dosing unit 6 preferably also comprises scale means 10 indicating the dosing
quantity selected by activating the dose setting means 9 for defining specified se-
lected doses of medication to be delivered. The selected dose may be delivered by
actuating the actuator button 18. The actuator button is part of the driving means of
5    the dosing assembly exerting its force on the rod element 7.

The dosing assembly further comprises coupling means 8 adapted for engagement
with the cartridge assembly. The coupling means 8 may be internal or external cou-
plings. In a preferred embodiment the coupling 8 is an internal coupling.

10   The cartridge assembly 1 is illustrated in Fig. 1 and 2, and in greater detail in Fig. 3.
In Fig. 1 cartridge assembly 1 includes a moulded cartridge 5 extending from proxi-
mal end 21 to distal end 22.

15   At the distal end 22 of the cartridge assembly 1 is provided coupling means 2 for
releasably mounting a needle assembly 11. At the proximal end 21 of the cartridge
assembly 1 is provided coupling means 3 for mounting a dosing assembly 6. The
coupling means are as described above.

20   Cartridge 5 also comprises a stopper 4 in sliding fluid tight engagement within said
cartridge 5. The stopper 4 is adapted to receive the plunger means, such as a rod
element 7 of the dosing assembly 6. The rod element 7 is adapted to exert an axial
movement of the stopper 4 towards the sealed end 22 of the cartridge 5.

25   The cartridge assembly 1 may further comprise a housing for protecting some or all
of the cartridge 5. When the cartridge assembly 1 includes a housing, one of the
couplings 2, 3 of the cartridge may be moulded unitarily with the housing.

Instead of the protective housing the cartridge 5 may have integrally moulded rein-
30   forcements of the cartridge wall.

The depicted cartridge 5 is cylindrical having couplings 2, 3 at opposed ends. How-
ever, the cartridge may obtain any suitable form and the cross-section may be cir-
cular or non-circular, such as substantially triangular or oval.

35

9

SAN00929476

08/07/98    13:01    HEIDEN & HOIBERG + 43500001                                    NR.578    18

8

The device according to the invention may include a protective cap 14 that is re-
movably mounted over the cartridge assembly 1 and/or the needle 11 and which is
removed before injection of the medication in the cartridge 5. The cap further en-
sures that the content of the cartridge is protected against sunlight.

5

Referring to Fig. 3 the coupling means of the cartridge are shown in greater detail.
The coupling means 3 is an external thread, whereas the coupling means 2 is a re-
cess for a snap lock of the needle assembly. Both coupling means are moulded
unitarily with the cartridge.

10

The various parts of the medication delivery device are advantageously made of
plastics, e.g. by injection moulding.

The medication delivery device 20 may further comprise any appropriate needle

15    assembly 11, such as a double ended needle 13 having opposed proximal and dis-
tal points and a lumen extending axially therebetween.

A mounting hub 12 is engaged on the needle 13 and is removably connected to the
coupling means 2 at the needle end of the cartridge assembly. The relative location

20    of the mounting hub 12 ensures that the proximal point of the needle 13 will pierce
the sealing when the mounting hub 12 is engaged with the coupling means 2 on the
cartridge assembly 1.

The needle assembly 11 may further comprise a removable shield or cap 15 for

25    protecting against accidental needle sticks.

The device according to the invention is suitable for delivering pre-set dosages of
insulin, it is however understood that the device is suitable for the injection of pre-set
dosages of other liquids.

30

In use the user will set the dose by means of the dose setting means 9. Before acti-
vating the actuator button 18 the cap 14 must be removed from the cartridge as-
sembly 1 whereby the device 20 is prepared for an injection. The injection is ef-
fected by activating the actuator button 18, which again will effect the stopper 4 to

35    be moved towards the sealed end 22 of the cartridge 5, thereby delivering the desi-

10

SAN00929477

9

red pre-set dosage. A subsequent dosage of medication will be set in exactly the
same manner as described above. However, for such a subsequent dosage, the rod
element 7 and the stopper 4 will be in a partly advanced position as starting point.
Dose setting and injections can be carried out until all of the medication has been
5    used.

11

SAN00929478

10

**Claims:**

1. A medication delivery device comprising a cartridge assembly, a dosing assembly and optionally a needle assembly,

    said cartridge assembly having one end sealed with a pierceable sealing, said end of the cartridge assembly comprising coupling means for engaging a needle assembly, and another end comprising coupling means for engaging the dosing assembly, said cartridge assembly further comprising a cartridge wherein at least one of the coupling means of said cartridge assembly is unitarily moulded with the cartridge, the cartridge further comprising a stopper adapted to receive plunger means, and

    said dosing assembly comprising plunger means having coupling means for engaging the cartridge, and said plunger means is adapted to engage the stopper of the cartridge when the dosing assembly is coupled to the cartridge.

2. A medication delivery device according to claim 1, wherein all the coupling means of the cartridge assembly are unitarily moulded with the cartridge.

3. A medication delivery device according to claim 1 or 2, wherein at least one coupling means of the cartridge is an external coupling.

4. A medication delivery device according to any of the preceding claims, wherein at least one coupling means of the cartridge is a threaded coupling.

5. A medication delivery device according to any of the preceding claims, wherein the cartridge is moulded of a plastic material.

6. A medication delivery device according to any of the preceding claims, wherein the cartridge is at least partly transparent.

7. A medication delivery device according to any of the preceding claims, wherein reinforcements of the cartridge wall are integrally moulded with the cartridge.

12

SAN00929479

11

8. A medication delivery device according to any of the preceding claims, wherein the cartridge further comprises a cartridge housing.

5    9. A medication delivery device according to any of the preceding claims, wherein the cartridge further comprise a scale.

10. A medication delivery device according to any of the preceding claims, wherein the cross-section of the cartridge is non-circular.

10

11. A medication delivery device according to any of the preceding claims, wherein the coupling means of the cartridge are opposed each other.

12. A cartridge assembly for use in a medication delivery device, said cartridge as-
15    sembly having one end sealed with a pierceable sealing, said end of the car-
tridge assembly comprising coupling means for engaging a needle assembly,
and another end comprising coupling means for engaging the dosing assembly,
said cartridge assembly further comprising a cartridge wherein at least one of
the coupling means of said cartridge assembly is unitarily moulded with the car-
20    tridge, said cartridge further comprising a stopper.

13. A cartridge assembly according to claim 12, wherein all the coupling means of the cartridge are unitarily moulded with the cartridge.

25    14. A cartridge assembly according to claim 12 or 13, wherein at least one coupling means of the cartridge is an external coupling.

15. A cartridge assembly according to any of the claims 12-14, wherein at least one coupling means of the cartridge is a threaded coupling.

30    16. A cartridge assembly according to any of the claims 12-15, wherein the cartridge is moulded of a plastic material.

17. A cartridge assembly according to any of the preceding 12-16, wherein the car-
35    tridge is at least partly transparent.

13

SAN00929480

08/07/98    13:01    HEIDEN & HOIBERG + 43508001    NR.578    14

12

18. A cartridge assembly according to any of the claims 12-17, wherein reinforce-
ments of the cartridge wall are integrally moulded with the cartridge.

5    19. A cartridge assembly according to any of the claims 12-18, wherein the cartridge
further comprises a cartridge housing.

20. A cartridge assembly according to any of the claims 12-19, wherein the cartridge
further comprise a scale.

10    21. A cartridge assembly according to any of the claims 12-20, wherein the cross-
section of the cartridge is non-circular.

22. A cartridge assembly according to any of the claims 12-21, wherein the coupling
15    means of the cartridge are opposed each other.

23. A cartridge assembly according to any of the claims 12-22, which is filled with
medicine.

14

SAN00929481

1/2



Fig. 1

15

SAN00929482